GLANCY PRONGAY & MURRAY LLP
Lionel Z. Glancy (#134180)
Robert V. Prongay (#270796)
Lesley F. Portnoy (#304851)
Charles H. Linehan (#307439)
Pavithra Rajesh (#323055)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
Email:  lportnoy@glancylaw.com

*Counsel for Movant David Panczner*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RYAN SCHELLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS,<br><br>Defendants. | Case No. 3:19-cv-01651-WHO<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION OF MOVANT DAVID PANCZNER FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: Hon. William H. Orrick<br>Hearing Date: July 3, 2019<br>Time: 2:00 p.m.<br>Ctrm: 2, 17th Floor (San Francisco) |
| TIM MAUTER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS,<br><br>Defendants. | 3:19-cv-02442-RS |

[Caption Continued on Next Page]

NOTICE OF MOTION AND MOTION; MEMORANDUM OF LAW

| | |
|---|---|
| JOSEPH S. MAROUN, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:19-cv-02744-RS |
| Plaintiff, | |
| v. | |
| NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS, | |
| Defendants. | |
| HEIDI ZAPF, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:19-cv-02781-SI |
| Plaintiff, | |
| v. | |
| NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS, | |
| Defendants. | |

NOTICE OF MOTION AND MOTION; MEMORANDUM OF LAW

## NOTICE OF MOTION AND MOTION

TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 3, 2019 at 2:00 p.m., or as soon thereafter as the matter can be heard in the courtroom of the Honorable William H. Orrick, in Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, David Panczner ("Panczner" or "Movant") will move this Court for entry of an Order: (i) consolidation of related actions; (ii) appointing Movant as Lead Plaintiff; (iii) approving Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

This motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order (attached hereto): (i) consolidating the related actions; (ii) appointing Movant as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired the securities of Nutanix, Inc. between March 2, 2018 through February 28, 2019, inclusive ("Class Period"); (iii) approving Movant's selection of counsel as Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

In support of this Motion, Movant submits a Memorandum of Points and Authorities in support thereof and the Declaration of Lesley F. Portnoy and the exhibits attached thereto, and all of the prior pleadings and other files in this matter, and such other written or oral arguments as may be permitted by the Court.

This motion is made on the grounds that Movant is the most adequate plaintiff, as defined by the PSLRA, based on his significant losses suffered as a result of the defendants' wrongful conduct as alleged in the above-referenced action. Further, Movant satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims, and he will fairly and adequately represent the interests of the Class.

NOTICE OF MOTION AND MOTION; MEMORANDUM OF LAW
1

## MEMORANDUM OF POINTS AND AUTHORITIES

Lead Plaintiff Movant David Panczner ("Panczner" or "Movant") respectfully submits this memorandum of law in support of his motion to appoint Movant as Lead Plaintiff and to approve Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, on behalf of a putative class (the "Class") of all persons other than the defendants who purchased or otherwise acquired the securities of Nutanix, Inc. ("Nutanix" or the "Company") between March 2, 2018 through February 28, 2019, inclusive ("Class Period").

## I.     PRELIMINARY STATEMENT

Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff. This motion is made on the grounds that Movant is the "most adequate plaintiff" as defined by the PSLRA. Accordingly, Movant has "the largest financial interest in the relief sought by the class" as a result of defendants' wrongful conduct as alleged in this action.

In addition, for purposes of this motion, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims, and he is committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, Movant respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.   FACTUAL BACKGROUND[1]

This is a class action on behalf of investors that purchased Nutanix securities during the Class Period.

According to Nutanix's Form 10-K for the fiscal year ended July 31, 2018 (the "2018 10-K"), Nutanix "provides a leading enterprise cloud platform that powers many of the world's business applications and end user services by providing software solutions that digitize traditional silos of enterprise computing."

During the Class Period, the Defendants made repeated statements that Nutanix was investing heavily in growth and was increasing sales and marketing activities while maintaining high profit margins.

Contrary to these statements, and as revealed by the Defendants on February 28, 2019, starting with the fourth fiscal quarter of 2017 (beginning May 1, 2017) through the third fiscal quarter of 2018 (ending April 30, 2018), Defendants did not increase Nutanix's lead generation spending, but rather held lead generation spending, an admitted "key component to building pipeline," flat. Further, starting with the fourth fiscal quarter of 2018 (beginning May 1, 2018) through the second fiscal quarter of 2019 (ending January 31, 2019), rather than either increasing lead generation spending or holding that spending flat, Defendants actually decreased Nutanix's lead generation spending.

By misrepresenting the magnitude of Nutanix's marketing spending, and failing to disclose Nutanix was pulling back on lead generation spending, Defendants were able to misrepresent that Nutanix had improved its profit margins through business acumen, rather than the truth – that Nutanix was skimping on important drivers of revenue growth.

As a result of Nutanix's lower lead generation spending, Nutanix's pipeline of new business was severely negatively impacted, resulting in significantly lower forecasted earnings starting in the third fiscal quarter of 2019 (ending April 30, 2019).

---

[1] This background section adapted from the complaint filed in the above captioned lawsuit.

Once Defendants revealed the truth on February 28, 2019, the price of Nutanix common stock plummeted $16.39 per share, or more than 32%, from its closing price of $50.09 per share on February 28, 2019, to close at $33.70 per share on March 1, 2019.

## III.    PROCEDURAL HISTORY

Plaintiff Ryan Scheller commenced the above-captioned action against Nutanix on March 29, 2019 in the United States District Court, Northern District of California, *Scheller v. Nutanix, Inc., et al.,* Case No. 3:19-cv-01651-WHO. That same day, counsel for Mr. Scheller published a notice on *PR newswire*, announcing that a securities class action had been initiated against Defendants herein.

Subsequent to the filing of the *Scheller* complaint, three other actions have been commenced in this District, alleging similar claims against the same defendants as the *Scheller* complaint: *Mauter v. Nutanix, Inc., et al.*, Case No. 3:19-cv-02442-RS (N.D. Cal. May 6, 2019); *Maroun v. Nutanix, Inc., et al.*, Case No. 3:19-cv-02744-RS (N.D. Cal. May 20, 2019); and *Zapf v. Nutanix, Inc., et al.*, Case No. 3:19-cv-02781-SI (N.D. Cal. May 22, 2019) (*Scheller*, *Mauter*, *Maroun* and *Zapf* are collectively referred to as the "Related Actions").

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation of the Related Actions is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA*, 2007 WL 112344, at *2 (N.D. Cal. Apr. 16, 2007).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the Related Actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### B.    Movant Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice...;
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 44 (S.D.N.Y. 1998).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interest of the class; or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(b)(iii)(I).

As set forth below, Movant has complied with all of the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff.  Movant, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Federal Rule of Civil Procedure 23 and is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d

726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1.   Movant's Motion is Timely

On March 29, 2019, pursuant to § 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Lesley F. Portnoy ("Portnoy Dec."), Exh. A. Therefore, Movant had sixty days or until May 28, 2019, to file a motion to be appointed as Lead Plaintiff.  As a purchaser of Nutanix securities during the relevant Class Period, Movant is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the Notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Movant attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. Portnoy Dec., Exh. B. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiffs for the class.

### 2.   Movant Has the Largest Financial Interest in the Relief Sought  by  the Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff…is the person *or group of persons* that…has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii) (emphasis added); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly are presumed to be the "most adequate plaintiff."

As a result of the revelations of the fraud as described above, Movant suffered a significant financial loss. *See* Portnoy Dec., Exh. C.  To the best of his knowledge, Movant is not aware of any other adequate class member claiming larger financial losses that have filed a motion for appointment as lead plaintiff. Movant, thus, satisfies the second PSLRA requirement – the largest financial interest – to be appointed as lead plaintiff for the Class. *See Varghese v. China Shenghuo*

*Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 396 (S.D.N.Y. 2008).

### 3. Movant Satisfies the Requirement of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871 LGB (RNBx), 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730); *In re Cendant*, 264 F.3d at 263 ("The initial inquiry…should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

### a. Movant's Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims…of the representative parties" be "typical of the claims…of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead

plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant purchased Nutanix securities during the Class Period and suffered losses as a result of his transactions. Like all members of the Class, Movant alleges that defendants violated federal securities laws by disseminating materially misleading statements concerning Nutanix's operations and financial prospects. Movant's losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of Nutanix securities caused by defendants' alleged misrepresentations and omissions. Accordingly, Movant's interests and claims are typical of the interests and claims of the Class.

### b.    Movant Is An Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.*, No. 04-cv- 8007 SJO(CWx), 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004) (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986). *See In re Sterling Fin. Corp. Sec. Class Action*, No. 07-cv-2171, 2007 WL 4570729, at *4 (E.D. Pa. Dec. 21, 2007) (highlighting that the adequacy requirement is satisfied when "both the class representative and its attorneys are capable of satisfying their obligations, and neither has interests conflicting with those of the other class members.").

Here, Movant easily satisfies the adequacy requirements. Movant's financial interest demonstrates that he has a sufficient incentive to ensure vigorous advocacy, and "no evidence

exists to suggest that [Movant is] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted); Dkt. No. 1 at p. 29. Moreover, Movant has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Portnoy Decl., Exh. D (the firm's résumé). In addition, Movant is not aware of any conflict between his claims and those asserted on behalf of the Class.

There are no facts that indicate any conflicts of interests between Movant and the other class members, and therefore Movant satisfies the typicality and adequacy requirements of Rule 23.

### C.    The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7. The Court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the class." *Osher*, 2001 WL 861694, at *4 (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa)). Here, Movant has retained Glancy Prongay & Murray LLP to pursue this litigation on his behalf and will retain the firm as plaintiff's Lead Counsel in the event Movant is appointed as lead plaintiff. As reflected by the firm's résumé, attached to the Portnoy Decl. as Exh. D, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Movant's selection of counsel.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant his motion and enter an Order:   (i) consolidating the Related Actions; (ii) appointing Movant as Lead Plaintiff; (iii) approving Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

Dated:  May 28, 2019                          **GLANCY PRONGAY & MURRAY LLP**


By:  *s/ Lesley F. Portnoy*
Lionel Z. Glancy
Robert V. Prongay
Lesley F. Portnoy
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Movant David Panczner*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old.  On May 28, 2019, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 28, 2019, at Los Angeles, California.


*s/ Lesley F. Portnoy*
Lesley F. Portnoy