John T. Jasnoch (CA 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
jjasnoch@scott-scott.com

*Attorney for Proposed Lead Plaintiff*
*City of Birmingham Relief and Retirement System*

[Additional counsel on signature page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RYAN SCHELLER, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS,<br><br>      Defendants. | Case No. 3:19-cv-01651-WHO<br><br>**NOTICE OF MOTION AND MOTION OF CITY OF BIRMINGHAM RELIEF AND RETIREMENT SYSTEM FOR: (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF ITS SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   July 10, 2019<br>Time:   2:00 p.m.<br>Courtroom: 2, 17th Floor<br>Judge:  Hon. William H. Orrick<br><br>ORAL ARGUMENT REQUESTED |
| TIM MAUTER, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>NUTANIX, INC., DHEERAJ PANDEY and DUSTON M. WILLIAMS,<br><br>      Defendants. | Case No. 3:19-cv-02442-RS |

[Caption continued on next page.]

| | |
|---|---|
| JOSEPH S. MAROUN, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:19-cv-02744-RS |
| Plaintiff, | |
| vs. | |
| NUTANIX, INC., DHEERAJ PANDEY and DUSTON M. WILLIAMS, | |
| Defendants. | |
| HEIDI ZAPF, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:19-cv-02781-SI |
| Plaintiff, | |
| vs. | |
| NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS, | |
| Defendants. | |

## NOTICE OF MOTION AND MOTION

TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that lead plaintiff movant and putative class member, City of Birmingham Relief and Retirement System ("Birmingham" or "Movant"), by and through its counsel, hereby moves this Court in Courtroom 2, 17th Floor, of the Honorable William H. Orrick at the U.S. District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, California, on July 3, 2019, at 2:00 p.m., or as soon thereafter as the matter may be heard, for the entry of an order: (1) consolidating the above-captioned related actions; (2) appointing Birmingham as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§78u-4, *et seq.*; and (3) approving Birmingham's selection of the law firm of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel for the putative class.

This motion is made on the grounds that Birmingham timely filed this motion and is the most adequate plaintiff.  Based on the information presently available, Birmingham has the largest financial interest in the relief sought by the class amongst movants for lead plaintiff, meets the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), as its claims are typical of the claims of the class, and it will fairly and adequately represent the interests of the class.  In addition, Birmingham has selected and retained Scott+Scott, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel.

This motion is based on this notice of motion, the Memorandum of Points & Authorities herein, Declaration of John T. Jasnoch ("Jasnoch Decl.") in support hereof, pleadings and other files and records in the above-captioned actions, and such other written or oral argument as may be presented to the Court.

## STATEMENTS OF THE ISSUES TO BE DECIDED

1.    Whether the Court should consolidate the above-captioned related actions, which involve common questions of law and fact, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)");

NOTICE OF MOTION & MOTION OF CITY OF BIRMINGHAM RELIEF AND RETIREMENT SYSTEM FOR:
(1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF ITS SELECTION OF
LEAD COUNSEL; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF
CASE NO. 3:19-CV-01651-WHO

2.      Whether the Court should appoint Birmingham as Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

3.      Whether the Court should approve of Birmingham's selection of Scott+Scott as Lead Counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

### MEMORANDUM OF POINTS & AUTHORITIES

### I.    INTRODUCTION

Birmingham, by and through its counsel, respectfully submits this Memorandum of Points & Authorities in support of its motion for: (1) consolidation of the above-captioned related actions pursuant to Rule 42(a); (2) appointment as Lead Plaintiff pursuant to §21D of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the PSLRA; and (3) approval of its selection of the law firm of Scott+Scott to serve as Lead Counsel for the putative class.

The PSLRA provides that the Court is to appoint as lead plaintiff the "most adequate plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(i). Birmingham is the most adequate plaintiff because it timely moved to be lead plaintiff, has the largest financial interest in the litigation (with nearly $147,000 in recoverable losses) based on information presently available, and satisfies the representative requirements set forth in Rule 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). As a result, Birmingham should be appointed lead plaintiff and its selection of Scott+Scott to serve as Lead Counsel for the putative class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). Scott+Scott has a long history of successfully litigating securities class actions in this and other districts and possesses the necessary resources to aggressively prosecute this action on behalf of the putative class.

### II.    FACTUAL BACKGROUND

On March 29, 2019, Plaintiff Ryan Scheller filed a putative class action in the U.S. District Court for the Northern District of California ("Northern District"), captioned *Scheller v. Nutanix,*

*Inc.*, No. 3:19-cv-01651 (the "*Scheller* Action"), on behalf of all purchasers of Nutanix Class A common stock between March 2, 2018, through February 28, 2019 (the "Class Period"), asserting claims under §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission ("SEC") (17 C.F.R. §240.10b-5). *See* ¶¶1, 7.[1]  On May 6, 2019, a second putative class action was filed in the Northern District, captioned *Mauter v. Nutanix, Inc.*, No. 3:19-cv-02442 (the "*Mauter* Action"), asserting similar claims (against the same Defendants[2]) and the same Class Period as the *Scheller* Action.  On May 20, 2019, a third putative class action was filed in the Northern District, captioned *Maroun v. Nutanix, Inc.*, No. 3:19-cv-02744 (the "*Maroun* Action"), asserting the same claims against the same Defendants and the same Class Period as the *Scheller* Action.  On May 22, 2019, a fourth putative class action was filed in the Northern District, captioned *Zapf v. Nutanix, Inc.*, No. 3:19-cv-02781 (the "*Zapf* Action"), asserting the same claims against the same Defendants and the same Class Period as the *Scheller* Action.[3]

Defendant Nutanix, Inc. ("Nutanix" or the "Company") is a California-based technology company that "provides a leading enterprise cloud platform that powers many of the world's business applications and end user services by providing software solutions that digitize traditional silos of enterprise computing."  ¶14.  The Company's stock trades on the NASDAQ under the ticker "NTNX."  ¶13.

According to the Complaint, throughout the Class Period, Nutanix and certain of its officers and directors made repeated statements that Nutanix was investing heavily in growth and was increasing sales and marketing activities while maintaining high profit margins, when, in fact, Nutanix's lead generation spending either decreased or remained flat, which was negatively impacting Nutanix's pipeline of new business and resulting in significantly lower forecasted

---

[1]  All "¶" and "¶¶" citations herein refer to the Complaint for Violations of the Federal Securities Laws filed in the *Scheller* Action (ECF No. 1) (the "Complaint").

[2]  "Defendants" collectively refer to Nutanix, Inc., Dheeraj Pandey, and Duston M. Williams.

[3]  The *Mauter*, *Scheller*, *Maroun*, and *Zapf* Actions are collectively referred to herein as the "Related Actions."

3

earnings.  ¶¶2-5.  As a result, Nutanix's stock traded at artificially inflated prices until the truth was revealed, causing a precipitous decline in market value and significant losses and damages to Movant and the other class members.  ¶¶25, 81-83.

**III.   ARGUMENT**

### A.   The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff "until after the decision on the motion to consolidate is rendered."  15 U.S.C. §78u-4(a)(3)(B)(ii).  Thereafter, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions."  *Id.*

Under Rule 42(a), consolidation is appropriate when the actions involve "common question[s] of law or fact[.]"  *Id.*; *Russo v. Finisar Corp.*, No. 5:CV 11-01252-EJD, 2011 WL 5117560, at *3 (N.D. Cal. Oct. 27, 2011) (noting that "actions [that] present virtually identical factual and legal issues . . . should be consolidated").  Courts recognize that "class action shareholder suits are particularly well suited to consolidation" because their "unification expedites proceedings, reduces case duplication, . . . and minimizes the expenditure of time and money for all parties involved."  *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 WL 2604991, at *3 (N.D. Cal. June 10, 2014); *see also City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*, No. C 04-04362 MJJ, 2005 WL 318813, at *3 (N.D. Cal. Feb. 7, 2005) (finding that consolidating securities class actions "would expedite pretrial proceedings and reduce case duplication, thereby conserving judicial resources"); *In re Netflix, Inc. Sec. Litig.*, No. 12-0225 SC, 2012 WL 1496171, at *3 (N.D. Cal. Apr. 27, 2012) ("'In securities actions where the complaints are based on the same "public statements and reports" consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced.'").  The Court has broad discretion under Rule 42(a) to consolidate cases.  *Levitte v. Google, Inc.*, No. C 08-03369 JW, 2009 WL 482252, at *1 (N.D. Cal. Feb. 25, 2009)

4

("A district court has broad discretion to consolidate actions involving 'common issues of law or fact.'").

The Related Actions pending before this Court present similar factual and legal issues, as they each involve the same subject matter, including the same public statements by the Company, are based on the same wrongful course of conduct, and name the same Defendants.  Each action also alleges claims pursuant to §§10(b) and 20(a) of the Exchange Act.  Because the Related Actions arise from the same facts and circumstances, and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all three Related Actions. Accordingly, consolidation under Rule 42(a) and the PSLRA is appropriate.

### B.    Birmingham Is the Presumptive Lead Plaintiff and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *id.* at (a)(3)(B).  First, the plaintiff who files the first-filed action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice").  *Id.* at (a)(3)(A)(i).  Second, within 60 days after publication of the Early Notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff.  *Id.* at (a)(3)(A)(i)(II)-(B)(iii)(I).

Finally, the Court is required to appoint the "most adequate plaintiff" as lead plaintiff. *Cavanaugh*, 306 F.3d at 730.  There is a rebuttable presumption that the most adequate plaintiff in any private action arising under this title is the movant that "has the largest financial interest in the relief sought by the class[.]"  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb); *see also Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007) (discussing the PSLRA's lead plaintiff appointment process); *Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP (PJWx), 2012 WL 682882, at *2 (C.D. Cal. Mar. 2, 2012) (same) (citing *Cavanaugh*, 306 F.3d at 730).

5

### 1.   Birmingham's Motion Is Timely

On March 29, 2019, the same day *Scheller* Action was filed, a notice of pendency of the action was published on *PRNewswire*, a national, business-oriented newswire service. *See* Jasnoch Decl., Ex. A. The requirements of 15 U.S.C. §78u-4(a)(3)(A)(i) have therefore been met. The Early Notice states that all putative class members seeking to be appointed lead plaintiff are required to move for appointment within 60 days of publication of the Early Notice (*i.e.*, by May 28, 2019). *See id.*

Birmingham's motion for lead plaintiff appointment is thus timely filed. Moreover, Birmingham submits herewith a certification stating its willingness to serve as a representative on behalf of the class and pricing its Class Period transactions. *See* Jasnoch Decl., Exs. B-C.

### 2.   Birmingham Has the Largest Financial Stake in the Relief Sought by the Class

Based on the information presently available, Birmingham is the lead plaintiff movant with the largest financial interest in the relief sought by the class. As evidenced by its PSLRA certification and charts detailing transactions and losses filed herewith, Birmingham purchased Nutanix securities during the Class Period and suffered losses as a result of Defendants' misconduct. *See* Jasnoch Decl., Exs. B-C. Specifically, Birmingham suffered losses of nearly $147,000. *Id.*, Ex. C.

Birmingham thus has a significant financial interest in this case. Moreover, Birmingham is unaware of any other movant that has sustained greater financial losses in connection with their Nutanix transactions during the Class Period. Therefore, Birmingham "has the largest financial interest in the relief sought by the class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### 3.   Birmingham Satisfies Rule 23

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satsif[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* at (B)(iii)(I)(cc). Of the Rule 23 prerequisites, only two – typicality and adequacy – directly address the personal

6

characteristics of the lead plaintiff movant. Consequently, in deciding a motion to appoint a lead plaintiff, the Court need only make findings as to the typicality and adequacy of the proposed lead plaintiff and, at this stage, those findings need only be "preliminary." *See, e.g.*, *Westley v. Oclaro, Inc.*, No. C-11-2448 EMC, 2011 WL 4079178, at \*2 (N.D. Cal. Sept. 12, 2011) (noting that only a "preliminary showing" of typicality and adequacy satisfies Rule 23 at the lead plaintiff stage).

The typicality requirement of Rule 23(a)(3) is satisfied when the representative party "'has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues.'" *Id*. Here, Birmingham's claims are typical of the claims of the other members of the putative class because, like all other class members, Birmingham: (1) purchased, or otherwise acquired, Nutanix common stock during the Class Period; (2) was adversely affected by Defendants' allegedly false and misleading statements; and (3) suffered damages as a result thereof. *See Russo*, 2011 WL 5117560, at \*4 (discussing ways in which a lead plaintiff movant can meet the typicality requirement). Since the claims asserted by Birmingham are based on the same legal theories and "arise[] from the same event, practice, or course of conduct that gives rise to the claims of other class members," typicality is satisfied. *See* Newberg, *et al.*, NEWBERG ON CLASS ACTIONS §3:29 (5th ed. 2018).

With respect to adequacy, a movant is an adequate class representative when it possesses common interests and an absence of conflict with fellow class members and the movant's attorneys are qualified, experienced, and vigorously able to conduct the litigation. *See Westley*, 2011 WL 4079178, at \*2 (explaining that, with regard to the adequacy requirement, a court must evaluate "'whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation'"). Birmingham satisfies the "adequacy" requirement in the instant litigation because its interest is clearly aligned with the interests of the putative class. Birmingham, like all other members of the class, suffered losses as a result of purchasing Nutanix securities at prices that were artificially inflated due to Defendants' alleged conduct. Birmingham will, therefore, benefit from the same relief as other

7

class members.  Birmingham has also demonstrated that it is an adequate representative by retaining competent and experienced counsel.  As shown below, Scott+Scott is highly qualified, experienced, and able to conduct this complex litigation in a professional manner.  Accordingly, Birmingham has made a *prima facie* showing that it satisfies all of the requirements of Rule 23 for the purposes of this motion.

### C.     Birmingham's Selection of Lead Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734-35.  As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class[.]"  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cohen*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *Cavanaugh*, 306 F.3d at 733.

Birmingham has selected the law firm of Scott+Scott to represent the class.  Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation.  *See* Jasnoch Decl., Ex. D.  Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[4]

Scott+Scott currently serves as court-appointed lead or co-lead counsel in various federal securities class actions, including in this District: *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.); *In re GreenSky Sec. Litig.*, No. 1:18-cv-11071 (S.D.N.Y.); *In re Evoqua Water*

---

[4]     Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc., Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Spring Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. Imclone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); and *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million).

8

*Techs. Corp. Sec. Litig.*, No. 1:18-cv-10320 (S.D.N.Y); *Berkelhammer v. Funko, Inc.*, No. 2:18-cv-00812 (W.D. Wash.); *Silverberg v. DryShips Inc.*, No. 2:17-cv-04547 (E.D.N.Y.); and *Robinson v. Diana Containerships Inc.*, No. 2:17-cv-06160 (E.D.N.Y.).

In light of the foregoing, the Court should approve Birmingham's selection of Scott+Scott as Lead Counsel.  The Court can be assured that by approving Movant's choice of counsel, the putative class will receive the highest caliber of representation.

## IV.  CONCLUSION

For all of the foregoing reasons, Birmingham respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Birmingham as Lead Plaintiff on behalf of the class; and (3) approve Birmingham's selection of Scott+Scott as Lead Counsel; and (4) grant such other and further relief as the Court may deem just and proper.

DATED:  May 28, 2019

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

 /s/ John T. Jasnoch
John T. Jasnoch (CA 281605)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jjasnoch@scott-scott.com

Thomas L. Laughlin VI (pro hac vice forthcoming)
Donald A. Broggi
Jonathan M. Zimmerman
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY  10169
Telephone: 212-223-6444
Facsimile:  212-223-6334
tlaughlin@scott-scott.com
dbroggi@scott-scott.com
jzimmerman@scott-scott.com

*Attorneys for Proposed Lead Plaintiff*
*City of Birmingham Relief and Retirement System*

NOTICE OF MOTION & MOTION OF CITY OF BIRMINGHAM RELIEF AND RETIREMENT SYSTEM FOR: (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF ITS SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF
CASE NO. 3:19-CV-01651-WHO

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

 /s/ John T. Jasnoch
John T. Jasnoch (CA 281605)

NOTICE OF MOTION & MOTION OF CITY OF BIRMINGHAM RELIEF AND RETIREMENT SYSTEM FOR:
(1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF ITS SELECTION OF
LEAD COUNSEL; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF
CASE NO. 3:19-CV-01651-WHO