Reed R. Kathrein (139304)
Danielle Smith (291237)
Lucas E. Gilmore (250893)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for Proposed Lead Plaintiff Mamood Sabahi*
[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SCHELLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS,<br><br>Defendants. | No. 5:19-cv-01651-WHO<br><br>**NOTICE OF MOTION AND MOTION OF MAMOOD SABAHI FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES THEREOF**<br><br>Date:          July 10, 2019<br>Time:          2:00 p.m.<br>Courtroom:  2, 17th Floor<br>Judge:        Hon. William H. Orrick<br><br>ORAL ARGUMENT REQUESTED |
| TIM MAUTER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NUTANIX, INC. DHEERAJ PANDEY and DUSTON M. WILLIAMS,<br><br>Defendants. | Case No. 3:19-CV-02442-RS |

[Caption continued on following page]

JOSEPH S. MAROUN, Individually and on Behalf of All Others Similarly Situated,

                       Plaintiff,

     v.

NUTANIX, INC. DHEERAJ PANDEY and DUSTON M. WILLIAMS,

                     Defendants.

Case No. 3:19-cv-02744-RS

HEIDI ZAPF, Individually and on Behalf of All Others Similarly Situated,

                       Plaintiff,

     v.

NUTANIX, INC. DHEERAJ PANDEY, and DUSTON M. WILLIAMS,

                     Defendants.

Case No. 3:19-cv-02781-SI

## NOTICE OF MOTION AND MOTION

**TO:  ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD**

PLEASE TAKE NOTICE that pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995, codified as Section 27(a)(3) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3) (2013), and/or Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3), Mamood Sabahi ("Movant" or "Mr. Sabahi") will and hereby does move the Honorable Judge William H. Orrick, United States District Court, Northern District of California, for an order to consolidate these related cases; appoint him as lead plaintiff in the above-captioned actions against Defendants Nutanix, Inc. ("Nutanix" or the "Company"), Dheeraj Pandey ("Pandey"), and Duston M. Williams ("Williams"); and approve his selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as lead counsel in the consolidated action.

Mr. Sabahi's motion is based on this notice of motion and motion, the memorandum of points and authorities in support thereof, the declaration of Reed R. Kathrein in support of this motion, the pleadings on file in this action, oral argument and such other matters as the Court may consider in hearing this motion.

The portion of this motion to consolidate is made on the grounds that the Actions arise from the same operative facts, name identical defendants, and are appropriate for consolidation.  The portion of this motion for appointment as Lead Plaintiff is made on the grounds that Mr. Sabahi believes that he is the most "adequate plaintiff" as defined in the Private Securities Litigation Reform Act of 1995 because he has the largest known financial interest in the relief sought by the Class and have incurred substantial losses as a result of his purchase and/or acquisition of shares of Nutanix securities.  Further, Mr. Sabahi satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF ISSUES TO BE DECIDED

1.   Whether the Court should consolidate the four above-captioned related actions, which involve common questions of law and fact, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2.   Whether the Court should appoint Mr. Sabahi as lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

3.   Whether the Court should approve of Mr. Sabahi's selection of Hagens Berman as lead counsel for the proposed class, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### II.   INTRODUCTION

Four related securities class actions brought on behalf of purchasers of Nutanix securities between March 2, 2018 through February 28, 2019 ("Class Period") are pending in this Court: (1) *Scheller v. Nutanix, Inc., et al.*, Case No. 5:19-cv-01651; (2) *Mauter v. Nutanix, Inc., et al.*, Case No. 3:19-cv-02442; (3) *Maroun v. Nutanix, Inc., et al.*, Case No. 3:19-cv-02744; and (4) *Zapf v. Nutanix, Inc., et al.*, Case No. 3:19-cv-02781 (collectively, the "Related Actions"). The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Here, the Related Actions should be consolidated because each asserts identical claims against identical defendants on behalf of a class of investors that purchased Nutanix securities during the same Class Period. *See* Fed. R. Civ. P. 42(a); §III.A., *infra*.

After consolidating the Related Actions, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. §78u-4(a)(3)(B)(ii). The PSLRA defines the lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here, Mr. Sabahi should be appointed lead plaintiff because he: (1) timely filed this Motion; (2) has the largest known financial interest in the relief sought, having suffered a loss of approximately $177,000.00, whether calculated on a first-in-first-out ("FIFO") basis or last-in-last-

out ("LIFO") basis, as a result of his purchases of Nutanix during the Class Period; and (3) will typically and adequately represent the class's interests.  *See* Certifications and Loss Charts, Declaration of Reed R. Kathrein ("Kathrein Decl."), Exhibits ("Ex.") B and C, submitted herewith; *see also* 15 U.S.C. §78u-4(a)(3)(B)(iii).[1]

Finally, the Court should approve Mr. Sabahi's selection of Hagens Berman to serve as Lead Counsel for the class because the firm has the expertise and resources necessary to adequately represent the interests of all class members.

### III.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

Nutanix is an enterprise cloud platform that powers many of the world's business applications and end-user services by providing software solutions that digitize traditional silos of enterprise computing, converging compute, virtualization, storage, networking, desktop, governance and security services into one integrated solution.  Nutanix primarily sells its products and services to end customers through distributors, resellers and original equipment manufacturers ("OEMs"). Nutanix's securities trade on the Nasdaq Global Market ("NASDAQ") under the stock symbol "NTNX."  At all times during the Class Period, Defendant Pandey was Nutanix's Founder, Chief Executive Officer, and Chairman of Nutanix's Board of Directors, and Defendant Williams was the Company's CFO.

The complaints allege that throughout the Class Period, Defendants made false and misleading statements and failed to disclose key facts related to the Company's purported "heavy" investment in growth and sales and marketing activities and the true driver of the Company's improved profit margins.

On February 28, 2019, after the market closed, Defendants announced Nutanix's financial results for the second fiscal quarter of 2019, ending January 31, 2019 (the "February 28, 2019 Press Release") and thereafter hosted a conference call with investors.  The complaints in the Related Actions allege that Defendants disclosed in the earnings release and on the conference call that

---

[1] "Kathrein Decl." refers to the Declaration of Reed R. Kathrein in Support of Motion for Consolidation of Related Actions, to Appoint Mamood Sabahi as Lead Plaintiff and to Approve His Selection of Lead Counsel.

MOT. TO CONSOL. REL. CASES, APPOINT LEAD PL. AND APPROVE THE SELECTION OF COUNSEL- 3
Case No.: 5:19-cv-01651-WHO

contrary to Defendants' statements, throughout the Class Period, Defendants had not invested adequately in marketing and sales and that as a result, Nutanix had missed its pipeline targets and would be significantly lowering its financial guidance for upcoming quarters.[2]  On this news, the price of Nutanix common stock declined approximately 32% on heavy volume.[3]

Thereafter, on March 29, 2019, Plaintiff Scheller's counsel published a notice of pendency of action over the national wire service, *PRNewsWire*.  Kathrein Decl., Ex. A (Published Notice).

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated.

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii).

Under Rule 42(a) consolidation is appropriate where the actions involve "a common question of law or fact."  Under these circumstances, courts find consolidation of such actions will avoid unnecessary cost, delay and overlap in adjudication.  *Russo v. Finisar Corp. (Finisar)*, No. 5:CV 11-1252-EJD, 2011 WL 5117560, at *3 (N.D. Cal. Oct. 27, 2011) (noting that "actions [that] present virtually identical factual and legal issues . . . should be consolidated").  Courts recognize that securities class actions are "particularly well suited to consolidation" because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned.  *See Miami Police Relief & Pension Fund v. Fusion-io, Inc. (Fusion-io)*, No. 13-CV-05368-LHK, 2014 WL 2604991, at *4 (N.D. Cal. June 10, 2014); *see also City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*, No. C 04-4362 MJJ, 2005 WL 318813, at *3 (N.D. Cal. Feb. 7, 2005) (finding that consolidating securities class actions "would expedite pretrial proceedings and reduce case duplication, thereby conserving judicial resources").

---

[2] *See Scheller*, ECF No. 1 at ⁋⁋60, 62-63, 65-67; *Mauter*, ECF No. 1 at ⁋⁋36-40; *Moroun*, ECF No. 1 at ⁋⁋48-51, 53-56; *Zapf*, ECF No. 1 at ⁋⁋60-63, 65-67.

[3] *See Scheller*, ECF No. 1 at ⁋68; *Mauter*, ECF No. 1 at ⁋41; *Moroun*, ECF No. 1 at ⁋57; *Zapf*, ECF No. 1 at ⁋68.

MOT. TO CONSOL. REL. CASES, APPOINT LEAD PL. AND APPROVE THE SELECTION OF COUNSEL- 4
Case No.: 5:19-cv-01651-WHO

Here, the Related Actions present virtually identical factual and legal issues. Each action alleges violations of Sections 10(b) and 20(a) of the Exchange Act, names the same Defendants, and stems from the same underlying operative facts and circumstances. Moreover, each action pleads the same Class Period. Consolidation would plainly expedite these proceedings, reduce duplicative efforts, and save all parties time, energy, and expense. Accordingly, the Actions are appropriate for consolidation and should be consolidated pursuant to Rule 42(a). *See Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1064 (C.D. Cal. 1999).

### B.      Mr. Sabahi Should Be Appointed Lead Plaintiff.

The PSLRA governs appointment of a lead plaintiff in securities class actions arising under the Exchange Act. *See* 15U.S.C. §§ 78u-4(a)(1)-(3)(B)(iii)(I). The PSLRA requirements are both procedural and substantive. *Id*.

The plaintiff who files the initial action must publish notice to the class within twenty days of filing the initial action. 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, notice of pendency was published on *PRNewswire* on March 29, 2019. *See* Kathrein Decl., Ex. A. Within sixty days after publication of notice, "any person" who is a member of the Class can move to be appointed as lead plaintiff regardless of whether they filed a complaint. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Accordingly, a timely motion for appointment of lead plaintiff must be filed on or before May 28, 2019.

Upon the filing of such a motion, the Court is charged with selecting the class member most capable of adequately representing the interests of the class to serve as lead plaintiff, based on substantive considerations outlined in the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). The Court should presume a movant is most adequate if he has either filed the complaint or made a motion in response to the notice issued; in the determination of the court, has the "largest financial interest" in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Hessefort v. Sun Micro Computer, Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018) (citing *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)).

MOT. TO CONSOL. REL. CASES, APPOINT LEAD PL. AND APPROVE THE SELECTION OF COUNSEL- 5
Case No.: 5:19-cv-01651-WHO

Only by a showing that a lead plaintiff will not fairly and adequately represent the Class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the Class, will this presumption be overcome. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). "Absent proof that the lead-plaintiff candidate with the largest financial interest does not satisfy the requirements of FRCP 23, said candidate is 'entitled to lead plaintiff status.'" *In re Diamond Foods, Inc., Sec. Litig.*, 281 F.R.D. 405, 408 (N.D. Cal 2012) (quoting *In re Cavanaugh*, 306 F.3d at 732).

As set forth below, Mr. Sabahi meets these procedural and substantive requirements and should therefore be appointed lead plaintiff.

### 1. Mr. Sabahi's Motion Is Timely.

The first of the four related securities class actions was filed on March 29, 2019. The timely notice of the pendency of the action was published on *PR Newswire* on the same day advising putative class members that they had 60 days from the date of the notice to file a motion to seek appointment as lead plaintiff in the lawsuit. *See* Kathrein Decl., Ex. A. Thus, Mr. Sabahi satisfies the procedural requirements of the PSLRA by having timely filed this motion for appointment as lead plaintiff with the Court within sixty days of publication of the notice (*i.e.* on or before May 28, 2019) and submitting his PSLRA certification. *See* Kathrein Decl. Ex. B.

### 2. Mr. Sabahi Has the Largest Financial Interest in the Relief Sought by the Class And Is Therefore Presumptively the Most Adequate Plaintiff.

As evidenced by his certification. Mr. Sabahi purchased 6,900 shares of Nutanix stock during the Class Period suffered a loss of $177,896.33 as a result of Defendants' alleged misconduct. *See* Kathrein Decl., Ex. C. To best of his knowledge, there are no other plaintiffs with a larger financial interest. Therefore, Mr. Sabahi satisfies the PSLRA's prerequisite of having the largest financial interest in this class action.

### 3. Mr. Sabahi Satisfies Rule 23's Typicality and Adequacy Requirements.

Section 27(a)(3)(B)(iii)(I)(cc) of the Securities Act and Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act, as amended by the PSLRA, provide that the lead plaintiff must satisfy the requirements of Federal Rule of Civil Procedure 23(a). This showing need not be as thorough as what would be required on a class certification motion. *See Zhu v. UCBH Holdings, Inc.*, 682 F.

Supp. 2d 1049, 1053 (N.D. Cal. 2010).  At this stage of the litigation, courts focus only on the typicality and adequacy requirements of Rule 23.  *See In re Cavanaugh*, 306 F.3d at 732 ("Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements."); *see also Siegall v. Tibco Software, Inc.*, No. C 05-2146 SBA, 2006 WL 1050173, at *5 (N.D. Cal. Feb. 24, 2006) ("In the context of determining the appropriate lead plaintiff under the PSLRA, the requirements of 'typicality' and adequacy of representation are the key factors.").

Consequently, in deciding motions for appointment of lead plaintiff, courts limit their inquiry into the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  *Westley v. Oclaro, Inc.*, No. C-11-2448 EMC, 2011 WL 4079178, at *2 (N.D. Cal. Sept. 12, 2011) (noting that only a "preliminary showing" of typicality and adequacy satisfies Rule 23 at the lead plaintiff stage).  Mr. Sabahi must only, and does, meet the Rule 23 typicality and adequacy requirements to be entitled to lead plaintiff status under the PSLRA.

### (a)    Mr. Sabahi's Claims Are Typical of the Claims of All Class Members.

Here, Mr. Sabahi's claims are typical because like other members of the proposed class Mr. Sabahi asserts that he: (1) purchased Nutanix securities during the Class Period; (2) was harmed by Defendants' allegedly false and misleading statements; and (3) suffered damages as a result.  *See Finisar*, 2011 WL 5117560, at *4 (discussing ways in which a lead plaintiff movant can meet the typicality requirement).  Since the claims Mr. Sabahi asserts are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members," they satisfy typicality.  *See Crossen*, 2005 WL 1910928, at *4; *accord* Newberg, *et al.*, Newberg on Class Actions, §3:13 (4th ed. 2008).  Thus, Mr. Sabahi meets the typicality requirement of Rule 23 because his claim is the same as the claims of the other Class members.

### (b)    Mr. Sabahi Will Adequately Represent the Class.

Mr. Sabahi is also an adequate representative for the proposed class because Mr. Sabahi has a substantial financial interest in the outcome of the action, thereby demonstrating that his interests are

MOT. TO CONSOL. REL. CASES, APPOINT LEAD PL. AND APPROVE THE SELECTION OF COUNSEL- 7
Case No.: 5:19-cv-01651-WHO

aligned with those of the class.  Mr. Sabahi fully understands his duties and responsibilities to the class, and is willing and able to oversee the vigorous prosecution of this action.  In addition to evidencing the largest financial interest in the outcome of this litigation, Mr. Sabahi's certification demonstrates his intent to serve as Lead Plaintiff in this litigation, including his cognizance of serving in that role.[4]  Moreover, Mr. Sabahi has selected lead counsel that is highly experienced in prosecuting securities class actions to represent himself and the Class in this action.  Hagens Berman has undertaken high-stakes complex securities, antitrust, and consumer litigation matters for several decades and pursue active litigation in California's state and federal courts.

Accordingly, because Mr. Sabahi believes he is the presumptively "most adequate plaintiff" under the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), he should be appointed Lead Plaintiff.  *See e.g., Rieckborn v. Velti PLC,* No. 13-CV-03889-WHO, 2013 WL 6354597, at *4 (N.D. Cal. Dec. 3, 2013); *Mohanty v. Bigband Networks, Inc*., No. C 07-5101 SBA, 2008 U.S. Dist. LEXIS 32764, at *29-30 (N.D. Cal. Feb. 13, 2008).

**C.      The Court Should Approve Mr. Sabahi's Choice of Lead Counsel.**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the Court's approval.  15 U.S.C. § 78u-1(a)(3)(B)(v); *accord In re Cavanaugh*, 306 F.3d at 734 n.14.  "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently."  *Cohen v. U.S. Dist. Court for Northern Dist. Of Cal.*, 586 F.3d 703, 711 (9th Cir. 2009) (citation omitted).  "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice."  *Id*. at 712 (citations omitted).  Thus, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interests of the class.  15 U.S.C. § 78u-l(a)(3)(B)(iii)(II)(aa).

Mr. Sabahi has selected Hagens Berman to serve as lead counsel for the Class.  Hagens Berman has litigated complex securities fraud actions before this Court (*In re Charles Schwab Secs. Litig.*, No. 3:08-cv-1510-WHA) and has successfully prosecuted many other securities fraud class actions on behalf of injured investors.  Kathrein Decl., Ex. D.  After Hagens Berman negotiated two

---

[4] *See* Kathrein Decl., Ex. B.

MOT. TO CONSOL. REL. CASES, APPOINT LEAD PL. AND APPROVE THE SELECTION OF COUNSEL - 8
Case No.: 5:19-cv-01651-WHO

settlements resulting in an 82.1% recovery by California class members in the *Schwab* case, the Honorable William Alsup commented, "Class counsel did a good job persistently advocating for the best interests of the class members, and obtained a very good result for the class . . . ."

If this motion is granted, Hagens Berman will provide members of the Class with the highest caliber of representation available.  Accordingly, the Court should approve Mr. Sabahi's selection of lead counsel.

### V.    CONCLUSION

For all of the foregoing reasons, Mr. Sabahi respectfully requests that this Court: (1) consolidate the Related Actions; (2) appoint Mr. Sabahi to serve as lead plaintiff in this action; (3) approve Mr. Sabahi's selection of Hagens Berman as lead counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: May 28, 2019                    Respectfully submitted,

*/s/ Reed R. Kathrein*
Reed R. Kathrein (139304)
Danielle Smith (291237)
Lucas E. Gilmore (250893)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOLS SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Attorneys for Proposed Lead Plaintiff Mamood Sabahi*