Nicole Lavallee (SBN 165755)
A. Chowning Poppler (SBN 272870)
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
        cpoppler@bermantabacco.com

*Counsel for Movant Jose Flores*
*and Proposed Liaison Counsel for the Class*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RYAN SCHELLER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS,<br><br>Defendants. | Case No. 3:19-cv-01651-WHO<br><br>CLASS ACTION<br><br>**JOSE FLORES'S NOTICE OF MOTION AND MOTION FOR RELATION AND CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:     July 10, 2019<br>TIME:     2:00 p.m.<br>CTRM:     2 – 17th Floor<br>JUDGE:    Hon. William H. Orrick |
| TIM MAUTER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS,<br><br>Defendants. | Case No. 3:19-cv-02442-RS<br><br>CLASS ACTION<br><br>CTRM:     3 – 17th Floor<br>JUDGE:    Hon. Richard Seeborg |

[CASE NO. 3:19-cv-01651-WHO] JOSE FLORES'S NOTICE OF MOTION AND MOTION FOR RELATION AND CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL

| JOSEPH S. MAROUN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS,<br><br>Defendants. | Case No. 3:19-cv-02744-RS<br><br>CLASS ACTION<br><br>CTRM:    3 – 17th Floor<br>JUDGE:    Hon. Richard Seeborg |
|---|---|
| HEIDI ZAPF, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS,<br><br>Defendants. | Case No. 3:19-cv-02781-SI<br><br>CLASS ACTION<br><br>CTRM:    1 – 17th Floor<br>JUDGE:    Hon. Susan Illston |

[CASE NO. 3:19-cv-01651-WHO] JOSE FLORES'S NOTICE OF MOTION AND MOTION FOR RELATION AND CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL

## TABLE OF CONTENTS

**PAGE**

NOTICE OF MOTION AND MOTION ...................................................................................1

STATEMENT OF THE ISSUES TO BE DECIDED.................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................................3

I.      SUMMARY OF THE ARGUMENT .............................................................................3

II.     FACTUAL AND PROCEDURAL BACKGROUND.....................................................4

III.    ARGUMENT ...................................................................................................................6

      A.      The Actions Should Be Related and Consolidated For All Purposes .....................6

      B.      Flores Is The "Most Adequate Plaintiff" And Should Be Appointed Lead Plaintiff ...................................................................................................................7

            1.      The Lead Plaintiff Framework Under the PSLRA ......................................7

            2.      Flores Has Satisfied the PSLRA's Procedural Requirements.....................8

            3.      Flores Has the Largest Financial Interest in the Relief Sought by the Class .......................................................................................................8

            4.      Flores Satisfies the Adequacy and Typicality Requirements of Rule 23.................................................................................................................10

      C.      Flores's Selection of Counsel Should be Approved .............................................11

IV.     CONCLUSION...............................................................................................................12

**TABLE OF AUTHORITIES**

**PAGE**

**CASES**

*Eichenholtz v. Verifone Holdings, Inc.*,
No. C 07-06140 MHP, 2008 WL 3925289 (N.D. Cal. Aug. 22, 2008)................................. 8

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ........................................................................................... 10

*Johnson v. OCZ Tech. Group*,
No. CV 12-5265 RS, 2013 WL 75774 (N.D. Cal. Jan. 4, 2013) ............................................ 8

*Markette v. Xoma Corp.*,
No. 15-cv-03425-HSG, 2016 WL 2902286 (N.D. Cal. May 13, 2016) ................. 8, 9, 10, 11

*Mulligan v. Impax Labs., Inc.*,
No. C-13-1037 EMC, 2013 WL 3354420 (N.D. Cal. July 2, 2013 (Chen, J.) ...................... 8

*Wong v. Arlo Techs., Inc.*,
No. 19-cv-372-BLF, 2019 WL 2010706 (N.D. Cal. May 6, 2019)..................................... 10

**STATUTES**

15 U.S.C. § 78j(b) ............................................................................................................... 3

15 U.S.C. § 78t(a) ............................................................................................................... 3

15 U.S.C. § 78u-4(a)(3)(A)(i) .............................................................................................. 5

15 U.S.C. § 78u-4(a)(3)(B) .................................................................................................. 1

15 U.S.C. § 78u-4(a)(3)(B)(i) .............................................................................................. 7

15 U.S.C. § 78u-4(a)(3)(B)(ii) .......................................................................................... 3, 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ......................................................................................... 3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)................................................................................. 7, 8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ............................................................................... 7, 10

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)................................................................................. 7, 11

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .................................................................................. 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb) .................................................................................. 7

15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................................ 11

17 C.F.R. § 240.10b-5.......................................................................................................... 3

Civil L.R. 3-12(a)................................................................................................................. 6

[CASE NO. 3:19-cv-01651-WHO] JOSE FLORES'S NOTICE OF MOTION AND MOTION FOR RELATION AND CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL                                                                                                                                    ii

Fed. R. Civ. P. 23 ................................................................................................................ passim

Fed. R. Civ. P. 23(a)(3)............................................................................................................ 10

Fed. R. Civ. P. 23(a)(4)............................................................................................................ 10

Fed. R. Civ. P. 42(a) ....................................................................................................... 1, 2, 3, 7

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that on Wednesday July 10, 2019, at 2:00 p.m. or as soon thereafter as this matter may be heard, in the Courtroom of the Honorable William H. Orrick located in Courtroom 2 on the 17th floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA, 94102, Jose Flores ("Flores") shall move this Court, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)") and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for the entry of an Order:

(1) relating and consolidating the above-captioned actions and any related action that may be filed pursuant to Rule 42(a);

(2) appointing Flores as lead plaintiff; and

(3) approving Flores's selection of Wolf Popper LLP as lead counsel and Berman Tabacco as liaison counsel on behalf of the proposed class.

This motion is made on the grounds that the above-captioned federal securities class actions brought in this district against Nutanix, Inc. ("Nutanix" or the "Company") and other Defendants allege similar legal claims based on the same or similar factual allegations and should, therefore, be related and consolidated, that Flores is the "most adequate plaintiff" pursuant to the PSLRA based on his losses of $396,176 in Nutanix stock, and that Flores meets the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the class claims and he will fairly and adequately represent the class. In addition, Flores has selected and retained counsel with substantial experience in prosecuting securities fraud class actions such as this one to serve as counsel for the class.

Flores bases this Motion on this Notice of Motion and Memorandum of Points and Authorities, the Declaration of Robert C. Finkel in support thereof (the "Finkel Declaration" or "Finkel Decl.") and exhibits attached thereto, the pleadings and other filings herein, and such written and oral argument as may be presented to the Court.

**STATEMENT OF THE ISSUES TO BE DECIDED**

1.    Whether the Court should relate and consolidate, pursuant to Rule 42(a), the above captioned actions and any related action that may be filed against Defendants, which involve common questions of law or fact.

2.    Whether the Court should appoint, pursuant to the PSLRA, Flores as lead plaintiff for the proposed class in the consolidated actions.

3.    Whether the Court should approve, pursuant to the PSLRA, Flores's selection of Wolf Popper LLP as lead counsel and Berman Tabacco as liaison counsel for the proposed class.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   SUMMARY OF THE ARGUMENT

Lead plaintiff movant Flores requests that the Court relate and consolidate the above-captioned actions (the "Actions")[1] pursuant to Rule 42(a).  The Actions present common issues of law or fact.  They each allege violations of Sections 10(b) and 20(a) of the Exchange Act of 1934 (15 U.S.C. §§ 78j(b) and 78t(a)) and Securities and Exchange Commission ("SEC") Rule 10b-5 (17 C.F.R. § 240.10b-5) arising out of the same underlying facts against the same defendants.  Moreover, consolidation will promote judicial efficiency and conserve the resources of the Court and the parties.  The PSLRA requires that the Court determine the motion for consolidation prior to appointing a lead plaintiff and approving selection of lead counsel.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Pursuant to the PSLRA, the Court shall appoint as lead plaintiff the movant who timely requests appointment as lead plaintiff, possesses the largest financial interest in the relief sought by the class in the action, and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Flores satisfies each of these elements:  Flores has timely filed this motion, believes that he has the largest financial interest in the relief sought by the class in this action, with losses suffered from Defendants' misconduct of $396,176 in connection with his open market investments in Nutanix common stock, is typical of the putative class, and is adequate to serve as lead plaintiff.  Flores accordingly believes that he is "most adequate plaintiff" as defined by the PSLRA and should therefore be appointed lead plaintiff.

Flores also requests that the Court approve his selection of Wolf Popper LLP as lead counsel and Berman Tabacco as liaison counsel on behalf of the Class.  Both firms are nationally recognized securities class action firms with consistent records of achieving substantial recoveries

---

[1] *Scheller v. Nutanix, Inc.*, No. 3:19-cv-1651-WHO (N.D. Cal.) ("*Scheller*"); *Mauter v. Nutanix, Inc.*, No. 3:19-cv-2442-RS (N.D. Cal.) ("*Mauter*"); *Maroun v. Nutanix, Inc.*, No. 3:19-cv-2744-RS (N.D. Cal.) ("*Maroun*"); *Zapf v. Nutanix, Inc.*, No. 3:19-cv-2781-SI (N.D. Cal.) ("*Zapf*").

for the benefit of injured investor classes and both have the expertise and resources necessary to provide high-quality legal representation and effectively protect the interests of the class.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Nutanix is a Delaware corporation with headquarters located in San Jose, California. ¶13.[2] Nutanix "provides a leading enterprise cloud platform that powers many of the world's business applications and end user services by providing software solutions that digitize traditional silos of enterprise computing." ¶14 (quoting Nutanix's 2018 Form 10-K).

The Actions allege that during the "Class Period" of March 2, 2018 through February 28, 2019, Nuanix, Dheeraj Paney (Nutanix's Chief Executive Officer) and Duston M. Williams (Nutanix's Chief Financial Officer) made material false and misleading statements in violation of the Exchange Act and SEC Rule 10b-5. ¶¶1-4, 27-57. The Actions allege that during the Class Period, the Defendants repeatedly stated that Nutanix was investing heavily in growth and was increasing sales and marketing activities while maintaining high profit margins. *See, e.g.*, ¶¶2, 33, 37, 39, 47, 49, 55. However, in truth, the Defendants were decreasing or holding flat Nutanix's lead generation spending. ¶¶3, 34, 41, 56, 62. By misrepresenting the magnitude of Nutanix's marketing spending, and failing to disclose that Nutanix was pulling back on lead generation spending, Defendants were able to misrepresent that Nutanix had improved its profit margins through business acumen, rather than the truth – that Nutanix was skimping on important drivers of revenue growth. ¶4.

When the truth was revealed on February 28, 2019, the price of Nutanix common stock plummeted $16.39 per share, or more than 32%, to close at $33.70 per share on March 1, 2019.

On March 29, 2018, the *Scheller* action was filed in this Court alleging that the Defendants made materially false and misleading statements in violation of the federal securities laws. *Scheller* was brought on behalf of a purported class of "all persons who purchased or otherwise

---

[2] Citations to "¶_" are to the March 29, 2018 Complaint for Violations of the Federal Securities Laws in *Scheller* (ECF No. 1, the "Complaint").

acquired Nutanix Class A common stock on the open market on a U.S. stock exchange during the Class Period March 2, 2018 through February 28, 2019, both dates inclusive." ¶1.

On March 29, 2019, pursuant to the PSLRA (15 U.S.C. § 78u-4(a)(3)(A)(i)), counsel in *Scheller* published a notice in the *PR Newswire*, which announced that a securities class action had been filed against Nutanix and advised the putative class members that they had until May 28, 2019 to file a lead plaintiff motion (the "Notice"). *See* Finkel Decl. Ex. A.

On May 6, 2019, the *Mauter* action was filed in this Court, also alleging violations of Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 based upon the same facts and actions alleged in the *Scheller* action. *Mauter* was brought on behalf of a purported class of all persons who purchased the common stock of Nutanix during the Class Period [March 2, 2018 and February 28, 2019] and were damaged thereby." Complaint for Violations of the Federal Securities Law, *Mauter* action, ECF No. 1, ¶1.

On May 20, 2019, the *Maroun* action was filed in this Court, also alleging violations of Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 based upon the same facts and Actions alleged in the *Scheller* action. *Maroun* was brought on behalf of a purported class of all persons who purchased the common stock of Nutanix during the Class Period [March 2, 2018 and February 28, 2019] and were damaged thereby." Complaint for Violation of the Federal Securities Law, *Maroun* action, ECF No. 1, ¶1.

On May 22, 2019, the *Zapf* action was filed in this Court, also alleging violations of Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 based upon the same facts and Actions alleged in the *Scheller* action. *Zapf* was brought on behalf of a purported class of all persons who purchased the common stock of Nutanix during the Class Period [March 2, 2018 and February 28, 2019] and were damaged thereby." Class Action Complaint for Violations of the Federal Securities Law, *Zapf* action, ECF No. 1, ¶1.

## III.   ARGUMENT

### A.   The Actions Should Be Related and Consolidated For All Purposes

Civil Local Rule 3-12 of the United States District Court for the Northern District of California defines related cases as those actions which "concern substantially the same parties, property, transaction or event" and where it "appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civil L.R. 3-12(a).  The Actions, listed below and captioned above, meet the definition of related cases under Local Rule 3-12(a):

| Name | Case Number | Filing Date |
| --- | --- | --- |
| *Scheller v. Nutanix, Inc., et al.* | 3:19-cv-01651-WHO | March 29, 2019 |
| *Mauter v. Nutanix, Inc., et al.* | 3:19-cv-02442-RS | May 6, 2019 |
| *Maroun v. Nutanix, Inc., et al.* | 3:19-cv-02744-RS | May 20, 2019 |
| *Zapf v. Nutanix, Inc., et al.* | 3:19-cv-02781-SI | May 22, 2019 |

Each of the plaintiffs in these Actions purports to be a shareholder of Nutanix and alleges claims against the Company and certain of its current and former executives for violations of Sections 10(b) and 20(a) of the Exchange Act.  Each complaint contains similar allegations about the same parties, transactions and events – chiefly the Company's representations to the market regarding the Company's business and that it was investing heavily in growth and was increasing sales and marketing activities while maintaining high profit margins.  Conducting these Actions before different judges would result in unduly burdensome duplication of labor and expense and would risk conflicting results respecting the same legal and factual issues.  The cases should, therefore, be related.

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial," then the Court "shall not [appoint a lead plaintiff] until after the decision on the motion to consolidate is rendered."  15

U.S.C. § 78u-4(a)(3)(B)(ii). Rule 42(a) provides that the Court may consolidate actions before it that "involve a common question of law or fact."

The Actions should be consolidated pursuant to Rule 42(a). The Actions are brought against the same defendants, have the same Class Period, and allege violations of Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 based on the same alleged wrongful acts of the Defendants. The class definitions alleged in the Actions are also substantially similar. It is anticipated that the Lead Plaintiff will file a consolidated complaint consolidating the Actions. There is no apparent inconvenience, delay, expense, or prejudice that would result from the consolidation of these cases.

**B.    Flores Is The "Most Adequate Plaintiff" And Should Be Appointed Lead Plaintiff**

**1.    The Lead Plaintiff Framework Under the PSLRA**

The PSLRA instructs that in a securities class action, a court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter referred to as the 'most adequate plaintiff')." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA creates a rebuttable presumption that the most adequate plaintiff is the person who "has either filed the complaint or made a motion [for appointment as lead plaintiff]; in the determination of the court, has the largest financial interest in the relief sought by the class; and … otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc). The PSLRA allows that the presumption may only be rebutted "upon proof" that the most adequate plaintiff "will not fairly and adequately protect the interests of the class; or … is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb).

Satisfying each requirement of the PSLRA, Flores respectfully submits that he is the presumptive "most adequate plaintiff." He has complied with the PSLRA procedural

requirements, holds the largest financial interest of any known movant and satisfies Rule 23's typicality and adequacy requirements.

### 2.      Flores Has Satisfied the PSLRA's Procedural Requirements

The PSLRA's sixty-day deadline to move this Court for appointment as lead plaintiff expires on May 28, 2019.  Flores has filed the instant motion timely, on May 28, 2019, and has attached a signed Certification attesting to his willingness to serve as Lead Plaintiff for the class and to provide testimony at deposition and trial, if necessary.  *See* Finkel Decl. Ex. B.  Flores therefore satisfies the first criterion of the PSLRA's "presumptively most adequate plaintiff" analysis.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

### 3.      Flores Has the Largest Financial Interest in the Relief Sought by the Class

"The Ninth Circuit has declined to endorse a particular method to calculate which movant has the largest financial stake in a securities class action."  *Markette v. Xoma Corp.*, No. 15-cv-03425-HSG, 2016 WL 2902286, at \*5 (N.D. Cal. May 13, 2016) (citation and internal quotation marks omitted).  *Markette* explains that the Courts in this District have used three main methods to calculate the largest financial interest of lead plaintiff movants under the PSLRA.  *Id.* at \*5-6.

In cases "where there is a relatively constant fraud premium through the class period" and there are "not multiple partial disclosures that reveal the purported fraud during the class period," as is the case with this Action, courts in this District have "look[ed] to the shares retained at the end of the class period that were purchased during the class period and calculate[ ] the total net loss on those securities alone."  *Id.* at \*5 (citing *Mulligan v. Impax Labs., Inc.,* No. C-13-1037 EMC, 2013 WL 3354420, at \*6 (N.D. Cal. July 2, 2013) (Chen, J.); *Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140 MHP, 2008 WL 3925289, at \*10-14 (N.D. Cal. Aug. 22, 2008) (Patel, J.)); *see also Johnson v. OCZ Tech. Grp.*, No. CV 12-5265 RS, 2013 WL 75774, at \*2 (N.D. Cal. Jan. 4, 2013) (Seeborg, J.) ("calculating how many shares were acquired during the Class Period, and then determining how many of those shares were held through each of the four partial

disclosures. The loss calculation results from comparing the purchase price with the price drop attributable to each of the four partial disclosures").

The main advantage of the "retained shares" method is that it "look[s] to losses experienced due to the shares that the plaintiff was holding at the time the fraud was disclosed, and thus focus[es] on losses caused when stock purchased at artificially inflated prices decreases in value due to the disclosure of the fraud. This metric thereby excludes losses caused by normal market fluctuations prior and unrelated to the disclosure of the fraud." *Markette*, 2016 WL 2902286, at *5 (alteration in original) (citations omitted).

In *Markette*, the Court found that the "retained shares method most accurately establishes the loss amount [because] a single disclosure revealed Defendants' purported fraud and does not suggest that any partial disclosures occurred during the class period…. When a single disclosure reveals a purported fraud, there is a constant fraud premium across the class period, meaning that the artificial inflation of the price of the security did not dissipate. In those situations, the retained shares method is more accurate than Last-In-First-Out ("LIFO"), net loss, and other economic loss methods because it excludes losses incurred during the class period that are likely attributable to normal market fluctuations rather than fraud." Citations omitted.

Flores believes he has the largest financial interest in the relief sought by the class under the methods used in this District - $396,176.

Flores traded in two accounts during the Class Period (beginning in September 2018) – one an IRA (Account A) and the other an individual taxable account (Account B). As of the date of the disclosure, Flores retained 7,440 shares in Account A and 14,900 shares in Account B. *See* Finkel Decl. Ex. C. Flores's cost for those retained shares was $372,074 and $774,949, respectively. Flores suffered losses when the price per share of Nutanix common stock declined $16.39 per share after Defendants revealed the truth concerning Nutanix's sales and marketing and lead generation spending. Flores sold his retained shares in both accounts on March 4, 2019, for total proceeds of $750,847. Consistent with *Markette,* Flores properly excluded from his losses calculations any profits or losses realized from trading during the Class Period that were executed

at a constant dollar inflation. Accordingly, Flores suffered total losses on those retained shares of $396,176.[3] *Id.*

Flores possesses the largest financial interest in the relief sought by the class, and satisfies the second criterion of the PSLRA's "presumptively most adequate plaintiff" analysis. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 4.    Flores Satisfies the Adequacy and Typicality Requirements of Rule 23

At the lead plaintiff stage, the Court's Rule 23 analysis focuses on the requirements of typicality and adequacy. *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *Markette*, 2016 WL 2902286, at *7.

The "test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Markette*, 2016 WL 2902286, at *7 (citation omitted). Flores's claims are typical of those of the purported class. As with all other putative class members, Flores alleges Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Nutanix. Flores purchased Nutanix common stock at prices artificially inflated as a result of Defendants' misrepresentations or omissions, and was damaged upon the disclosure of the truth regarding those misrepresentations or omissions. Flores's claims are based on the same legal theory, and arise from the same events and course of conduct as the class claims, and thus satisfy the typicality requirement of Rule 23(a)(3).

Rule 23(a)(4) requires that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The test for adequacy asks whether the lead plaintiff and its counsel have any conflicts of interest with other class members and whether the lead plaintiff and his counsel will prosecute the action vigorously on behalf of the class." *Wong v. Arlo Techs., Inc.*, No. 19-cv-372-BLF, 2019 WL 2010706, at *8 (N.D. Cal. May 6, 2019) (citation and internal quotation marks omitted). Flores is an adequate representative of the class.

---

3

His claims are not antagonistic or in conflict with those of the class.  Flores is not subject to any unique defenses.  Further, Flores's $396,176 loss in Nutanix common stock provides a sufficient interest in the outcome of this litigation, thus ensuring "vigorous advocacy."  As described below, Flores has retained counsel experienced in securities litigation.

Because Flores's claims are typical of those of the class and Flores will adequately represent the class, Flores satisfies the third criterion of the PSLRA's "presumptively most adequate plaintiff" analysis. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

In sum, Flores is the presumptively most adequate plaintiff and should be appointed Lead Plaintiff.  Flores timely filed a motion seeking appointment as lead plaintiff, has the largest financial interest in the relief sought by the class, and satisfies the requirements of Rule 23(a) of the Federal Rules of Federal Procedure.

### C.    Flores's Selection of Counsel Should be Approved

Under the PLSRA, the lead plaintiff has the right, subject to court approval, to "select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently.  [I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Markette*, 2016 WL 2902286, at *3 (alterations in original) (citations omitted).

Flores has selected Wolf Popper as lead counsel and Berman Tabacco as liaison counsel. Wolf Popper and Berman Tabacco are highly experienced in the area of securities litigation and class actions and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as well as other class actions, as detailed in the attached resumes. *See* Finkel Decl. Exs. D & E.  For example, in *Plumbers' & Pipefitters' Local #562 Supplemental Plan & Trust, et al. v. J.P. Morgan Acceptance Corp. I.*, No. 2:09-cv-01713 (E.D.N.Y.), Wolf Popper represented the Public Employees' Retirement System of Mississippi as lead plaintiff and recovered $280 million for investors in residential mortgage-backed securities issued by JPMorgan Acceptance Corp.  Likewise, Berman Tabacco has been appointed lead counsel in more than 100 federal securities class actions, recovering countless amounts on behalf

of defrauded investors.  Wolf Popper and Berman Tabacco have worked together in prior securities litigations, and completed a jury trial together in July 2017 in the United States District Court of the District of Massachusetts that resulted in a $3 million disgorgement from a controlling stockholder.  *See MAZ Partners LP v. PHC, Inc.*, No. 11-cv-11049 (D. Mass.).

As a result of Wolf Popper's and Berman Tabacco's extensive experience in litigation involving issues similar to those raised in this action, Wolf Popper and Berman Tabacco have the skill and knowledge to prosecute this action effectively and expeditiously as Lead and Liaison Counsel.  The Court may rest assured that by approving Flores's selection of Lead and Liaison Counsel, the members of the class will receive the best legal representation available.

## IV.    CONCLUSION

For the foregoing reasons, Flores respectfully requests that the Court: (1) relate and consolidate the above-captioned securities class actions; (2) appoint Flores as lead plaintiff on behalf of the proposed class; and (3) approve his selection of Wolf Popper LLP as lead counsel and Berman Tabacco as liaison counsel for the proposed Class.

///

///

///

DATED:  May 28, 2019                    Respectfully submitted,

                                        **BERMAN TABACCO**


                                         */s/ Nicole Lavallee*
                                            Nicole Lavallee

                                        A. Chowning Poppler
                                        44 Montgomery Street, Suite 650
                                        San Francisco, CA 94104
                                        Telephone: (415) 433-3200
                                        Facsimile: (415) 433-6382
                                        Email:  nlavallee@bermantabacco.com
                                                cpoppler@bermantabacco.com

                                        *Counsel for Movant Jose Flores and Proposed*
                                        *Liaison Counsel for the Class*

                                        Robert C. Finkel (*Pro Hac Vice Motion to be*
                                        *Filed*)
                                        **WOLF POPPER LLP**
                                        845 Third Avenue
                                        New York, NY 10022
                                        Telephone: (212) 759-4600
                                        Facsimile: (212) 459-2093
                                        Email: rfinkel@wolfpopper.com

                                        *Counsel for Movant Jose Flores and Proposed*
                                        *Lead Counsel for the Class*