James M. Wagstaffe (#95535)
Frank Busch (#258288)
**WAGSTAFFE, VON LOEWENFELDT,**
**BUSCH & RADWICK, LLP**
100 Pine Street, Suite 725
San Francisco, California 94111
Telephone: (415) 357-8900
Facsimile: (415) 357-8910
wagstaffe@wvbrlaw.com
busch@wvbrlaw.com

*Proposed Liaison Counsel for the Class*

**LABATON SUCHAROW LLP**
Christopher J. Keller (*pro hac vice* forthcoming)
Eric J. Belfi (*pro hac vice* forthcoming)
Francis P. McConville (*pro hac vice* forthcoming)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Bristol County Retirement System and*
*Joseph S. Maroun and Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RYAN SCHELLER, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS, <br><br> Defendants. | Case No. 3:19-cv-01651-WHO <br><br> Judge William H. Orrick III <br><br> **CLASS ACTION** <br><br> **NOTICE OF MOTION AND MOTION OF BRISTOL COUNTY RETIREMENT SYSTEM AND JOSEPH S. MAROUN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:  July 10, 2019 <br> Time: 2:00 p.m. <br> Courtroom: 2 – 17th Floor <br> Judge: William H. Orrick |

NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 3:19-CV-01651-WHO



TIM MAUTER, Individually and on Behalf of All Others Similarly Situated,

             Plaintiff,

    v.

NUTANIX, INC., DHEERAJ PANDEY and DUSTON M. WILLIAMS,

             Defendants.

Case No. 3:19-cv-02442-RS

Judge Richard G. Seeborg

JOSEPH S. MAROUN, Individually and on Behalf of All Others Similarly Situated,

             Plaintiff,

    v.

NUTANIX, INC., DHEERAJ PANDEY and DUSTON M. WILLIAMS,

             Defendants.

Case No. 3:19-cv-02744-RS

Judge Richard G. Seeborg

HEIDI ZAPF, Individually and on Behalf of All Others Similarly Situated,

             Plaintiff,

    v.

NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS,

             Defendants.

Case No. 3:19-cv-02781-SI

Judge Susan Y. Illston

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ii

NOTICE OF MOTION AND MOTION ...................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 2

I.      STATEMENT OF THE ISSUES TO BE DECIDED........................................................ 2

II.     PRELIMINARY STATEMENT ....................................................................................... 2

III.    FACTUAL BACKGROUND ............................................................................................ 4

IV.     ARGUMENT .................................................................................................................... 5

        A.      The Actions Should Be Consolidated ................................................................... 5

        B.      Bristol and Maroun Should Be Appointed Lead Plaintiff .................................... 6

                1.      The PSLRA Standard for Appointing Lead Plaintiff................................ 6

        C.      Bristol and Maroun Are the "Most Adequate Plaintiff" ....................................... 7

                1.      Bristol and Maroun Satisfied the PSLRA's Procedural
                        Requirements ............................................................................................. 7

                2.      Bristol and Maroun Have the Largest Financial Interest in
                        the Outcome of the Action......................................................................... 7

                3.      Bristol and Maroun Satisfy Rule 23's Typicality and
                        Adequacy Requirements ............................................................................ 8

                        (a)     Bristol and Maroun's Claims Are Typical of Those of the
                                Class ............................................................................................. 8

                        (b)     Bristol and Maroun Will Fairly and Adequately Protect the
                                Interests of the Class .................................................................... 9

        D.      The Court Should Approve Bristol and Maroun's Choice of
                Counsel ............................................................................................................... 11

CONCLUSION........................................................................................................................... 13

# TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Bruce v. Suntech Power Holdings Co.*,
No. CV 12-04061 RS, 2012 WL 5927985 (N.D. Cal. Nov. 13, 2012)....................................10

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ......................................................................................7, 11

*In re Cohen v. United States*,
586 F.3d 703 (9th Cir. 2009) .......................................................................................11

*Hughes v. Experian Info. Sols., Inc.*,
No. 16-cv-05681-JST, 2017 WL 975969 (N.D. Cal. Mar. 13, 2017)........................................5

*Johnson v. OCZ Tech. Grp., Inc.*,
No. CV 12-05265 RS, 2013 WL 75774 (N.D. Cal. Jan. 4, 2013) ...........................................10

*Johnson v. Pozen Inc.*,
No. 1:07CV599, 2008 WL 474334 (M.D.N.C. Feb. 15, 2008) ................................................10

*Markette v. XOMA Corp.*,
No. 15-cv-03425-HSG, 2016 WL 2902286 (N.D. Cal. May 13, 2016) ..................................10

*In re MGM Mirage Sec. Litig.*,
No. 2:09-cv-01558-GMN-LRI, 2010 WL 4316754 (D. Nev. Oct. 25, 2010) ..........................8

*Pace v. Quintanilla*,
No. 2:14-cv-2067-DOC-KES, 2014 WL 4180766 (C.D. Cal. Aug. 19, 2014).........................8

*Sokolow v. LJM Funds Mgmt., Ltd.*,
No. 18-CV-01039, 2018 WL 3141814 (N.D. Ill. June 26, 2018)...........................................10

*Stocke v. Shuffle Master, Inc.*,
No. 2:07-CV-00715-KJD-RJJ, 2007 WL 4262723 (D. Nev. Nov. 30, 2007) .......................8, 9

*Takeda v. Turbodyne Techs., Inc.*,
67 F. Supp. 2d 1129 (C.D. Cal. 1999) .....................................................................................5

*In re Versata, Inc., Sec. Litig.*,
No. C 01-1439 SI, 2001 WL 34012374 (N.D. Cal. Aug. 20, 2001)..................................10, 11

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
No. 04-cv-8141 (S.D.N.Y.).....................................................................................................12

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
     No. 08-md-1963 (S.D.N.Y.) ............................................................................................12

*In re Broadcom Corp. Class Action Litig.*,
     No. 06-cv-05036 (C.D. Cal.) ...........................................................................................12

*In re Countrywide Fin. Corp. Sec. Litig.*,
     No. 07-cv-5295 (C.D. Cal.) .............................................................................................12

*Maroun v. Nutanix, Inc.*,
     No. 3:19-cv-02744 (N.D. Cal. May 20, 2019)..............................................................2, 4

*Mauter v. Nutanix, Inc.*,
     No. 3:19-cv-02442 (N.D. Cal. May 06, 2019)...................................................................2

*In re Mercury Interactive Corp. Sec. Litig.*,
     No. 05-cv-3395 (N.D. Cal.) .............................................................................................12

*Scheller v. Nutanix, Inc.*,
     No. 3:19-cv-01651 (N.D. Cal. Mar 29, 2019) ...................................................................2

*Staton v. Boeing Co.*,
     327 F.3d 938 (9th Cir. 2003) .............................................................................................8

*Zapf v. Nutanix, Inc.*,
     No. 3:19-cv-02781 (N.D. Cal. May 22, 2019)...................................................................2

**Statutes**

15 U.S.C. § 78u-4 *et seq*. ......................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23 *et seq*............................................................................................. 

 *passim*

Fed. R. Civ. P. 42 *et seq*............................................................................................. *passim*

## NOTICE OF MOTION AND MOTION

**TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that Lead Plaintiff movants Bristol County Retirement System and Joseph S. Maroun ("Bristol and Maroun") by and through their counsel, hereby move this Court in Courtroom 2 – 17th Floor of the Honorable William H. Orrick at the United States District Court, Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, on July 10, 2019 at 2:00 p.m., or as soon thereafter as the matter may be heard, for the entry of an Order: (1) consolidating the above-captioned actions pursuant to Rule 42 of the Federal Rules of Civil Procedure; (2) appointing Bristol and Maroun as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq*.; (3) approving their selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel and Wagstaffe, Von Loewenfeldt, Busch & Radwick, LLP ("WVBR LLP") as Liaison Counsel for the Class (the "Motion"); and (4) granting such other and further relief as the Court may deem just and proper.

This Motion is made on the grounds that Bristol and Maroun believe they are the "most adequate plaintiff" under the PSLRA, and should therefore be appointed Lead Plaintiff. Specifically, Bristol and Maroun believe they have the "largest financial interest" in the relief sought by the Class in this litigation.  Bristol and Maroun also otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because their claims are typical of other Class members' claims, and because they will fairly and adequately represent the Class.

This Motion is based upon the accompanying Memorandum of Law in support thereof, the Declaration of James M. Wagstaffe ("Wagstaffe Decl.") filed herewith, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    STATEMENT OF THE ISSUES TO BE DECIDED**

1.    Whether the Court should consolidate the above-captioned actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2.    Whether the Court should appoint Bristol and Maroun as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

3.    Whether the Court should approve of Bristol and Maroun's selection of Labaton Sucharow as Lead Counsel for the Class and WVBR LLP as Liaison Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**II.    PRELIMINARY STATEMENT**

Presently pending before this Court are four federal securities class actions[1] brought on behalf of all those who purchased or sold Nutanix publicly traded securities during the period from March 2, 2018 through February 28, 2019, inclusive (the "Class Period"), who were damaged thereby (the "Class").  The Action charges Nutanix and certain of its officers/and or directors (collectively, "Defendants") with violations of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder.

In securities class actions, the PSLRA requires district courts to resolve consolidation before appointing a lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).  Here, the actions should be consolidated because they each involve identical legal and factual questions.  *See* Fed. R. Civ. P. 42(a); § IV.A., *infra*.

As soon as practicable after its decision on consolidation, pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which member of the Class has the "largest financial interest" in the relief sought in this litigation, and also whether that movant

---

[1] The actions are *Scheller v. Nutanix, Inc.*, No. 3:19-cv-01651 (N.D. Cal. Mar 29, 2019); *Mauter v. Nutanix, Inc.*, No. 3:19-cv-02442 (N.D. Cal. May 06, 2019); *Maroun v. Nutanix, Inc.*, No. 3:19-cv-02744 (N.D. Cal. May 20, 2019) (the "*Maroun* Action"); and *Zapf v. Nutanix, Inc.*, No. 3:19-cv-02781 (N.D. Cal. May 22, 2019) (together, the "Action").

has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Bristol and Maroun respectfully submit that they should be appointed Lead Plaintiff because they have the "largest financial interest" in this litigation and have made the requisite showing of typicality and adequacy required by the standards of the PSLRA.  As set forth in detail below, Bristol and Maroun collectively incurred **$184,099** in losses as a result of their transactions in Nutanix securities during the Class Period.[2]   In light of this significant loss, Bristol and Maroun as a substantial financial interest in the relief sought by this litigation—an interest believed to be greater than that of any competing movant.

Bristol and Maroun also meet the typicality and adequacy requirements of Rule 23 as required by the PSLRA, because their claims are typical of those of absent Class members, and because they will fairly and adequately represent the interests of the Class.  Bristol and Maroun, two sophisticated investors, provide the Class with the broadest representation and ensure that the interest of all Class members will be adequately represented and protected in this litigation.  Accordingly, Bristol and Maroun are the "most adequate plaintiff" and should be appointed Lead Plaintiff.

Further, as set forth in greater detail in the Joint Declaration of Bristol and Maroun ("Joint Decl.") submitted herewith, Bristol and Maroun each fully understand the Lead Plaintiff's obligations to the Class under the PSLRA, and each is willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action.  *See* Wagstaffe Decl. Ex. D.  As part of their effort to formalize their leadership over this action, Bristol and Maroun held a joint conference call to discuss the merits of the actions, their shared desire to maximize the recovery for all Class members, as well as their joint litigation strategy— providing further evidence of their commitment and ability to effectively prosecute this action.

---

[2] Copies of the PSLRA-required Certifications are attached as Exhibit A to the accompanying Wagstaffe Decl., which sets forth all transactions for Bristol and Maroun in Nutanix securities during the Class Period.  In addition, a chart reflecting the calculation of Bristol and Maroun's losses as a result of their Class Period transactions in Nutanix securities is attached as Exhibit B to the Wagstaffe Decl.

Bristol and Maroun have also demonstrated their adequacy through their selection of Labaton Sucharow as Lead Counsel on behalf of the Class.  Labaton Sucharow is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors, and has the expertise and resources necessary to handle litigation of this complexity and scale.  Moreover, WVBR LLP, a San Francisco-based firm, also has a distinguished record representing plaintiffs in securities class actions such as the instant case.

Accordingly, Bristol and Maroun request that the Court appoint them Lead Plaintiff and otherwise grant their Motion.

## III.    FACTUAL BACKGROUND[3]

During the Class Period, Defendants made repeated statements that Nutanix was investing heavily in growth and was increasing sales and marketing activities while improving upon gross margins due to changes being made to the Company's business model, including the shift from hardware to software and the change from licensing to subscription platforms. *See* ¶ 2.

Contrary to these statements, and as revealed by the Defendants on February 28, 2019, starting with the fourth fiscal quarter of 2017 (beginning May 1, 2017) through the third fiscal quarter of 2018 (ending April 30, 2018), Defendants did not increase Nutanix's lead generation spending, but rather held lead generation spending, an admitted "key component to building pipeline," flat.  Further, starting with the fourth fiscal quarter of 2018 (beginning May 1, 2018) through the second fiscal quarter of 2019 (ending January 31, 2019), rather than either increasing lead generation spending or holding that spending flat, Defendants actually decreased Nutanix's lead generation spending.  Additionally, on this same date Defendants revealed that Nutanix had fallen behind in its sales hiring goals.  *See* ¶ 3.

By misrepresenting the magnitude of Nutanix's marketing spending, and failing to disclose Nutanix was pulling back on lead generation spending, Defendants were able to misrepresent that Nutanix had improved its gross margins through changes to its business model

---

[3] All citations to "¶_" refer to paragraphs in the complaint filed in the *Maroun* action.  *See* ECF No. 1.

rather than the truth—that Nutanix was skimping on important drivers of revenue growth.  *See* ¶ 4.

As a result of Nutanix's lower lead generation spending and failure to keep pace with its sales hiring goals, Nutanix's pipeline of new business was severely negatively impacted, resulting in significantly lower forecasted earnings starting in the third fiscal quarter of 2019 (ending April 30, 2019).  *See* ¶ 5.

Once Defendants revealed the truth on February 28, 2019, the price of Nutanix common stock plummeted $16.39 per share, or more than 32 percent, from its closing price of $50.09 per share on February 28, 2019, to close at $33.70 per share on March 1, 2019.  *See* ¶ 6.

As a result of Defendants' wrongful acts and omissions, and the resulting decline in the Company's stock value, Plaintiff and other Class members who purchased securities of Nutanix have suffered significant losses and damages.

## IV.    ARGUMENT

### A.    The Actions Should Be Consolidated

Rule 42(a) of the Federal Rules of Civil Procedure states that "'[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.'" *Hughes v. Experian Info. Sols., Inc.*, No. 16-cv-05681-JST, 2017 WL 975969, at *1 (N.D. Cal. Mar. 13, 2017); *see also Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1132-33 (C.D. Cal. 1999). The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(B)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Consolidation of the above-captioned actions is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication.  Each of the actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act arising from the public dissemination of false and misleading information to

investors. Accordingly, the actions should be consolidated pursuant to Rule 42(a) for all purposes.

**B.      Bristol and Maroun Should Be Appointed Lead Plaintiff**

Bristol and Maroun respectfully submit that they are the presumptively "most adequate plaintiff" because they have complied with the PSLRA procedural requirements, hold the largest financial interest of any qualified movant, and otherwise satisfy Rule 23's typicality and adequacy requirements.

**1.      The PSLRA Standard for Appointing Lead Plaintiff**

The PSLRA provides a straightforward, sequential procedure for selecting lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class --
>
> (I)     of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, under the PSLRA, a court is to consider any motion made by class members and appoint the movant that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff. Specifically, the PSLRA provides that a court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (. . . the "most adequate plaintiff") . . . .

15 U.S.C. § 78u-4(a)(3)(B)(i).

In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person who: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (discussing three-step competitive process for selecting a lead plaintiff).  This presumption "'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff [ ] will not fairly and adequately protect the interests of the class'" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

**C.     Bristol and Maroun Are the "Most Adequate Plaintiff"**

**1.     Bristol and Maroun Satisfied the PSLRA's Procedural Requirements**

Bristol and Maroun filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on March 29, 2019, counsel for the Plaintiff in the first-filed action caused notice regarding the pending nature of this case to be published on *PR Newswire*, a widely circulated, national, business-oriented news reporting service.  *See* Notice, Wagstaffe Decl. Ex. C.  Thus, as permitted by the PSLRA, any person or group of persons may apply to be appointed Lead Plaintiff within sixty (60) days after publication of the notice, *i.e.*, on or before May 28, 2019.  On May 20, 2019, plaintiff Joseph S. Maroun filed a substantially similar action against Defendants in the Northern District of California that expanded the class definition to include all those who purchased or sold Nutanix securities during the period from March 2, 2018 through February 28, 2019, inclusive.  That same day, Labaton Sucharow published a notice of pendency of the *Maroun* Action on *Globe* Newswire, alerting investors to the expanded class definition.  Bristol and Maroun filed their motion within the required period. *See* Keller Decl., Ex. D.

**2.     Bristol and Maroun Have the Largest Financial Interest in the Outcome of the Action**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the movant with "the largest financial interest in the relief

sought by the class," so long as the movant "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see Pace v. Quintanilla*, No. 2:14-cv-2067-DOC-KES, 2014 WL 4180766 (C.D. Cal. Aug. 19, 2014) (discussing the PSLRA's lead plaintiff appointment process).

During the Class Period, Bristol and Maroun suffered substantial losses of **$184,099** as a result of their transactions in Nutanix securities. *See* Loss Analysis, Wagstaffe Decl. Ex. B. Bristol and Maroun are presently unaware of any other movant with a larger financial interest in the outcome of the Action. Consequently, and because they also satisfy Rule 23's typicality and adequacy requirements, Bristol and Maroun are entitled to the legal presumption that they are the most adequate plaintiff.

### 3. Bristol and Maroun Satisfy Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, Bristol and Maroun satisfy the applicable requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). With respect to class certification, Rule 23(a) requires that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) such claims are typical of those of the class; and (4) the representative will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a). However, at the lead-plaintiff-selection stage, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate. *See, e.g.*, *In re MGM Mirage Sec. Litig.,* No. 2:09-cv-01558-GMN-LRI, 2010 WL 4316754, at *2 (D. Nev. Oct. 25, 2010) (At the lead plaintiff stage, only typicality and adequacy are "relevant to selecting the lead plaintiff."); *see also Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Here, Bristol and Maroun unquestionably satisfy both requirements.

### (a) Bristol and Maroun's Claims Are Typical of Those of the Class

The typicality requirement of Rule 23(a)(3) is satisfied when a movant demonstrates that it "has suffered the same or similar injury as the absent class members as a result of the same course of conduct by the defendant." *Stocke v. Shuffle Master, Inc*., No. 2:07-CV-00715-KJD-

---

RJJ, 2007 WL 4262723, at \*2 (D. Nev. Nov. 30, 2007) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).  Here, the claims that Bristol and Maroun assert are typical of the claims of the other members of the putative Class because, like all other Class members, Bristol and Maroun: (1) purchased Nutanix securities during the Class Period; (2) were adversely affected by Defendants' allegedly false and misleading statements; and (3) suffered damages as a result thereof.  Because the claims that Bristol and Maroun assert are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members," typicality is satisfied.  *See Newberg*, *et al.*, Newberg On Class Actions, §3:13 (4th ed. 2002).  Thus, Bristol and Maroun satisfy the typicality requirement.

### (b) Bristol and Maroun Will Fairly and Adequately Protect the Interests of the Class

Bristol and Maroun will fairly and adequately represent the interests of the proposed Class.  Under Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of the Class."  Fed. R. Civ. P. 23(a)(4).  ).  The adequacy requirement is met when, as here, (1) "the interests of the class representative coincide with those of the class," and (2) "the class representative has the ability to prosecute the action vigorously."  *Shuffle Master*, 2007 WL 4262723, at \*3 (citing *Armour v. Network Assocs., Inc.*, 171 F. Supp. 2d 1044, 1052 (N.D. Cal. 2001) ("adequacy requires the absence of antagonistic interests between class representatives and absent members" and the "willingness and ability to assume the duties of lead plaintiff, including the crucial duties of choosing adequate counsel . . . and monitoring that counsel's conduct throughout the litigation.")).  No antagonism exists between Bristol's and Maroun's interests and those of the absent Class members; rather, the interests of Bristol and Maroun and Class members are squarely aligned.  Moreover, because of their substantial financial stake in the litigation, Class members can be assured that Bristol and Maroun have the incentive to vigorously represent the Class' interests.

In addition to satisfying the requirements of Rule 23, Bristol and Maroun have also demonstrated their commitment to working cohesively in the joint prosecution of this action.  *See* Joint Declaration, Wagstaffe Decl. Ex. E.  The PSLRA expressly provides for multiple

investors to serve as Lead Plaintiff in federal securities class actions under the proper circumstances.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) (providing that the court shall appoint a "person or group of persons" to serve as Lead Plaintiff).  Indeed, district courts within the Ninth Circuit have repeatedly recognized the propriety of appointing groups of investors as lead plaintiff "where the group is small and cohesive and/or where the individual members have demonstrated an ability to effectively work together on behalf of the class." *Markette v. XOMA Corp.,* No. 15-cv-03425-HSG, 2016 WL 2902286, at *8 (N.D. Cal. May 13, 2016) (citing cases); *Johnson v. OCZ Tech. Grp., Inc*., No. CV 12-05265 RS, 2013 WL 75774, at *3 (N.D. Cal. Jan. 4, 2013) ("Small, cohesive groups similar to the [movant] are routinely appointed as Lead Plaintiff in securities actions when they have shown their ability to manage the litigation effectively in the interests of the class without undue influence of counsel."); *In re Versata, Inc., Sec. Litig*., No. C 01-1439 SI, 2001 WL 34012374, at *7 (N.D. Cal. Aug. 20, 2001) (appointing a group composed of sophisticated investors as Lead Plaintiff because they "possess[ed] both sophistication and business knowledge, as well as substantial individual losses which adds meaningful incentive for a vigorous prosecution of the action").  Moreover, many courts have recognized the benefits of having both private and institutional lead plaintiff in securities class actions.  *See Johnson v. Pozen Inc.,* No. 1:07-CV-599, 2008 WL 474334, at *2 (M.D.N.C. Feb. 15, 2008) (collecting cases); *see also Sokolow v. LJM Funds Mgmt., Ltd.,* No. 18-CV-01039, 2018 WL 3141814, at *5 (N.D. Ill. June 26, 2018) (finding that the "combination of institutional and individual investors with a significant financial interest in this case serves to protect the interests of the class.").

As set forth in the Joint Declaration, Bristol and Maroun individually determined to jointly seek appointment as Lead Plaintiff and litigate this action independently of counsel and in the best interests of all Class members. *See id.* ¶ 5; *see also Johnson v.  OCZ Tech. Grp., Inc.*, No. CV 12-05265 RS, 2013 WL 75774, at *3 (N.D. Cal. Jan. 4, 2013) (appointing group of investors based on declaration demonstrating commitment to oversee litigation and prosecute case in the best interests of all Class members); *Bruce v. Suntech Power Holdings Co*., No. CV 12-04061 RS, 2012 WL 5927985, at *3 (N.D. Cal. Nov. 13, 2012) (finding that declaration from movant attesting that it is "committed to protecting the interests of the Class" and will

"vigorously prosecute the action on behalf of the class" supports appointment). The Joint Declaration also explains how and why Bristol and Maroun decided to join forces in this litigation. *See id.* ¶¶ 6-7.

Moreover, Bristol and Maroun have the sophistication and capabilities necessary to effectively litigate this matter and supervise Class counsel. *See Versata*, 2001 WL 34012374, at *6-7 (finding a group composed of sophisticated investors that submitted declarations "providing background information and articulating why [each] member is seeking lead plaintiff status as part of the asserted group" to be "sufficiently cohesive and structured to maximize its individual strengths and sophisticated business knowledge" and to have "exhibited a cooperative spirit"). Because Bristol and Maroun have already demonstrated their ability to work together in the best interests of the Class, their losses are properly aggregated for purposes of this Motion.

In addition, Bristol and Maroun have demonstrated their adequacy through their selection of Labaton Sucharow as Lead Counsel to represent the Class in this action. As discussed more fully below, Labaton Sucharow is highly experienced in prosecuting securities class actions vigorously and efficiently, and timely submitted their choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v). Accordingly, Bristol and Maroun satisfy the adequacy requirement.

**D.      The Court Should Approve Bristol and Maroun's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cohen v. United States*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *see also Cavanaugh*, 306 F.3d at 734 ("Selecting a lawyer in whom a litigant has confidence is an important client prerogative and we will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs. And, indeed, it did

not. While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

Here, Bristol and Maroun have selected Labaton Sucharow, highly-qualified counsel, to serve as Lead Counsel for the proposed Class. Labaton Sucharow has significant experience in prosecuting securities class actions and has excelled as lead counsel in numerous landmark securities class actions throughout the United States on behalf of defrauded investors. Labaton Sucharow served as a lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which it served as co-lead counsel, and secured a $117.5 million settlement in *In re Mercury Interactive Corp. Securities Litigation*, No. 05-cv-3395 (N.D. Cal.). In addition, Labaton Sucharow was a lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which achieved a settlement of $624 million—one of the largest securities fraud settlements arising from the financial crisis of 2007 and 2008, and also secured a $160.5 million settlement as lead counsel in *In re Broadcom Corp. Class Action Litigation*, No. 06-cv-05036 (C.D. Cal.). Labaton Sucharow presently serves as lead and co-lead counsel in several significant investor class actions. *See* Wagstaffe Decl., Ex. F.

Likewise, WVBR LLP is well qualified to represent the Class as Liaison Counsel. WVBR LLP maintains an office in San Francisco, California, and James M. Wagstaffe has substantial litigation experience in this court. *See* Wagstaffe Decl., Ex. G. Thus, the firm is well qualified to represent the Class as Liaison Counsel. *See* Manual for Complex Litigation (Fourth) § 10.221 (2004) (discussing role of liaison counsel and noting that "[l]iaison counsel will usually have offices in the same locality as the court.").

Thus, the Court may be assured that by granting this motion and approving Bristol and Maroun's selection of Labaton Sucharow as Lead Counsel and WVBR LLP as Liaison Counsel, the Class will receive the highest caliber of legal representation.

**CONCLUSION**

For the foregoing reasons, Bristol and Maroun respectfully request that the Court: (1) consolidate the above-captioned actions; (2) appoint Bristol and Maroun as Lead Plaintiff; (3) approve their selection of Labaton Sucharow as Lead Counsel and WVBR LLP as Liaison Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED:  May 28, 2019                                    Respectfully submitted,

                                                        */s/ James M. Wagstaffe*

                                                        James M. Wagstaffe (#95535)
                                                        Frank Busch (#258288)
                                                        **WAGSTAFFE, VON LOEWENFELDT,
                                                        BUSCH & RADWICK, LLP**
                                                        100 Pine Street, Suite 725
                                                        San Francisco, California 94111
                                                        Telephone: (415) 357-8900
                                                        Facsimile: (415) 357-8910
                                                        wagstaffe@wvbrlaw.com
                                                        busch@wvbrlaw.com

                                                        *Proposed Liaison Counsel for the Class*

                                                        **LABATON SUCHAROW LLP**
                                                        Christopher J. Keller (*pro hac vice* forthcoming)
                                                        Eric J. Belfi (*pro hac vice* forthcoming)
                                                        Francis P. McConville (*pro hac vice* forthcoming)
                                                        140 Broadway
                                                        New York, New York 10005
                                                        Telephone: (212) 907-0700
                                                        Facsimile: (212) 818-0477
                                                        ckeller@labaton.com
                                                        ebelfi@labaton.com
                                                        fmcconville@labaton.com

                                                        *Counsel for Bristol County Retirement System and
                                                        Joseph S. Maroun and Proposed Lead Counsel for
                                                        the Class*

                                                        **THORNTON LAW FIRM LLP**
                                                        Guillaume Buell
                                                        1 Lincoln Street
                                                        Boston, Massachusetts 02111
                                                        Telephone: (617) 720-1333

gbuell@tenlaw.com

*Additional Counsel for Bristol County Retirement System*

**THE SCHALL LAW FIRM**
Brian Schall (#290685)
Rina Restaino (#285415)
1880 Century Park East, Suite 404
Los Angeles, California 90067
Telephone: (310) 301-3335
Facsimile: (310) 388-0192
brian@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Joseph S. Maroun*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 28, 2019, I was authorized to electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ James M. Wagstaffe
James M. Wagstaffe
