# Exhibit E

**JOINT DECLARATION IN SUPPORT OF THE MOTION OF JOSEPH S. MAROUN
AND BRISTOL COUNTY RETIREMENT SYSTEM FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL
OF SELECTION OF LEAD COUNSEL**

We, Joseph S. Maroun and Roxanne L. Donovan on behalf of Bristol County Retirement System, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We respectfully submit this Joint Declaration in support of the Motion of Joseph S. Maroun and Bristol County Retirement System ("Bristol") for consolidation, appointment as Lead Plaintiff and approval of selection of Lead Counsel.  We each have personal knowledge regarding the facts relating to ourselves set forth in this Joint Declaration.

2.      I, Joseph S. Maroun, am a resident of New Hampshire and I am an experienced investor.  I understand and accept the duties and obligations with which a lead plaintiff is charged pursuant to Private Securities Litigation Reform Act of 1995 ("PSLRA"), which include acting as a fiduciary for all class members, overseeing lead counsel, and staying informed about the litigation.  I accept these responsibilities and am willing and able to actively oversee the vigorous prosecution of this litigation in order to maximize the class' recovery.  As set forth in the motion for appointment as Lead Plaintiff and supporting papers, I suffered substantial losses as a result of my investments in Nutanix, Inc. ("Nutanix") securities during the relevant Class Period (as defined herein).  Because of this substantial loss in Nutanix securities, I independently researched and decided to retain Labaton Sucharow LLP in order to file a private securities action[1] against Nutanix and certain officers and directors to protect the interests of investors, like myself, who were not included in the original class definition (*i.e.* common stock only) in the

---

[1] *See Maroun v. Nutanix, Inc.*, No. 19-cv-2744 (N.D. Cal.) (the "*Maroun* Action").  The *Maroun* Action expands the class definition to include all those who purchased or sold Nutanix ***securities*** during the period from March 2, 2018 through February 28, 2019, inclusive (the "Class Period"), and who were damaged thereby (the "Class") to maximize and protect the interest of the Class.

actions captioned *Scheller v. Nutanix, Inc.*, No. 19-cv-1651 (N.D. Cal.), and *Mauter v. Nutanix, Inc.*, No. 19-cv-2442 (N.D. Cal.). After due consideration, and after conferring with Bristol, I determined to file a joint application to seek appointment with Bristol as Lead Plaintiff. I strongly believe the Class' interests are best served with two experienced investors with both options and common stock, as such structure would allow for sharing of experiences and resources and ensure that the Class achieves the best possible result on behalf of all injured investors.

3.     I, Roxanne L. Donovan, am the Executive Director of Bristol and I am authorized to make this Joint Declaration on its behalf. With more than $675 million in assets under management, Bristol is the 10th largest of 106 contributory retirement systems for public employees in Massachusetts. As reflected in its certification, Bristol purchased Nutanix securities during the Class Period and suffered a considerable loss as a result of the violations of the federal securities laws alleged in this action. After due consideration, and after conferring with Joseph S. Maroun, Bristol decided to join with Mr. Maroun in seeking appointment as Lead Plaintiff.

4.     Bristol is a sophisticated institutional investor that understands that this case is governed by the PSLRA and accepts the fiduciary obligations that it will assume under the PSLRA if appointed as Lead Plaintiff. Bristol's understanding of the responsibilities of a lead plaintiff and the PSLRA requirements is based, in part, on its experience serving as lead plaintiff in securities class actions and its demonstrated history of securing recoveries on behalf of defrauded investors. *See, e.g.*, *In re Huron Consulting Group, Inc. Sec. Litig.*, No. 09-cv-04734 (N.D. Ill.) ($38 million recovery); and *In re Ubiquiti Networks, Inc. Sec. Litig.*, No. 12-cv-04677

(N.D. Cal.) ($6.8 million recovery). Bristol has also sought and currently serves as lead plaintiff in the ongoing action: *In re Adient plc Sec. Litig.*, No. 18-cv-09116 (S.D.N.Y.).

5.    After careful review and deliberation of the strengths of the claims raised in the litigation, we each independently determined that we could best achieve our shared goals of securing the maximum potential recovery for the Class by jointly seeking appointment as Lead Plaintiff. Based upon our own diligence and communications, we agreed we would seek a joint role as Lead Plaintiff based upon our shared view that our partnership is well-suited for this litigation, would advance the interests of the Class, and is consistent with our shared goals and interests to maximize the recovery of the Class.   We believe that the prosecution of this case should be entrusted to parties that are financially experienced and that have a significant financial interest in the claims asserted to ensure that this action is litigated as zealously and efficiently as possible.

6.    We believe that our collective investments in Nutanix common stock and options will provide the Class with the broadest representation and ensure that all Class members are adequately represented and protected in this litigation. Additionally, we believe our joint decision-making structure would allow for the sharing of experiences and resources and would ensure that the Class achieves the best possible result on behalf of all injured investors.  We intend to prosecute the litigation in a collaborative and cohesive manner that is independent from counsel.

7.    We are each strongly motivated to recover the significant losses we have each incurred as a result of Defendants' violations of the federal securities laws.  We individually understand that we are under no obligation to seek appointment as Lead Plaintiff (whether individually or as part of a group) or to propose Labaton Sucharow LLP as Lead Counsel.  We

understand that we are free to choose and propose any qualified counsel to serve as Class counsel.  In order to ensure that the Class achieves the best possible recovery, we strongly believe that this action should be prosecuted by engaged investors with a significant financial interest to ensure vigorous and efficient representation.  Our primary goal in seeking appointment as Lead Plaintiff is to ensure that the case is efficiently and aggressively litigated without unnecessary expense, delay or duplication of work by well-qualified counsel in order to achieve the best possible recovery for all Class members from all potentially culpable parties. We believe our appointment and the selection of our proposed Lead Counsel, Labaton Sucharow LLP, will readily meet this goal.

8.      To that end, we understand that our selected counsel, Labaton Sucharow LLP, has already worked to advance this litigation.  We have been informed that counsel's investigation has identified several confidential witnesses whose testimony could be used to confirm and supplement the allegations in the filed complaints.  If selected as Lead Plaintiff, we would ensure that this extensive investigation is utilized to the benefit of the Class. We have instructed our counsel to continue with their investigative efforts.

9.      We individually understand the need to remain actively involved in this litigation with one another and with our counsel, Labaton Sucharow LLP.  On May 28, 2019, we participated in a joint conference call to cement our relationship and formalize our leadership in this litigation. During our call, we discussed various aspects of the actions pending against Nutanix, including: the PSLRA's lead plaintiff appointment process and our obligations in connection therewith; the benefits of working together jointly to prosecute the litigation in a collaborative and cohesive manner; the advantages of sharing resources and having Labaton Sucharow LLP serve as Lead Counsel. We also discussed our shared views that the prosecution

4

of this litigation benefit from the leadership of experienced investors who have the financial interest and desire to ensure active oversight of this litigation and Lead Counsel and maximize the proposed Class' potential recovery.  On the call, we also discussed the benefits of incorporating the investigative information developed by our counsel into a consolidated amended complaint.

10.     During our call, we each agreed that to ensure that the litigation is prosecuted in the best interests of the Class, we will exercise joint decision-making and work together to actively monitor the activities of counsel and to share our collective experience.  We understand the importance of maintaining regular communication and have established procedures for overseeing the progress of the litigation and communicating both separate and apart from counsel and with counsel as needed and when appropriate.  Specifically, we have exchanged the necessary contact information to enable us to confer, with or without counsel, on short notice to ensure that we are able to make timely decisions.  Additionally, we have agreed to set up periodic conference calls as often as necessary, with or without counsel, to discuss the status and progress of this litigation and the prospects for any resolution of this matter.

11.     Based on communications to date and given our equally shared responsibility in making important litigation decisions for all investors, we do not anticipate that any disagreements between us will arise and agree to make all efforts, in good faith, to reach consensus with respect to all litigation decisions.  We will consult with our counsel as we deem necessary to fulfill our fiduciary obligations to the Class.  In the unlikely event that any such disagreement does arise during the course of the litigation, we each agree that we will rely on our experience and shared fiduciary duty to the Class to reach a consensus through open and reasoned discussion.

12.     In addition to discussing our shared goals for this litigation, we individually understand the importance of selecting adequate and qualified counsel to prosecute the Class' interest.  We selected Labaton Sucharow LLP as our counsel based on their experience and reputation as an accomplished law firm with substantial capability in securities litigation and other litigation.  In making this determination, we considered, among other things, the work that Labaton Sucharow LLP has done to advance the claims in this case, including their investigative efforts to date.  We are satisfied that our counsel are highly skilled in the prosecution of class action securities cases and have a capable team who will vigorously and diligently prosecute this action at our direction, on behalf of ourselves and the Class.

13.     We hereby reaffirm our commitment to satisfying our fiduciary obligations that we will undertake if appointed Lead Plaintiff.  We also understand that our counsel owes a fiduciary duty to all members of the proposed Class to provide fair and adequate representation. We have, and will continue to instruct our counsel to continue with their investigative efforts and have directed them to advise us of all developments during the Lead Plaintiff motion process and to provide us with regular updates, or as frequently as necessary, on the progress of the litigation.

14.     We are fully committed and prepared to participate in the discovery process if selected as Lead Plaintiff.  We each agree to review and authorize the filing of important litigation documents, attend court proceedings and hearings as needed, and regularly communicate with counsel and conferring amongst ourselves without counsel when necessary. We are also prepared to personally travel to court proceedings, depositions, settlement mediations, and hearings when our presence will be of benefit to the proposed Class.  We do not anticipate any problems traveling to depositions, providing documentation, or diligently complying with any other valid discovery request.

15.    We have communicated our directive that this action be prosecuted efficiently and in a cost-effective manner and are confident that our counsel fully understands our mandate. Through these and other measures, we will do our utmost to ensure that this litigation will be vigorously prosecuted consistently with the lead plaintiff's obligations under the PSLRA and in the best interests of the Class.

16.    In sum, we are, and will continue to be, committed to the vigorous prosecution of this action and to ensuring that the proposed Class receives the best possible outcome from this litigation.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Pursuant to 28 U.S.C. § 1746, I, Joseph S. Maroun, declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to myself are true to the best of my knowledge.

Executed this 28th day of May, 2019.



*/s/ Joseph S. Maroun*

Joseph S. Maroun

Pursuant to 28 U.S.C. § 1746, I, Roxanne L. Donovan, as Executive Director of the Bristol County Retirement System declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to Bristol are true to the best of my knowledge.

Executed this 28th day of May 2019.

Roxanne L. Donovan
*Executive Director*
Bristol County Retirement System

9

ATTORNEY ATTESTATION

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.

*/s/ James M. Wagstaffe*
James M. Wagstaffe