Dillon Hagius SBN 319632
Richard W. Gonnello (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
E-mail: dhagius@faruqilaw.com
        rgonnello@faruqilaw.com

*Attorneys for Proposed Lead Plaintiff Frank H. May*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SCHELLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS,<br><br>Defendants. | Case No. 3:19-cv-01651-WHO<br><br>**NOTICE OF MOTION AND MOTION OF FRANK H. MAY FOR CONSOLIDATION; APPOINTMENT AS LEAD PLAINTIFF; AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| TIM MAUTER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS,<br><br>Defendants. | <u>**CLASS ACTION**</u><br><br>Judge:  Hon. William H. Orrick<br>Date:    July 10, 2019<br>Time:   2:00 p.m.<br>Courtroom:   2 – 17th Floor<br><br><br>Case No. 3:19-cv-02442-RS |
| *(captions continue on next page)* | |

JOSEPH S. MAROUN, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS,

Defendants.

Case No. 3:19-cv-02744-RS

HEIDI ZAPF, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS,

Defendants.

Case No. 3:19-cv-02781-SI

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................... 1

II.   FACTUAL BACKGROUND.................................................................................. 3

III.  ARGUMENT .......................................................................................................... 5

    A.   The Actions Should Be Consolidated .................................................................. 5

    B.   May Should Be Appointed Lead Plaintiff For The Class ...................................... 6

        1.   The PSLRA's Provisions Concerning the Appointment of a Lead
            Plaintiff ...................................................................................................... 6

        2.   Under the PSLRA, May Should Be Appointed Lead Plaintiff ................... 7

    C.   The Court Should Approve May's Selection Of The Faruqi Firm As Lead
        Counsel ............................................................................................................... 10

IV.   CONCLUSION..................................................................................................... 12

**MOTION OF FRANK H. MAY FOR CONSOLIDATION; APPOINTMENT AS LEAD PLAINTIFF; AND
APPROVAL OF LEAD COUNSEL    NO. 3:19-cv-01651-WHO**

# TABLE OF AUTHORITIES

**Cases**                                                                                         **Page(s)**

*Brown v. China Integrated Energy, Inc.*,
   No. CV 11-02559 MMM,
   2011 U.S. Dist. LEXIS 151131 (C.D. Cal. Aug. 29, 2011)......................................................5

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ..................................................................................3, 6, 7, 8

*In re Century Aluminum Co. Sec. Litig.*,
   No. C 09-1001 SI, 2009 U.S. Dist. LEXIS 81205 (N.D. Cal. Sept. 8, 2009).........................10

*In re Diamond Foods, Inc.*,
   281 F.R.D. 405 (N.D. Cal. 2012)........................................................................................8

*In re Heritage Bond Litig.*,
   02-ML- 1475 DT, 2004 U.S. Dist. LEXIS 15386 (C.D. Cal. July 12, 2004)...........................9

*Herrera v. LCS Fin. Servs. Corp.*,
   274 F.R.D. 666 (N.D. Cal. 2011)........................................................................................9

*Hodges v. Akeena Solar, Inc.*,
   263 F.R.D. 528 (N.D. Cal. 2009)........................................................................................8

*McKinney v. Google, Inc.*,
   No. 5:10-CV-01177 EJD,
   2011 U.S. Dist. LEXIS 104547 (N.D. Cal. Sept. 15, 2011) ....................................................5

*Query v. Maxim Integrated Prods.*,
   558 F. Supp. 2d 969 (N.D. Cal. 2008) ................................................................................8

*Takeda v. Turbodyne Techs., Inc.*,
   67 F. Supp. 2d 1129 (C.D. Cal. 1999) ................................................................................5

*Weisz v. Calpine Corp.*,
   No. C 02-1200, 2002 U.S. Dist. LEXIS 27831 (N.D. Cal. Aug. 15, 2002).............................6

*Woburn Ret. Sys. v. Omnivision Techs., Inc.*,
   No. 5:11-CV-05235-RMW,
   2012 U.S. Dist. LEXIS 21590 (N.D. Cal. Feb. 21, 2012) ......................................................6

*Yanek v. Staar Surgical Co.*,
   No. CV 04-8007 SJO,
   2004 U.S. Dist. LEXIS 30953 (C.D. Cal. Dec. 15, 2004) ......................................................5

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A)(i) ...................................................................................................7

ii

15 U.S.C. § 78u-4(a)(3)(B) ................................................................................1, 2, 3, 5, 6, 7, 8, 10

17 C.F.R. § 240.10b-5 .....................................................................................................................2

Exchange Act §§ 10(b) and 20(a) ...................................................................................................2

Exchange Act Section § 21D(a)(2) .................................................................................................7

Exchange Act § 21D(a)(3)(B) ........................................................................................................1

Fed. R. Civ. P. 42 .......................................................................................................................2, 5

Fed. R. Civ. P. 23 ...............................................................................................................3, 7, 8, 9

iii

## NOTICE OF MOTION AND MOTION

TO:      ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on July 10, 2019, at 2:00 p.m., or as soon thereafter as the matter may be heard before the Honorable William H. Orrick, in Courtroom 2, 17th Floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Frank H. May ("May") will move this Court for an order consolidating the above-captioned actions ("Actions"), appointing him as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u- 4(a)(3)(B), approving his selection of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel, and granting such other relief as the Court may deem just and proper.  In support of his motion, May respectfully submits a Memorandum of Law and the Declaration of Dillon J. Hagius.

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether the above-captioned actions should be consolidated.

2.      Whether May should be appointed as Lead Plaintiff.

3.      Whether May's selection of Faruqi Firm as Lead Counsel should be approved.

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant May, on behalf of himself and the putative Class defined herein, respectfully submits this memorandum of law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the PSLRA, 15 U.S.C. § 78u- 4(a)(3)(B), in support of his motion for the entry of an order consolidating the above-captioned actions, appointing May as Lead Plaintiff for the consolidated Actions, and approving May's selection of the Faruqi Firm as Lead Counsel.[1]

## I.      INTRODUCTION

Presently pending in this District are the above-captioned related securities class actions ("Actions"),[2] brought on behalf of a putative class (the "Class") of persons other than Defendants

---

[1]      All internal citations and quotations are omitted, and all emphases are added unless otherwise noted.

[2]      The following four actions are currently pending in this District: (1) *Scheller v. Nutanix Inc., et al.*, No. 3:19-cv-01651-WHO ("*Scheller* Action"), which was commenced on March 29, 2019;

1

who purchased securities of Nutanix, Inc. ("Nutanix" or the "Company") during the Class Period,[3] seeking to pursue remedies under Sections 10(b) and 20(a) the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.  In connection therewith, various movants may seek to be appointed Lead Plaintiff and approval of their selection for Lead Counsel.

As an initial matter, the Court must decide whether to consolidate the Actions.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).[4]  Pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, the Court may consolidate actions before it that involve a common question of law or fact.  Fed. R. Civ. P. 42(a)(2).  The Actions may be consolidated as they allege violations of §§ 10(b) and 20(a) of the Exchange Act and Securities and Exchange Commission (the "SEC") Rule 10b-5, promulgated thereunder.  The Actions also allege substantially similar misconduct by the Company and certain of its officers.  As the Actions raise common questions of fact and law, and consolidation will be more efficient for the Court and the parties, the Actions should be consolidated.

With respect to the appointment of a lead plaintiff to oversee the consolidated Actions, Congress established a presumption in the PSLRA that requires the Court to appoint the movant

---

(2) *Mauter v. Nutanix Inc., et al.*, No. 3:19-cv-02442-RS ("*Mauter* Action"), which was commenced on May 6, 2019; (3) *Maroun v. Nutanix, Inc., et al.*, No. 3:19-cv-02744-RS ("*Maroun* Action"), which was commenced on May 20, 2019; and (4) *Zapf v. Nutanix, Inc., et al.*, No. 3:19-cv-02781-SI ("*Zapf* Action"), which was commenced on May 22, 2019.

[3] The Actions assert the same class period commencing on March 2, 2018 and ending on February 28, 2019, both dates inclusive.  *Scheller* Action, Complaint For Violation Of The Federal Securities Laws at ¶1, ECF No. 1 ("*Scheller* Compl."); *Mauter* Action, Complaint For Violations Of The Federal Securities Laws at ¶1, ECF No. 1 ("*Mauter* Compl."); *Maroun* Action, Complaint For Violation Of The Federal Securities Laws at ¶1, ECF No. 1 ("*Maroun* Compl."); *Zapf* Action, Class Action Complaint For Violations Of The Federal Securities Laws at 1, ¶1, ECF No. 1 ("*Zapf* Compl.").

[4] May is aware that the cases are before different District Judges—the *Scheller* Action is before District Judge William H. Orrick; the *Mauter* and *Maroun* actions are before District Judge Richard Seeborg; and the *Zapf* Action is before District Judge Susan Illston.  May recognizes that, absent a conflict, the Actions must be transferred to the court presiding over the earliest-filed action—the *Scheller* Action's court—and then consolidated under Fed. R. Civ. P. 42(a) before a Lead Plaintiff is formally appointed.  *See* L.R. 40(b)(1)(a); 15 U.S.C. § 78u-4(a)(3)(B)(ii).  For efficiency's sake, May will move to transfer the Actions to this Court pursuant to Civil L.R. 3-12(b) after he determines whether his motion is contested.

**MOTION OF FRANK H. MAY FOR CONSOLIDATION; APPOINTMENT AS LEAD PLAINTIFF; AND APPROVAL OF LEAD COUNSEL   NO. 3:19-cv-01651-WHO**

who demonstrates the "largest financial interest" in the litigation and who also satisfies Rule 23's typicality and adequacy requirements for class representatives. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).

With total losses of $505,465.13, May, to the best of counsel's knowledge, has the largest financial interest in the litigation of any movant. May also satisfies Rule 23's typicality and adequacy requirements. May's claims are typical of the Class's claims because he suffered losses in his Nutanix investments as a result of the defendants' false and misleading statements. Further, May has no conflict with the Class and will adequately protect the Class's interests given his significant financial stake in the litigation and his conduct to date in prosecuting the litigation, including his submission of the requisite certification and his selection of experienced class counsel. Accordingly, May is the presumptive Lead Plaintiff.

Lastly, if appointed Lead Plaintiff, May is entitled to select, subject to the Court's approval, Lead Counsel to represent the putative Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). May has engaged the Faruqi Firm for this purpose. The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it is a highly experienced plaintiffs' firm with substantial securities class action experience.

For the reasons summarized above and those explained more fully below, May's motion should be granted in its entirety.

## II.    FACTUAL BACKGROUND

Nutanix is a Delaware corporation with its principal executive offices in San Jose, California. *Scheller* Compl. ¶13; *Mauter* Compl. ¶7; *Maroun* Compl. ¶13; *Zapf* Compl. ¶13. Nutanix is an enterprise cloud platform provider and its common stock trades under the ticker "NTNX" on the NASDAQ. *Scheller* Compl. ¶¶13-14; *Mauter* Compl. ¶¶7, 13; *Maroun* Compl. ¶13; *Zapf* Compl. ¶¶13-14.

The complaints filed in the Actions allege that during the Class Period defendants knowingly and/or recklessly made materially false and misleading statements and/or omitted the following material facts necessary to make their statements not misleading: (1) Nutanix had

3

reallocated lead generation spending to other priorities, which represented a significant strategy shift from how the Company had historically conducted its sales efforts; (2) Nutanix's decision to reallocate lead generation spending had caused a large disruption in the Company's sales execution, thereby negatively impacting Nutanix's sales pipeline and slowing the Company's sales growth; (3) Nutanix had fallen behind in its sales hiring goals, which was further impairing the Company's efforts to grow its sales pipeline development; and (4) the improvement in the Company's gross margins was not the result of the changes being made to the Company's business model, including the shift from hardware to software and the change from licensing to subscription platforms, but rather was the result of the Company's decision to reallocate lead generation spending; and (5) as a result of the foregoing, defendants lacked a reasonable basis for their positive statements about Nutanix, its revenues, earnings and prospects. *See Scheller* Compl. ¶¶3, 34, 41, 50, 57; *Mauter* Compl. ¶35; *Maroun* Compl. ¶35; *Zapf* Compl. ¶¶3, 34, 41, 50, 57.

The truth emerged on February 28, 2019 after market close, when the Company issued a press release announcing its second fiscal quarter 2019 results where it acknowledged that its "third quarter guidance reflect[ed] the impact of inadequate marketing spending for pipeline generation and slower than expected sales hiring." *Scheller* Compl. ¶60; *Mauter* Compl. ¶36; *Maroun* Compl. ¶48; *Zapf* Compl. ¶60. During a conference call held that day, defendants Dheeraj Pandey and Duston Williams revealed that Nutanix had held flat or decreased the key driver of its pipeline— lead generation. *Scheller* Compl. ¶62; *Mauter* Compl. ¶¶36-37; *Maroun* Compl. ¶49-50; *Zapf* Compl. ¶62.

On this news, the Company's share price fell $16.39 per share, more than 32%, from its closing price of $50.09 per share on February 28, 2019 to close at $33.70 per share on March 1, 2019. *Scheller* Compl. ¶68; *Mauter* Compl. ¶41; *Maroun* Compl. ¶57; *Zapf* Compl. ¶62.

Through these Actions, May seeks to recover for himself and absent Class members the substantial losses that were suffered as a result of the Company's and its officers' fraud.

**MOTION OF FRANK H. MAY FOR CONSOLIDATION; APPOINTMENT AS LEAD PLAINTIFF; AND APPROVAL OF LEAD COUNSEL    NO. 3:19-cv-01651-WHO**

## III.     ARGUMENT

### A.     The Actions Should Be Consolidated

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [ ] has been filed," the court shall not determine the most adequate plaintiff "until the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii) (the PSLRA advises courts to make the decision regarding appointment of a lead plaintiff for the consolidated action "as soon as practicable after [the consolidation] decision is rendered.").

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42(a); *Yanek v. Staar Surgical Co.*, No. CV 04-8007 SJO (CWx), 2004 U.S. Dist. LEXIS 30953, at \*8, \*10-11 (C.D. Cal. Dec. 15, 2004) (consolidating securities class actions); *McKinney v. Google, Inc.*, No. 5:10-CV-01177 EJD, 2011 U.S. Dist. LEXIS 104547, at \*4 (N.D. Cal. Sept. 15, 2011) ("A district court has broad discretion to consolidate actions involving common issues of law or fact.").  Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation.  *See Brown v. China Integrated Energy, Inc.*, No. CV 11-02559 MMM (PLAx), 2011 U.S. Dist. LEXIS 151131, at \*14-16 (C.D. Cal. Aug. 29, 2011) (noting that "slight differences in class periods, parties, or damages . . . does not necessarily defeat consolidation where the essential claims and factual allegations are similar" and finding consolidation appropriate where it will conserve judicial resources and "avoid the possible inconsistent adjudication of common factual and legal issues and lessen the time and expense required for all parties"); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (consolidating six actions asserting claims against different defendants over different class periods).

The Actions at issue here clearly involve common questions of fact *and* law.  The Actions assert claims under the Exchange Act on behalf of investors who were defrauded by

**MOTION OF FRANK H. MAY FOR CONSOLIDATION; APPOINTMENT AS LEAD PLAINTIFF; AND APPROVAL OF LEAD COUNSEL    NO. 3:19-cv-01651-WHO**

Defendants.  The Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements that subsequently damaged the Class when the truth emerged.  Consolidation of the Actions is therefore appropriate.  *See Woburn Ret. Sys. v. Omnivision Techs., Inc.,* No. 5:11-CV-05235-RMW, 2012 U.S. Dist. LEXIS 21590, at *9-10 (N.D. Cal. Feb. 21, 2012) (consolidation is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *Weisz v. Calpine Corp*., No. C 02-1200 SBA, 2002 U.S. Dist. LEXIS 27831, at *7 (N.D. Cal. Aug. 15, 2002) ("[C]ases should be consolidated where . . . there is more than one action on behalf of a class asserting substantially the same claim or claims.").

### B.    May Should Be Appointed Lead Plaintiff For The Class

#### 1.    The PSLRA's Provisions Concerning the Appointment of a Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1), 78u-4(a)(3)(B)(I).  It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as the lead plaintiff.  *Cavanaugh*, 306 F.3d at 729 (citing 15 U.S.C. § 78u-4(a)(3)(A)).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is then to consider any motion made by class members and is to appoint as the lead plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members."  Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

6

**MOTION OF FRANK H. MAY FOR CONSOLIDATION; APPOINTMENT AS LEAD PLAINTIFF; AND APPROVAL OF LEAD COUNSEL    NO. 3:19-cv-01651-WHO**

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730 (describing the PSLRA's two-step competitive process for determining the "most adequate plaintiff").

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 730; *City of Ann Arbor Emps' Ret. Sys. v. Accuray Inc.*, No. C 09-03362 CW, 2009 U.S. Dist. LEXIS 105466, at *5-6 (N.D. Cal. Oct. 26, 2009) (same).

### 2.    Under the PSLRA, May Should Be Appointed Lead Plaintiff

As discussed below, May should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, May holds the largest financial interest of any movant, and May otherwise satisfies Rule 23's typicality and adequacy requirements.

### a.    May Filed a Timely Motion

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff filing the initial complaint was required to publish notice of the complaint within twenty (20) days of its filing.  Counsel for first-filed plaintiff Ryan Scheller published notice of the lead plaintiff deadline via *PRNewswire* on March 29, 2019.[5]  *See* Ex. 1.[6]  Consequently, any member of the proposed Class in the Actions was required to file a motion seeking to be appointed Lead Plaintiff within 60 days after publication of the notice (*i.e.*, on or before May 28, 2019).  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  Thus, May's motion is timely filed.  Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, May timely signed and submitted a certification with his motion, identifying all of his relevant

---

[5]    Publication by *PRNewswire* is an adequate means for meeting the PSLRA statutory requirement that notice be published in a widely circulated national business-oriented wire service. *See, e.g., Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 665 (C.D. Cal. 2005) (considering publication in *PRNewswire* to be sufficient to satisfy the PSLRA's notice requirement).

[6]    All references to Exhibits are references to the exhibits annexed to the Declaration of Dillon Hagius filed in support hereof.

**MOTION OF FRANK H. MAY FOR CONSOLIDATION; APPOINTMENT AS LEAD PLAINTIFF; AND APPROVAL OF LEAD COUNSEL    NO. 3:19-cv-01651-WHO**

transactions in Nutanix securities during the Class Period, and detailing his suitability to serve as Lead Plaintiff.  *See* Ex. 2.  The PSLRA's procedural requirements have therefore been met.

### b.    May Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to the methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit often look to four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant.  *See Woburn*, 2012 U.S. Dist. LEXIS 21590, at \*14; *Query v. Maxim Integrated Prods.*, 558 F. Supp. 2d 969, 973 (N.D. Cal. 2008) (same).  Courts have placed the most emphasis on the last of the four factors: the approximate losses suffered by the movant.  *In re Diamond Foods, Inc.*, 281 F.R.D. 405, 408 (N.D. Cal. 2012).

Overall, during the Class Period, May purchased 145,500 total Nutanix shares and 14,000 net Nutanix shares, expended $888,699.48 in net funds, and suffered losses of $505,465.13 when calculated using a last in, first out ("LIFO") methodology.  *See* Ex. 3.  May is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

### c.    May Meets Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA also requires that the lead plaintiff satisfy Rule 23 of the Federal Rules of Civil Procedure.  *See* 15 U.S.C. § 78u-4(a)(3)(B).  When assessing a potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant.  *See, e.g.*, *Cavanaugh*, 306 F.3d at 730; *see Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 532 (N.D. Cal. 2009) ("At this stage, the focus is

8

primarily on the typicality and adequacy of representation requirements and only a preliminary showing is necessary.").

When assessing a movant's typicality, courts in this Circuit consider whether the other class members "have the same or similar injury, whether the action is based on conduct which is not unique to the [movant], and whether other class members have been injured by the same course of conduct." *Woburn*, 2012 U.S. Dist. LEXIS 21590, at *17 (quoting *Hodges*, 263 F.R.D. at 532). However, a movant's "claims are typical if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Herrera v. LCS Fin. Servs. Corp.*, 274 F.R.D. 666, 678 (N.D. Cal. 2011); *In re Heritage Bond Litig.*, No. 02-ML- 1475 DT, 2004 U.S. Dist. LEXIS 15386, at *25 (C.D. Cal. July 12, 2004) ("Courts have held that if the claims of the named plaintiffs and putative class members involve the same conduct by the defendant, typicality is established regardless of the factual differences.").

May's claims are clearly typical of the Class's claims. May purchased Nutanix common stock during the Class Period, suffered damages as a result of the Company's false and misleading statements, and, as a result, possesses claims against Nutanix and its officers under the federal securities laws. Because the factual and legal bases of his claims are similar, if not identical, to those of the Class's claims, May necessarily satisfies the typicality requirement. *Weisz*, 2002 U.S. Dist. LEXIS 27831, at *31.

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the Class." Adequate representation will be found if able and experienced counsel represent the movant, the movant has no fundamental conflicts of interest with the class as a whole, and the action is not likely collusive. *See Miller v. Ventro Corp.*, No. C 01-01287 SBA, 2001 U.S. Dist. LEXIS 26027, at *44 (N.D. Cal. Nov. 28, 2001) ("The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.").

9

**MOTION OF FRANK H. MAY FOR CONSOLIDATION; APPOINTMENT AS LEAD PLAINTIFF; AND APPROVAL OF LEAD COUNSEL    NO. 3:19-cv-01651-WHO**

Based on the representations in May's certification, his interests are perfectly aligned with—and by no means antagonistic to—the interests of the Class. *See In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2009 U.S. Dist. LEXIS 81205, at *14 (N.D. Cal. Sept. 8, 2009) (movant's certification evidenced adequacy to serve as the lead plaintiff). Moreover, May has also selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class. As explained in Section III.C below, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Ex. 4. Consequently, May is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, May respectfully submits that he is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the consolidated Actions.

### C.   The Court Should Approve May's Selection Of The Faruqi Firm As Lead Counsel

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff is entitled to select and retain lead counsel for the Class, subject to the Court's approval. May has selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Ex. 4; *see also In re China Mobile Games & Entertainment Group, Ltd. Sec. Litig.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions. The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995. Faruqi & Faruqi achieved successful outcomes in many of these cases."). For example, the Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g.*, *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2017) (appointed as sole lead counsel in the federal action, and together with lead counsel in a parallel state action, obtained final approval of a $13 million global settlement);

**MOTION OF FRANK H. MAY FOR CONSOLIDATION; APPOINTMENT AS LEAD PLAINTIFF; AND APPROVAL OF LEAD COUNSEL   NO. 3:19-cv-01651-WHO**

*Rihn v. Acadia Pharms., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $2.925 million settlement); *In re Geron Corp.*, *Sec. Litig.*, No. 3:14-CV-01424 (CRB) (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 12-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 12-CV-213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.,* No. 13-CV-06704 (RA) (S.D.N.Y. 2015) (where the Faruqi Firm as co-lead counsel, secured a $3.5 million settlement); *In re Ebix*, *Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, Case No. 27 CV 06-8065 (Minn. 4th Jud. Dt. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of more than $930 million for the benefit of the Company and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 02-CV-5878 (FLW) (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel, recovered a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 97-CV-5056 (E.D.N.Y. 2005) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 98-CV-1068 (S.D.N.Y. 2002) (where the Faruqi Firm, as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig.*, No. CV-C-01-0483-JLQ (D. Nev. 2001) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

11

**MOTION OF FRANK H. MAY FOR CONSOLIDATION; APPOINTMENT AS LEAD PLAINTIFF; AND APPROVAL OF LEAD COUNSEL    NO. 3:19-cv-01651-WHO**

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g.*, *Larkin v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal.) (where, as sole lead counsel for the class, the firm defeated defendants' motion to dismiss); *Loftus v. Primero Mining Corp.*, No. 16-01034-BRO (RAOx) (C.D. Cal) (appointed as sole lead counsel for the class); *Attigui v. Tahoe Resources, Inc.*, No. 2:18-cv-01868-RFB-NJK (D. Nev.) (same); *DeSmet v. Intercept Pharmaceuticals Inc.*, No. 1:17-cv-07371-LAK (S.D.N.Y.) (same); *Khanna v. Ohr Pharmaceutical Inc.*, No. 1:18-cv-01284-LAP (S.D.N.Y.) (same); *Lee v. Synergy Pharmaceuticals, Inc.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.) (appointed as co-lead counsel for the class); *Smith v. CV Sciences, Inc.*, No. 2:18-cv-01602-JAD-PAL (D. Nev.) (appointed as sole-lead counsel for the class); *Sharma v. Amarin Corp., plc*, No. 3:19-cv-06601-BRM-TJB (D.N.J.) (appointed as co-lead counsel for the class).

## IV.    CONCLUSION

For the foregoing reasons, May respectfully requests that the Court (1) consolidate the Actions; (2) appoint May as Lead Plaintiff; (3) approve his selection of the Faruqi Firm as Lead Counsel; and (4) grant such other relief as the Court may deem just and proper.

Dated:  May 28, 2019                                      Respectfully submitted,

By: /s/ *Dillon Hagius*
                   Dillon Hagius

**FARUQI & FARUQI, LLP**
Dillon Hagius SBN 319632
Richard W. Gonnello (*pro hac vice* forthcoming)
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
E-mail: dhagius@faruqilaw.com
            rgonnello@faruqilaw.com

*Attorneys for Proposed Lead Plaintiff Frank H. May and Proposed Lead Counsel for the putative Class*

12
**MOTION OF FRANK H. MAY FOR CONSOLIDATION; APPOINTMENT AS LEAD PLAINTIFF; AND APPROVAL OF LEAD COUNSEL    NO. 3:19-cv-01651-WHO**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

By:    */s/ Dillon Hagius*
          Dillon Hagius