**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue
Suite 1558
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

(*additional counsel on signature page*)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RYAN SCHELLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAM,<br><br><br>Defendants. | No.: 3:19-cv-01651-WHO<br><br>**NOTICE OF MOTION OF THE NUTANIX INVESTOR GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br><u>CLASS ACTION</u><br><br>Judge: William H. Orrick<br>Hearing Date: July 10, 2019<br>Time: 2:00 p.m.<br>Ctrm: 2, 17th Floor |
| TIM MAUTER, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAM,<br><br>Defendants. | No.: 3:19-cv-02442-RS<br><br><br><u>CLASS ACTION</u> |

NOT. OF MTN. FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT

| | |
|---|---|
| JOSEPH S. MAROUN, Individually And On Behalf Of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAM,<br><br>          Defendants. | No.:  3:19-cv-02744-RS<br><br>CLASS ACTION |
| HEIDI ZAPF, Individually And On Behalf Of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAM,<br><br>          Defendants. | No.: 3:19-cv-02781<br><br>CLASS ACTION |

NOT. OF MTN. FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT

# **TABLE OF CONTENTS**

CLAIMS ASSERTED ......................................................................................................................2

ARGUMENT ...................................................................................................................................3

    I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED ..........................3

    II.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF..............................4

          A.     Movant Is Willing to Serve as a Class Representative ..............................5

          B.     Movant Has the Largest Financial Interest in the Action .........................5

          C.     Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure .......................................................................................6

          D.     Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ......................................................8

    III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED.............9

    IV.    CONCLUSION...............................................................................................10

**TABLE OF AUTHORITIES**

**Page(s)**

<u>**Cases**</u>

*A.F.I.K. Holding SPRL v. Fass*,
216 F.R.D. 567 (D.N.J. 2003) ................................................................................................5

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ..............................................................................................................8

*Armour v. Network Assocs.*,
171 F. Supp. 2d 1044 (N.D. Cal. 2001) .............................................................................6, 7

*Beck v. Maximus, Inc.*,
457 F.3d 291 (3d Cir. 2006) ...............................................................................................7, 8

*Danis v. USN Communs., Inc.*,
189 F.R.D. 391 (N.D. Ill. 1999) ...........................................................................................7

*Fragala v. 500.com Ltd.*, No. CV 15-01463 MMM (Ex),
2015 U.S. Dist. LEXIS 188276 (C.D. Cal. July 7, 2015) .....................................................6

*Gerin v. Aegon USA, Inc.*, No. C 06-5407 SBA,
2007 U.S. Dist. LEXIS 5284  (N.D. Cal. Jan. 9, 2007) .........................................................7

*Greebel v. FTP Software*,
939 F. Supp. 57 (D. Mass. 1996) ..........................................................................................6

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
2004 U.S. Dist. LEXIS 10200 (E.D. Pa. Jun. 3, 2004) .........................................................5

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ............................................................................................4, 7

*In re Comverse Tech., Inc., Sec. Litig.*,
2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ......................................................5

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp.2d 286 (E.D.N.Y. 1998) .....................................................................................5, 7

*In re Outerwall Inc.*, No. C16-1275JLR,
2017 U.S. Dist. LEXIS 31570 (W.D. Wash. Mar. 6, 2017) ..................................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) .............................................................................................7

NOT. OF MTN. FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO
OF P&A IN SUPPORT

*In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK,
    2017 U.S. Dist. LEXIS 11553 (N.D. Cal. Jan. 25, 2017) ........................................................7

*In re Vicuron Pharms., Inc. Sec. Litig.*,
    225 F.R.D. 508 (E.D. Pa. 2004) .............................................................................................5

*Janovici v. DVI, Inc.*, No. 03-4795,
    2003 U.S. Dist. LEXIS 22315 (E.D. Pa. Nov. 25, 2003) .........................................................5

*Lax v. First Merch. Acceptance Corp.*,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ...........................................................5

*Mandalevy v. BofI Holding, Inc.*, No. 3:17-cv-0667-GPC-KSC,
    2017 U.S. Dist. LEXIS 184504 (S.D. Cal. Nov. 7, 2017) .......................................................7

*Mulligan v. Impax Labs., Inc.*, No. C-13-1037 EMC,
    2013 U.S. Dist. LEXIS 93119 (N.D. Cal. July 2, 2013) ..........................................................3

*Osher v. Guess?, Inc.*,
    2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) .........................................................9

*Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK,
    2011 U.S. Dist. LEXIS 16813 (N.D. Cal. Feb. 15, 2011) ........................................................6

*Richardson v. TVIA*,
    2007 WL 112344 (N.D. Cal. Apr. 16, 2007) ........................................................................3

*Robb v. Fitbit Inc.*, No. 16-cv-00151-SI,
    2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016) .......................................................5

*Takeda v. Turbodyne Techs., Inc.*,
    67 F. Supp. 2d 1129 (C.D. Cal. 1999) ...................................................................................8

*Woburn Ret. Sys. v. Omnivision Techs., Inc.*, No. 5:11-CV-05235-RMW,
    2012 U.S. Dist. LEXIS 21590 (N.D. Cal. Feb. 21, 2012) .......................................................4

*Zhu v. UCBH Holdings, Inc.*,
    682 F. Supp. 2d 1049 (N.D. Cal. 2010) .................................................................................6

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ...........................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23 ................................................................................................ 1, 6, 7, 8

Fed. R. Civ. P. 42 .................................................................................................... 1, 3, 4

NOT. OF MTN. FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT

**PLEASE TAKE NOTICE** that on Wednesday, July 10, 2019, at 2:00 p.m., before the Honorable William H. Orrick, in Courtroom 2, 17th Floor, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, John Barnes, Heidi Zapf, and Ronald Castillo (collectively, the "Nutanix Investor Group" or "Movant") will and do move this Court for an order granting the Nutanix Investor Group's Motion for: (a) consolidation of the above-captioned related actions (the "Related Actions"); (b) appointment of the Nutanix Investor Group as Lead Plaintiff for the Class; and (c) approval of Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel.

This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B) and Federal Rule of Civil Procedure 42(a), on the grounds (1) that the Related Actions should be consolidated as they involve common questions of law and fact and consolidation would promote judicial economy; (2) appointing the Nutanix Investor Group as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired the securities of Nutanix Inc. ("Nutanix" or the "Company") between March 2, 2018 and February 28, 2019, both dates inclusive (the "Class Period"), as the Nutanix Investor Group has timely made this Motion, has the largest financial interest in this litigation and otherwise satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and (3) the Nutanix Investor Group's selection of Pomerantz as Lead Counsel should be approved as the firm is well qualified and has extensive experience in cases of this type.

In support of this Motion, the Nutanix Investor Group files herewith a memorandum of points and authorities, the Declaration of Jennifer Pafiti, the certification of Jennifer Pafiti pursuant to LR 3-7(d), a certification pursuant to LR 3-15, and a proposed order.

NOT. OF MTN. FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT

## MEMORANDUM OF POINTS AND AUTHORITIES

The Nutanix Investor Group respectfully submits this memorandum in support of its motion for an Order, pursuant to Section 21D of the Securities Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) consolidating the Related Actions;

(2) appointing the Nutanix Investor Group as Lead Plaintiff for all persons other than defendants who purchased Nutanix securities during the Class Period, seeking to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(3) appointing Pomerantz as Lead Counsel for the Class.

## CLAIMS ASSERTED

The first of the Related Actions to be filed was commenced on March 29, 2019 against Defendants, alleging claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. That same day, counsel for plaintiff in that action issued a PSLRA early notice advising potential Class members of, among other things, the pendency of the action, the claims alleged in the action and the 60 day deadline to seek appointment as lead plaintiff. A copy of the early notice is attached as Exhibit A to the Declaration of Jennifer Pafiti filed herewith ("Pafiti Decl.").

The Complaints allege that during the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (a) Nutanix had reallocated lead generation spending to other priorities, which represented a significant strategy shift from how the Company had historically conducted its sales efforts; (b) Nutanix's decision to reallocate lead generation spending had caused a large disruption in the Company's sales execution, thereby negatively impacting Nutanix's sales pipeline and slowing the Company's sales growth; (c) Nutanix had fallen behind in its sales hiring goals, which was further impairing the Company's efforts to grow its sales pipeline development; (d) the improvement in the Company's gross margins was not the result of the

changes being made to the Company's business model, including the shift from hardware to software and the change from licensing to subscription platforms, but rather was the result of the Company's decision to reallocate lead generation spending; and (e) as a result of the foregoing, defendants lacked a reasonable basis for their positive statements about Nutanix, its revenues, earnings and prospects.

As a result of Defendants' false statements and/or omissions, the price of Nutanix common stock was artificially inflated during the Class Period to more than $63 per share, which enabled certain of Nutanix's senior officers to sell their Nutanix stock at artificially inflated prices.

Then, on the February 28, 2019, defendants announced the Company's financial results for the second quarter of fiscal 2019, revealing that imbalances in lead generation spending were impacting the Company's sales pipeline and that the Company's failure to keep pace with sales hiring goals had had a negative effect on sales pipeline development.

As a result of these disclosures, the price of Nutanix common stock dropped $16.39 per share to close at $33.70 per share on March 1, 2019, a decline of over 32%.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA*, 2007 WL 112344, at *2 (N.D. Cal. Apr. 16, 2007); *Mulligan v. Impax Labs., Inc.*, No. C-13-1037 EMC, 2013 U.S. Dist. LEXIS 93119, at *10 (N.D. Cal. July 2,

NOT. OF MTN. FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT

2013); *Woburn Ret. Sys. v. Omnivision Techs., Inc.*, No. 5:11-CV-05235-RMW, 2012 U.S. Dist. LEXIS 21590, at *9 (N.D. Cal. Feb. 21, 2012).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the Related Actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the Related Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

NOT. OF MTN. FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A.    Movant Is Willing to Serve as a Class Representative

Movant has timely filed the instant motion in response to a PSLRA early notice, and has filed herewith PSLRA certifications attesting that its members are willing to serve as representatives for the Class and are willing to provide testimony at deposition and trial, if necessary. *See* Pafiti Decl., Ex. B. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.    Movant Has the Largest Financial Interest in the Action

As of the time of the filing of this motion, Movant believes that it has the largest financial interest of any Lead Plaintiff movant based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered) (cited in *Casden v. HPL Techs., Inc.*, No. C-02-3510 VRW, 2003 U.S. Dist. LEXIS 19606, at *12 (N.D. Cal. Sep. 29, 2003).[1] The most critical among the Lax Factors is the approximate loss suffered. *See*, *e.g.*, *Robb v. Nutanix Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *9 (N.D. Cal. May 10, 2016); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *39 (E.D. Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at *2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D.

---

[1] *See also In re Olsten Corp. Sec. Litig.,* 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors)(cited in *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *9 (N.D. Cal. May 10, 2016)).

NOT. OF MTN. FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT

567, 572 (D.N.J. 2003); *see also Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1053 (N.D. Cal. 2001).

During the Class Period, Movant (1) purchased 6,117 shares of Nutanix securities; (2) expended $316,397 on its purchases of Nutanix securities; (3) retained all of its Nutanix shares; and (4) as a result of the disclosures of the fraud, suffered a loss of $79,643 in connection with its purchases of Nutanix securities.  *See* Pafiti Decl., Ex. C.  Because Movant possess the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

**C.      Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1)      the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a prima facie showing that the movant satisfies the requirements of Rule 23 is sufficient. *Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813, at *39 (N.D. Cal. Feb. 15, 2011); *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010); *Fragala v. 500.com Ltd.*, No. CV 15-01463 MMM (Ex), 2015 U.S. Dist. LEXIS 188276, at *21 (C.D. Cal. July 7, 2015); *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996).  Moreover, "typicality and adequacy of representation are the only provisions

relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citations omitted) (cited in *Gerin v. Aegon USA, Inc.*, No. C 06-5407 SBA, 2007 U.S. Dist. LEXIS 5284, at *11 (N.D. Cal. Jan. 9, 2007)); *In re David Cavanaugh,* 306 F.3d 726, 730 (9th Cir. 2002); *Armour v. Network Assocs.,* 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001); *In re Outerwall Inc.*, No. C16-1275JLR, 2017 U.S. Dist. LEXIS 31570, at *11 (W.D. Wash. Mar. 6, 2017); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999); *Mandalevy v. BofI Holding, Inc.*, No. 3:17-cv-0667-GPC-KSC, 2017 U.S. Dist. LEXIS 184504, at *13 (S.D. Cal. Nov. 7, 2017)(citing  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("Their claims are typical of the class because they are identical; that is, their claims are based on the material misrepresentations made by Defendants that artificially inflated BofI's stock price."). "The purpose of the typicality requirement is to assure that the interest of the named representative Nutanixs with the interests of the class." *In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553, at *14 (N.D. Cal. Jan. 25, 2017)(quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)); *see also Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) ("the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are Nutanixed with those of the class." (citation omitted)).

The claims of Movant are typical of those of the Class.  Movant alleges, as do all class members, that defendants violated federal securities laws by making what they knew or should have known were false or misleading statements of material facts concerning Nutanix, or omitted to state material facts necessary to make the statements they did make not misleading. Movant, as did all members of the Class, purchased Nutanix securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged

7

upon the disclosure of those misrepresentations and/or omissions.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class."  The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (quoting *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

The Nutanix Investor Group is an adequate representative for the Class. There is no antagonism between the interests of Movant and those of the Class, and its losses demonstrate that it has a sufficient interest in the outcome of this litigation.  Moreover, Movant has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u 4(a)(3)(B)(v).

### D.    Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the Class has been discussed above. Movant is not aware of any unique defenses that Defendants could raise

against it that would render it inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

## III.  MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  See 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected the Pomerantz law firm as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.  *See* Pafiti Decl., Ex. D.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See* Pafiti Decl., Ex. D. Petrobras is part of a long line of record setting recoveries led by Pomerantz, including the $225 million settlement *in In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *See id.* Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See* THE WALL STREET JOURNAL, *Fiat Chrysler to Settle Lawsuit for $110 Million*, April 8, 2019 (available at https://www.wsj.com/articles/fiat-chrysler-to-settle-lawsuit-for-110-million-11554746066). As a result of Pomerantz's extensive experience in litigation involving issues similar to those raised in the Related Actions, Movant's counsel have the skill and knowledge which will enable them to prosecute a consolidated action effectively and expeditiously.  Thus, the Court may be assured that by approving the selection of Lead Counsel by Movant, the members of the class will receive the best legal representation available.

NOT. OF MTN. FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the Nutanix Investor Group as Lead Plaintiff of the Class; and (3) approving Pomerantz as Lead Counsel.

Dated:  May 28, 2019                                    Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue
Suite 1558
Los Angeles, CA 90024
Telephone: (310) 405-7190
E-mail: jpafiti@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
Email:  jalieberman@pomlaw.com
           ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:   (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Counsel for Movants and*
*Proposed Lead Counsel for the Class*

NOT. OF MTN. FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Jennifer Pafiti*

Jennifer Pafiti

NOT. OF MTN. FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT