**LEVI & KORSINSKY, LLP**
Gregory M. Nespole (*admitted pro hac vice*)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Email: gnespole@zlk.com

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Tel: (415) 291-2420
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Movant Shimon Hedvat*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SCHELLER, Individually and on behalf of all others similarly situated, <br><br> Plaintiff <br><br> vs. <br><br> NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS, <br><br> Defendants. | No. 3:19-cv-01651-WHO <br><br> Hon. William H. Orrick <br><br> **SHIMON HEDVAT'S MEMORANDUM AND POINTS OF AUTHORITIES IN OPPOSITION TO THE COMPETING MOVANTS' MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF** <br><br> Date: July 10, 2019 <br> Time: 2:00 p.m. <br> Courtroom: 2-17th Floor |
| TIM MAUTER, Individually and on behalf of all others similarly situated, <br><br> Plaintiff <br><br> vs. <br><br> NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS, <br><br> Defendants. | No. 3:19-cv-02442-RS <br><br> Hon. Richard Seeborg |

SHIMON HEDVAT'S MEMORANDUM AND POINTS OF AUTHORITIES IN OPPOSITION TO THE
COMPETING MOVANTS' MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF
Nos. 3:19-cv-01651-WHO; 3:19-cv-02442-RS; 3:19-cv-02744-RS; 3:19-cv-02781-SI

JOSEPH S. MAROUN, Individually and on behalf of all others similarly situated,

Plaintiff

vs.

NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS,

Defendants.

No. 3:19-cv-02744-RS

Hon. Richard Seeborg

HEIDI ZAPF, Individually and on behalf of all others similarly situated,

Plaintiff

vs.

NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS,

Defendants.

No. 3:19-cv-02781-SI

Hon. Susan Illston

**TABLE OF CONTENTS**

I.      SUMMARY OF ARGUMENT ........................................................................................ 1

II.     STATEMENT OF ISSUES TO BE DECIDED .............................................................. 2

III.    ARGUMENT ................................................................................................................. 2

   A.  Mr. Hedvat Is the Most Adequate Lead Plaintiff. ............................................................ 2

      1.  Mr. Hedvat Is the Presumptive Lead Plaintiff Because He Has the Largest Financial
          Interest of Any Qualified Movant. ............................................................................. 3

      2.  Mr. Hedvat Otherwise Satisfies the Requirements of Rule 23. ................................... 7

         a.  Mr. Hedvat's Claims Are Typical. ...................................................................... 7

         b.  Mr. Hedvat Is an Adequate Representative. ......................................................... 8

         c.  Mr. May Cannot Rebut the Presumption Triggered in Favor of Mr. Hedvat. ........ 9

   B.  Approval of Mr. Hedvat's Choice of Counsel Is Appropriate. ......................................... 9

IV.     CONCLUSION .............................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Abrams v. Intuitive Surgical, Inc.,*

No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873 (N.D. Cal. Nov. 18, 2013).......... 3

*Ali v. Intel Corp.,*

No. 18-cv-00507-YGR, 2018 U.S. Dist. LEXIS 89401 (N.D. Cal. May 29, 2018)............... 7

*In re Aqua Metals Sec. Litig.,*

No. 17-cv-7142-HSG, 2018 U.S. Dist. LEXIS 86889 (N.D. Cal. May 23, 2018) ........ 7, 8, 10

*Aronson v. McKesson HBOC, Inc.,*

79 F. Supp. 2d 1146 (N.D. Cal. 1999)................................................................................. 7

*Bodri v. GoPro, Inc.,*

No. 16-cv-00232, 2016 U.S. Dist. LEXIS 57559 (N.D. Cal. Apr. 28, 2016) ........................ 5

*In re Cavanaugh,*

306 F.3d 726 (9th Cir. 2002) ................................................................................. 3, 4, 9, 10

*In re Diamond Foods, Inc.,*

281 F.R.D. 405 (N.D. Cal. 2012). ....................................................................................... 4

*Dura Pharmaceuticals, Inc. v. Broudo,*

544 U.S. 336 (2005) ........................................................................................................... 6

*Felix v. Symantec Corp.,*

No. 18-cv-02902-WHA, 2018 U.S. Dist. LEXIS 144697 (N.D. Cal. Aug. 23, 2018)............ 4

*Hanon v. Dataproducts Corp.,*

976 F.2d 497 (9th Cir. 1992)............................................................................................... 8

*Hufnagle v. Rino Int'l Corp.,*

No. 10-cv-8695, 2011 U.S. Dist. LEXIS 19771 (C.D. Cal. Feb. 14, 2011)......................... 2

*Lax v. First Merchants Acceptance Corp.,*

No. 02-cv-6149, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 11, 1997)........................... 4

SHIMON HEDVAT'S MEMORANDUM AND POINTS OF AUTHORITIES IN OPPOSITION TO THE
COMPETING MOVANTS' MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF
Nos. 3:19-cv-01651-WHO; 3:19-cv-02442-RS; 3:19-cv-02744-RS; 3:19-cv-02781-SI

iv

*Markette v. Xoma Corp.,*

    No. 15-cv-03425-HSG, 2016 U.S. Dist. LEXIS 63701 (N.D. Cal. May 13, 2016) ................ 5

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*,

    540 F.3d 1049 (9th Cir. 2008) ...................................................................................... 6

*Mulligan v. Impax Labs, Inc.,*

    13-cv-1037-EMC, 2013 U.S. Dist. LEXIS 93119 (N.D. Cal. July 2, 2013) .......................... 5

*In re Olsten Corp. Sec. Litig.,*

    3 F. Supp. 2d 286 (E.D.N.Y. 1998) ................................................................................ 4

*In re Outerwall Inc.,*

    No. 16-cv-1275-JLR, 2017 U.S. Dist. LEXIS 31570 (W.D. Wash. Mar. 6, 2017) ................ 9

*Richardson v. TVIA, Inc.,*

    No. 06-6304-RMW, 2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007) .................... 4

*Robb v. Fitbit, Inc.,*

    No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016) ................... 4

*Ruland v. InfoSonics Corp.,*

    No. 06cv1231 BTM(WMc), 2006 U.S. Dist. LEXIS 79144 (S.D. Cal. Oct. 23, 2006).......... 6

*Sanders v. VeriFone Sys.,*

    No. 5:13-CV-01038-EJD, 2013 U.S. Dist. LEXIS 145000 (N.D. Cal. Oct. 7, 2013)......... 2, 9

*Schwartz v. Opus Bank*,

    No. 16-cv-07991-AB (JPRx), 2017 U.S. Dist. LEXIS 217637 (C.D. Cal. Feb. 23, 2017) ..... 8

*In re SolarCity Corp. Sec. Litig.*,

    No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553 (N.D. Cal. Jan. 25, 2017) ........... 3, 4

*Staton v. Boeing Co.*,

    327 F.3d 938 (9th Cir. 2003) ........................................................................................ 8

*Welgus v. TriNet Grp., Inc.,*

    No. 15-cv-03625-BLF, 2015 U.S. Dist. LEXIS 162547 (N.D. Cal. Dec. 3, 2015)................ 8

SHIMON HEDVAT'S MEMORANDUM AND POINTS OF AUTHORITIES IN OPPOSITION TO THE
COMPETING MOVANTS' MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF
Nos. 3:19-cv-01651-WHO; 3:19-cv-02442-RS; 3:19-cv-02744-RS; 3:19-cv-02781-SI

v

*Wenderhold v. Cylink Corp. Inc.,*

   188 F.R.D. 577 (N.D. Cal. 1999) ...................................................................................... 3, 7

**Statutes**

15 U.S.C § 78u-4(a)(3)(B)(iii)(II) ........................................................................................... 2

15 U.S.C. § 78u-4(a)(3) (B)(v) ............................................................................................... 9

15 U.S.C. § 78u-4(a)(3)(B)(i) .............................................................................................. 2, 3

15 U.S.C. § 78u-4(a)(3)(B)(iii) ............................................................................................... 1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ........................................................................................ 3, 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ..................................................................................... 7

15 U.S.C. §78u-4(a)(3)(B)(i) .................................................................................................. 2

**Rules**

Fed. R. Civ. P. 23 .............................................................................................................. 2, 7, 8

Movant Shimon Hedvat ("Mr. Hedvat" or "Movant") respectfully submits this memorandum of points and authorities in opposition to the competing motion for lead plaintiff filed in the above-captioned securities class action lawsuits (the "Actions") against Nutanix, Inc. ("Nutanix" or the "Company"). Dheeraj Pandey ("Pandey"), and Duston M. Williams ("Williams").[1]

## I.    SUMMARY OF ARGUMENT

Presently pending before the Court are two[2] competing motions for appointment as lead plaintiff in the Actions. In addition to Mr. Hedvat's application, the only other competing movant is an individual investor named Frank H. May ("Mr. May").[3]  As Mr. Hedvat has the largest financial interest of any qualified movant, his motion should be granted.

It is beyond cavil that Mr. Hedvat is the qualified movant with the "largest financial interest in the action and, therefore, is entitled to the presumption as the most adequate plaintiff" pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(iii)..  As further detailed below, Mr. Hedvat possesses the "largest financial interest" of any qualified movant utilizing either the LIFO or the *Dura* methodologies. The following chart clearly evidences veracity of the position:

| MOVANT | RECOVERABLE LOSS: |
|---|---|
| **LIFO Total Mr. Hedvat** | $          934,533.6556 |
| ***Dura* LIFO Total Mr. Hedvat** | $          909,489.66 |
|  |  |
| **LIFO Total Mr. May** | $          505,465.13 |
| ***Dura* LIFO Total Mr. May** | $          352,005.75 |

[1] Pandey is the Company's Founder, CEO, and Chairman of Nutanix's Board of Director.  Williams is the Company's Chief Financial Officer.

[2] On May 28, 2019, eight movants filed motions to be appointed lead plaintiff in the Actions. Beside Mr. Hedvat, the other movants are (i) Frank H. May ("Mr. May"); (ii) Jose Flores ("Flores"); (iii) Bristol County Retirement System & Joseph S. Maroun ("Bristol and Maroun"); (iv)  Mamood Sabahi ("Sabahi"); (v) City of Birmingham Relief And Retirement System ("Birmingham"); (vi) John Barnes, Heidi Zapf, and Ronald Castillo ("Nutanix Investor Group"); and (vii) David Panczner ("Panczner").

[3] As of the time of this filing on June 11, 2019, the Nutanix Investor Group, Birmingham, and Sabahi filed non-oppositions to the competing lead plaintiff motions, and Panczner withdrew his motion. *See* Dkt. Nos. 56, 58, 66, 67.  Counsel for Mr. Hedvat conferred with the other three movants' counsel, and all except for Mr. May and his counsel have indicated they will not file any opposition.

SHIMON HEDVAT'S MEMORANDUM AND POINTS OF AUTHORITIES IN OPPOSITION TO THE
COMPETING MOVANTS' MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF
Nos. 3:19-cv-01651-WHO; 3:19-cv-02442-RS; 3:19-cv-02744-RS; 3:19-cv-02781-SI

Thus, once it is established that Mr. Hedvat is the presumptive "most adequate plaintiff," this presumption may be rebutted only upon proof that Mr. Hedvat "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."   15 U.S.C § 78u-4(a)(3)(B)(iii)(II).   No such showing can be made.

Mr. Hedvat also satisfies the adequacy and typicality requirements of the PSLRA and Federal Rule of Civil Procedure 23 ("Rule 23") and, therefore, is the movant "most capable of adequately representing the interests of class members[.]"  *See* 15 U.S.C. §78u-4(a)(3)(B)(i); *Sanders v. VeriFone Sys.,* No. 5:13-CV-01038-EJD, 2013 U.S. Dist. LEXIS 145000, at \*10 (N.D. Cal. Oct. 7, 2013).

For the reasons stated in his memorandum of points and authorities in support of his motion for lead plaintiff, Mr. Hedvat meets the adequacy and typicality requirements of Rule 23. Dkt. No. 22 at 13-16.  Thus, the competing movants must provide "proof" to the contrary to overcome the presumption that Mr. Hedvat is the "most adequate plaintiff."  See *Hufnagle v. Rino Int'l Corp.,* No. 10-cv-8695, 2011 U.S. Dist. LEXIS 19771, at \*20 (C.D. Cal. Feb. 14, 2011) (unique defense not present where movant failed to submit proof).  This they cannot do.

As Mr. Hedvat has the largest financial interest and meets the requirements of Rule 23(a), he respectfully requests that his motion be granted in its entirety.

## II.        STATEMENT OF ISSUES TO BE DECIDED

1.      Whether Mr. Hedvat is the presumptive lead plaintiff under the PSLRA.

2.      Whether the competing movant can rebut the lead plaintiff presumption pursuant to Rule 23.

## III.        ARGUMENT

### A.  Mr. Hedvat Is the Most Adequate Lead Plaintiff.

Under the PSLRA, this Court is directed to "appoint as lead plaintiff 'the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members.'" 15 U.S.C. § 78u-4(a)(3)(B)(i);

*Wenderhold v. Cylink Corp. Inc.,* 188 F.R.D. 577, 584 (N.D. Cal. 1999).

In interpreting the PSLRA, the Ninth Circuit has formulated a three-step process for selecting a lead plaintiff. See *Abrams v. Intuitive Surgical, Inc.,* No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873, at *5 (N.D. Cal. Nov. 18, 2013) (citing *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)). First, the plaintiff that files the first complaint must publish notice of the pendency of the action, the claims brought, and the class period alleged therein. Second, the "district court considers the losses suffered by potential lead plaintiffs and selects 'the one who has the largest financial interest in the relief sought by the class.'" *Id.* (citing *In re Cavanaugh*, 306 F.3d at 730). The movant with the largest financial interest is then the "presumptive lead plaintiff". *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d at 730. Third, the court evaluates whether the presumptive lead plaintiff satisfies the relevant requirements of Rule 23; namely, typicality and adequacy. *Intuitive Surgical*, 2013 U.S. Dist. LEXIS 165873, at *5.

In the three-step process for selecting a lead plaintiff, step one has already been completed. On March 29, 2019, counsel acting on behalf of Ryan Scheller, plaintiff in the first-filed action, caused a notice (the "Notice") to be published pursuant to the PSLRA, which announced that a securities class action had been filed against Nutanix, Pandey, and Williams, identified the claims asserted, and advised putative class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the action. Mr. Hedvat timely moved for lead plaintiff pursuant to the Notice.

**1. Mr. Hedvat Is the Presumptive Lead Plaintiff Because He Has the Largest Financial Interest of Any Qualified Movant.**

The second step when selecting a lead plaintiff requires the Court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interest of class members." *In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553, at *11-12 (N.D. Cal. Jan. 25, 2017) (citing 15 U.S.C. § 78u-4(a)(3)(B)(i)). "The most capable plaintiff is generally the one who

has the greatest financial stake in the outcome of the case." *Id.* at *12.

The Ninth Circuit has yet to propose one method for calculating a plaintiff's financial stake but has directed that courts "may select accounting methods that are both rational and consistently applied." *Robb v. Fitbit, Inc.,* No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *8 (N.D. Cal. May 10, 2016) (citing *In re Cavanaugh*, 306 F.3d at 730 n.4).  When selecting an accounting method to identify the movant with the greatest financial interest, Courts often look to the "*Olsten-Lax*" factors for guidance. *Id* at *8 (citing *Richardson v. TVIA, Inc.,* No. 06-6304-RMW, 2007 U.S. Dist. LEXIS 28406, at *11 (N.D. Cal. Apr. 16, 2007); (*In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Lax v. First Merchants Acceptance Corp*., No. 02-cv-6149, 1997 U.S. Dist. LEXIS 11866, at *16-20 (N.D. Ill. Aug. 11, 1997)The four factors are: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Felix v. Symantec Corp.,* No. 18-cv-02902-WHA, 2018 U.S. Dist. LEXIS 144697, at *7 (N.D. Cal. Aug. 23, 2018); *see also In re Diamond Foods, Inc.,* 281 F.R.D. 405, 408 (N.D. Cal. 2012). Out of the four factors, the approximate loss factor is the most important. *Id* at *7; *In re Diamond Foods*, 281 F.R.D. at 408. None of the other movants even come close to matching the "approximate loss suffered" by Mr. Hedvat:

//

//

//

//

//

//

//

//

//

| Movant | Total Shares Purchased | Net Shares Purchased During Class Period[4] | Net Funds Expended During Class Period | Total Class Period Loss (LIFO)[5] | Total Class Period Loss (*Dura* LIFO)[6] |
|---|---|---|---|---|---|
| Mr. Hedvat | *216,930* | *108,430* | *$5,118,171.89* | *$934,533.66* | *$ 909,489.66* |
| Mr. May | 145,500 | 14,000 | $888,665.13 | $505,465.13 | $ 352,005.75 |

In Mr. May's memorandum of law in support of his motion for lead plaintiff, he also recognizes that Courts in this district look to the four *Olsten-Lax* factors when determining which lead plaintiff movant has the largest economic stake. *See* Dkt. No. 37 at 8 (N.D. Cal. May 28, 2019). Mr. May also acknowledges that his losses were calculated using a LIFO methodology. *Id*.

Although the Ninth Circuit has yet to propose one method for calculating a plaintiff's financial stake, in recent trends, many courts across the country have found that the *Dura* methodology is the correct method. *See In re Micron Technology, Inc. Sec. Litig.,* No. 19-cv-0678, 2019 U.S. Dist. LEXIS 72948, at *9 (S.D.N.Y. Apr. 30, 2019) ("the recent trend . . . is for movants to adjust their LIFO calculations to remove any losses arising from securities that were bought and sold before a defendant's corrective disclosure."); *Leavitt v. Alnylam Pharm., Inc.*, No. 18-cv-12433, 2019 U.S. Dist. LEXIS 77429, at *7 (D. Mass. May 8, 2019) ("So-called "in-and-out transactions" . . . are excluded from the calculation of approximate losses because any losses from those transactions lack a causal link to the allegedly false or misleading statements or omissions."); *Chandler v. Ulta Beauty, Inc.*, No. 18-cv-1577, 2018 U.S. Dist. LEXIS 107340, at *11-12 (N.D. Ill. June 26, 2018) ([The Dura methodology] "principle is supported by Seventh

---

[4] "Net shares" are calculated by using the "total number of shares purchased during a class period minus total number of shares sold". *Mulligan v. Impax Labs, Inc.,* 13-cv-1037-EMC, 2013 U.S. Dist. LEXIS 93119, at *23 (N.D. Cal. July 2, 2013).

[5] LIFO stands for "last-in-first-out" and matches a movant's first share sold with its most recent share purchased. LIFO is heavily preferred over FIFO or "first-in-first-out" as the latter tends to artificially inflate losses. *See Markette v. Xoma Corp.,* No. 15-cv-03425-HSG, 2016 U.S. Dist. LEXIS 63701, at *15-16 (N.D. Cal. May 13, 2016) ("[S]ome [C]ourts in this district have found that [t]he weight of authority puts the most emphasis on the competing movants' estimated losses, using a 'last in, first out' ('LIFO') methodology. *Bodri v. GoPro, Inc.,* No. 16-cv-00232, 2016 U.S. Dist. LEXIS 57559, at *11 (N.D. Cal. Apr. 28, 2016)") (internal quotations removed).

[6] Disregarding losses not attributable to the alleged fraud from intra-class period sales matched to intra-class period purchases, using "last-in-first-out" matching.

Circuit and Supreme Court cases holding that a plaintiff cannot satisfy the causation element of a securities fraud claim based on an inflated price theory relating to securities sold before the fraud was revealed.")

The *Dura* methodology arose in the wake of the Supreme Court's decision in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). The *Dura* methodology calculates the "approximate losses suffered" based on the principal of approximating the losses that are recoverable under the PSLRA as a result of the alleged fraud rather than losses that result from events that are not recoverable under the federal securities such as, changed circumstances in the market, industry, or company. "Although a precise determination of damages is not possible at this stage of the litigation, courts typically equate 'largest financial interest' with the amount of *potential recovery*." *Ruland v. InfoSonics Corp.*, No. 06cv1231 BTM(WMc), 2006 U.S. Dist. LEXIS 79144, at *11 (S.D. Cal. Oct. 23, 2006) (emphasis in original).

Accordingly, where an investor purchases stock at a price inflated by a fraudulent misrepresentation or omission and sells the stock before any disclosure of the fraud, the investor has suffered no loss caused by the fraud even though they may have lost money on their investment. *Dura*, 544 U.S. at 342-43 (noting that when a "purchaser sells the shares quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss"); *see also Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1063 (9th Cir. 2008) (applying *Dura* and holding that in order to properly plead loss causation the complaint must allege that the market learned of and reacted to the allegedly fraudulent practices and that this reaction caused the plaintiffs loss).

To account for this spreading trend, and in consideration of rulings in this District, Mr. Hedvat filed his Lead Plaintiff motion disclosing his financial stake under both the LIFO and *Dura* methodologies. Under either of these methods, Mr. Hedvat has the largest loss out of all competing movants, having lost almost two times more under LIFO, and over two and a half times more under *Dura* LIFO, than Mr. May.

As evidenced above – under all four factors ordinarily considered in determining which

SHIMON HEDVAT'S MEMORANDUM AND POINTS OF AUTHORITIES IN OPPOSITION TO THE
COMPETING MOVANTS' MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF
Nos. 3:19-CV-01651-WHO; 3:19-CV-02442-RS; 3:19-CV-02744-RS; 3:19-CV-02781-SI

6

movant has the largest financial interest, including the most important factor (loss), under either calculation methodology – Mr. Hedvat has the most to gain by the prosecution of this action. Since Mr. Hedvat clearly has the largest financial interest out of all of the competing movants, he is the presumptive lead plaintiff under the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 2. Mr. Hedvat Otherwise Satisfies the Requirements of Rule 23.

The third and final step the Court must take when selecting a lead plaintiff is to determine if the presumptive lead plaintiff "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Rule 23(a) provides that a party may only serve as a class representative if the following four requirements are met: (1) numerosity—that the class is so numerous that joinder is impracticable; (2) commonality—that there are questions of law or fact common to the class; (3) typicality—that the claims of the representative party are typical of the claims or defenses of the class; and (4) adequacy—that the representative party will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a).

Of the four prerequisites, only two—typicality and adequacy—are relevant inquiries on a motion for lead plaintiff as they address the personal characteristic of the class representative. *See Ali v. Intel Corp.,* No. 18-cv-00507-YGR, 2018 U.S. Dist. LEXIS 89401, at \*5 (N.D. Cal. May 29, 2018) (focusing on typicality and adequacy). Also, at the lead plaintiff stage "all that is required is a 'preliminary showing' that the lead plaintiff's claims are typical and adequate." *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999) (quoting *Wenderhold,* 188 F.R.D. at 587).

### a. Mr. Hedvat's Claims Are Typical.

The test to satisfy the typicality requirement of Rule 23(a)(3) is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *In re Aqua Metals Sec. Litig*., No. 17-cv-7142-HSG, 2018 U.S. Dist. LEXIS 86889, at \*8 (N.D. Cal. May 23, 2018) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.

1992)). Here, Mr. Hedvat satisfies the typicality requirement because he (1) purchased Nutanix securities in the Class Period (2) at prices artificially inflated by the false and misleading statements issued by defendants and (3) suffered significant damages as a result.  Therefore, Mr. Hedvat's claims are typical, if not identical, to those of other Class members who sustained damages as a result of the alleged misrepresentations and/or omissions during the Class Period. *See In re Aqua Metals*, 2018 U.S. Dist. LEXIS 86889, at *9 (typicality requirement satisfied where movant, like remainder of class, acquired stock at artificially inflated prices and suffered damages as a result).

### b.  Mr. Hedvat Is an Adequate Representative.

The adequacy requirement contained in Rule 23(a)(4) is satisfied when a class representative establishes that he will "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). "The test for adequacy asks whether the lead plaintiff and his counsel 'have any conflicts of interest with other class members' and whether the lead plaintiff and his counsel will 'prosecute the action vigorously on behalf of the class.'" *Welgus v. TriNet Grp., Inc.,* No. 15-cv-03625-BLF, 2015 U.S. Dist. LEXIS 162547, at *8 (N.D. Cal. Dec. 3, 2015) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)). The adequacy requirement is met if no conflicts exist between the representative's interests and those of the class, and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation. *Schwartz v. Opus Bank*, No. 16-cv-07991-AB (JPRx), 2017 U.S. Dist. LEXIS 217637, at *6-7 (C.D. Cal. Feb. 23, 2017) (internal citations omitted).

Here, Mr. Hedvat will adequately protect the interest of the Class.  The interests of Mr. Hedvat and the Class are closely aligned as both have suffered damages as a result of defendants' false statements and/or omissions.  Additionally, Mr. Hedvat, by virtue of suffering the most losses of any movant before the Court, has a significant interest in vigorously pursuing this Action on behalf of the Class.  *See In re Aqua Metals,* 2018 U.S. Dist. LEXIS 86889, at *9 (Movant's "substantial financial stake in the outcome of this litigation, its timely filing of its motions, and the quality of its briefing all demonstrate that it is both motivated to, and capable of, vigorously

pursuing this litigation."). Finally, there are no facts that indicate that there is a conflict of interest between Mr. Hedvat and the absentee Class members.

### c. Mr. May Cannot Rebut the Presumption Triggered in Favor of Mr. Hedvat.

In considering step three, competing movants may attempt to rebut the presumptive lead plaintiff's showing of typicality and adequacy only with proof that the presumptive lead plaintiff cannot effectively represent the class. *See In re Outerwall Inc.,* No. 16-cv-1275-JLR, 2017 U.S. Dist. LEXIS 31570, at *20 (W.D. Wash. Mar. 6, 2017) (once presumption is triggered, relevant inquiry is not whether one movant will do better job protecting class, but rather whether opposing movants can prove that presumptive lead plaintiff "will not be a fair and adequate lead plaintiff going forward").

Mr. Hedvat, who has suffered substantially greater losses than all other movants, is the presumptive lead plaintiff and should be appointed as such, as no proof exists to rebut the presumption in his favor. Mr. Hedvat is not subject to any unique defenses nor are there any reasons why he would be unable to adequately represent the interests of the Class. As a result, under the procedure set forth in the PSLRA and the controlling law of the Ninth Circuit, Mr. Hedvat must be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d at 729-31.

### B. Approval of Mr. Hedvat's Choice of Counsel Is Appropriate.

The PSLRA also provides that once the court has designated a lead plaintiff, that lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3) (B)(v) . The district court must approve lead plaintiff's choice of counsel unless declining to do so is necessary to protect the interests of the class. Here, Mr. Hedvat has selected Levi & Korsinsky, LLP ("Levi & Korsinsky") to serve as lead plaintiff. As Levi & Korsinsky has extensive experience litigating securities class actions, Mr. Hedvat respectfully submits that his choice of lead counsel should be approved. *See Sanders,* 2013 U.S. Dist. LEXIS 145000, at *11 ("'The district court does not select class counsel at all', and typically approves the lead plaintiff's selection of counsel") (quoting *In re Cavanaugh*, 306 F.3d at 732-

34); *see also In re Aqua Metals,* 2018 U.S. Dist. LEXIS 86889, at *13 (appointing Levi & Korsinsky as co-lead counsel and noting that Levi & Korsinsky has "extensive experience as lead counsel in securities class actions").

## IV. CONCLUSION

For the foregoing reasons, Mr. Hedvat respectfully requests that this Court: (1) appoint Movant as Lead Plaintiff for the Class in the Actions; and (2) approve Levi & Korsinsky as Lead Counsel for the Class.

Dated: June 11, 2019                          Respectfully submitted,

                                              **LEVI & KORSINSKY, LLP**

                                              */s/ Gregory Mark Nespole*
                                              Gregory Mark Nespole
                                              (*admitted pro hac vice*)
                                              55 Broadway, 10th Floor
                                              New York, New York 10006
                                              Telephone: (212) 363-7500
                                              Email: gnespole@zlk.com

                                              **LEVI & KORSINSKY, LLP**
                                              Adam M. Apton (SBN 316506)
                                              Adam C. McCall (SBN 302130)
                                              44 Montgomery Street, Suite 650
                                              San Francisco, California 94104
                                              Telephone: (415) 291-2420
                                              Email: aapton@zlk.com
                                              Email: amccall@zlk.com

                                              *Attorneys for Movant Shimon Hedvat and Proposed Lead Counsel for the Class*