Nicole Lavallee (SBN 165755)
A. Chowning Poppler (SBN 272870)
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
       cpoppler@bermantabacco.com

*Counsel for Movant Jose Flores
and Proposed Liaison Counsel for the Class*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RYAN SCHELLER, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>      vs.<br><br>NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS,<br><br>                              Defendants. | Case No. 3:19-cv-01651-WHO<br><br><u>CLASS ACTION</u><br><br>**MOVANT JOSE FLORES'S MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF**<br><br>DATE:      July 10, 2019<br>TIME:      2:00 p.m.<br>CTRM:    2 – 17th Floor<br>JUDGE:   Hon. William H. Orrick |
| TIM MAUTER, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>      vs.<br><br>NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS,<br><br>                              Defendants. | Case No. 3:19-cv-02442-RS<br><br><u>CLASS ACTION</u><br><br>JUDGE:   Hon. Richard Seeborg |

JOSEPH S. MAROUN, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS,

Defendants.

Case No. 3:19-cv-02744-RS

<u>CLASS ACTION</u>

JUDGE:      Hon. Richard Seeborg

HEIDI ZAPF, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS,

Defendants.

Case No. 3:19-cv-02781-SI

<u>CLASS ACTION</u>

JUDGE:      Hon. Susan Illston

[CASE NO. 3:19-cv-01651-WHO] MOVANT JOSE FLORES'S MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF

# TABLE OF CONTENTS

I.     ARGUMENT.................................................................................................................4

    A.     The Motions To Consolidate Should Be Granted......................................................4

    B.     Based Upon The Information Available, Jose Flores Does Not Contest
        That Shimon Hedvat Is The Most Adequate Plaintiff ...........................................4

        1.     Legal Standards.........................................................................................4

        2.     The Court Should Calculate The Financial Interests Of The
            Movants Using the Retained Share Method ................................................5

        3.     Shimon Hedvat Appears To Be The Most Adequate Plaintiff ...................6

        4.     May's Claimed Damages Are Overstated....................................................6

    C.     Jose Flores Is Willing To Serve As Lead Plaintiff Or A Representative
        Party .........................................................................................................................7

II.    CONCLUSION............................................................................................................7

## TABLE OF AUTHORITIES

**CASES**

*Cal. Pub. Emps.' Ret. Sys. v. ANZ Secs., Inc.*,
    137 S. Ct. 2042 (2017) ................................................................................................ 7

*Eichenholtz v. Verifone Holdings, Inc.*,
    No. C 07-06140 MHP, 2008 WL 3925289 (N.D. Cal. Aug. 22, 2008) .............................. 5

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ................................................................................... 4, 7

*Markette v. Xoma Corp.*,
    No. 15-cv-03425-HSG, 2016 WL 2902286 (N.D. Cal. May 13, 2016) .................... 5, 6, 7

*Mulligan v. Impax Labs., Inc.*,
    No. C-13-1037 EMC, 2013 WL 3354420 (N.D. Cal. July 2, 2013) ................................ 5

**STATUTES**

15 U.S.C. § 78u-4(a)(3) ................................................................................................ 3

15 U.S.C. § 78u-4(a)(3)(B)(i) ......................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(ii) ........................................................................................ 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ............................................................................... 5, 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 .................................................................................................. 4, 6, 7

Fed. R. Civ. P. 42(a) ..................................................................................................... 3

Before the Court are seven motions seeking (1) consolidation of four related actions (the "Actions")[1] pursuant to Federal Rule of Civil Procedure 42(a), and (2) appointment as lead plaintiff and approval of selection of counsel in the consolidated action pursuant to the Private Securities Litigation Reform Act ("PLSRA"), 15 U.S.C. § 78u-4(a)(3).   The movants are (1) the City of Birmingham Relief and Retirement System ("Birmingham") (Dkt. Nos. 19-21); (2) Shimon Hedvat (Dkt. Nos. 22-25); (3) Mamood Sabahi (Dkt. Nos. 26-31); (4) Jose Flores (Dkt. Nos. 32-34); (5) the Bristol County Retirement System ("Bristol") and Joseph S. Maroun (Dkt. Nos. 35-36, 38, 40, 42, 44-46); (6) Frank May (Dkt. Nos. 37, 39, 41, 43); and (7) John Barnes, Heidi Zapf, and Ronald Castillo (Dkt. Nos. 47-50).[2]

Each of the movants agree that the Actions should be consolidated, as they assert similar claims arising out of the same underlying facts.

Based upon the information currently available, Jose Flores does not contest that Shimon Hedvat is presumptively the most adequate plaintiff under the PSLRA.   Hedvat appears to have the largest financial interest of all movants in Nutanix securities purchased during the "Class Period" of March 2, 2018 through February 28, 2019, and Jose Flores is not aware of any proof of Hedvat's inadequacy or atypicality.

Jose Flores has the next largest financial interest in Nutanix securities purchased during the Class Period.   While Frank May claims to have a larger interest, he has overstated his losses using the Last-In, First-Out ("LIFO") method.   When Frank May's financial interest is recalculated using the retained share method, it is less than Jose Flores's financial interest.

---

[1] *Scheller v. Nutanix, Inc.*, No. 3:19-cv-1651-WHO (N.D. Cal.) ("Scheller"); *Mauter v. Nutanix, Inc.*, No. 3:19-cv-2442-RS (N.D. Cal.) ("Mauter"); *Maroun v. Nutanix, Inc.*, No. 3:19-cv-2744-RS (N.D. Cal.) ("Maroun"); *Zapf v. Nutanix, Inc.*, No. 3:19-cv-2781-SI (N.D. Cal.) ("Zapf").

[2] David Panczner also filed a motion for appointment as lead plaintiff, but withdrew that motion on June 5, 2019.  Dkt. Nos. 17-18, 58.  As such, he is not eligible to be appointed lead plaintiff.

[CASE NO. 3:19-cv-01651-WHO] MOVANT JOSE FLORES'S MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF                                                                                                                    3

Accordingly, should the Court find issue with Shimon Hedvat, or if a co-lead plaintiff or additional class representative is appropriate, Jose Flores stands ready, willing, and able to serve as a class representative.[3]

## I.      ARGUMENT

### A.      The Motions To Consolidate Should Be Granted

The PSLRA requires that the Court determine the motion for consolidation prior to appointing a lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).

The motions to consolidate should be granted.  The Actions each allege violations of Sections 10(b) and 20(a) of the Exchange Act of 1934 (15 U.S.C. §§ 78j(b) and 78t(a)) and Securities and Exchange Commission ("SEC") Rule 10b-5 (17 C.F.R. § 240.10b-5) arising out of the same underlying facts against the same defendants.  Moreover, consolidation will promote judicial efficiency and conserve the resources of the Court and the parties.

### B.      Based Upon The Information Available, Jose Flores Does Not Contest That Shimon Hedvat Is The Most Adequate Plaintiff

#### 1.      Legal Standards

The PSLRA instructs that in a securities class action, a court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter referred to as the 'most adequate plaintiff')."  15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA creates a rebuttable presumption that the most adequate plaintiff is the person who "has either filed the complaint or made a [timely] motion [for appointment as lead plaintiff]; in the determination of the court, has the largest financial interest in the relief sought by the class; and … otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc).  At the lead plaintiff stage, the Court's Rule 23 analysis focuses on the requirements of typicality and adequacy.  *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *Markette v. Xoma Corp.*, No. 15-cv-03425-HSG, 2016 WL 2902286, at *7 (N.D. Cal.

---

[3] Each of the other remaining movants have financial interests far below Hedvat, Flores, and May.

May 13, 2016). The PSLRA allows that the presumption may only be rebutted "upon proof" that the most adequate plaintiff "will not fairly and adequately protect the interests of the class; or … is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb).

### 2. The Court Should Calculate The Financial Interests Of The Movants Using the Retained Share Method

As stated in Jose Flores's motion, "[t]he Ninth Circuit has declined to endorse a particular method to calculate which movant has the largest financial stake in a securities class action." *Markette*, 2016 WL 2902286, at *5 (citation and internal quotation marks omitted).

In cases such as the Actions "where there is a relatively constant fraud premium through the class period" and there are "not multiple partial disclosures that reveal the purported fraud during the class period," courts in this District have "look[ed] to the shares retained at the end of the class period that were purchased during the class period and calculate[ ] the total net loss on those securities alone" at the lead plaintiff stage. *Id.* at *5 (citing *Mulligan v. Impax Labs., Inc.*, No. C-13-1037 EMC, 2013 WL 3354420, at *6 (N.D. Cal. July 2, 2013); *Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140 MHP, 2008 WL 3925289, at *10-14 (N.D. Cal. Aug. 22, 2008)).

> The [main] advantage of the "retained shares" method is that it look[s] to losses experienced due to the shares that the plaintiff was holding at the time the fraud was disclosed, and thus focus[es] on losses caused when stock purchased at artificially inflated prices decreases in value due to the disclosure of the fraud. ***This metric thereby excludes losses caused by normal market fluctuations prior and unrelated to the disclosure of the fraud.***

*Markette*, 2016 WL 2902286, at *5 (emphasis added, alteration in original, citations omitted).

> [The] retained shares method most accurately establishes the loss amount [because] a single disclosure revealed Defendants' purported fraud and does not suggest that any partial disclosures occurred during the class period…. ***When a single disclosure reveals a purported fraud, there is a constant fraud premium across the class period, meaning that the artificial inflation of the price of the security did not dissipate. In those situations, the retained shares method is more accurate than [LIFO], net loss, and other economic loss methods because it excludes losses incurred during the class period that are likely attributable to normal market fluctuations rather than fraud***."

*Id.* at *6 (emphasis added, citations omitted).

### 3.    Shimon Hedvat Appears To Be The Most Adequate Plaintiff

Shimon Hedvat appears to have the largest financial interest, as calculated under the retained share method.  Hedvat held 108,430 net retained shares at the end of the Class Period.  Further, Jose Flores is unaware of any proof that Hedvat does not meet the adequacy and typicality requirements of Rule 23, or that Hedvat "will not fairly and adequately protect the interests of the class; or … is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb).

As such, based upon the information available, Jose Flores does not contest that Shimon Hedvat is the most adequate plaintiff under the PSLRA.

### 4.    May's Claimed Damages Are Overstated

In Frank May's motion (Dkt. No. 37), he claimed losses in Nutanix common stock during the Class Period of $505,465.13.  These losses are grossly overstated and should not be used by the Court.

May used the LIFO method to calculate his losses.  This is not the appropriate method to use at this stage in the Actions.  When there is a constant fraud premium during the Class Period, and only one corrective disclosure at the end of the class period (as opposed to several partial corrective disclosures), courts in this District have held that the retained share method is the appropriate way to calculate the financial interest of a lead plaintiff movant.  *Markette*, 2016 WL 2902286, at *5-6.

May's use of the LIFO method means that his asserted losses are calculated on all 145,500 shares that he purchased during the Class Period, not only the 14,000 net shares purchased and still held at the end of the Class Period.  May's claimed losses are inflated because they include losses that May experienced during the Class Period due to market fluctuations that are unrelated to the alleged fraud.  Therefore, the Court should disregard May's claimed losses and instead recalculate May's financial interest on only his 14,000 net retained shares held at the end of the Class Period.

**C.    Jose Flores Is Willing To Serve As Lead Plaintiff Or A Representative Party**

"'If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23.'" *Markette*, 2016 WL 2902286, at \*2 (quoting *Cavanaugh*, 306 F.3d at 730).

Under the retained share method, Flores has the second largest financial interest in Nutanix common stock (22,340 net retained shares) after Shimon Hedvat.[4]  Jose Flores also satisfies Rule 23's requirements of adequacy and typicality.  Should the Court find issue with Hedvat or that additional lead plaintiffs or class representatives are appropriate, Jose Flores stands ready, willing, and able to serve either as a lead plaintiff or class representative.  For example, give the Supreme Court's 2017 opinion in *California Public Employees' Retirement System v. ANZ Securities, Inc.*, holding that the statute of repose for a securities claim is not stayed for absent class members during the pendency of a class action, 137 S. Ct. 2042 (2017), the Court may find it appropriate to appoint an additional class representative in case the appointed lead plaintiff is found to be an inappropriate class representative (which would result in denial of the class certification motion and could result the expiration of the statute of repose for the absent class members).

## II.    CONCLUSION

For the reasons stated above, Jose Flores respectfully requests that the four Actions be consolidated.  Flores does not contest that, based upon the information available, Shimon Hedvat is the most adequate plaintiff under the PSLRA.  However, Flores contests May's damages calculation under the LIFO method, and when May's damages are properly calculated under the retained share method, Jose Flores has the second largest financial interest of any of the lead plaintiff movants.

---

[4] The remaining movants all have significantly less net retained shares than Flores:  Birmingham: 10,300 net retained shares; Sabahi:  6,900 net retained shares; Bristol/Maroun:  6,730 net retained shares; and Barnes/Zapf/Castillo:  6,117 net retained shares.  In fact, Barnes/Zapf/Castillo, Birmingham and Sabahi have conceded that they do not have the largest financial interest.  *See* Dkt. No. 56 (Barnes/Zapf/Castillo), Dkt. No. 66 (Birmingham) and Dkt. No. 67 (Sabahi).

DATED:  June 11, 2019

Respectfully submitted,

**BERMAN TABACCO**

*/s/ Nicole Lavallee*
Nicole Lavallee

A. Chowning Poppler
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
          cpoppler@bermantabacco.com

*Counsel for Movant Jose Flores and Proposed*
*Liaison Counsel for the Class*

Robert C. Finkel (*Pro Hac Vice*)
**WOLF POPPER LLP**
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Facsimile: (212) 459-2093
Email: rfinkel@wolfpopper.com

*Counsel for Movant Jose Flores and Proposed*
*Lead Counsel for the Class*