**LEVI & KORSINSKY, LLP**
Gregory M. Nespole (admitted *pro hac vice*)
55 Broadway, 10th floor
New York, New York 10006
Tel.: (212) 363-7500
Email: gnespole@zlk.com

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Tel: (415) 291-2420
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Movant Shimon Hedvat*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SCHELLER, Individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS,<br><br>Defendants. | No. 3:19-cv-01651-WHO<br><br>Hon. William H. Orrick<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF SHIMON HEDVAT FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**<br><br>Date: July 10, 2019<br>Time: 9:00 a.m.<br>Courtroom: 2-17th Floor |
| TIM MAUTER, Individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS, | No. 3:19-cv-02442-RS<br><br>Hon. Richard Seeborg |

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF SHIMON HEDVAT FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
Nos. 3:19-cv-01651-WHO; 3:19-cv-02442-RS; 3:19-cv-02744-RS; 3:19-cv-02781-SI

Defendants.

| | |
|---|---|
| JOSEPH S. MAROUN, Individually and on behalf of all others similarly situated, | No. 3:19-cv-02744-RS |
| Plaintiff | Hon. Richard Seeborg |
| vs. | |
| NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS, | |
| Defendants. | |
| HEIDI ZAPF, Individually and on behalf of all others similarly situated, | No. 3:19-cv-02781-SI |
| Plaintiff | Hon. Susan Illston |
| vs. | |
| NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS, | |
| Defendants. | |

ii
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF SHIMON HEDVAT FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
Nos. 3:19-cv-01651-WHO; 3:19-cv-02442-RS; 3:19-cv-02744-RS; 3:19-cv-02781-SI

## MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ................................................................................. 1

II.  ARGUMENT ...................................................................................................... 4

    A.  Mr. Hedvat Possesses the Largest Financial Interest in the Relief Sought by the Class by Any Measure .................................................................................. 4

    B.  Mr. Hedvat Complied with the PSLRA's Certification Requirements and With Rule 3-7(c) ...................................................................................................... 5

    C.  Mr. Hedvat Will Adequately Represent the Interests of the Class .......................... 7

        1.  Mr. Hedvat Is A Typical and Adequate Class Representative ......................... 7

        2.  Mr. Hedvat's Choice of Counsel, Levi & Korsinsky, Should be Approved ..... 8

    D.  Mr. May's Request for Discovery Lacks Merit and Does Not Provide Any Basis to Lift the PSLRA's Automatic Discovery Stay ................................................. 10

III. CONCLUSION ................................................................................................... 12

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF SHIMON HEDVAT FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
Nos. 3:19-cv-01651-WHO; 3:19-cv-02442-RS; 3:19-cv-02744-RS; 3:19-cv-02781-SI

## **TABLE OF AUTHORITIES**

**Cases**

*Andrade v. American Apparel, Inc,*

2011 U.S. Dist. LEXIS 160807 (C.D. Cal. Jan. 21, 2007) ..................................................... 11

*Chill v. Green Tree Fin. Corp.*,

181 F.R.D. 398 (D. Minn. 1998) ...................................................................................... 7

*Desmet v. Intercept Pharmaceuticals Group, Inc.*

17-cv-7371 (LAK) (S.D.N.Y. June 1, 2018) ......................................................... 10

*Ferrari v. Gisch,*

225 F.R.D. 599 (C.D. Cal. 2004) ...................................................................................... 7

*Ferrari v. Impath, Inc.*,

2004 U.S. Dist. LEXIS 13898, 2004 WL 1637053 (S.D.N.Y. 2004) ................................... 10

*Francisco v. Abengoa, S.A.,*

No. 15 CIV. 6279 (ER), 2016 WL 3004664 (S.D.N.Y. May 24, 2016) ............................... 8

*Garbowski v. Tokai Pharms., Inc.*,

302 F. Supp. 3d 441 (D. Mass. 2018) ................................................................................. 9

*Graves v. AECOM*,

No. LA CV16-06605 JAK (KSx), 2017 U.S. Dist. LEXIS 217641 (C.D. Cal. Feb. 8, 2017) 3

*Guohua Zhu v. UCBH Holdings, Inc.*,

682 F. Supp. 2d 1049 (N.D. Cal. 2010) ............................................................................ 10

*Hodges v. Immersion Corp.*,

No. C-09-4073 MMC, 2009 U.S. Dist. LEXIS 122565 (N.D. Cal. Dec. 21, 2009)............. 10

*Huang v. Airmedia Grp. Inc.,*

2015 U.S. Dist. LEXIS 178083 (S.D.N.Y. Nov. 10, 2015) .................................................. 7

*In re Advanced Tissue Sciences Sec. Litig.*, 184 F.R.D. 346 (S.D. Cal. 1998) ........................... 7

*In re Cavanaugh*,

306 F.3d 726 (9th Cir. 2002) ................................................................................. 4, 6, 11

*In re Micron Technology, Inc. Sec. Litig.*,

No. 19-cv-0678, 2019 U.S. Dist. LEXIS 72948 (S.D.N.Y. Apr. 30, 2019) ........................... 2

*In re Network Assocs. Sec. Litig.*,

76 F. Supp. 2d 1017 (N.D. Cal. 1999) ................................................................................. 11

*In re Silver Wheaton Corp. Sec. Litig.*,

2017 U.S. Dist. LEXIS 72787 (C.D. Cal. May 11, 2017) ....................................................... 7

*In re Tesla, Inc. Sec. Litig.*,

No. 18-CV-04865-EMC, 2018 WL 6609569 (N.D. Cal. Dec. 17, 2018) .............................. 8

*In re Tronox, Inc. Sec. Litig.,*

262 F.R.D. 338 (S.D.N.Y. 2009) ............................................................................................ 11

*In re Vonage Initial Pub. Offering Secs. Litig.*,

2007 U.S. Dist. LEXIS 66258 (D.N.J. Sept. 7, 2007) ............................................................ 11

*Inchen Huang v. Depomed*, *Inc.*,

289 F. Supp. 3d 1050 (N.D. Cal. 2017) ................................................................................. 9

*Isaacs v. Musk,*

No. 18-CV-04865-EMC, 2018 WL 6182753 (N.D. Cal. Nov. 27, 2018) .............................. 8

*Levin v. Res. Capital Corp.*,

No. 15 CIV. 7081 (LLS), 2015 WL 7769291 (S.D.N.Y. Nov. 24, 2015) .............................. 8

*Lomingkit v. Apollo Educ. Grp., Inc.*,

No. CV-16-00689-PHX-DLR, 2016 U.S. Dist. LEXIS 78591 (D. Ariz. June 16, 2016) ....... 1

*Mohanty v. Bigband Networks, Inc.*,

2008 U.S. Dist. LEXIS 32764 (N.D. Cal, Feb. 14, 2008) ...................................................... 7

*Nasin v. Hongli Clean Energy Techs. Corp.*,

No. 2:17-3244 (WJM), 2017 U.S. Dist. LEXIS 192673 (D.N.J. Nov. 21, 2017) .................. 7

*Polat v. Regulus Therapeutics, Inc.*,

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF
SHIMON HEDVAT FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF,
AND APPROVAL OF LEAD COUNSEL
Nos. 3:19-cv-01651-WHO; 3:19-cv-02442-RS; 3:19-cv-02744-RS; 3:19-cv-02781-SI

No. 3:17-cv-00182-BTM-RBB, 2017 U.S. Dist. LEXIS 177872 (S.D. Cal. Oct. 26, 2017) . 9

*Pope v. Navient Corp.*,

No. CV 17-8373 (RBK/AMD), 2018 WL 672640 (D.N.J. Feb. 2, 2018).............................. 8

*Richardson v. TVIA, Inc.*,

Nos. C-06-06304 RMW, C-06-07307 RMW, 2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr.

16, 2007)....................................................................................................................... 3, 6

*Robb v. Fitbit Inc.*,

No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016) ................... 4

*Sawicki v. Stitch Fix, Inc. et al.*,

Case No. 3:18-cv-6208 ................................................................................................. 6, 11

*Shiring v. Tier Techs., Inc.*,

244 F.R.D. 307 (E.D. Va. 2007)) ..................................................................................... 7

*Siegall v. Tibco Software, Inc.*,

Nos. C 05-2146 SBA, C 05-2205 SBA, C 05-2373 SBA), 2006 U.S. Dist. LEXIS 26780

(N.D. Cal. Feb. 24, 2006) ................................................................................................. 7

*Tai Jan Bao v. SolarCity Corp.*,

2014 U.S. Dist. LEXIS 111869 (N.D. Cal. Aug. 11, 2014) ................................................ 7

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)................................................................................................ 8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ............................................................................... 8

15 U.S.C. § 78u-4(b)(3)(B). .............................................................................................. 10

15 U.S.C. §§ 78u-4(a)(2)(A)(i)-(vi) ................................................................................... 6

**Rules**

Civil Local Rule 3-7(c)............................................................................................. 3, 5, 6, 7

Fed. R. Civ. P. 23 ........................................................................................................... 2, 8

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF SHIMON HEDVAT FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
Nos. 3:19-cv-01651-WHO; 3:19-cv-02442-RS; 3:19-cv-02744-RS; 3:19-cv-02781-SI

Mr. Hedvat[1] respectfully submits this Reply Memorandum of Law in further support of his Motion for Consolidation of the Actions, Appointment as Lead Plaintiff, and Approval of Lead Counsel (Dkt. No. 22),[2] and in reply to Mr. May's Response to Competing Lead Plaintiff Motions ("May Br."). Dkt No. 69. For the reasons that follow, Mr. Hedvat should be appointed as lead plaintiff and his choice of counsel, Levi & Korsinsky, should be approved.

## I.    PRELIMINARY STATEMENT

On May 28, 2019, eight lead plaintiff movants filed motions seeking appointment as lead plaintiff and the concomitant selection of lead counsel.  All movants, but Mr. May, represented by Faruqi & Faruqi LLP ("Faruqi"), and Jose Flores ("Flores") represented by Wolf Popper LLP, withdrew, filed notices of non-opposition, or abandoned their motions by failing to respond otherwise.[3]

Mr. Flores does not oppose Mr. Hedvat's application, indeed acknowledging that "Hedvat appears to have the largest financial interest of all movants" and states that he is "not aware of any proof of Hedvat's inadequacy or atypicality." Dkt. No. 70 at pp. 3. Rather, Mr. Flores states in his short response that he has "the second largest financial interest of any of the lead plaintiff movants" because Mr. May overstated his losses by failing to discount those not incurred pursuant to the alleged fraud at issue. *Id*. at pp. 6-7.

The PSLRA mandates Mr. Hedvat's appointment as lead plaintiff because he undeniably has the largest financial interest in the Actions. Mr. Hedvat purchased 216,930 total shares during the Class Period, retained 108,430 shares through the end of the Class Period, expended

---

[1] Unless noted otherwise, all capitalized, defined terms shall have the same meaning ascribed to them in Mr. Hedvat's opening Motion for Consolidation of the Actions, Appointment as Lead Plaintiff, and Approval of Lead Counsel (Dkt. No. 22) and Mr. Hedvat's Memorandum and Points and Authorities in Opposition to the Competing Movants' Motions for Appointment as Lead Plaintiff.  Dkt. No. 68.

[2] All movants agree that the Actions should be consolidated.  To date, Defendants have not weighed in on the issue of consolidation.

[3] *See* Dkt. Nos. 56 (notice of non-opposition filed by the Nutanix Investor Group); 58 (notice of withdrawal of lead plaintiff motion filed by David Panczner); 66 (notice of non-opposition filed by City of Birmingham Relief and Retirement System); 67 (notice of non-opposition filed by Mamood Sabahi). Movants Bristol County Retirement System and Joseph S. Maroun failed to timely file an opposition or response in further support of their lead plaintiff motion and have, thus, effectively abandoned it. *See Lomingkit v. Apollo Educ. Grp., Inc*., No. CV-16-00689-PHX-DLR, 2016 U.S. Dist. LEXIS 78591, at *8 (D. Ariz. June 16, 2016) (failure to object to opposing lead plaintiff motion is tantamount to withdrawal or abandonment of initial motion).

1

$5,118,171.89 net funds on those retained shares, and sustained LIFO losses of $934,533.66 and *Dura* LIFO losses of $909,489.66. *See* Dkt. No. 23-2.

Mr. May purchased 145,000 total shares during the class period, retained **only 14,000** through the close of the Class Period, expended $888,699.47 net funds on those retained shares, and sustained LIFO losses of $505,465.12 and **just** $352,008.75 in *Dura* LIFO losses when properly excluding losses not incurred due to the alleged fraud. *See* Dkt. Nos. 37-4; *see also In re Micron Technology, Inc. Sec. Litig.*, No. 19-cv-0678, 2019 U.S. Dist. LEXIS 72948, at *9 (S.D.N.Y. Apr. 30, 2019) ("the recent trend . . . is for movants to adjust their LIFO calculations to remove any losses arising from securities that were bought and sold before a defendant's corrective disclosure.").

Mr. Hedvat also amply satisfies Rule 23's typicality and adequacy requirements by virtue of having claims identical with the members of the Class, sustaining the largest recoverable loss of any movant before the Court, thus ensuring vigorous advocacy, and retaining experienced and competent counsel. Accordingly, Mr. Hedvat is presumptively the most adequate lead plaintiff. Recognizing Mr. Hedvat's overwhelmingly higher losses, Mr. May or rather his counsel, Faruqi,[4] strains to create issues where none exist.

First, Mr. May makes a disingenuous and irresponsible attack claiming that **two** of Mr. Hedvat's transactions (the remainder of which go unchallenged) attached to Mr. Hedvat's lead plaintiff certification were false. In support of this argument, Mr. May attaches screenshots of Nutanix historical trading data purportedly retrieved from Bloomberg to suggest that Mr. Hedvat's trades were inaccurate because only a certain number of shares were traded at the represented prices on those days. Dkt. 69-2. As discussed below, Mr. Hedvat's submission is entirely consistent with, and in fact confirmed by, the Bloomberg data presented by Mr. May, and therefore his certification contains no inaccuracies.

Second, Mr. May attacks Mr. Hedvat for submitting a certification not in compliance with

---

[4] There is nothing in Mr. May's papers that suggest that Mr. May has any personal knowledge of the facts underlying the various accusations made against Mr. Hedvat or his counsel.

2

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF SHIMON HEDVAT FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
Nos. 3:19-cv-01651-WHO; 3:19-cv-02442-RS; 3:19-cv-02744-RS; 3:19-cv-02781-SI

Civil Local Rule 3-7(c) ("Rule 3-7(c)"). This argument is also meritless. Mr. Hedvat has complied with Rule 3-7(c) by expressly adopting the allegations of the first-filed action in his lead plaintiff motion and certifying in his PSLRA certification that he reviewed a complaint filed in the Actions. Thus, he has complied with Rule 3-7(c). *Richardson v. TVIA, Inc.*, Nos. C-06-06304 RMW, C-06-07307 RMW, 2007 U.S. Dist. LEXIS 28406, at \*10 n.2 (N.D. Cal. Apr. 16, 2007) ("[t]he record [] indicates that [plaintiff] complied with Civil L.R. 3-7(c) by stating that he has reviewed the complaint and specifying the allegations he intends to assert in his motion and supporting declarations."). Ironically, as discussed below, it appears that it is Mr. May who failed to comply with Rule 3-7(c).[5]

Third, Mr. May's effort to smear Mr. Hedvat by attacking his counsel, Levi & Korsinsky, is a meritless distraction. As previously established in numerous courts throughout the United States, Levi & Korsinsky is eminently qualified to be lead counsel in securities class actions such as this. Mr. May has not proffered one iota of ***proof*** beyond wild speculation to rebut the presumption under the PSLRA that Mr. Hedvat is presumptively the most adequate lead plaintiff. Moreover, his speculation does not even intimate that Levi & Korsinsky engaged in any misleading conduct or that Mr. Hedvat specifically was misled by anything Levi & Korsinsky did. Thus, there is no reason for the Court to deviate from appointing the Lead Plaintiff's choice of counsel.

Fourth, having fallen well short of satisfying the PSLRA's standard of allowing discovery only in the most limited of circumstances, Mr. May is not entitled to take any discovery in these lead plaintiff proceedings. *See Graves v. AECOM*, No. LA CV16-06605 JAK (KSx), 2017 U.S. Dist. LEXIS 217641, at \*5 (C.D. Cal. Feb. 8, 2017) ("other plaintiffs may be allowed to conduct discovery if they 'demonstrate a reasonable basis for a finding that the presumptively most

---

[5] Curiously, although Mr. May attacks Mr. Hedvat for failure to comply with Rule 3-7(c), he himself appears to have violated the rule. His certification (Dkt. 37-3 at pp. 2) states that he has "reviewed a complaint filed against Nutanix, Inc". It does not specify, as required by the rule, that he reviewed a complaint that was filed in one of the Actions. Importantly, Mr. May's certification does not distinguish between one of the Complaints filed in the Actions or some other, unrelated complaint filed against Nutanix.

3

adequate plaintiff is incapable of adequately representing the class.'")

Finally, tellingly absent from Mr. May's arguments is any meaningful discussion of the "simple three-step process for identifying the lead plaintiff pursuant to [the PSLRA]." *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  Instead, Mr. May seeks to disrupt the well-established statutory process by making meritless attacks on Mr. Hedvat's trading, his certification, and his choice of counsel.  For these reasons, and as set forth *infra*, the "sequential process" of examining potential lead plaintiffs starts and ends with Mr. Hedvat. *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at \*11-12 (N.D. Cal. May 10, 2016).

## II.    ARGUMENT

### A.  Mr. Hedvat Possesses the Largest Financial Interest in the Relief Sought by the Class by Any Measure

As demonstrated in the chart below, Mr. Hedvat possesses a substantially larger financial interest in the Actions under *any* measure courts consider in comparing financial interest and, crucially, retained 108,430 shares through the end of the Class Period.[6]  Indeed, and as Mr. Flores similarly argues, Mr. May arguably possesses the *third* largest financial interest of the remaining movants because he improperly inflated his losses by failing to discount losses suffered unrelated to the underlying fraud. Dkt. No. 70.  As demonstrated below, Mr. Flores claims a larger financial interest than Mr. May in three out of the five *Lax/Olsten* Factors but still well less than the losses of Mr. Hedvat:

| MOVANT | Total Shares Purchased | Net Shares Purchased | Net Funds Expended | LIFO Losses | *Dura* LIFO Loss |
|---|---|---|---|---|---|
| Mr. Hedvat | 216,930 | 108,430 | $5,118,171.89 | $934,533.66 | $909,489.66 |
| Mr. Flores | 274,380 | 22,340 | $1,095,055.52 | $236,908.75 | $215,220.22 |
| Mr. May | 145,500 | 14,000 | $888,665.13 | $505,465.13 | $352,005.75 |

---

[6] While Mr. May's *Dura* LIFO losses are approximately $352,000, Mr. Flores claims his retained share losses are approximately $396,000. *See* Declaration of Robert C. Finkel in Support of Jose Flores's Motion for Relation and Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel (Dkt. 33-3 at 2). Accordingly, Mr. May arguably has the *third* highest financial interest notwithstanding his argument's other infirmities.

4

Mr. May, disputes (incorrectly) this fact, arguing Mr. Hedvat's certification is inaccurate and his losses are rendered *entirely* incalculable because two of his trades during the Class Period were purportedly "outside of [the] judicially noticeable historical volume for purchases at those prices on the days in question." May Br. at 6. This is incorrect. Had Mr. May carefully examined the Bloomberg screenshots he relies upon, he would have seen that the purported discrepancy is merely the result of rounding.

Indeed, a comparison of the transactions listed in Mr. Hedvat's PSLRA certification (Dkt. 23-1) and Mr. May's Bloomberg screenshots demonstrates the ***accuracy*** of the reported transactions. The two trades at issue are: (1) 3,000 shares on December 28, 2019 at $39.17 per share; and (2) 700 shares on January 17, 2019 at $49.02 per share.[7] In his certification, Mr. Hedvat recorded the price of his purchases at *two* decimal points, or the *full cent*. Dkt. No. 23-1 at 5-6. The Bloomberg screenshots Mr. May submitted (Dkt. No. 71-1, at 2 and 3), on the other hand, demonstrate the prices of Nutanix stock to *three* decimal points, or *one hundredth of a cent*. Therefore, the prices listed by Mr. Hedvat are accurate, but just rounded differently than Bloomberg. In fact, in both Bloomberg screenshots, the transactions made by Mr. Hedvat ***are listed***—meaning that Mr. May carelessly (or purposefully and misleadingly) ignored them in his papers:



| 39.1697 | 1 | 3,000 | 3,000 | 0 | 0 | 0 |
| 49.0169 | 1 | 700 | 700 | 0 | 0 | 0 |

### B. Mr. Hedvat Complied with the PSLRA's Certification Requirements and With Rule 3-7(c)

Taken right from Faruqi's playbook (even relying on the same inapposite cases), Mr. May argues that Mr. Hedvat failed to comply with Rule 3-7(c) and that the result should be summary rejection of his motion. This identical argument was made by Faruqi in this District six months ago and ***was not even addressed*** at the hearing before Judge Donato[8] because the argument, just

---

[7] Mr. May incorrectly states that the January 17, 2019 purchase was for 900 shares. *See* May Br. at 6.

[8] *See* Declaration of Gregory M. Nespole ("Nespole Decl.") in Support of Shimon Hedvat's Reply Memorandum of Law at Ex. A (transcript of proceedings held on January 17, 2019 before the Honorable James Donato in *Sawicki v.*

5

as it is here, is merely a distraction from the ***real*** issues at play—namely the PSLRA's well-defined provisions guiding the appointment of a lead plaintiff. *See In re Cavanaugh*, 306 F.3d at 729-30.  As his counsel has attempted and failed before in this District, Mr. May asks the Court to deviate from the well-defined process mandated by the PSLRA in appointing lead plaintiffs in federal securities class action lawsuits.

Contrary to Mr. May's contention (May Br. at 8), Mr. Hedvat's certification satisfies the federal statutory requirements of the PSLRA. 15 U.S.C. §§ 78u-4(a)(2)(A)(i)-(vi).  By certifying that he read a complaint filed in the Actions, moving for appointment as lead plaintiff to litigate the allegations in that complaint, and by incorporating by reference the facts set forth in the *Scheller* Action in his lead plaintiff motion "[t]he record [] indicates that [Hedvat] complied with Civil L.R. 3-7(c) by stating that [he] reviewed the complaint and specifying the allegations [he] intends to assert in his motion and supporting declarations." *Richardson*, 2007 U.S. Dist. LEXIS 28406, at *10 n. 2.  Simply stated, Mr. Hedvat has complied with Rule 3-7(c) in substance, and Mr. May's argument must be disregarded.

Ironically, it is Mr. May who apparently has failed to comply with Rule 3-7(c).  Mr. May stated in his certification that he reviewed "a complaint filed against Nutanix, Inc." (Dkt. No. 37-3 at ¶ 1) but did not say that he reviewed a "complaint filed in the action."  Thus, there is no way to know whether the complaint that Mr. May reviewed was one filed in the Actions against Nutanix or one filed against Nutanix for other claims.

Should the Court so deem it necessary, Mr. Hedvat is perfectly willing to submit a new PSLRA certification with any clarifying language the Court might require.  There is ample authority supporting the proposition that the Court may accept a certification submitted after the initial lead plaintiff deadline, especially where the movant (Mr. Hedvat in this case) timely complied with the PSLRA by submitting a certification with his motion.  Moreover, any modifying language would not drastically alter the substance of that original certification.  *See,*

---

*Stitch Fix, Inc. et al.*, Case No. 3:18-cv-6208 ("*Stitch Fix*").  Mr. Hedvat notes that, as of the date of this filing, Judge Donato has not yet ruled on the competing motions for lead plaintiff in *Stitch Fix*.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF SHIMON HEDVAT FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
Nos. 3:19-cv-01651-WHO; 3:19-cv-02442-RS; 3:19-cv-02744-RS; 3:19-cv-02781-SI

*e.g.*, *Siegall v. Tibco Software, Inc.*, Nos. C 05-2146 SBA, C 05-2205 SBA, C 05-2373 SBA), 2006 U.S. Dist. LEXIS 26780 (N.D. Cal. Feb. 24, 2006) (appointing lead plaintiffs who submitted new certification to comply with Rule 3-7(c)); *In re Silver Wheaton Corp. Sec. Litig.*, 2017 U.S. Dist. LEXIS 72787, at * 27-28 (C.D. Cal. May 11, 2017) (appointing movant as lead plaintiff despite four errors in their PSLRA certification); *Tai Jan Bao v. SolarCity Corp.*, 2014 U.S. Dist. LEXIS 111869 (N.D. Cal. Aug. 11, 2014) (finding presumptive lead plaintiff adequate and typical despite error in claimed losses); *In re Advanced Tissue Sciences Sec. Litig.*, 184 F.R.D. 346, 351 n.12 (S.D. Cal. 1998) ("The Court . . . does not find the McKitty Group's computational and typographical errors to be so substantial as to overcome the statutory presumption in favor of the McKitty Group."); *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 410-11 (D. Minn. 1998) (allowing plaintiff movant to supplement certifications in order to correct technical deficiencies in original filing).[9]

### C. Mr. Hedvat Will Adequately Represent the Interests of the Class

#### 1. Mr. Hedvat Is A Typical and Adequate Class Representative

Mr. Hedvat has demonstrated that he will adequately represent the interests of the Class by, among other ways, filing a timely lead plaintiff application, asserting—by far—the largest financial interest in the Actions and retaining qualified counsel to represent him and the Class. Mr. May has presented no evidence to the contrary suggesting Mr. Hedvat's interests are not aligned with those of the other Class members or that he does not have a significant and compelling interest in prosecuting the Actions. Therefore, there is no doubt that Mr. Hedvat will

---

[9] The authority upon which Mr. May relies (May Br. at 8-9) is distinguishable because all are instances where the lead plaintiff movant **did not comply with the PSLRA**, itself, or otherwise did not adopt a specific complaint's allegations in their lead plaintiff motion. *See Shiring v. Tier Techs., Inc.,* 244 F.R.D. 307 (E.D. Va. 2007 (**repeated** failure to correct dates and prices of stock purchases in PSLRA certification evidence of inadequacy); *Nasin v. Hongli Clean Energy Techs. Corp.*, No. 2:17-3244 (WJM), 2017 U.S. Dist. LEXIS 192673, at *7-8 (D.N.J. Nov. 21, 2017) (certifications deficient where movant failed to include PSLRA mandated "under the penalty of perjury" clause); *Mohanty v. Bigband Networks, Inc.*, 2008 U.S. Dist. LEXIS 32764 (N.D. Cal, Feb. 14, 2008) (stating the proposition that that parties must comply with the Rule 3-7(c), which Mr. Hedvat has complied with); *Huang v. Airmedia Grp. Inc.,* 2015 U.S. Dist. LEXIS 178083, at *5 (S.D.N.Y. Nov. 10, 2015) (rejecting certification where it was a "perjured certification or one that was signed by a person without authority to speak for the company"); *Ferrari v. Gisch,* 225 F.R.D. 599 (C.D. Cal. 2004) (finding a completely new application could not be filed after the 60 days deadline).

7

prosecute the Actions vigorously on behalf of the Class and is otherwise adequate under Rule 23.

**2.  Mr. Hedvat's Choice of Counsel, Levi & Korsinsky, Should be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B). The court should only interfere with the lead plaintiff candidate's choice of counsel in drastic instances when absolutely necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Mr. May has presented no evidence suggesting Mr. Hedvat's choice of counsel, Levi & Korsinsky, will not adequately represent the Class, and therefore provides no basis for the Court to deviate from the PSLRA.

Mr. May does not (because he cannot) dispute Levi & Korsinsky's extensive experience prosecuting complex securities class actions such as this.  *See* Dkt. No. 23-4 (the firm resume of Levi & Korsinsky). Indeed, numerous courts have appointed Levi & Korsinsky as lead counsel in major securities fraud class actions. *See Isaacs v. Musk,* No. 18-CV-04865-EMC, 2018 WL 6182753, at *4 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub nom. In re Tesla, Inc. Sec. Litig.*, No. 18-CV-04865-EMC, 2018 WL 6609569 (N.D. Cal. Dec. 17, 2018) (noting Levi & Korsinsky "is experienced in securities fraud litigation and has been appointed Lead Counsel in other securities class actions."); *Francisco v. Abengoa, S.A.,* No. 15 CIV. 6279 (ER), 2016 WL 3004664, at *7 (S.D.N.Y. May 24, 2016) (noting that given "Levi & Korsinsky's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to serve as lead counsel of the class");  *Levin v. Res. Capital Corp.*, No. 15 CIV. 7081 (LLS), 2015 WL 7769291, at *2 (S.D.N.Y. Nov. 24, 2015) (appointing Levi Korsinsky as lead counsel and noting that it is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions"); *Pope v. Navient Corp.*, No. CV 17-8373 (RBK/AMD), 2018 WL 672640, at *5 (D.N.J. Feb. 2, 2018) (appointing Levi & Korsinsky as lead counsel as it "is clearly capable of handling this matter—the firm has extensive experience in private securities litigation and has received numerous favorable judgments in its past representations."); *see also Inchen Huang v. Depomed*, *Inc.*, 289 F. Supp. 3d 1050, 1055 (N.D.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF SHIMON HEDVAT FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
Nos. 3:19-cv-01651-WHO; 3:19-cv-02442-RS; 3:19-cv-02744-RS; 3:19-cv-02781-SI

Cal. 2017) (appointing Levi Korsinsky as lead counsel); *Polat v. Regulus Therapeutics, Inc.*, No. 3:17-cv-00182-BTM-RBB, 2017 U.S. Dist. LEXIS 177872, at *3 (S.D. Cal. Oct. 26, 2017) (same).

Still, without putting forth any evidence beyond unsupported speculation, Mr. May attempts to disqualify Levi & Korsinsky by accusing it of deceptively advertising to Mr. Hedvat based on Faruqi's baseless allegations.  Mr. May has provided no evidence for this meritless accusation, and his papers do not demonstrate that he has any personal knowledge of wrongdoing by Levi & Korsinsky, or that he is even aware that Faruqi is even making these bald accusations on his behalf.  Mr. May has not demonstrated any reason to believe that Mr. Hedvat was in any way misled by Levi & Korsinsky, that Mr. Hedvat is unaware that Levi & Korsinsky is representing him or that Mr. Hedvat was unknowingly referred to Levi & Korsinsky by another law firm.  And for good reason.  No such proof exists because no such facts exist.

As is typical in these cases, Mr. Hedvat directly contacted Levi & Korsinsky and himself retained Levi & Korsinsky.  There was nothing untoward that occurred here—and similarly nothing wrong happened in the ***unrelated*** purported example Mr. May cites in support of his contentions concerning Levi & Korsinsky.  In that matter, there was never a finding of deceptive marketing, no evidence that any lead plaintiff movant was misled or referred without his or her knowledge, and no evidence that any movant was otherwise unaware of the circumstances.  This is just another attempt by Faruqi to obtain appointment as lead counsel in direct contradiction with the provisions of the PSLRA.

Mr. May's cited authority is of no moment.  In *Garbowski v. Tokai Pharms., Inc.*, 302 F. Supp. 3d 441 (D. Mass. 2018), the plaintiff's chosen counsel referred him to another law firm without the plaintiff's knowledge or consent.  302 F. Supp. 3d at 454.  Levi & Korsinsky was not involved in *Tokai Pharms.* and Mr. May's reliance on it here is completely irrelevant because Mr. Hedvat was not referred to Levi & Korsinsky.

In *Desmet v. Intercept Pharmaceuticals Group, Inc*. 17-cv-7371 (LAK) (S.D.N.Y. June

9

1, 2018) Dkt. No. 71-8, Levi & Korsinsky **did** disclose a fee sharing agreement with other counsel as ordered by the court and the court did not disqualify the firm, as Mr. May disingenuously suggests.  As no such fee sharing agreement exists here, *Desmet* has no bearing on the Actions. *Id.*[10]

### D.  Mr. May's Request for Discovery Lacks Merit and Does Not Provide Any Basis to Lift the PSLRA's Automatic Discovery Stay

"In any private action arising under this chapter, all discovery and other proceedings shall be stayed" until after the motion to dismiss stage.  15 U.S.C. § 78u-4(b)(3)(B).  In order to obtain discovery of a lead plaintiff candidate under the PSLRA, a movant "must first demonstrate[] a reasonable basis for its assertions of inadequacy." *Guohua Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1055 n.1 (N.D. Cal. 2010) (noting that "Courts are to take care to prevent the use of discovery to harass presumptive lead plaintiffs, something the Reform Act was meant to guard against."). Mr. May has not come close to satisfying the PSLRA's standard for obtaining discovery.

As demonstrated above, Mr. May has failed to put forth any evidence warranting discovery here.  Each of his three arguments lack merit—Mr. Hedvat's certification is completely accurate and complies with Rule 3-7(c) and there is no evidence that Mr. Hedvat was in any way misled.  Thus, Mr. May's discovery requests are nothing more than an unwarranted fishing expedition that would result in a waste of judicial resources and should be denied. *See, e.g., Hodges v. Immersion Corp.*, No. C-09-4073 MMC, 2009 U.S. Dist. LEXIS 122565, at *12-13 (N.D. Cal. Dec. 21, 2009) (citing *Ferrari v. Impath, Inc*., 2004 U.S. Dist. LEXIS 13898, 2004 WL 1637053, *7 (S.D.N.Y. 2004) ("holding, where putative class member 'produced not one iota of evidence' in support of theory presumptively most adequate plaintiff would be incapable of adequately representing class, class member not entitled to discovery"); *see also In re Tronox,*

---

[10] Since *Cavanaugh* was decided in 2002, Courts in this Circuit are reluctant to disturb the presumptive lead plaintiff's selection of counsel—and where they did they have been reversed. *See e.g.*, *Cohen v. United States Dist. Court*, 586 F.3d 703 (9th Cir. 2009) (mandamus granted regarding appointment of lead counsel); *In re N.M. State Inv. Council*, 250 F. App'x 225 (9th Cir. 2007) (same).

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF SHIMON HEDVAT FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
Nos. 3:19-cv-01651-WHO; 3:19-cv-02442-RS; 3:19-cv-02744-RS; 3:19-cv-02781-SI

*Inc. Sec. Litig.,* 262 F.R.D. 338, 347-48 (S.D.N.Y. 2009) (denying discovery request without "sufficient evidence to give rise to a reasonable basis on which to authorize discovery" and where "such discovery [would] only cause unnecessary delay and expense, likely to provide results that are neither helpful nor likely to change the outcome").[11]

As stated above, this is not the first time the Faruqi firm has resorted to unseemly tactics to subvert the PSLRA in an attempt to be appointed as lead counsel in an action in which their client failed to claim the largest financial interest. *In re Cavanaugh*, 306 F.3d at 729-30 (explaining the PSLRA's "simple three-step process" for appointing a lead plaintiff and lead counsel and which Faruqi asks the Court to depart from). In fact, in briefing the lead plaintiff proceedings in *Stitch Fix*, Faruqi made similar unsupported requests on behalf of its client. Although, Judge Donato has not yet ruled on the pending motions in *Stitch Fix*, he indicated at the hearing that similar attacks and corresponding requests for discovery from Faruqi were baseless and would not be entertained:

> THE COURT: Actually, I thought I had it in my standing order. I may have just said it at the case management conference, ***but I really prefer, in situations like this, people should promote why they should be the lead counsel and not why the other people should not be, unless there's something like the person has been disbarred or the SEC has opened ten investigations about this law firm, something at that level maybe***.
>
> ***But the general theme should be here's why you should pick me and not throwing things at other people.***

---

[11] The cases cited by Mr. May in support of his request for discovery are entirely distinguishable from the case at bar. In *Applestein v. Medivation, Inc.*, 2010 U.S. Dist. LEXIS 98255 (N.D. Cal. Sept. 20, 2010), the court permitted discovery into the narrow issue of whether a hedge fund who sought appointment as lead plaintiff engaged in "speculative, risky and atypical investments." This is of no concern here. Mr. Hedvat is an individual investor (not a hedge fund or other non-traditional investing firm) who maintained a bullish position in Nutanix throughout the Class Period as evidenced by his retention of over 100,000 shares. *See also Andrade v. American Apparel, Inc,* 2011 U.S. Dist. LEXIS 160807, at *5 (C.D. Cal. Jan. 21, 2007) (allowing discovery where specific evidence obtained from an audit suggested movant "underreported corporate franchise taxes" and engaged in other misconduct "similar to the conduct defendants are accused of here."); *In re Network Assocs. Sec. Litig.*, 76 F. Supp. 2d 1017 (N.D. Cal. 1999) (reluctantly allowing limited discovery into proposed lead plaintiffs who were part of artificially-created groups of thousands of unrelated investors cobbled together by attorneys to receive role as lead counsel); *In re Vonage Initial Pub. Offering Secs. Litig.*, 2007 U.S. Dist. LEXIS 66258 (D.N.J. Sept. 7, 2007) (granting limited discovery where evidence showed lead plaintiff movant was directly solicited by counsel in the form of a "direct notice in the mail and not as a result of a general publication notice.").

11

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF SHIMON HEDVAT FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
Nos. 3:19-cv-01651-WHO; 3:19-cv-02442-RS; 3:19-cv-02744-RS; 3:19-cv-02781-SI

Nespole Decl., Ex. A at pp. 36-7. (Emphasis added).

## III.    CONCLUSION

Based on the foregoing, Mr. Hedvat respectfully requests that the Court grant his motion: (1) consolidating the Actions; (2) appointing him as lead plaintiff; and (3) approving Levi & Korsinsky as lead counsel for the class.

Dated: June 18, 2019                    Respectfully submitted,

**LEVI & KORSINSKY, LLP**

/s/ *Gregory Mark Nespole*
Gregory Mark Nespole (*admitted pro hac vice*)
55 Broadway, 10th Floor
New York, New York 10006
Tel.: (212) 363-7500
Email: gnespole@zlk.com

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
44 Montgomery Street, Suite 650
San Francisco, California 94104
Tel.: (415) 291-2420
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Movant Shimon Hedvat and Proposed Lead Counsel for the Class*

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF SHIMON HEDVAT FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
Nos. 3:19-cv-01651-WHO; 3:19-cv-02442-RS; 3:19-cv-02744-RS; 3:19-cv-02781-SI