**Pages 1 - 8**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William H. Orrick, Judge

RYAN SCHELLER, et al.,          )
                                )
          Plaintiffs,           )
                                )
  VS.                           )    **NO. C 19-01651-WHO**
                                )        **C 19-02744-WHO**
NUTANIX, INC., et al.,          )        **C 19-02781-WHO**
                                )
          Defendants.           )
_____     )

                         San Francisco, California
                         Wednesday, July 10, 2019

                **TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Movant Shimon Hedvat:

                    LEVI KORSINKSY
                    55 Broadway, Level 10
                    New York, NY 10006
              BY:   **GREGORY M. NESPOLE, ATTORNEY AT LAW**


For Movant Frank May:
                    FARUQI AND FARUQI LLP
                    685 Third Avenue, Floor 26
                    New York, NY 10017
              BY:   **RICHARD W. GONNELLO, ATTORNEY AT LAW**
                    **SHERIEF MORSY, ATTORNEY AT LAW**



(Appearances continued on the following page)



Reported By:        Marla F. Knox, RPR, CRR
                    Official Reporter

**APPEARANCES: (cont'd)**


For Movant Jose Flores:

        WOLF POPPER LLP
        845 Third Avenue, 12th Floor
        New York, NY 10022
    **BY:  JOSHUA WOLF RUTHIZER, ATTORNEY AT LAW**


For Movant Ryan Scheller:

        BERMAN TABACCO
        44 Montgomery Street, Suite 650
        San Francisco, CA  94104
    **BY:  A. CHOWNING POPPLER, ATTORNEY AT LAW**


For Defendant, Nutanix, Inc.:

        WILSON, SONSINI, GOODRICH & ROSATI
        650 Page Mill Road
        Palo Alto, California  94304
    **BY:  BORIS FELDMAN, ATTORNEY AT LAW**

**Wednesday - July 10, 2019**                              **9:05 a.m.**

                         **P R O C E E D I N G S**

                              ---oOo---

THE CLERK:  Calling civil matter 19-1651, Scheller versus Nutanix, Incorporated, et al.; 19-2744, Maroun versus Nutanix, Incorporated, et al. and 19-2781, Zapf versus Nutanix, Incorporated, et al.

     Counsel, please come forward and state your appearance.

MR. NESPOLE:  Your Honor, for Movant Shimon Hedvat, Gregory Nespole from Levi Korsinsky.  Good morning, sir.

THE COURT:  Good morning.

MR. GONNELLO:  For Plaintiff Frank May, Rich Gonnello of Faruqi and Faruqi.

MR. MORSY:  Good morning, Your Honor, Sherief Morsy for Frank May, Faruqi and Faruqi.

MR. RUTHIZER:  Good morning, Your Honor, Joshua Ruthizer of Wolf Popper for Movant Jose Flores.

THE COURT:  Good morning.

MS. POPPLER:  Good morning, Chowning Poppler from Berman Tabacco on behalf of Movant.

THE COURT:  Good morning.

MR. FELDMAN:  Good morning, Your Honor, Boris Feldman for Nutanix, N-U-T-A-N-I-X, and the Defendant.  And if I may, I would like to introduce Your Honor to two of my clients here, Mr. Tyler Wall, who is the General Counsel and Ms. Olive Huang

the Deputy JC who is a bulldog.

THE COURT:  Good morning.  Welcome, Mr. Feldman.
Welcome back to this court.

MR. FELDMAN:  Thank you.

THE COURT:  All right.  Let me tell you what I
understand of the motions.  Then I will hear argument.  It
seems clear that Mr. Hedvat suffered the biggest losses using
either LIFO or Dura or retained shares.  He meets typicality
and adequacy.  I think the trade certification is accurate.
Grounding is acceptable and the local rule certification
substantially complies, and he has confirmed that he has
reviewed the complaint.

So then we are left with the ethical issues that have been
raised by Mr. May.  And so -- who is speaking for Mr. Hedvat?

MR. NESPOLE:  I am, Your Honor.

THE COURT:  Why don't you come on up.

MR. NESPOLE:  Well, I will --

THE COURT:  I'm going to ask you questions.  Fine.
Very good.  And then I will allow you to argue if it is going
to be necessary.

Is it the case that your firm does not have any side deals
with either the client or the Wong firms?

MR. NESPOLE:  We have no side deal with any law firm
in this case or client whatsoever.  If I may, the client
contacted my firm -- my new firm -- joined them in January.

**THE COURT:** That was my second question. Did he contact you directly?

**MR. NESPOLE:** He contacted -- Levi Korsinsky directly spoke to my associates; spoke to me; has been through all these papers; is fully aware of what is going on given the financial stake he has here.

**THE COURT:** You don't need to say anything more at the moment.

**MR. NESPOLE:** Thank you.

**THE COURT:** So it seems to me that based on the papers and the confirmation that we have just heard, that Mr. May hasn't established unethical practices. I'm not going to allow discovery on this. If there is a real problem, I would suggest that it be raised with the State Bar and not this court.

So that's my tentative ruling and now I will hear from Faruqi and Faruqi.

**MR. GONNELLO:** So counsel is very careful. He said in this case. He didn't say in cases generally. So --

**THE COURT:** So I have this case and I'm interested in this case. And if you are -- want to launch a -- which it seems that you have in some other courts -- a broad-based attack on another Plaintiff's Counsel firm, don't do it here. Do it with the State Bar. Do it somewhere else. If you have got a problem with what has happened here, that's what I want to hear about.

**MR. GONNELLO:**  Well, we do because I don't know that he has -- what I didn't hear from here is a representation that he didn't have an agreement with those firms to issue press releases in this case, not necessarily a fee-sharing agreement. That was not answered.  And if -- which I think is the case -- they issue press releases at the behest of Mr. Hedvat's firm. Mr. Hedvat's firm is in control of the press releases.  They haven't denied it.  I do think that the misconduct is in this case.

**THE COURT:**  Do you have anything else?

**MR. GONNELLO:**  No, Your Honor.

**THE COURT:**  I will hear from the Levi Korsinsky firm.

**MR. NESPOLE:**  2017 -- there are exhibits from 2017 in my firm's papers where there is cross-pollination of firm names the Wong firm may appear on top of a press release that states that it is issued through Levi Korsinsky and vice versa.  That was a mistake at the wire house level.  We assist some of these firms in getting their press releases to market looking for the clients that Congress said we are supposed to look for after they passed the PSLRA.  We do not -- we do not have any signed agreement with these firms that violate any ethical canon in this case or any other case.

Indeed, Your Honor, in every press release -- and I think they are this thick in the exhibits they put in -- in this case with respect to press releases issued concerning Nutanix, there

is none of this cross-pollination or cross-mislabeling.  And more importantly, as I said a moment ago, this gentleman contacted my firm directly, Levi Korsinsky.  There is no ethical issue here, Your Honor.  I don't know what else to say.

THE COURT:  All right.

MR. NESPOLE:  Thank you.

MR. GONNELLO:  May I --

THE COURT:  One last point.

MR. GONNELLO:  We did submit something from this case. We submitted a page from their website that is designed to look like a proof of claim form.  It says Nutanix, Inc. loss form. See if you qualify for monetary reward.  There has been no settlement in this case.  How can anyone determine whether or not they are going to receive a monetary reward at their firm when there hasn't been a settlement.  And when you look at the document, it is designed to make people think that they need to submit their information so that way they can get paid.  That's misleading, and that is in this case too.

THE COURT:  Is this matter submitted?

MR. GONNELLO:  Yes, it is.

THE COURT:  Thank you.  So I am going to consolidate the cases.  I'm going to appoint Mr. Hedvat as the lead Plaintiff, and I'm going to approve Mr. Hedvat's choice of Levi Korsinsky as counsel.  So I'm going to hold Levi and Korsinsky responsible for litigating this case in the leanest and most

efficient manner that is consistent with the dictates of Rule One and your obligations to your clients.

And so now let's go onto the -- and I didn't let Mr. Feldman speak.  Usually he is a spectator at these.  So let's go onto the next steps in the case.  How quickly can we get a consolidated complaint on file?

**MR. NESPOLE:**  Your Honor, I don't think we have contemplated a schedule yet; but I would request 45 days.

**THE COURT:**  All right.  Forty-five days, you have got that.  And then what I would like you to do is consult with Mr. Feldman after this hearing is over and come up with a schedule for briefing unless Mr. Feldman is going to answer the complaint and then give me a stipulation to that effect.  And if you can't reach agreement, send it onto me and we will deal with other issues in the case as it comes up.

**MR. NESPOLE:**  Thank you, Your Honor.

**MR. FELDMAN:**  Thank you, Your Honor.

**MR. GONNELLO:**  Thank you, Your Honor.

(Proceedings adjourned at 9:14 a.m.)

---oOo---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Friday, July 12, 2019

_Marla Knox_

_____

Marla F. Knox, RPR, CRR
U.S. Court Reporter