BORIS FELDMAN, State Bar No. 128838
IGNACIO E. SALCEDA, State Bar No. 164017
LAURA G. AMADON, State Bar No. 321524
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile:  (650) 565-5100
Email: boris.feldman@wsgr.com
       isalceda@wsgr.com
       lamadon@wsgr.com

*Attorneys for Defendants*
*Nutanix, Inc., Dheeraj Pandey, and Duston M.*
*Williams*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NUTANIX, INC. SECURITIES LITIGATION | CASE NO.:  5:19-cv-01651-WHO |
| | **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT** |
| | Hearing Date:  February 12, 2020 |
| | Time: 2:00 p.m. |
| | Courtroom: 2 |
| | Hon. William H. Orrick |

Pursuant to Rule 201 of the Federal Rules of Evidence, defendants Nutanix, Inc. ("Nutanix" or the "Company"), Dheeraj Pandey, and Duston M. Williams ("Defendants") hereby request that, in connection with their Motion to Dismiss Plaintiffs' Consolidated Amended Complaint ("Complaint", citations to which are "¶ __") the Court take judicial notice of the following documents, attached as exhibits 1 through 25 to the Declaration of Ignacio E. Salceda in Support of Defendants' Motion to Dismiss the Consolidated Amended Complaint ("Salceda Declaration").

**Documents Referenced and Relied Upon in the Complaint**

Defendants request that the Court consider documents that the Complaint quotes and relies on and thereby incorporates by reference. In the Complaint, Plaintiffs refer to, rely upon, and purport to quote portions of exhibits 1-5, 8-11, 13-21.

The Ninth Circuit recently reiterated that on a motion to dismiss, the Court is permitted to consider a document "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2615 (2019) (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)).[1] Documents incorporated by reference are treated "as though they are part of the complaint itself." *Orexigen*, 899 F.3d at 1002; *see McGovney v. Aerohive Networks, Inc.*, 367 F. Supp. 3d 1038, 1051 (N.D. Cal. 2019). The Court may consider the full text of such documents, even where the complaint only quotes or relies upon selected portions. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996). A district court's consideration of the full text of documents "including portions which were not mentioned in the complaint[]...is appropriate in the context of a motion to dismiss." *Id.*; *see Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043 (9th Cir. 2015) (considering "entire content" of various SEC filings incorporated by reference). The purpose is to prevent plaintiffs from "selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Orexigen*, 899 F.3d at 1002; *see Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (similar).[2] Consequently, since the entirety

---

[1] *See In re SunPower Corp. Sec. Litig.*, 2018 WL 4904904, at *3 n.2 (N.D. Cal. Oct. 9, 2018) (following *Orexigen*, documents referenced in the complaint itself "explicitly as the ground for [defendant's] false statements and scienter...are appropriately incorporated by reference").

[2] *See Colyer v. Acelrx Pharm., Inc.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015) ("the amended complaint quotes extensively from the transcripts of both [conference] calls"; "Plaintiffs cannot selectively quote from one part of a publicly-available transcript and then object to Defendants' decision to provide the Court with the complete transcript."); *see Aerohive*, (continued...)

of a document cited by a complaint is considered as a matter of law to have been pleaded in the complaint itself, it is axiomatic that all facts and associated inferences contained therein can be considered on a motion to dismiss. *In re Harmonic, Inc. Sec. Litig.*, 163 F. Supp. 2d 1079, 1084 (N.D. Cal. 2001). Indeed, under the strict pleading rules of the PSLRA, all reasonable inferences – including those adverse to plaintiff's theory – both can and must be considered when weighing the legal sufficiency of a complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 328 (2007).

Notably, the Court "need not accept as true [Plaintiffs'] allegations...that are contradicted by" incorporated materials. *Philco Invs., Ltd. v. Martin*, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011). Where facts and inferences drawn from such materials conflict with plaintiff's allegations, the court may consider this discrepancy in evaluating the complaint. *See, e.g., Paddock v. DreamWorks Animation SKG, Inc.*, 2015 WL 12711653, at *5 n.4 (C.D. Cal. Apr. 1, 2015) (dismissing securities class action suit; that plaintiffs misconstrued allegedly false statements was "evident after an examination of the full statements made"), *aff'd sub nom. Roofers Local No. 149 Pension Fund v. DreamWorks Animation SKG, Inc.*, 677 F. App'x 376 (9th Cir. 2017).

Since *Orexigen*, courts have found a variety of documents as incorporated by reference, including SEC filings, press releases, and transcripts of earnings calls and investor conferences. *GoPro*, 2019 WL 1231175, at *6. Courts have noted that while a complaint may not "explicitly refer" to a particular document, such as a Form 4, a plaintiff's "scienter and insider trading allegations [which] rely expressly on [defendants'] stock sales" is based on "information

(...continued from previous page)
367 F. Supp. 3d at 1051 (complaint incorporates contents of quarterly earnings calls, quarterly SEC report); *In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 987-88 (N.D. Cal. 2017) (quarterly shareholder letter, transcripts from earnings calls, slide decks, Forms 4, and proxy are referenced or necessarily relied on and are incorporated by reference); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066 (N.D. Cal. 2010) (Where plaintiff "references and relies on a particular document as part of the … complaint," the court is "justified in looking outside the four corners of the complaint, to the document itself if offered."); *Cement Masons & Plasterers Joint Pension Trust v. Equinix*, 2012 WL 685344, at *5 n.4 (N.D. Cal. Mar. 2, 2012) ("Where a plaintiff fails to attach to the complaint the documents upon which the complaint is premised, a defendant may attach such documents in order to show that they do not support the plaintiff's claim.").

disclosed to the public through [their] Forms 4 filed with the SEC" which makes them judicially noticeable. *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012). *See also GoPro*, 2019 WL 1231175, at *7 (taking judicial notice of Forms 4 where plaintiffs allege suspicious stock sales); *SolarCity*, 274 F. Supp. 3d at 988 (taking notice of SEC filings over plaintiffs' objections; "courts in this district have taken judicial notice of SEC Form 4 and proxy statements, even when those documents were not referenced in the pleadings") (citing cases).

Additionally, where (as here) the applicability of the PSLRA's "safe harbor" for forward-looking statements is at issue, the Court must consider SEC filings and other public documents that contain cautionary language relating to such statements. *See* 15 U.S.C. § 78u-5(e) (requiring the court to consider "any cautionary statement accompanying the forward-looking statement, which [is] not subject to material dispute, cited by the defendant"); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) (same).

Accordingly, Defendants request that the Court consider the following documents, which are quoted extensively throughout the Complaint and which form the basis of Plaintiffs' claims:

- Exhibit 1: excerpts of Nutanix's Form 10-Q for the first quarter of fiscal year 2018, filed with the Securities and Exchange Commission ("SEC") on December 13, 2017. It is referenced in ¶¶ 189-195, 197.

- Exhibit 2: excerpts of Nutanix's Form 10-Q for the second quarter of fiscal year 2018, filed with the SEC on March 15, 2018. It is referenced in ¶¶ 208-214, 216.

- Exhibit 3: excerpts of Nutanix's Form 10-Q for the third quarter of fiscal year 2018, filed with the SEC on June 12, 2018. It is referenced in ¶¶ 232-238, 240.

- Exhibit 4: excerpts of Nutanix's Form 10-K for the fiscal year 2018, filed with the SEC on September 24, 2018. It is referenced in ¶¶ 251-259, 262.

- Exhibit 5: excerpts of Nutanix's Form 10-Q for the first quarter of fiscal year 2019, filed with the SEC on December 10, 2018. It is referenced in ¶¶ 274-279, 281.

- Exhibit 8: Nutanix's press release dated November 30, 2017, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on November 30, 2017. It is referenced in ¶¶ 178-179.

- Exhibit 9: Nutanix's press release dated November 27, 2018, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on November 27, 2018. It is referenced in ¶ 265.

- Exhibit 10: Nutanix's press release dated February 28, 2019, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on February 28, 2019. It is referenced in ¶¶ 288-290.

- Exhibit 11: Nutanix's press release dated May 30, 2019, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on May 30, 2019.  It is referenced in ¶¶ 318-319.

- Exhibit 13: S&P Global's Transcript of Nutanix's Q1 2018 Earnings Conference Call dated November 30, 2017. It is referenced in ¶¶ 182, 184, 186.

- Exhibit 14: S&P Global's Transcript of Nutanix's Q2 2018 Earnings Conference Call dated March 1, 2018. It is referenced in ¶¶ 78, 202-203, 205.

- Exhibit 15: S&P Global's Transcript of Nutanix's Q3 2018 Earnings Conference Call dated May 24, 2018. It is referenced in ¶¶ 223-225, 227-228.

- Exhibit 16: S&P Global's Transcript of Nutanix's Q4 2018 Earnings Conference Call dated August 30, 2018. It is referenced in ¶¶ 245, 247-248.

- Exhibit 17: S&P Global's Transcript of Nutanix's Q1 2019 Earnings Conference Call dated November 27, 2018. It is referenced in ¶¶ 267, 269.

- Exhibit 18: S&P Global's Transcript of Nutanix's Q2 2019 Earnings Conference Call dated February 28, 2019. It is referenced in ¶¶ 291-297, 308-309, 311-312.

- Exhibit 19: S&P Global's Transcript of Nutanix's Q3 2019 Earnings Conference Call dated May 30, 2019. It is referenced in ¶¶ 320-322.

- Exhibit 20: Dheeraj Pandey's Forms 4 filed with the SEC on December 11, 2017 and December 21, 2017. They are referenced in ¶¶ 365-367.

- Exhibit 21: Duston M. Williams' Forms 4 filed with the SEC on December 18, 2017, June 4, 2018, and January 2, 2019. They are referenced in ¶¶ 368-371.

**SEC Filings**

Exhibits 1-12 and 20-21, 23-25 are all materials filed with the SEC. Courts routinely take judicial notice of such documents, especially in cases alleging violations of federal securities laws. *Weller v. Scout Analytics, Inc.*, 230 F. Supp. 3d 1085, 1094 n.5 (N.D. Cal. 2017) (granting request for judicial notice of SEC filings because "in a securities case such as this one, judicial notice of such documents is generally appropriate."); *Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1014 n.13 ( N.D. Cal. 2015) (granting a request for judicial notice of a Form 8-K because "[a] filing with the SEC is the type of public record that comes from a source whose accuracy cannot reasonably be questioned."). Judicial notice of SEC filings is proper regardless of whether the filings are referenced in the plaintiff's complaint or are outside the class period. *In re Netflix, Inc. Sec. Litig.*, 2005 WL 1562858, at *5 (N.D. Cal. June 28, 2005) (holding that "SEC filings are appropriately noticed by the Court" on a motion to dismiss, even when those documents were filed with the SEC outside the class period). Here, exhibits 1-5, 8-11, and 20-21

are SEC filings that are all referenced in the Complaint. Accordingly, Defendants request that the Court take judicial notice of the following Nutanix SEC filings:

- Exhibit 6: excerpts of Nutanix's Form 10-Q for the second quarter of fiscal year 2019, filed with the SEC on March 12, 2019.

- Exhibit 7: excerpts of Nutanix's Form 10-Q for the third quarter of fiscal year 2019, filed with the SEC on June 5, 2019.

- Exhibit 12: excerpts of Nutanix's Form DEF 14A, filed with the SEC on November 5, 2018.

- Exhibit 23: excerpts from Nutanix's Form S-1/A, filed with the SEC on September 28, 2016.

- Exhibit 24: excerpts of Nutanix's Form DEF 14A, filed with the SEC on November 3, 2017

- Exhibit 25: excerpts of Nutanix's Form 10-K for fiscal year 2019, filed with the SEC on September 24, 2019.

**Earnings Call Transcripts**

Exhibits 13-19 are transcripts of Nutanix's earnings conference calls. In securities cases, like this one, where the "fraud on the market" doctrine is implied (*see, e.g.* ¶¶ 196, 201, 204) courts may take judicial notice of other public information about the company, including press releases and earnings call transcripts. *Copper Mountain*, 311 F. Supp. 2d at 863-64 (taking judicial notice of defendants' stock sales, press releases, and conference call transcripts); *Bare Escentuals*, 745 F. Supp. 2d at 1067 (same). Here, exhibits 13-19 are earnings call transcripts that are referenced in the Complaint.

**Nutanix's Daily Stock Prices**

Information about the stock price of publicly traded companies, such as Nutanix, is the proper subject of judicial notice. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *see Kim v. Advanced Micro Devices, Inc.*, 2019 WL 2232545, at *5 (N.D. Cal. May 23, 2019) (subsequent to *Orexigen*; taking judicial notice of historic stock prices).[3] Accordingly, Defendants request that the court take judicial notice of Nutanix's stock price during the class period:

---

[3] *See also Morgan v. AXT, Inc.*, 2005 WL 2347125, at *7 (N.D. Cal. Sept. 23, 2005) ("In the context of a motion to dismiss a securities private fraud action, a court may take judicial notice of a company's public stock prices."); *Lloyd v. CVB Fin. Corp.*, 2012 WL 12883522, at *13 (C.D. Cal. Jan. 12, 2012) (taking judicial notice of historical stock prices); *In re Blue Rhino Corp. Sec. Litig.*, 2004 U.S. Dist. LEXIS 27941, at *7-8 (C.D. Cal. Apr. 9, 2004) (taking judicial (continued...)

- Exhibit 24: Nutanix's daily closing stock price from November 30, 2017 to May 30, 2019, obtained from Yahoo!Finance on October 24, 2019. Referenced in ¶¶ 25, 30, 128, 181, 188, 199, 207, 242, 264, 273, 298, 323, 367, 371, 378, 380, 391, 393.

For the reasons set forth above, the Court should take judicial notice of Exhibits 1 through 25 of the Salceda declaration.

Dated:  October 24, 2019

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:    /s/ *Ignacio E. Salceda*
Ignacio E. Salceda

*Attorneys for Defendants*

### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Boris Feldman, am the ECF User whose identification and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated: October 24, 2019

*/s/ Boris Feldman*
Boris Feldman

---

(...continued from previous page)
notice of stock prices because they "fall within the scope of Rule 201(b)"); *Copper Mountain*, 311 F. Supp. 2d at 864 (taking judicial notice of stock prices).