**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins (admitted *pro hac vice*)
Stephanie A. Bartone (admitted *pro hac vice*)
Gregory Potrepka (admitted *pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Email: shopkins@zlk.com
Email: sbartone@zlk.com
Email: gpotrepka@zlk.com

*Attorneys for Lead Plaintiff Shimon Hedvat,*
*Plaintiff City of Miami Fire Fighters' and*
*Police Officers' Retirement Trust, and the Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NUTANIX, INC. SECURITIES LITIGATION | Master File No. 3:19-cv-01651-WHO<br><br>Hon. William H. Orrick<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE**<br><br>Date: February 12, 2020<br>Time: 2:00 p.m.<br>Courtroom: 2-17th Floor |

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION
OF DOCUMENTS INCORPORATED BY REFERENCE
No. 5:19-cv-01651-WHO

# TABLE OF CONTENTS

I.  PRELIMINARY STATEMENT ................................................................................................ 1

II.  ARGUMENT ..................................................................................................................... 3

A.  The Court Should Not Consider the Truth of the Matter Asserted in Exhibits Not

Referenced in the Complaint .................................................................................. 4

B.  Defendants' Misuse of Judicial Notice and the Incorporation-By-Reference

Doctrine .................................................................................................................. 5

III. CONCLUSION ................................................................................................................. 9

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION
OF DOCUMENTS INCORPORATED BY REFERENCE
No. 3:19-cv-01651-WHO

## TABLE OF AUTHORITIES

**Cases**

*Anschutz Corp. v. Merrill Lynch & Co. Inc.*,

   785 F. Supp. 2d 799 (N.D. Cal. 2011)...................................................................................... 4

*Body Jewelz, Inc. v. Valley Forge Ins. Co.*,

   241 F. Supp. 3d 1084 (C.D. Cal. 2017) ................................................................................... 4

*Evans Analytical Grp., Inc. v. Green Plant Farms, LLC*,

   2013 WL 3963822 (N.D. Cal. 2013) ....................................................................................... 8

*Fabbri v. Wilkinson*,

   2019 WL 5781914 (C.D. Cal 2019) ..................................................................................... 2, 9

*Fairbairn v. Fid. Invs. Charitable Gift Fund*,

   2018 WL 6199684 (N.D. Cal. 2018) ....................................................................................... 4

*In re Aqua Metals, Inc. Sec. Litig.*,

   2019 WL 3817849 (N.D. Cal. 2019) ............................................................................... 4, 5, 8

*In re ECOtality, Inc. Sec. Litig.*,

   2014 WL 4634280 (N.D. Cal. 2014) ....................................................................................... 7

*In re Edward D. Jones & Co., L.P. Sec. Litig.*,

   2019 WL 2994486 (E.D. Cal. 2019) ................................................................................... 1, 5

*In re Facebook, Inc. Sec. Litig.*,

   2019 WL 4674347 (N.D. Cal. 2019) .................................................................................... 5, 8

*In re Impinj, Inc.*,

   2019 WL 4917101 (W.D. Wash. 2019) ................................................................................... 5

*In re Silver Wheaton Corp. Sec. Litig.*,

   2019 WL 1512269 (C.D. Cal. 2019) ................................................................................... 2, 9

*In re Zynga Inc. Sec. Litig.*,

   2015 WL 1382217 (N.D. Cal. 2015) ....................................................................................... 8

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION
OF DOCUMENTS INCORPORATED BY REFERENCE
No. 3:19-cv-01651-WHO

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) ...................................................................................... passim

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
    540 F.3d 1049 (9th Cir. 2008) ............................................................................................... 4

*Par Inv. Partners, L.P. v. Aruba Networks, Inc.*,
    681 F. App'x 618 (9th Cir. 2017) .......................................................................................... 5

*Patel v. Parnes*,
    253 F.R.D. 531 (C.D. Cal. 2008) ........................................................................................... 5

*SEB Inv. Mgmt. AB v. Symantec Corp.*,
    2019 WL 2491935 (N.D. Cal. 2019) ................................................................................. 4, 8

*Shahar v. Bowers*,
    120 F.3d 211 (11th Cir. 1997) ............................................................................................... 4

*United States v. Corinthian Colls.*,
    655 F.3d 984 (9th Cir. 2011) ................................................................................................. 3

*Wochos v. Tesla, Inc.*,
    2019 WL 1332395 (N.D. Cal. 2019) ..................................................................................... 5

**Rules**

FED. R. EVID. 201(b) .................................................................................................................. 4

iv

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION
OF DOCUMENTS INCORPORATED BY REFERENCE
No. 3:19-cv-01651-WHO

Plaintiffs hereby object to and oppose Defendants' Request for Judicial Notice in Support of Motion to Dismiss the Consolidated Amended Complaint ("RJN") (Dkt. No. 109) filed concurrently with Defendants' Motion to Dismiss ("MTD") (Dkt. No. 108) the Consolidated Amended Complaint for Violations of the Federal Securities Laws ("Complaint"). Dkt. No. 102.[1]

## I.    PRELIMINARY STATEMENT

Defendants seek to incorporate by reference and/or ask the Court to judicially-notice twenty-five exhibits affixed to the MTD. Many of these documents are not even referenced or relied upon in the Complaint. Moreover, most are offered to factually challenge Plaintiffs' well-supported allegations on disputed issues. The Ninth Circuit has made clear that defendants may not "present their own version of the facts at the pleading stage" through these doctrines, which do "not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff." *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 999, 1014 (9th Cir. 2018). Therefore, the Court should: (1) disregard the truth of the matter asserted in all documents not cited in and/or relied on in the Complaint; and (2) disregard the competing factual inferences that Defendants ask the Court to draw from their exhibits.

"Generally, district courts may not consider material outside of the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure" with two exceptions "the incorporation-by-reference doctrine, and judicial notice under the Federal Rule of Evidence 201." *In re Edward D. Jones & Co., L.P. Sec. Litig*., 2019 WL 2994486, at *2 (E.D. Cal. 2019). The Ninth Circuit in *Khoja* recently criticized the "concerning pattern" of defendants in securities cases misusing these exceptions, as here, in an attempt to undermine the plaintiff's well-pled allegations and rewrite the complaint. *Khoja*, 899 F.3d at 998. The court stated unequivocally that "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well[-]pleaded complaint." *Khoja*, 899 F.3d at 1003. To do otherwise would run afoul of "the prohibition against

---

[1] Unless otherwise noted, all emphasis is added and internal citations and quotations have been omitted. Citations to "¶_" are to the Complaint. All capitalized terms not defined herein shall have the same meaning ascribed to them in the Complaint.

resolving factual disputes at the pleading stage." *Id*. "Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by reference doctrine." *Id*. at 999.

Defendants' RJN and MTD are prime examples of the abuses *Khoja* perceived. Here, Defendants ask the Court to consider ***twenty-five*** documents affixed to the Salceda Decl.[2] and then use them to construct an alternative version of events that purports to explain away, excuse, or contradict the well-pled factual allegations in the Complaint. Plaintiffs disagree with many of Defendants' purported "facts" and strongly urge the Court to reject their invitation to wade into factual disputes.[3] As an illustration, the "Statement of Facts" in the MTD is based almost entirely from citations to documents (or excerpts of documents) that Defendants attach to the Salceda Decl. That section contains ***nearly 70*** separate citations to extraneous documents, and ***just 21*** citations of the Complaint, thereby evidencing Defendants' misuse of the incorporation-by-reference and judicial notice doctrines to craft a counter-narrative designed to dispute the Complaint's well-pled allegations. *See Silver Wheaton*, 2019 WL 1512269, at *8 ("it appears from their briefing that defendants are relying on these exhibits to present their own version of the facts to defeat plaintiffs' claims at the pleading stage. . . . [I]t would be inappropriate for the Court to consider defendants' exhibits for this purpose."); *see also Fabbri*, 2019 WL 5781914, at *2 (denying motion to dismiss securities class action without prejudice and instructing defendants

---

[2] All "Exhibit" references herein are to the Exhibits to the Declaration of Ignacio E. Salceda in Support of Defendants' Motion to Dismiss the Consolidated Amended Complaint ("Salceda Decl."). Dkt. No. 108-1.

[3] If the Court is inclined to consider Defendants' alternative version of events and accept Defendants' request that the Court weigh and decide those competing factual disputes, then their motion should be converted to a motion for summary judgment and Plaintiffs should be afforded the opportunity to take meaningful discovery. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also In re Silver Wheaton Corp. Sec. Litig*., 2019 WL 1512269, at *8 (C.D. Cal. 2019) ("Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials"); *Fabbri v. Wilkinson*, 2019 WL 5781914, *2 (C.D. Cal 2019) ("given the number of documents [20] defendant seeks to have considered in connection with its Motion, the court is persuaded that such documents raised in the pending Motion would more appropriately be considered at summary judgment.").

to refile Rule 12(b)(6) motion "without any attached exhibits" because defendants "referenc[ed] materials outside of the pleadings.").

## II.   ARGUMENT

Defendants ask that the Court judicially notice Exhibits 6-7, 12, and 23-25 which are documents not cited or relied upon anywhere in the Complaint and, thus, cannot be judicially noticed for the truth of their contents. This is especially true as Defendants seek to use judicially-noticed documents to dispute facts pled in the Complaint. The Ninth Circuit has made clear that "a court cannot take judicial notice of disputed facts." *Khoja*, 899 F.3d at 999. Documents, such as these, that are "subject to varying interpretations[] and [where] there is a reasonable dispute as to what [they] establish[]," are not subject to judicial notice. *Id*. at 1000; *see also United States v. Corinthian Colls*., 655 F.3d 984, 999 (9th Cir. 2011) (courts "may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed"). As the Ninth Circuit recently reiterated, judicial notice is not the proper vehicle by which to mount affirmative defenses at the motion to dismiss stage:

> Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts. . . [which,] accepted as true at the pleading stage[,] can easily topple otherwise cognizable claims.

*Khoja*, 899 F.3d at 1003.

Broadly speaking, Plaintiffs acknowledge that portions of remaining exhibits, Exhibits 1-5, 8-11, and 13-21, are cited in and/or relied on in the Complaint and, therefore, are incorporated by reference. *See Khoja*, 899 F.3d at 1002 (documents that are referred to extensively and "form[] the basis of the plaintiff's claim" can be incorporated by reference). However, Plaintiffs object to Defendants' attempt to "assume the truth of an incorporated document [where] such assumptions only serve to dispute facts stated in a well[-]pleaded complaint." *Id*. at 1003.

**A. The Court Should Not Consider the Truth of the Matter Asserted in Exhibits Not Referenced in the Complaint**

Defendants ask the Court to judicially notice six SEC filings,[4] two collections of Form 4(s),[5] and historical stock prices.[6] ***None*** of these documents is referenced ***anywhere*** in the Complaint and, in fact, Exhibit 25 was filed with the SEC on September 24, 2019, *__after__* Plaintiffs filed the Complaint on September 9, 2019. Therefore, these Exhibits are not incorporated by referenced and can only be judicially-noticed—but not for their truth. *See, e.g., In re Aqua Metals, Inc. Sec. Litig.*, 2019 WL 3817849, at \*5 (N.D. Cal. 2019) (considering only documents containing alleged misstatements); *SEB Inv. Mgmt. AB v. Symantec Corp.*, 2019 WL 2491935, at \*10 (N.D. Cal. 2019) (rejecting incorporation by reference of items not mentioned in complaint)*; Anschutz Corp. v. Merrill Lynch & Co. Inc.*, 785 F. Supp. 2d 799, 834 (N.D. Cal. 2011) (same).

Rule 201(b) provides that the only "kinds of facts that may be judicially noticed" are those that are "not subject to reasonable dispute because [they]: (1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). "[T]he kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." *Body Jewelz, Inc. v. Valley Forge Ins*. Co., 241 F. Supp. 3d 1084, 1090 (C.D. Cal. 2017) (alteration in original) (quoting *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997)).

---

[4] Exs. 6-7, 9, 12, 23-25.

[5] Exs. 20-21.

[6] Ex. 22. Plaintiffs do not dispute that Form 4(s) are properly subject to judicial notice. *See Metzler Inv. GMBH v. Corinthian Colls., Inc*., 540 F.3d 1049, 1064 n.7 (9th Cir. 2008). The same rationale applies to historical stock prices. Plaintiffs thus do not oppose Defendants' request for judicial notice of Exhibits 20-22; however, these items should not be taken for their truth to resolve factual disputes in Defendants' favor. *Fairbairn v. Fid. Invs. Charitable Gift Fund*, 2018 WL 6199684, at \*4 n.3 (N.D. Cal. 2018) ("[Defendants'] argument is premised on the Court drawing reasonable inferences in its favor. This the Court cannot do."). Plaintiffs also note that there is an apparent error in Defendants' RJN. *See* RJN at 5 (correctly listing Exhibit 24 as excerpts from a Form DEF 14A); 6 (erroneously listing Exhibit 24 as Nutanix's daily closing stock price).

Exhibits 6-7, 12, and 23-25 should only be considered for "what was said, when it was said, and who said it without prejudice to plaintiff's ability to contest the accuracy of those statements." *In re Impinj, Inc.*, 2019 WL 4917101, at *3 (W.D. Wash. 2019). Those Exhibits cannot be noticed for the truth of the matters asserted therein. *See Khoja*, 899 F.3d at 999; *see also Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) ("It is appropriate for the court to take judicial notice of the content of the SEC Forms 4 and the fact that they were filed with the agency. The truth of the content, and the inferences properly drawn from them, however, is not a proper subject of judicial notice under Rule 201."); *Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. 2019) ("The Court thus considers these documents for the sole purpose of determining what representations Tesla made to the market. The Court does not take notice of the truth of any of the facts asserted in these documents.").[7]

**B. Defendants' Misuse of Judicial Notice and the Incorporation-By-Reference Doctrine**

Defendants repeatedly ask the Court to rely on documents that they seek to incorporate and/or the truth of judicially-noticed documents for the sole purpose of disputing ***key*** allegations in Plaintiffs' Complaint (including statements Plaintiffs alleged were ***false*** and/or ***misleading***). Specifically, Defendants improperly rely on their Exhibits in making the following (among other) factual arguments:

*First*, Defendants contend that Nutanix was actually increasing "sales and marketing

---

[7] *See also In re Facebook, Inc. Sec. Litig.*, 2019 WL 4674347, at *10 (N.D. Cal. 2019) ("The Court, however, agrees with Plaintiffs' contention that judicial notice is confined to recognizing *only* that a 10b5-1 trading plan existed.") (emphasis in original); *Aqua Metals*, 2019 WL 3817849 at *5 ("The Court will only consider the SEC filings, press releases, and conference call transcripts that Plaintiff alleges contain false and/or misleading statements for the purpose of determining ***what was disclosed to the market***."); *In re Edward D. Jones & Co., L.P. Sec. Litig.*, 2019 WL 2994486, at *3 ("This Court took judicial notice of the existence of Edward Jones' SEC filing and public comments and reports [], ***but not for the truth of the contents asserted in the filings***.") (citing *Par Inv. Partners, L.P. v. Aruba Networks, Inc.*, 681 F. App'x 618, 620 n.1 (9th Cir. 2017) (granting "requests for judicial notice of various court filings, public SEC filings, and public analyst reports for the limited purpose of determining what information was disclosed to the public during the class period.")).

PLAINTIFFS' OPPOSITION TO REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF
DOCUMENTS INCORPORATED BY REFERENCE
No. 3:19-cv-01651-WHO

headcount" quarter-over-quarter. *See e.g.*, MTD at 5-6 ("[t]hese disclosures show increases *every* quarter") (emphasis in original); *id.* at 10 (arguing Nutanix "disclose[d] it added over 60 new sales teams . . .[and] reported increasing sales and marketing headcount."); *id.* at 11 (quoting Exs. 13, 15, 17, 6). These fact-based arguments are introduced to counter Plaintiffs' allegations that Nutanix implemented an "undisclosed hiring freeze" during the Class Period that rendered Defendants' statements false and misleading. ¶135. According to confidential sources cited in the Complaint, the hiring freeze had a devastating effect on Nutanix's business and rendered sales teams ill-equipped to compete and "close deals on large accounts." ¶137. These undisclosed-adverse facts rendered Defendants' statements—and some of the very same figures relied on by Defendants—allegedly false and misleading. *See* ¶¶192, 196 (Defendants' statement that "[w]e have significantly increased our sales and marketing personnel, which grew by 32%" was false and misleading because, *inter alia* "Nutanix had implemented hiring freezes for its sales personnel"); *see also* MTD at 5 (citing disclosures that reported sales and marketing headcount was up "up 32% in Q1FY18"); *id.* at 10 (describing reported sales and marketing headcounts).

*Second*, Defendants similarly argue that (contrary to Plaintiffs' allegations) "sales and marketing expenses [increased] every quarter." *See* MTD at 2 ("sales and marketing spend rose significantly"); *id.* at 5 (Defendant Williams announced "a full[-]court press on hiring"), 6 ("expenses totaled $145 million in Q1FY18. . . ."); *id.* at 10-11, 12-13 (arguing Plaintiffs' allegations fail in light of "the actual increases in sales and marketing expenses described above.") Again, the facts contained in documents attached to the Salceda Decl. are used to refute Plaintiffs' allegations that Defendants' secretly decided to "reallocate lead generation money to engineering and new product development." ¶93. The reduction in lead generation spend adversely affected the sales pipeline and by April or May 2018, leads were "pretty dry." ¶97. Defendants would later admit that, contrary to their public statements, "there was a four quarter period from Q4 2017 to Q3 2018 that we basically kept lead generation spend flat." ¶327. Plaintiffs relied on the foregoing allegations and other facts to allege that some of the ***very same statements*** Defendants rely on in the MTD were false and misleading. For instance, Plaintiffs alleged Defendant Williams'

statement "[w]e have a full-court press on hiring in the second half for the fiscal year to try to make up this headcount shortfall" was false and misleading because "according to CW1 and CW7, Nutanix had implemented hiring freezes for its sales personal for during the Class Period" and "according to CW1, CW2, CW6, and CW7, Nutanix's headcount for sales personal was actually decreasing. . . ." ¶204 (emphasis in original).

*Third*, Defendants use extraneous documents for their truth to argue that Plaintiffs' allegations that "Dell provided Nutanix with at least 40%, or nearly half of its overall qualified sales leads" (¶¶5, 89 162) was refuted by Exhibit 25—a Form 10-K filed *after* Plaintiffs' Complaint. Defendants cite selectively from Exhibit 25 in an attempt to refute Plaintiffs' allegations that Dell was Nutanix's most important customer during the Class Period. Defendants attempt to refute Plaintiffs' factual allegations by arguing Dell only accounted for "a relatively small portion of Nutanix's revenue" and that from FY2017 to FY2019 "Dell's dollar contribution [] actually increased" during the Class Period." MTD at 3; *see also id*. at 14 (citing Ex. 25). Defendants are improperly relying on a document outside of the four corners of the Complaint to argue issues of fact. Further, beyond simply running afoul of *Khoja*, Defendants' characterization is incomplete and misleading. Dell sales as a percentage of revenue and in whole dollars *decreased* from FY2018 to FY2019 by 22% and 17%, respectively.

Initially, the Court should not assume the truth of Defendants' remarks in a particular document in order to generate inferences to refute the falsity of alleged misstatements in the same document. "[W]ere the Court to assume the truth of all documents incorporated by reference into the [Complaint], that would mean assuming the truth of all of Defendants' allegedly false or misleading statements. . . . [which would make it] impossible ever to successfully plead a fraud claim." *In re ECOtality, Inc. Sec. Litig*., 2014 WL 4634280, at *3 n.2 (N.D. Cal. 2014). Defendants' self-serving statements, especially those contained ***in the same documents*** containing alleged false statements or ***specifically alleged to be false and misleading***[8]—cannot

---

[8] *See e.g.*, ¶192 (alleging "We have significantly increased our sales and marketing personnel, which grew by 32%" to be false and misleading); ¶211 (alleging "We have significantly increased our sales and marketing personnel, which grew by 30%" to be false and misleading); ¶235

be assumed to be true. *See In re Zynga Inc. Sec. Litig*., 2015 WL 1382217, at \*4 n.1 (N.D. Cal. 2015) ("[B]ecause Plaintiff contests the accuracy of the contents of the company's public filings, the Court does not adopt the representations made in the documents for the truth of the matters asserted, but merely accepts that the public filings were made."); *see also SEB Inv. Mgmt. AB*., 2019 WL 2491935, at \*11 (declining to take judicial notice of the truth of defendants' disclosures where "plaintiffs dispute the accuracy of the statements set forth in the September 9 proxy statement.").

These extraneous documents and Defendants' use of them also violate the broader maxim that a defendant may not offer as "fact" a counter-narrative at the pleading stage. *Aqua Metals*, 2019 WL 3817849, at \*5. As the Ninth Circuit has specifically found, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003. As detailed above, the factual inferences that Defendants read into these documents run counter to Plaintiffs allegations that: (1) Defendants instituted a clandestine hiring freeze during the Class Period; (2) Nutanix kept spending on lead generation flat while they told investors they were increasing such spending; and (3) that Dell was Nutanix's largest and most important OEM, accounting for about 40% of its new sales leads. *Id.* at 1006 ("[I]n seeking incorporation of these documents, [Defendants] improperly ask[] the [D]istrict [C]ourt to engage in fact-finding in the course of deciding the sufficiency of the Complaint."). Defendants' invitation to draw factual inferences from these documents that contradict Plaintiffs' well-supported allegations is precisely the sort of premature counter-narrative that *Khoja* precludes. *See In re Facebook, Inc. Sec. Litig.*, 2019 WL 4674347, at \*11 ("The question at this stage is not are there other explanations for Facebook's stock price falling

---

(alleging "We have significantly increased our sales and marketing personnel, which grew by 40%" to be false and misleading); ¶202 (alleging "We have a full-court press on hiring" to be false and misleading); ¶224 (alleging "we ended up hiring more new employees in Q3 than in any previous quarter" to be false and misleading); ¶182 (alleging "we came in a little under hiring" in same paragraph as false statement); ¶202 (alleging "primarily due to the timing of new hires" in same paragraph as a false statement). *See Evans Analytical Grp., Inc. v. Green Plant Farms, LLC*, 2013 WL 3963822, at \*2 n.2 (N.D. Cal. 2013) ("[T]he Court does not take judicial notice of any facts in the public record that are subject to reasonable dispute."). [do we need all these?]

but whether Plaintiffs adequately stated a claim for securities fraud."); *see also Silver Wheaton*, 2019 WL 1512269, at *8 ("it would be inappropriate for the Court to consider defendants' exhibits" to "present their own version of the facts to defeat plaintiffs' claims at the pleading stage"); *Fabbri*, 2019 WL 5781914, at *2 (judicial notice of "several press releases," "transcripts of quarterly earnings calls" were "simply not the type of documents that are susceptible to judicial notice.")

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' request for judicial notice and incorporation by reference to the extent it requests that the Court: (1) consider the truth of the matter asserted in documents not cited in or relied upon in the Complaint; and (2) requests the Court rely on extraneous documents, including those incorporated by reference or judicially-noticed, to resolve factual disputes in Defendants' favor.

DATED: December 9, 2019

**LEVI & KORSINSKY, LLP**

/s/ *Shannon L. Hopkins*
Shannon L. Hopkins (*admitted pro hac vice*)
Stephanie A. Bartone (*admitted pro hac vice*)
Gregory Potrepka (*admitted pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Email: shopkins@zlk.com
Email: sbartone@zlk.com
Email: sbartone@zlk.com
Email: gpotrepka@zlk.com

Adam M. Apton (SBM 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel.: (415) 291-2420
Email: aapton@zlk.com
Email: amccall@zlk.com