BORIS FELDMAN, State Bar No. 128838
IGNACIO E. SALCEDA, State Bar No. 164017
LAURA G. AMADON, State Bar No. 321524
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile:  (650) 565-5100
Email: boris.feldman@wsgr.com
        isalceda@wsgr.com
        lamadon@wsgr.com

*Attorneys for Defendants*
*Nutanix, Inc., Dheeraj Pandey, and Duston M.*
*Williams*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NUTANIX, INC. SECURITIES LITIGATION | CASE NO.:  5:19-cv-01651-WHO |
| | **DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT** |
| | Hearing Date:  February 12, 2020 Time: 2:00 p.m. Courtroom: 2 Hon. William H. Orrick |

DEFS' REPLY RJN ISO MTD AMENDED COMPLAINT
CASE: 5:19-CV-01651-WHO

Defendants Nutanix, Inc. ("Nutanix" or the "Company"), Dheeraj Pandey, and Duston M. Williams ("Defendants") submit this Reply in further support of Defendants' Request for Judicial Notice and Notice of Incorporation by Reference ("RJN") and in response to Plaintiffs' Opposition to Defendants' RJN ("RJN Opp."). Defendants also request that the Court take judicial notice of Exhibit 26 attached to the Supplemental Declaration of Ignacio E. Salceda in Support of Defendants' Motion to Dismiss the Consolidated Amended Complaint ("Salceda Supplemental Declaration").

## INTRODUCTION

Plaintiffs' Opposition to Defendants' Request for Judicial Notice seeks to do what is prohibited by the Ninth Circuit: "select[] only portions of documents that support [Plaintiffs'] claims, while omitting portions of those very documents that weaken – or doom – their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2615 (2019). Plaintiffs do not object to the Court's consideration of the *existence* of certain statements in exhibits 1-25. RJN Opp. at 3-4. Instead, they conflate the doctrines of incorporation by reference and judicial notice and argue that *none* of the exhibits can be used by the Court to consider what was actually disclosed by Defendants and the context in which they made their statements. *Id.* at 3, 5-9. Under Ninth Circuit precedent, when a document is incorporated by reference (which Plaintiffs concede they have done with over half of the 25 exhibits), the Court may consider the complete document and its whole context and assume all contents of the document are true. Plaintiffs' attempt to escape the effect of incorporation by characterizing the referenced statements as presenting contrary facts (*id.* at 5-8) fails because they identify no well-pleaded fact that is purportedly disputed by these SEC filings. The Opposition should be denied.

## ARGUMENT

**Documents Referenced and Relied Upon in the Complaint**

Plaintiffs do not dispute that the Complaint incorporates by reference exhibits 1-5, 8-11, and 13-21. RJN Opp. at 3. Yet, they seek to escape the *effect* of that incorporation, arguing the Court should not take true as certain statements in these incorporated documents and consider

what was actually disclosed and the entire context for Defendants' statements. *Id.* Plaintiffs argue this is because the exhibits present contrary facts. *Id.* at 5-8. As this Court has explained, "a party may not avoid dismissal by raising an unreasonable factual dispute." *Golub v. Gigamon, Inc.*, 2019 WL 4168948, at *6 (N.D. Cal. Sept. 3, 2019), *appeal docketed*, No. 19-16975 (9th Cir. Oct. 7, 2019). Plaintiffs' interpretation of the incorporation by reference doctrine is far too narrow and their objection is merely a guise for "artful pleading." *Orexigen*, 899 F.3d at 1003. The reasons are clear and have been explained by the Ninth Circuit repeatedly.

First, because the Complaint references these documents, exhibits 1-5, 8-11, and 13-21 are treated "as though they are part of the complaint itself." *Orexigen*, 899 F.3d at 1002. Second, the purpose of the incorporation by reference doctrine is to prevent plaintiffs from "selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.*[1] Third, a court "is 'not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.'" *In re Tesla Motors, Inc. Sec. Litig.*, 75 F. Supp. 3d 1034, 1046 (N.D. Cal 2014) (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998)), *aff'd*, 671 F. App'x 670 (9th Cir. 2016). Fourth, the Court may consider the full text of each document incorporated by reference and "may assume…[its] contents are true for purposes of a motion to dismiss[.]" *Orexigen*, 899 F.3d at 1003 (citations omitted).

Judge Tigar's recent decision in *AXA Equitable* is instructive. *Hong v. AXA Equitable Life Ins. Co.*, 2018 WL 6331012 (N.D. Cal. Dec. 4, 2018). There, as here, the plaintiff did not "meaningfully contest" the incorporated documents; instead, the plaintiff argued "that the Court

---

[1] *See Colyer v. Acelrx Pharm., Inc.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015) ("the amended complaint quotes extensively from the transcripts of both [conference] calls"; "Plaintiffs cannot selectively quote from one part of a publicly-available transcript and then object to Defendants' decision to provide the Court with the complete transcript."); *Cement Masons & Plasterers Joint Pension Trust v. Equinix, Inc.*, 2012 WL 685344, at *5 n.4 (N.D. Cal. Mar. 2, 2012) ("Where a plaintiff fails to attach to the complaint the documents upon which the complaint is premised, a defendant may attach such documents in order to show that they do not support the plaintiff's claim."); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066 (N.D. Cal. 2010) (Where plaintiff "references and relies on a particular document as part of the … complaint," the court is "justified in looking outside the four corners of the complaint, to the document itself if offered.").

should limit the inferences that it draws from those documents." *Id.* at *3.  Judge Tigar rejected the plaintiff's argument and considered the documents' contents:

> Importantly, the letters do not contradict the complaint's allegations, but rather reflect the events alleged there....Though Hong may disagree as to the legal effect of those letters..., the Court is not required to accept legal conclusions as true at the pleading stage.

*Id.* at *3 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  *See Wozniak v. Align Tech., Inc.*, 850 F. Supp. 2d 1029, 1039 n.6 (N.D. Cal. 2012) (rejecting plaintiff's objection to court's consideration of exhibits where objection was based on purported unreasonableness of inferences drawn from those exhibits); *In re LeapFrog Enters., Inc. Sec. Litig.*, 527 F. Supp. 2d 1033, 1041 n.3 (N.D. Cal. 2007) (considering documents cited in complaint and rejecting plaintiff's contention that by doing so the Court necessarily "accept[s] defendants' interpretation of the matters therein").

It is even more important for the Court to consider the actual content of Defendants' statements where, as here, Plaintiffs cherry pick portions of Nutanix's disclosures and seek to re-write Nutanix's statements to say something that is not there.  As the Ninth Circuit has explained, the incorporation by reference doctrine "is designed to prevent artful pleading by plaintiffs[.]" *Orexigen*, 899 F.3d at 1003.  Court "need not accept as true Plaintiffs' allegations...that are contradicted by" incorporated materials.  *Philco Invs., Ltd. v. Martin*, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011).  Where facts and inferences drawn from such materials conflict with plaintiff's allegations, the court may consider this discrepancy in evaluating the complaint.  *See, e.g.*, *Paddock v. DreamWorks Animation SKG, Inc.*, 2015 WL 12711653, at *5 n.4 (C.D. Cal. Apr. 1, 2015) (dismissing securities class action suit; that plaintiffs misconstrued allegedly false statements was "evident after an examination of the full statements made"), *aff'd sub nom. Roofers Local No. 149 Pension Fund v. DreamWorks Animation SKG, Inc.*, 677 F. App'x 376 (9th Cir. 2017).

Plaintiffs' dispute as to competing inferences fails for another reason:  The Supreme Court had held that in evaluating whether a complaint has raised the required strong inference of scienter under Reform Act, courts "must consider" "documents incorporated into the complaint

by reference" and "must take into account plausible opposing inferences," including "plausible, nonculpable explanations for the defendant's conduct." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-24 (2007).

**Judicially Noticed Exhibits**

Defendants respectfully request that this Court judicially notice exhibits 6, 7, 12, and 22-26, which are not incorporated by reference in the Complaint. RJN at 4-6.  Of these, exhibits 6, 7, 12, and 23-26 were filed with the SEC.  Plaintiffs argue that because "[n]one of these documents is referenced anywhere in the Complaint" that these Exhibits "are not incorporated by reference and can only be judicially-noticed – but not for their truth." RJN Opp. at 4.  Judicial notice of publicly-available SEC filings is proper where, as here, Plaintiffs do not dispute their authenticity.  *City of Dearborn Heights Act 345 Police & Ret. Sys. v. Align Tech., Inc.*, 65 F. Supp. 3d 840, 848 (N.D. Cal. 2014), *aff'd*, 856 F.3d 605 (9th Cir. 2017).  *See also In re Intrexon Corp. Sec. Litig.*, 2017 U.S. Dist. LEXIS 26401, at *10 n.2 (N.D. Cal. Feb 24, 2017) (granting judicial notice of "several SEC filings" because "[j]udicial notice of such public records is proper"); *Norfolk Cty. Ret. Sys. v. Solazyme, Inc.*, 2018 U.S. Dist. LEXIS 106868, at *3 n.2 (N.D. Cal. June 26, 2018) (granting request for judicial notice of SEC filings not incorporated by reference in the complaint).  Accordingly, in addition to previously submitted exhibits 6, 7, 12, and 23-25 (all consisting of SEC filings), Defendants request that the Court take judicial notice of the following Nutanix SEC filing:

- Exhibit 26 (attached to the Salceda Supplemental Declaration): excerpts from Nutanix's Form S-1/A, filed with the SEC on September 28, 2016.[2]

Exhibit 22 is a chart of Nutanix's daily closing stock price during the Class Period. "Information about the stock price of publicly traded companies [is] the proper subject of judicial notice." *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004). *See also*

---

[2] Exhibit 23, previously attached to the Salceda Declaration (ECF No. 108-1), also contains excerpts from Nutanix's Form S-1/A, filed with the SEC on September 28, 2016.  Defendants request that the Court take judicial notice of additional relevant excerpts.

*In re Redback Networks, Inc. Sec. Litig.*, 2007 U.S. Dist. LEXIS 91042, at *5 n.3 (N.D. Cal. Dec. 4, 2007) (granting request to take judicial notice of a company's stock prices in a securities fraud case), *aff'd*, 329 F. App'x 715 (9th Cir. 2009); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 980 (N.D. Cal 2010) ("courts routinely take judicial notice of publicly-available indices such as stock market and consumer prices indices."). Additionally, Plaintiffs "do not oppose Defendants; request for judicial notice" of Exhibit 22. RJN Opp. at 4, n.6.

For the reasons stated here and in the RJN, Defendants respectfully request that the Court consider and notice exhibits 1 through 26 in connection with their Motion to Dismiss.

Dated: January 14, 2020                          /s/ Ignacio E. Salceda
                                                 Ignacio E. Salceda

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Boris Feldman, am the ECF User whose identification and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated: January 14, 2020                          /s/ Boris Feldman
                                                 Boris Feldman