BORIS FELDMAN, State Bar No. 128838
IGNACIO E. SALCEDA, State Bar No. 164017
LAURA G. AMADON, State Bar No. 321524
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100
Email: boris.feldman@wsgr.com
        isalceda@wsgr.com
        lamadon@wsgr.com

*Attorneys for Defendants*
*Nutanix, Inc., Dheeraj Pandey, and Duston M. Williams*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE NUTANIX, INC. SECURITIES LITIGATION | CASE NO.:  5:19-cv-01651-WHO |
| | **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |
| | Hearing Date:  August 12, 2020 Time: 2:00 p.m. Courtroom: 2 Hon. William H. Orrick |

DEFENDANTS' RJN ISO MOTION TO DISMISS
SECOND AMENDED COMPLAINT
CASE: 5:19-CV-01651-WHO

Defendant Nutanix, Inc. ("Nutanix" or the "Company"), Dheeraj Pandey, and Duston M. Williams (collectively, "Defendants") hereby request that the Court consider certain documents incorporated by reference in Plaintiffs' Second Amended Complaint ("Complaint" or "SAC", citations to which are "¶ __")[1], and pursuant to Rule 201 of the Federal Rules of Evidence, take judicial notice of the following documents, attached as exhibits 1 through 22 to the Declaration of Ignacio E. Salceda ("Salceda Declaration") in Support of Defendants' Motion to Dismiss the Second Amended Complaint.

**Documents Referenced and Relied Upon in the Complaint**

Defendants request that the Court consider documents that the Complaint quotes and relies on and thereby incorporates by reference. In the Complaint, Plaintiffs refer to, rely upon, and purport to quote portions of exhibits 4-11, 13-14, 17-19, and 21-22.

In dismissing the CAC, the Court held that "portions of the SEC filings that Plaintiff cites in the Complaint . . . are properly considered in ruling on a Rule 12(b)(6) motion under the doctrine of incorporation by reference." Order (ECF No. 121) at 8. The Court should likewise consider documents incorporated by reference in the SAC.

The Court's prior decision to consider documents incorporated by reference is supported by recent Ninth Circuit authority that on a motion to dismiss, the Court is permitted to consider a document "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2615 (2019) (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). Documents incorporated by reference are treated "as though they are part of the complaint itself." *Orexigen*, 899 F.3d at 1002; *see McGovney v. Aerohive Networks, Inc.*, 367 F. Supp. 3d 1038, 1051 (N.D. Cal. 2019) (complaint incorporates contents of quarterly earnings calls, quarterly SEC report).

---

[1] "CAC" refers to the now dismissed Consolidated Amended Complaint. ECF No. 102.

The Court may consider the full text of such documents, even where the complaint only quotes or relies upon selected portions. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996). A district court's consideration of the full text of documents "including portions which were not mentioned in the complaint[] . . . is appropriate in the context of a motion to dismiss." *Id.*; *see Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043 (9th Cir. 2015) (considering "entire content" of various SEC filings incorporated by reference). As the Ninth Circuit has explained, the incorporation by reference doctrine is designed to prevent plaintiffs from "selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Orexigen*, 899 F.3d at 1002; *see Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (similar).[2] Consequently, since the entirety of a document cited by a complaint is considered as a matter of law to have been pleaded in the complaint itself, it is axiomatic that all facts and associated inferences contained therein can be considered on a motion to dismiss. *In re Harmonic, Inc. Sec. Litig.*, 163 F. Supp. 2d 1079, 1084 (N.D. Cal. 2001). Indeed, under the strict pleading rules of the PSLRA, all reasonable inferences – including those adverse to plaintiff's theory – both can and must be considered when weighing the legal sufficiency of a complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 328 (2007).

Notably, the Court "is 'not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.'" *In re Tesla Motors, Inc. Sec. Litig.*, 75 F. Supp. 3d 1034, 1046 (N.D. Cal. 2014) (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d

---

[2] *See also Colyer v. Acelrx Pharm., Inc.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015) ("the amended complaint quotes extensively from the transcripts of both [conference] calls"; "Plaintiffs cannot selectively quote from one part of a publicly-available transcript and then object to Defendants' decision to provide the Court with the complete transcript."); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066 (N.D. Cal. 2010) (Where plaintiff "references and relies on a particular document as part of the … complaint," the court is "justified in looking outside the four corners of the complaint, to the document itself if offered."); *Cement Masons & Plasterers Joint Pension Trust v. Equinix, Inc.*, 2012 WL 685344, at *5 n.4 (N.D. Cal. Mar. 2, 2012) ("Where a plaintiff fails to attach to the complaint the documents upon which the complaint is premised, a defendant may attach such documents in order to show that they do not support the plaintiff's claim.").

DEFENDANTS' RJN ISO MOTION TO DISMISS
SECOND AMENDED COMPLAINT
CASE: 5:19-CV-01651-WHO                    2

1293, 1295-96 (9th Cir. 1998)), *aff'd*, 671 F. App'x 670 (9th Cir. 2016).  It is even more important for the Court to consider the actual content of Defendants' statements where, as here, Plaintiffs cherry pick portions of Nutanix's disclosures and seek to re-write Nutanix's statements to say something that is not there.  *See, e.g.*, ¶¶ 9 & n.4, 88, 118, 226, 402.   Where facts and inferences drawn from such materials conflict with plaintiff's allegations, the Court may consider this discrepancy in evaluating the complaint.  *See, e.g.*, *Paddock v. DreamWorks Animation SKG, Inc.*, 2015 WL 12711653, at *5 n.4 (C.D. Cal. Apr. 1, 2015) (dismissing securities class action suit; that plaintiffs misconstrued allegedly false statements was "evident after an examination of the full statements made"), *aff'd sub nom. Roofers Local No. 149 Pension Fund v. DreamWorks Animation SKG, Inc.*, 677 F. App'x 376 (9th Cir. 2017).

Since *Orexigen*, courts have found a variety of documents incorporated by reference, including Securities and Exchange Commission ("SEC") filings, press releases, and transcripts of earnings calls and investor conferences.  *GoPro*, 2019 WL 1231175, at *6; *see also In re SunPower Corp. Sec. Litig.*, 2018 WL 4904904, at *3 n.2 (N.D. Cal. Oct. 9, 2018) (following *Orexigen*, documents referenced in the complaint itself "explicitly as the ground for [defendant's] false statements and scienter . . . are appropriately incorporated by reference"); *Golub v. Gigamon Inc.*, 2019 WL 4168948, at *5-6 (N.D. Cal. Sept. 3, 2019) (considering documents incorporated by reference and taking judicial notice of company's proxy statement, SEC filings, press releases, and earning call transcripts), *appeal docketed*, No. 19-16975 (9th Cir. Oct. 7, 2019).

The incorporation by reference doctrine also extends to documents that are necessary to plaintiff's allegations, even if not explicitly referenced in the complaint.  *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("We have extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance.").

DEFENDANTS' RJN ISO MOTION TO DISMISS
SECOND AMENDED COMPLAINT
CASE: 5:19-CV-01651-WHO                    3

Additionally, where (as here) the applicability of the PSLRA's "safe harbor" for forward-looking statements is at issue, the Court must consider SEC filings and other public documents that contain cautionary language relating to such statements. *See* 15 U.S.C. § 78u-5(e) (requiring court to consider "any cautionary statement accompanying the forward-looking statement, which [is] not subject to material dispute, cited by the defendant"); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) (same).

Accordingly, Defendants request that the Court consider the following documents, which are quoted extensively throughout the Complaint and which form the basis of Plaintiffs' claims:

- Exhibit 4:  excerpts of Nutanix's Form 10-Q for the first quarter of fiscal year 2018, filed with the SEC on December 13, 2017.  It is referenced in ¶¶ 223-235, 259, 286, 306, 319, 391-392.

- Exhibit 5:  Nutanix's press release dated March 1, 2018, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on March 1, 2018.  It is referenced in ¶ 123 n.18.

- Exhibit 6:  excerpts from Nutanix's Form 10-Q for the second quarter of fiscal year 2018, filed with the SEC on March 15, 2018.  It is referenced in ¶¶ 88 n.14, 247-259, 286, 306, 319, 392.

- Exhibit 7:  copy of Nutanix's press release dated May 24, 2018, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on May 24, 2018.  It is referenced in ¶¶ 260-263, 274.

- Exhibit 8:  excerpts from Nutanix's Form 10-Q for the third quarter of fiscal year 2018, filed with the SEC on June 12, 2018.  It is referenced in ¶¶ 88 n.14, 275-286, 306, 319.

- Exhibit 9:  Nutanix's press release dated August 30, 2018, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on August 30, 2018.  It is referenced in ¶¶ 294, 295.

- Exhibit 10:  excerpts from Nutanix's Form 10-K for the fiscal year 2018, filed with the SEC on September 24, 2018.  It is referenced in ¶¶ 43, 44, 295-306, 319.

- Exhibit 11: excerpts from Nutanix's Form DEF 14A, filed with the SEC on November 5, 2018. It is referenced in ¶¶ 126 n.19, 386-387.

- Exhibit 13: excerpts from Nutanix's Form 10-Q for the first quarter of fiscal year 2019, filed with the SEC on December 10, 2018. It is referenced in ¶¶ 307-319.

- Exhibit 14: Nutanix's press release dated February 28, 2019, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on February 28, 2019. It is referenced in ¶¶ 320-322.

- Exhibit 17: excerpts from Nutanix's Form 10-K for the fiscal year 2019, filed with the SEC on September 24, 2019. It is referenced in ¶¶ 43, 44.

- Exhibit 18: excerpts from Nutanix's Form DEF 14A, filed with the SEC on October 30, 2019. It is referenced in ¶¶ 24, 32, 125-126, 388-390, 410, 411 n.30.

- Exhibit 19: S&P Global's Transcript of Nutanix's Q1 2018 Earnings Conference Call dated November 30, 2017. It is referenced in ¶¶ 220-222.

- Exhibit 21: S&P Global's Transcript of Nutanix's Q2 2019 Earnings Conference Call dated February 28, 2019. It is referenced in ¶¶ 20-21, 26, 88 n.15, 93 n.16, 162, 164, 216, 228, 252, 262, 267, 280, 300, 312, 323-330, 338-341, 352-353, 356-359, 361-362, 398.

- Exhibit 22: Nutanix's daily closing stock price from November 30, 2017 to May 30, 2019, obtained from Yahoo!Finance on October 24, 2019. It is referenced in ¶¶ 23, 29, 222, 235, 241, 246, 286, 306, 330, 348, 422, 424.

**Documents Previously Filed as Exhibits and Referenced in the Prior Complaint**

In their prior complaint, Plaintiffs challenged Nutanix's November 30, 2017 press release and both the November 27, 2018 press release and earnings call transcript and quoted and relied upon these statements. *See, e.g.*, CAC ¶¶ 157, 178-180, 265, 267, 269. These press releases and earnings call transcript were previously submitted to the Court as exhibits 8, 9, and 17 in support of Defendants' Motion to Dismiss the Consolidated Complaint. ECF No. 108-2, 108-3. The Court considered these documents in its Order dismissing the prior complaint under the doctrine of incorporation by reference. Order (ECF No. 121) at 8 n.1. While Plaintiffs have abandoned

their prior challenges to these statements and the Complaint removes mentions of them, these disclosures remain significant to the facts of the case.

This Court may take judicial notice of the same documents previously filed in the case. *See Cervantes v. West End 3199 REO LLC*, 2019 U.S. Dist. LEXIS 110821, at *20-21 (N.D. Cal. July 1, 2019) (taking judicial notice of prior pleadings and orders because the court's own records are not controversial).[3]  Current exhibits 3, 12, and 20 are already part of the Court's records, having been relied upon by both parties in their prior filings and are therefore not controversial for the purpose of judicial notice.  Accordingly, Defendants request that the Court take judicial notice of the following previously filed exhibits:

- Exhibit 3:  Nutanix's press release dated November 30, 2017, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on November 30, 2017.  This exhibit is submitted to show disclosures made about Nutanix's new end customer growth.

- Exhibit 12:  Nutanix's press release dated November 27, 2018, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on November 27, 2018.  This exhibit is submitted to show disclosures made about Nutanix's revenue.

- Exhibit 20:  S&P Global's Transcript of Nutanix's Q1 2019 Earnings Conference Call dated November 27, 2018.  This exhibit is submitted to show disclosures made about Nutanix's hiring efforts and challenges.

**SEC Filings**

Exhibits 1-18 are all materials filed with the SEC.  Courts routinely take judicial notice of such documents, especially in cases alleging violations of federal securities laws.  *Weller v. Scout Analytics, Inc.*, 230 F. Supp. 3d 1085 n.5 (N.D. Cal. 2017) (granting request for judicial notice of SEC filings because "in a securities case such as this one, judicial notice of such

---

[3] *See Identity Arts v. Best Buy Enter. Servs., Inc.*, 2007 U.S. Dist. LEXIS 32060, at *11 n.3 (N.D. Cal. Apr. 18, 2007) (taking judicial notice of declarations, pleadings, and orders in both the same and related actions), *aff'd*, 320 F. App'x 772 (9th Cir. 2009); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and expert reports from another judicial proceeding; the court "may take judicial notice of court filings and other matters of public record").

documents is generally appropriate."); *Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1014 n.13 (N.D. Cal. 2015) (granting a request for judicial notice of a Form 8-K because "[a] filing with the SEC is the type of public record that comes from a source whose accuracy cannot reasonably be questioned."). Judicial notice of SEC filings is proper regardless of whether the filings are referenced in the Complaint or are outside the Class Period. *In re Netflix, Inc. Sec. Litig.*, 2005 WL 1562858, at *5 (N.D. Cal. June 28, 2005) (holding that "SEC filings are appropriately noticed by the Court" on a motion to dismiss, even when those documents were filed with the SEC outside the class period). Here, exhibits 4-11, 13-14, and 17-18 are SEC filings that are also referenced in the Complaint. Accordingly, Defendants request that the Court take judicial notice of the following Nutanix SEC filings:

- Exhibit 1: excerpts from Nutanix's Form S-1/A, filed with the SEC on September 28, 2016.

- Exhibit 2: excerpts from Nutanix's Form 10-K for the fiscal year 2017, filed with the SEC on September 18, 2017.

- Exhibit 3: Nutanix's press release dated November 30, 2017, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on November 30, 2017.

- Exhibit 4: excerpts of Nutanix's Form 10-Q for the first quarter of fiscal year 2018, filed with the SEC on December 13, 2017.

- Exhibit 5: Nutanix's press release dated March 1, 2018, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on March 1, 2018.

- Exhibit 6: excerpts from Nutanix's Form 10-Q for the second quarter of fiscal year 2018, filed with the SEC on March 15, 2018.

- Exhibit 7: Nutanix's press release dated May 24, 2018, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on May 24, 2018.

- Exhibit 8: excerpts from Nutanix's Form 10-Q for the third quarter of fiscal year 2018, filed with the SEC on June 12, 2018.

- Exhibit 9: Nutanix's press release dated August 30, 2018, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on August 30, 2018.

- Exhibit 10: excerpts from Nutanix's Form 10-K for the fiscal year 2018, filed with the SEC on September 24, 2018.

- Exhibit 11: excerpts from Nutanix's Form DEF 14A, filed with the SEC on November 5, 2018.

- Exhibit 12: Nutanix's press release dated November 27, 2018, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on November 27, 2018.

- Exhibit 13: excerpts from Nutanix's Form 10-Q for the first quarter of fiscal year 2019, filed with the SEC on December 10, 2018.

- Exhibit 14: Nutanix's press release dated February 28, 2019, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on February 28, 2019.

- Exhibit 15: excerpts from Nutanix's Form 10-Q for the second quarter of fiscal year 2019, filed with the SEC on March 12, 2019.

- Exhibit 16: excerpts from Nutanix's Form 10-Q for the third quarter of fiscal year 2019, filed with the SEC on June 5, 2019.

- Exhibit 17: excerpts from Nutanix's Form 10-K for the fiscal year 2019, filed with the SEC on September 24, 2019.

- Exhibit 18: excerpts from Nutanix's Form DEF 14A, filed with the SEC on October 30, 2019.

**Earnings Call Transcripts**

Exhibits 19-21 are transcripts of Nutanix's earnings conference calls. In securities cases, like this one, where the "fraud on the market" doctrine is implied (*see, e.g.* ¶¶ 239, 262, 267) courts may take judicial notice of other public information about the company, including press releases and earnings call transcripts. *Copper Mountain*, 311 F. Supp. 2d at 863-64 (taking judicial notice of defendants' stock sales, press releases, and conference call transcripts); *Bare Escentuals*, 745 F. Supp. 2d at 1067 (same). Here, exhibits 18 and 20 are earnings call

transcripts that are also referenced in the Complaint.[4]  Accordingly, Defendants request that the Court take judicial notice of the following Nutanix earnings call transcripts:

- Exhibit 19:  S&P Global's Transcript of Nutanix's Q1 2018 Earnings Conference Call dated November 30, 2017.

- Exhibit 20:  S&P Global's Transcript of Nutanix's Q1 2019 Earnings Conference Call dated November 27, 2018.

- Exhibit 21:  S&P Global's Transcript of Nutanix's Q2 2019 Earnings Conference Call dated February 28, 2019.

**Nutanix's Daily Stock Prices**

Information about the stock price of publicly traded companies, such as Nutanix, is the proper subject of judicial notice.  *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *see Kim v. Advanced Micro Devices, Inc.*, 2019 WL 2232545, at *5 (N.D. Cal. May 23, 2019) (subsequent to *Orexigen*; taking judicial notice of historic stock prices).[5]  Nutanix's stock price, represented in exhibit 22, is also referenced in the Complaint.  ¶¶ 23, 29, 222, 235, 241, 246, 286, 306, 330, 348, 422, 424.

Accordingly, Defendants request that the Court take judicial notice of Nutanix's stock price during the class period:

- Exhibit 22:  Nutanix's daily closing stock price from November 30, 2017 to May 30, 2019, obtained from Yahoo!Finance on October 24, 2019.

\* \* \*

---

[4] Exhibit 19 is cited in ¶¶ 220-222; Exhibit 21 is cited in ¶¶ 20-21, 26, 88 n.15, 93 n.16, 162, 164, 216, 228, 252, 262, 267, 280, 300, 312, 323-330, 338-341, 352-353, 356-359, 361-362, 398.

[5] *See also Morgan v. AXT, Inc.*, 2005 WL 2347125, at *7 (N.D. Cal. Sept. 23, 2005) ("In the context of a motion to dismiss a securities private fraud action, a court may take judicial notice of a company's public stock prices."); *Lloyd v. CVB Fin. Corp.*, 2012 WL 12883522, at *13 (C.D. Cal. Jan. 12, 2012) (taking judicial notice of historical stock prices); *In re Blue Rhino Corp. Sec. Litig.*, 2004 U.S. Dist. LEXIS 27941, at *7-8 (C.D. Cal. Apr. 9, 2004) (taking judicial notice of stock prices because they "fall within the scope of Rule 201(b)"); *Copper Mountain*, 311 F. Supp. 2d at 864 (taking judicial notice of stock prices).

For the reasons set forth above, the Court should take judicial notice of exhibits 1 through 22 of the Salceda Declaration and consider them in connection with Defendants' Motion to Dismiss the Second Amended Complaint.

Dated: May 22, 2020                          /s/ Ignacio E. Salceda
                                                Ignacio E. Salceda

### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Boris Feldman, am the ECF User whose identification and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated: May 22, 2020                          /s/ Boris Feldman
                                                Boris Feldman