**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins (admitted *pro hac vice*)
Stephanie A. Bartone (admitted *pro hac vice*)
Gregory Potrepka (*admitted pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Email: shopkins@zlk.com
Email: sbartone@zlk.com
Email: gpotrepka@zlk.com

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Lead Plaintiff Shimon Hedvat,*
*Plaintiff City of Miami Fire Fighters' and*
*Police Officers' Retirement Trust, and the Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NUTANIX, INC. SECURITIES LITIGATION | Master File No. 3:19-cv-01651-WHO |
| | Hon. William H. Orrick |
| | **CLASS ACTION** |
| | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |

i

## **TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ........................................................................................ 1

II.     ARGUMENT ................................................................................................................ 2

    A.    Defendants' Use of Judicial Notice and Incorporation by Reference is Improper. ..................... 3

    B.    The Court Should Not Consider the Truth of the Matter Asserted in Exhibits Not Referenced in the Complaint ................................................................................................ 4

    C.    The Court Should Not Consider the Truth of the Matter of Exhibits Alleged to Be False or Misleading ........................................................................................................ 5

    D.    Defendants Misuse the Incorporation by Reference and Judicial Notice Doctrines to Impermissibly Draw Inferences in their Favor ........................................................ 6

    E.    The Court May Not Incorporate-By-Reference Documents that Do Not "Serve a Basis" for Plaintiffs' Claims ......................................................................................... 9

III.    CONCLUSION ........................................................................................................... 10

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

# TABLE OF AUTHORITIES

**Cases**

*Advanced Risk Managers, LLC v. Equinox Mgmt. Group, Inc*,
2019 WL 6716292 (N.D. Cal. 2019) ........................................................................................... 7

*Aledlah v. S-L Distribution Co., LLC*,
2020 WL 2927980 (N.D. Cal. June 3, 2020) ............................................................................ 7, 10

*Anschutz Corp. v. Merrill Lynch & Co. Inc.*, 7
85 F. Supp. 2d 799 (N.D. Cal. 2011) ......................................................................................... 4

*Body Jewelz, Inc. v. Valley Forge Ins. Co.*,
241 F. Supp. 3d 1084 (C.D. Cal. 2017) ..................................................................................... 5

*Bunkley v. Verber*,
2018 WL 1242168 (N.D. Cal. Mar. 9, 2018) .............................................................................. 9

*DalPoggetto v. Wirecard AG*,
2020 WL 2374948 (C.D. Cal. Apr. 15, 2020) ......................................................................... 3, 7

*Fabbri v. Wilkinson*,
2019 WL 5781914 (C.D. Cal. Nov. 5, 2019) ............................................................................. 3

*In re Acadia Pharm. Inc. Sec. Litig.*,
2020 WL 2838686 (S.D. Cal. June 1, 2020) ............................................................................. 3

*In re Amgen Inc. Sec. Litig.*,
544 F. Supp. 2d 1009 (C.D. Cal. 2008) ..................................................................................... 9

*In re Apple Sec. Litig.*,
2020 WL 2857397 (N.D. Cal. June 2, 2020) .......................................................................... 2, 7

*In re ECOtality, Inc., Sec. Litig.*,
2014 WL 4634280 (N.D. Cal. Sept. 16, 2014) .......................................................................... 6

*In re Facebook, Inc. Sec. Litig.*,
405 F. Supp. 3d 809 (N.D. Cal. 2019) ...................................................................................... 1

*In re Immune Response Sec. Litig.*,
375 F. Supp. 2d 983 (S.D. Cal. 2005) ....................................................................................... 9

*In re Impinj, Inc., Sec. Litig.*,
414 F. Supp. 3d 1327 (W.D. Wash. 2019) .................................................................................. 5

*In re Silver Wheaton Corp. Sec. Litig.*,
2019 WL 1512269 (C.D. Cal. Mar. 25, 2019) ........................................................................... 2

*In re Solarcity Corp. Sec. Litig.*,
274 F. Supp. 3d 972 (N.D. Cal. 2017) ...................................................................................... 6

*In re Zynga Inc. Sec. Litig.*,
2015 WL 1382217 (N.D. Cal. 2015) ......................................................................................... 6

*Iron Workers Local 580 Joint Funds v. Nvidia Corp.*,
2020 WL 1244936 (N.D. Cal. Mar. 16, 2020) .......................................................................... 9

iii

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

*Jones v. Micron Tech. Inc.*,
  400 F. Supp. 3d 897 (N.D. Cal. 2019) ................................................................... 2

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ................................................................... passim

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) ................................................................... 1, 7

*Longo v. OSI Sys., Inc.*,
  2020 WL 3124221 (C.D. Cal. Mar. 11, 2020).......................................................... 3

*Rollins v. Dignity Health*,
  338 F. Supp. 3d 1025 (N.D. Cal. 2018) ................................................................... 4

*SEB Inv. Mgmt. AB v. Symantec Corp.*,
  2019 WL 2491935 (N.D. Cal. 2019) ................................................................... 4, 6

*Talavera Hair Prods. v. Taizhou Yunsung Elec. Appliance. Co.*,
  2020 WL 998535 (S.D. Cal. Mar. 2, 2020) ................................................................... 9

*United States v. Corinthian Colleges*,
  655 F.3d 984 (9th Cir. 2011) ................................................................... 2

*Wochos v. Tesla, Inc.*,
  2019 WL 1332395 (N.D. Cal. 2019) ................................................................... 5

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Plaintiffs hereby oppose Defendants' Request for Judicial Notice in Support of their Motion to Dismiss the Second Amended Complaint ("RJN") (Dkt. No. 126) filed concurrently with Defendants' Motion To Dismiss ("MTD") (Dkt. No. 125) the Second Amended Complaint ("SAC" or "¶") (Dkt. No. 124). Defendants seek to incorporate-by-reference or ask the Court to judicially notice ***twenty-two (22)*** extraneous exhibits in support of their MTD to circumvent and dispute the SAC's well-pleaded factual allegations. Yet, Defendants may not "present their own version of the facts at the pleading stage . . . ." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). The "undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine." *Id.*[1] Therefore, the Court should reject Defendants' request for judicial notice and incorporation by reference. If the Court grants Defendants' RJN, it should: (1) disregard the truth of the matter asserted in all documents not cited in and/or relied upon in the Complaint; (2) disregard the truth of the matter asserted in all documents alleged to be false and misleading; (3) disregard the competing factual inferences that Defendants ask the Court to draw from their exhibits; and (4) reject certain documents under the incorporation by reference doctrine because they are not relied upon in the SAC.

## I.      PRELIMINARY STATEMENT

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). This is because "[w]hen matters outside the pleadings are considered, the 12(b)(6) motion converts into a motion for summary judgment." *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019). "There are two exceptions to this rule: the incorporation by reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Khoja*, 899 F.3d at 998. In *Khoja*, the Ninth Circuit observed that there is "a concerning pattern in securities cases like this one: exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Id.* The Court of Appeals held that "[j]ust because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.* at 999. Furthermore, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well[-]pleaded complaint." *Id.* at 1003. Instead of crediting Defendants' alternative

---

[1] Unless otherwise noted, all citations and quotation marks are omitted and emphasis is added.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

version of the facts, the Court "must interpret the allegations and factual disputes *in favor of the plaintiff* at the pleading stage." *Id.* at 1014.

Defendants' MTD and RJN offer exhibits to dispute the SAC's factual allegations, i.e., for the exact purpose the Ninth Circuit in *Khoja* perceived as abusing the judicial notice and incorporation by reference doctrines. Defendants have submitted 22 documents for judicial notice and rely on them throughout their MTD to create an alternative narrative of the facts alleged by the SAC to explain away, contradict, or excuse Defendants' behavior. For example, Defendants do not have a single citation to the SAC until referring to the procedural history of the case. The Defendants' "Statement of Facts" section of the MTD primarily uses information cited from their proffered exhibits (or from their previous motion to dismiss which contained *nearly 70* citations to the same or similar extraneous documents) in order to manufacture a preferred countervailing narrative instead of taking the SAC's facts as true. This is improper. *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 905 (N.D. Cal. 2019) ("In the Court's view, Defendants[—]in their joint motion and Hynix in its separate motion[—]attempt to use these documents to create a disputed version of the facts alleged and/or to create a defense to the allegations in the Complaint."); *In re Silver Wheaton Corp. Sec. Litig.*, 2019 WL 1512269, at *8 (C.D. Cal. Mar. 25, 2019) ("[I]t appears from their briefing that defendants are relying on these exhibits to present their own version of the facts to defeat plaintiffs' claims at the pleading stage . . . [I]t would be inappropriate for the Court to consider defendants' exhibits for this purpose."); *Khoja*, 899 F.3d at 1002 (warning "[D]efendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims."). In addition, many of these documents cannot be properly considered as incorporated documents. As the Ninth Circuit held, "the mere mention of the existence of a document [in the pleading] is insufficient to incorporate the contents of a document . . . ." *Id.*

**II.    ARGUMENT**

"[A] court cannot take judicial notice of disputed facts." *Khoja*, 899 F.3d at 999; *see also In re Apple Sec. Litig.*, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020) ("The Court will take judicial notice of these documents not for the truth of the matter asserted . . . ."); *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (courts "may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed."). As the Ninth

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Circuit recently reiterated, judicial notice is not the proper vehicle by which to mount affirmative defenses at the motion to dismiss stage:

> Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts. . . [which,] accepted as true at the pleading stage[,] can easily topple otherwise cognizable claims.

*Khoja*, 899 F.3d at 1003.

Defendants' RJN runs afoul of *Khoja*, and should be denied on this basis alone. Moreover, even if the Court grants Defendants' request, it may not "assume the truth of an incorporated document [where] such assumptions only serve to dispute facts stated in a well[-]pleaded complaint," *id.* at 1003—especially where, as here, Defendants request the Court rely on documents that are either not cited in the SAC or are alleged to be false. As evidenced below, several Exhibits should not be admitted under the incorporation by reference doctrine because these exhibits are just "mere mention[s] of the existence of . . . document[s]" and is therefore "insufficient to incorporate the contents of a document . . . ." *Id.* at 1002.

**A.  Defendants' Use of Judicial Notice and Incorporation by Reference is Improper.**

Following *Khoja*, courts in this Circuit recognize that "overuse and improper application of judicial notice and the incorporation-by-reference doctrine" is grounds for rejecting judicial notice, especially in securities class actions. *See In re Acadia Pharm. Inc. Sec. Litig.*, 2020 WL 2838686, at *3 (S.D. Cal. June 1, 2020) ("[G]iven the number of documents Defendants seek to have considered, the Court finds that such documents would more be appropriate in connection with a motion for summary judgment.") *DalPoggetto v. Wirecard AG*, 2020 WL 2374948, at **1-2 (C.D. Cal. Apr. 15, 2020) (denying request for judicial notice and incorporation by reference of "six exhibits," ***and even denying the accompanying motion to dismiss***, because "the documents and the arguments raised in the pending Motion that rely upon those documents would more appropriately be considered at summary judgment."); *Longo v. OSI Sys., Inc.*, 2020 WL 3124221, at *3 (C.D. Cal. Mar. 11, 2020) (same); *Fabbri v. Wilkinson*, 2019 WL 5781914, at **1-2 (C.D. Cal. Nov. 5, 2019) (same where defendants submitted "approximately 20 exhibits").

3

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Defendants' request for judicial notice of twenty-two exhibits is similarly abusive. Defendants' exhibits serve no other purpose than to impermissibly establish their version of the facts, which the Court should reject. Indeed, Defendants seem to rely on these exhibits throughout the MTD, specifically in their "Statement of Facts" section which almost entirely relies on their proffered exhibits (or from the applicable section within their previous motion to dismiss which contained nearly **70** citations to the same or similar extraneous documents). This "overuse" of the exhibits ignores *Khoja* and should not be countenanced at the pleading stage. *See Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018) ("[Defendant] is not explaining or arguing the allegations in Plaintiffs' [Complaint] – it is trying to factually rebut them. As *Khoja* makes clear, to grant the request for judicial notice would improperly convert this Rule 12(b)(6) motion into a motion for summary judgment under Rule 56."). Accordingly, the Court should deny the Defendant's RJN.

**B. The Court Should Not Consider the Truth of the Matter Asserted in Exhibits Not Referenced in the Complaint.**

Defendants ask the Court to judicially notice the truth of self-serving "factual" information contained within five SEC filings,[2] and one conference call,[3] that are not cited **anywhere** in the SAC. Therefore, these Exhibits are plainly not incorporated by reference. *SEB Inv. Mgmt. AB v. Symantec Corp.*, 2019 WL 2491935, at *10 (N.D. Cal. 2019) (rejecting incorporation by reference of items not mentioned in complaint); *Anschutz Corp. v. Merrill Lynch & Co. Inc.*, 785 F. Supp. 2d 799, 834 (N.D. Cal. 2011) (same). To the extent the Court takes judicial notice of these documents, it cannot be for the truth of the matter asserted therein.

Federal Rule of Evidence 201 provides that the only "kinds of facts that may be judicially noticed" are those that are "not subject to reasonable dispute." *Khoja*, 899 F.3d at 999. "A fact is not subject to reasonable dispute if it is [1] generally known, or can be accurately and [2] readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* "[T]he kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political

---

[2] Exs. 1-3, 12, 15, and 16.

[3] Ex. 20.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

history: for instance, who was president in 1958." *Body Jewelz, Inc. v. Valley Forge Ins. Co.*, 241 F. Supp. 3d 1084, 1090 (C.D. Cal. 2017). Exhibits 1-3, 12, 15, 16, and 20 should only be considered for "what was said, when it was said, and who said it without prejudice to plaintiff's ability to contest the accuracy of those statements." *In re Impinj, Inc., Sec. Litig.*, 414 F. Supp. 3d 1327, 1333 (W.D. Wash. 2019). Those exhibits cannot be noticed for the truth of the matters asserted therein. *Khoja*, 899 F.3d at 999; *Wochos v. Tesla, Inc.*, 2019 WL 1332395, *2 (N.D. Cal. 2019) ("The Court thus considers these documents for the sole purpose of determining what representations Tesla made to the market. The Court does not take notice of the truth of any of the facts asserted in these documents.").

### C. The Court Should Not Consider the Truth of the Matter of Exhibits Alleged to Be False or Misleading.

Many of Defendants' proffered exhibits are excerpts of documents that Plaintiffs allege to be false and misleading. *Compare* Ex. 4 (excerpts of the December 13, 2017 Form 10-Q), *with* ¶¶223-35 (alleging excerpts of the December 13, 2017 Form 10-Q to be false and misleading); *compare* Ex. 6 (excerpts of March 15, 2018 Form 10-Q for the second quarter of fiscal year 2018) *with* ¶¶247-59 (alleging that excerpts of the March 15, 2018 Form 10-Q to be false and misleading); *compare* Ex. 7 (excerpts of the press release on May 24, 2018 Form 8-K) *with* ¶¶260-64 (alleging that excerpts of the press release on May 24, 2018 Form 8-K to be false and misleading); *compare* Ex. 8 (excerpts of the June 12, 2018 Form 10-Q) *with* ¶¶275-86 (alleging that excerpts of June 12, 2018 Form 10-Q to be false and misleading); *compare* Ex. 10 (excerpts of the September 24, 2018 Form 10-K) *with* ¶¶295-306 (alleging that the excerpt of the September 24, 2018 Form 10-K to be false and misleading); *compare* Ex. 13 (excerpt of the December 10, 2018 Form 10-Q) *with* ¶¶307-319 (alleging that the excerpt of the December 10, 2018 Form 10-Q to be false and misleading); *compare* Ex. 19 (excerpt of November 30, 2017 conference call) *with* ¶220-22 (alleging that the excerpt of the November 30, 2017 conference call to be false and misleading); *compare* Ex. 21 (excerpt of the Transcript of Nutanix's Q2 2019 Earnings

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Conference Call dated February 28, 2019) *with* ¶¶338-42(alleging that the excerpt of the Transcript of Nutanix's Q2 2019 Earnings Conference Call dated February 28, 2019).[4]

The Court should not indulge Defendants' request to assume their remarks in a particular document were true, where such request's purpose is to refute the falsity of misstatements from the ***very same*** document that Plaintiffs allege was false and misleading. "[W]ere the Court to assume the truth of all documents incorporated by reference into the [Complaint], that would mean assuming the truth of all of Defendants' allegedly false or misleading statements . . . . [which would make it] impossible ever to successfully plead a fraud claim." *In re ECOtality, Inc., Sec. Litig.*, 2014 WL 4634280, at *3 n.2 (N.D. Cal. 2014). Defendants' self-serving statements, especially those above contained in the same documents as alleged false statements, cannot be presumed to be true. *In re Zynga Inc. Sec. Litig.*, 2015 WL 1382217, at *4 n.1 (N.D. Cal. 2015) ("Because Plaintiff contests the accuracy of the contents of the company's public filings, the Court does not adopt the representations made in the documents for the truth of the matters asserted, but merely accepts that the public filings were made."); *see also SEB Inv. Mgmt. AB.*, 2019 WL 2491935, at *11 (declining to take judicial notice of the truth of defendants' disclosures where "plaintiffs dispute the accuracy of the statements set forth in the September 9 proxy statement."); *In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) ("Although courts generally assume a document's contents to be true on a motion to dismiss when that document is referenced in a complaint, the Court cannot do so when Plaintiffs' complaint alleges that these documents contain false or misleading statements.").

### D. Defendants Misuse the Incorporation by Reference and Judicial Notice Doctrines to Impermissibly Draw Inferences in their Favor

Defendants, throughout their MTD, ask the Court to rely on documents that they seek to incorporate, or alternatively request judicial notice of such documents, to dispute the SAC's well-pleaded facts. "Unlike rule-established judicial notice, incorporation by reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d

---

[4] This list includes all Exhibits that Defendants request to be incorporated or noticed that are also contained in documents that the SAC alleges to be false and misleading. Exhibit 21 contains a partially corrective disclosure ***and*** statements that Plaintiffs allege to be false and misleading. The Court should not consider Exhibit 21 for the truth of Defendants' alleged false statements (¶¶338-42), or extraneous facts to infer such false statements are true.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

at 1002. "However, if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Id.*; *see also Aledlah v. S-L Distribution Co., LLC*, 2020 WL 2927980, at *3-4 (N.D. Cal. June 3, 2020) (judicial notice and incorporation by reference denied where Court found a document was used merely to create a defense to a claim); *DalPoggetto*, 2020 WL 2374948, at *2. Particularly, the Ninth Circuit wanted to avoid:

> the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access.

*Khoja,* 899 F.3d at 998. The Ninth Circuit "not[ed] a concerning pattern in securities cases like this one: exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage.") *Id.* The Ninth Circuit wanted to avoid having a "12(b)(6) motion convert[ed] into a motion for summary judgment under Rule 56." *Id.* Plaintiffs object to the incorporation of (or judicial notice of) any Exhibits that Defendants utilize to provide a countervailing narrative to the SAC's allegations. Such misuse is contrary to *Khoja*'s express intent because it merely "insert[s Defendants] own version of events into the complaint[.]" *Khoja*, 899 F.3d at 1002; *see generally* Exs. 1-22; *see also Apple*, 2020 WL 2857397, at *5 ("It is improper to assume the truth of an incorporated document only to dispute facts stated in a well-pleaded complaint.").

Plaintiffs further object to Defendants' use of the doctrines to *contradict* the SAC's allegations with extraneous documents or to draw inferences in Defendants' favor. *Lee*, 250 F.3d at 688 ("factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)."); *Advanced Risk Managers, LLC v. Equinox Mgmt. Group, Inc*, 2019 WL 6716292 (N.D. Cal. 2019) ("The incorporation by reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage."). As demonstrated below, Defendants' MTD is rife with examples where Defendants' abuse the incorporation by reference and judicial notice doctrines to dispute the SAC's true facts.

*First*, Defendants' MTD improperly cites to an extraneous exhibit to show that Nutanix had $900

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

million in cash and short-term investments on hand in order to counter Plaintiffs' well-pled allegations that the amount diverted from lead generation was material. MTD at 12 (citing Ex. 17). Defendants ignore the SAC alleges Defendant Williams admitted that the lead generation reallocation was "not an insignificant" amount. ¶324. Defendants also ignore that the SAC alleges Defendants *intentionally chose not to spend cash* on lead generation during the Class Period because they knew that Nutanix's free cash flow and Rule of 40 compliance was uniquely scrutinized by industry analysts, and they knew that Nutanix's free cash flow *was not compliant* with the Rule of 40 during the Class Period. ¶¶404-13.

Moreover, Defendants' use of Exhibit 17 is misleading. Defendants seek incorporation and judicial notice of the Company's cash position to surmise that it "could have" paid "a little more on lead generation spending." MTD at 12. Defendants would have the Court improperly infer (in their favor at the pleading stage) that spending "a little more" was feasible at any point in the Class Period, and that such expense would have instantly solved Nutanix's problems. However, Defendants ignore that the SAC alleges the pipeline was already "pretty dry" very early in the Class Period (approximately 30% below target by March through May of 2018), and that the average sales cycle was six to nine months. Defendants cannot commandeer the judicial notice and incorporation by reference doctrines to manufacture factual disputes with SAC's well-pled allegations that Nutanix was suffering an exponentially declining pipeline that Defendants tried to deceptively address with a manipulative pull-in scheme. To do so, as Defendants attempt here, impermissibly proffers a "defense to the well-pled allegations in the complaint . . . ." *Khoja*, 899 F.3d at 1002.

*Second,* Defendants improperly cite statements from extraneous documents (for the truth of the matter) which purport that "sales and marketing *expense* consists primarily of personnel costs." MTD at 18 n.24 (citing Exs. 4, 6, 8, 10, 13). Defendants offer these "facts" as a their own narrative to the SAC's allegations that Defendants misled investors about their purported quarterly "increased" spending on marketing activities related to lead generation. *Id.*; *see also* ¶¶ 230, 254, 282, 302, 314. According to Defendants, investors would not have been misled by statements regarding increased marketing activities, because "*sales and* marketing *expense*" consists primarily of personnel costs (i.e., salaries, etc.), which are obviously not "activities." This is not inconsistent with the SAC. *See* ¶9 n.4 (sales expense comprised about two-thirds of "sales and marketing expense" and was "primarily made up of

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

salaries"), ¶213 (CW10 recalled sales expense comprised approximately 60% of Sales and Marketing expense). Thus, Defendants' proffered facts, even if true, are red herrings that are being used to dispute the falsity of statements referring to a wholly different topic. That is not a permissible function for these doctrines. *Bunkley v. Verber*, 2018 WL 1242168, at *2 (N.D. Cal. Mar. 9, 2018) (Orrick, J.) ("[I]f an exhibit is irrelevant or unnecessary to deciding the matters at issue, a request for judicial notice may be denied."). *Iron Workers Local 580 Joint Funds v. Nvidia Corp.*, 2020 WL 1244936, at *6 (N.D. Cal. Mar. 16, 2020) (denying request for judicial notice of an exhibit that defendants offered "to contradict Plaintiffs' allegations").

Third, Defendants misuse the judicial notice and/or incorporation by reference doctrine to dispute Plaintiffs' allegations regarding sales execution and establish a truth-on-the-market defense to related misstatements. MTD at 20 (citing Exs. 4, 6, 8, 13, 19, and 20). Defendants cite these exhibits to assert investors already knew of sales hiring and attrition issues, despite the fact that the statements in these Exhibits misleadingly trivialized the sales hiring and retention issues, presented the issues as speculative or contingent, or otherwise ***denied them altogether***. Truth-on-the-market is already an affirmative defense that is generally seen as inappropriate at the pleading stage. *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1025 (C.D. Cal. 2008) ("As a general rule, the truth-on-the-market defense is intensely fact-specific, so courts rarely dismiss a complaint on this basis."); *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 1036 (S.D. Cal. 2005) ("Dismissal is proper only if they show that no rational jury could find that the market was misled. If the evidence presents a sufficient disagreement to require submission to the jury, a motion to dismiss should be denied."). Defendants exacerbate their improper attempt to litigate affirmative defenses at the motion to dismiss stage by referencing extraneous facts that Defendants themselves disavowed in order to manufacture a "defense to the well-pled allegations in the complaint . . . ." *Khoja*, 899 F.3d at 1002. Defendants' RJN should be denied.

### E. The Court May Not Incorporate-By-Reference Documents that Do Not "Serve a Basis" for Plaintiffs' Claims

Plaintiffs further object to Defendants' request that documents be incorporated-by-reference, where such documents are neither "referred to extensively" in the SAC, nor "serve as a basis" for Plaintiffs' claims. *Talavera Hair Prods. v. Taizhou Yunsung Elec. Appliance. Co.*, 2020 WL 998535, at *3 (S.D. Cal. 2020). Plaintiffs observe several flagrant abuses of the doctrine:

9

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

- Exhibit 5 was used in a single footnote. ¶123 n.18. It is not referenced anywhere else and does not form the basis of Plaintiffs' argument.

- Exhibit 9 is only referenced in two paragraphs, and never actually cited by Plaintiffs. ¶¶294, 295.

- Exhibit 11 is only referenced in two paragraphs and a footnote. ¶¶126 n.19, 386, 387.

- Exhibit 17 is mentioned in only two paragraphs of the SAC and does not form the basis of the SAC, since those paragraphs are in the introduction of the argument. ¶¶43, 44.

These documents cannot be incorporated-by-reference. *See Khoja*, 899 F.3d at 1003 (finding that the incorporation by reference doctrine did not apply to a blog post cited in a two-sentence footnote and did not "form the basis of any claim in the Complaint."); *Aledlah*, 2020 WL 2927980, at *4 (the court in that case found that a distribution agreement would be inappropriate to be "incorporated by reference because it is quoted in one paragraph of the complaint and referenced in another . . . .").

### III.    CONCLUSION

Defendants' RJN improperly requests that the Court: consider the truth of the matter asserted in documents neither cited in nor relied upon in the Complaint, and/or resolve factual disputes in Defendants' favor. Wherefore, Plaintiffs respectfully request that the RJN be denied.

DATED: June 26, 2020

**LEVI & KORSINSKY, LLP**

*/s/ Shannon L. Hopkins*
Shannon L. Hopkins
 (*admitted pro hac vice*)
Stephanie A. Bartone
 (*admitted pro hac vice*)
Gregory Potrepka
 (*admitted pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Email: shopkins@zlk.com
Email: sbartone@zlk.com
Email: gpotrepka@zlk.com

Adam M. Apton (SBM 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Email: amccall@zlk.com

*Lead Counsel for Plaintiffs and the Class*

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE