IGNACIO E. SALCEDA, State Bar No. 164017
LAURA G. AMADON, State Bar No. 321524
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile:  (650) 565-5100
Email: isalceda@wsgr.com
        lamadon@wsgr.com

*Attorneys for Defendants*
*Nutanix, Inc., Dheeraj Pandey, and Duston M.*
*Williams*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NUTANIX, INC. SECURITIES LITIGATION | CASE NO.:  3:19-cv-01651-WHO |
| | **DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |
| | Date:  August 12, 2020<br>Time: 2:00 p.m.<br>Courtroom: 2<br>Hon. William H. Orrick |

Defendants Nutanix, Inc. ("Nutanix" or the "Company"), Dheeraj Pandey, and Duston M. Williams ("Defendants") submit this Reply in further support of Defendants' Request for Judicial Notice and Incorporation by Reference in Support of Motion to Dismiss the Second Amended Complaint ("RJN") and in response to Plaintiffs' Opposition to Defendants' RJN ("RJN Opposition" or "RJN Opp.").

**INTRODUCTION**

In support of their Motion to Dismiss the Second Amended Complaint, ECF No. 125 ("MTD"), Defendants submitted two categories of exhibits: documents incorporated by reference into the SAC and documents subject to judicial notice.[1]  These documents consist of SEC filings, earnings call transcripts, and Nutanix's historical stock prices—the most commonplace documents in securities litigation.  Plaintiffs do not challenge the authenticity of these documents, nor do they deny that half of them are incorporated by reference.

Yet Plaintiffs boldly assert that Defendants' RJN is "improper," "abusive," and offers exhibits which "serve no other purpose than to impermissibly establish [Defendants'] version of the facts[.]"  RJN Opp. at 3-4.  Despite conceding more than half of Defendants' exhibits form the basis of their claims (*id.* at 9-10), Plaintiffs urge the Court to deny Defendants' RJN outright, and refuse to consider anything other than Plaintiffs' selective quotations of the statements cited in the SAC and stripped of their context.  *Id.* at 1.  Thus, Plaintiffs seek to do precisely what the Ninth Circuit prohibits: "select[] only portions of documents that support [Plaintiffs'] claims, while omitting portions of those very documents that weaken – or doom – their claims."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2615 (2019).

The Supreme Court has held that, because of the heightened pleading standard applicable to securities class actions, courts "*must* take into account plausible opposing inferences" and "*must* consider . . . other sources . . . in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" when deciding a motion to

---

[1] All exhibits are attached to the Declaration of Ignacio E. Salceda in Support of Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 125-1.

dismiss. *Tellabs, Inc. v. Maker Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007) (emphasis added). Here, of Defendants' twenty-two exhibits, fifteen are unquestionably incorporated by reference into the SAC, four are excerpts from Nutanix's SEC filings, and three are documents relied upon by both parties in their prior filings and are already part of the Court's records. The Court should therefore consider all of Defendants' exhibits.

## ARGUMENT

### **Defendants' Request for Judicial Notice and Incorporation by Reference is Proper**

Plaintiffs first argue Defendants' RJN is improper because the number of exhibits offered is "abusive," and the documents "serve no other purpose than to impermissibly establish [Defendants'] version of the facts[.]" RJN Opp. at 4. These objections are meritless. The Ninth Circuit has not limited the number of documents a court may judicially notice or consider as incorporated by reference. Plaintiffs' authorities do not hold otherwise, and involved requests ranging from six exhibits to fifty-eight.[2] RJN Opp. at 3. Indeed, courts in this District routinely grant requests for judicial notice which exceed the number of exhibits proffered here. *See, e.g.*, *In re Apple Inc. Sec. Litig.*, 2020 U.S. Dist. LEXIS 96953, at *14-18 (N.D. Cal. June 2, 2020) (taking judicial notice of "64 documents"); *Kipling v. Flex Ltd.*, 2020 WL 2793463, at *7 (N.D. Cal. May 29, 2020) (taking judicial notice of "twenty-three exhibits"); *In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 987-88 (N.D. Cal. 2017) (taking judicial notice of "24 documents"); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066-67 (N.D. Cal. 2010) (taking judicial notice of 52 out of a "total of 53 exhibits"). Accordingly, Defendants' submission is not abusive or improper.

Moreover, Defendants' exhibits serve two primary purposes, both valid under Ninth Circuit precedent: First, to "prevent artful pleading" by Plaintiffs who have "select[ed] only

---

[2] *See In re Acadia Pharm. Inc. Sec. Litig.*, 2020 WL 2838686, at *3 (S.D. Cal. June 1, 2020) ("Defendants request judicial notice of fifty-six (56) documents."); *DalPoggetto v. Wirecard AG*, 2020 WL 2374948, at *1 (C.D. Cal. Apr. 15, 2020) ("defendants ask the court to consider six exhibits"); *Longo v. OSI Sys., Inc.*, 2020 WL 3124221, at *1 (C.D. Cal. Mar. 11, 2020) ("Defendants requested judicial notice of approximately 58 exhibits."); *Fabbri v. Wilkinson*, 2019 WL 5781914, at *1 (C.D. Cal. Nov. 5, 2019) ("Defendant requested judicial notice of approximately 20 exhibits.").

portions of documents that support [their] claims, while omitting portions of those very documents that weaken – or doom – their claims," (*Orexigen*, 899 F.3d at 1002-03), and second, to show the Court "what was said, when it was said, and who said it[.]"  RJN Opp. at 5. Therefore, Defendants' RJN is proper.

**The Court Must Take into Account Plausible Opposing Inferences in Exhibits Incorporated by Reference**

Defendants submitted fifteen documents incorporated by reference into the SAC: Exhibits 4-11, 13-14, 17-19, 21-22.  RJN at 4-5.  They are excerpts from Nutanix's Forms 10-Q and 10-K (Exhibits 4, 6, 8, 10, 13) and Forms DEF 14A (Ex. 11, 18) all filed with the SEC, Nutanix's press releases attached to SEC Forms 8-K (Exhibits 5, 7, 9, 14), two conference call transcripts (Exhibits 19, 21), and Nutanix's stock price data during the class period (Ex. 22). Plaintiffs only challenge four of these exhibits: Exhibits 5, 9, 11, and 17, RJN Opp. at 10, conceding Exhibits 4, 6-8, 10, 13-14, 18-19, 21-22 are incorporated by reference.

However, Plaintiffs attempt to evade the effect of incorporation by reference by asking the Court to disregard "the truth of the matter asserted in all documents alleged to be false and misleading" and the "competing factual inferences." *Id.* at 1.  Plaintiffs' narrow interpretation of the incorporation by reference doctrine is merely a guise for "artful pleading" as *Orexigen* "does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations."  899 F.3d at 1003; *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020).  As the Court has explained, "a party may not avoid dismissal by raising an unreasonable factual dispute." *Golub v. Gigamon, Inc.*, 2019 WL 4168948, at *6 (N.D. Cal. Sept. 3, 2019), *appeal docketed*, No. 19-16975 (9th Cir. Oct. 7, 2019).[3]  Indeed, the Ninth Circuit dictates why the Court should and *must* consider Defendants' exhibits incorporated by reference and their competing factual inferences.

---

[3] *See also Wozniak v. Align Tech.*, *Inc.*, 850 F. Supp. 2d 1029, 1039 n.6 (N.D. Cal. 2012) (rejecting plaintiff's objection to court's consideration of exhibits where objection was based on purported unreasonableness of inferences drawn from those exhibits); *In re LeapFrog Enters., Inc. Sec. Litig.*, 527 F. Supp. 2d 1033, 1041 n.3 (N.D. Cal. 2007) (considering documents cited in complaint and rejecting plaintiff's contention that by doing so the Court necessarily "accept[s] defendants' interpretation of the matters therein").

First, because these documents are referenced in the SAC and form the basis of Plaintiffs' claims, Exhibits 4-11, 13-14, 17-19, and 21-22 are treated "as though they are part of the complaint itself." *Orexigen*, 899 F.3d at 1002.  Second, the purpose of the incorporation by reference doctrine is to prevent plaintiffs from "selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims." *Id*.[4]  Third, a court "is 'not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.'" *In re Tesla Motors, Inc. Sec. Litig.*, 75 F. Supp. 3d 1034, 1046 (N.D. Cal 2014) (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998)), *aff'd*, 671 F. App'x 670 (9th Cir. 2016).  Fourth, the Court may consider the full text of each document incorporated by reference and "may assume [its] contents are true for purposes of a motion to dismiss[.]" *Orexigen*, 899 F.3d at 1003 (citations omitted). *See In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) ("Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents.") (citations omitted).

This is so even with respect to documents which Plaintiffs allege to be misleading.  RJN Opp. at 5-6.  The Ninth Circuit addressed this very issue in *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999), *abrogated on other grounds*, *S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776 (9th Cir. 2008) (citation omitted):

> Although [Plaintiff] questions the veracity of the SEC forms, her ongoing and substantial reliance on the forms as a basis for her allegations substantially weakens her position. . . . "[H]aving raised questions about [Defendants'] stock sales [and] based her allegations on [Defendants'] SEC filings . . . [Plaintiff] can hardly complaint when [Defendants] refer to the same information in their defense[s]."

---

[4] *See Colyer v. Acelrx Pharm., Inc.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015) ("the amended complaint quotes extensively from the transcripts of both [conference] calls"; "Plaintiffs cannot selectively quote from one part of a publicly-available transcript and then object to Defendants' decision to provide the Court with the complete transcript."); *Cement Masons & Plasterers Joint Pension Trust v. Equinix, Inc.*, 2012 WL 685344, at *5 n.4 (N.D. Cal. Mar. 2, 2012) ("Where a plaintiff fails to attach to the complaint the documents upon which the complaint is premised, a defendant may attach such documents in order to show that they do not support the plaintiff's claim."); *Escentuals*, 745 F. Supp. 2d at 1066 (Where plaintiff "references and relies on a particular document as part of the . . . complaint," the court is "justified in looking outside the four corners of the complaint, to the document itself if offered.").

Here, it is even more important for the Court to consider the content of Defendants' statements because Plaintiffs select portions of those disclosures and seek to re-write them to say something that is not there. *Orexigen*, "did not eradicate the rule that alleged false statements 'must be analyzed in context.'" *Eventbrite*, 2020 WL 2042078, at *7 (citation omitted). As the Ninth Circuit has explained, the incorporation by reference doctrine "is designed to prevent artful pleading by plaintiffs[.]" *Orexigen*, 899 F.3d at 1003. Courts "need not accept as true Plaintiffs' allegations . . . that are contradicted by" incorporated materials. *Philco Invs.*, *Ltd. v. Martin*, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011). Where facts and inferences drawn from such materials conflict with Plaintiffs' allegations, the Court may consider this discrepancy in evaluating the complaint. *See, e.g.*, *Paddock v. DreamWorks Animation SKG, Inc.*, 2015 WL 12711653, at *5 n.4 (C.D. Cal. Apr. 1, 2015) (dismissing securities class action; that plaintiffs misconstrued allegedly false statements was "evident after an examination of the full statements made"), *aff'd sub nom. Roofers Local No. 149 Pension Fund v. DreamWorks Animation SKG, Inc.*, 677 F. App'x 376 (9th Cir. 2017).

Plaintiffs' claim as to competing inferences fails for another reason:  The Supreme Court has held that in evaluating whether a complaint has raised the required strong inference of scienter under the Reform Act, courts "must consider . . . documents incorporated into the complaint by reference" and "must take into account plausible opposing inferences," including "plausible, nonculpable explanations for the defendant's conduct[.]" *Tellabs.*, 551 U.S. at 322-24 (citation omitted).

Thus, Plaintiffs cannot escape the effect of the documents they incorporated by reference, and the Court should treat Exhibits 4-11, 13-14, 17-19, and 21-21 as part of the SAC and assume the truth of their contents in deciding Defendants' Motion to Dismiss. *In re Fusion-io, Inc. Sec. Litig.*, 2015 WL 661869, at *9 (N.D. Cal. Feb. 12, 2015) (treating SEC filings and earnings call transcripts as "part of the complaint" and assuming their "contents are true for purposes of a motion to dismiss") (citation omitted).

**Exhibits Which Form the Basis of Plaintiffs' Claims are Incorporated by Reference**

With respect to the challenged Exhibits 5, 9, 11, and 17, Plaintiffs argue that they are not incorporated by reference because they are not "referred to extensively." RJN Opp. at 9-10. Plaintiffs concede that Exhibits 9 and 11 form the basis of their claims but argue and that Exhibits 5 and 17 do not. *Id.* at 10. This is not so.

The Ninth Circuit reiterated in *Orexigen* that courts can consider any document that a plaintiff "refers [to] extensively" or "forms the basis" of their claim. 899 F.3d at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). These two options for invoking the incorporation by reference doctrine are disjunctive, and only one is necessary. The Ninth Circuit has not defined what "extensively" means and has set only the low bar that "it should, ordinarily at least, mean more than once" or else it should be "relatively lengthy." *Orexigen*, 899 F.3d at 1003-04 (finding incorporation by reference proper for a blog post which was only quoted once, because it was "lengthy and convey[ed] numerous facts."). Even a document that is not referenced in a complaint can form the basis of a claim. *Id.* at 1002 (referencing an example where the Court "affirmed the incorporation of materials that the complaint did not reference at all . . . because the claim necessarily depended on them.") (citing *Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005)). Exhibits 5, 9, 11, and 17 meet this low bar as each is referred to more than once, and each forms the basis of Plaintiffs' claims.

For example, Plaintiffs rely on Exhibit 5, Nutanix's March 1, 2018 Press Release, to allege that Nutanix frequently "conflated existing end customers as new ones[.]" ¶¶ 123, 123 n.18. This allegation is echoed throughout the SAC. *See, e.g.* ¶¶ 220, 237-238, 242-243, 269, 291.

Plaintiffs quote from Exhibit 17, Nutanix's Fiscal 2019 Form 10-K, to allege that as "chief operating decision maker[s]," Messrs. Pandey and Williams "allocated resources and assessed financial performance based upon discrete financial information." ¶¶ 43-45, 198. These quotations are sufficient for Exhibits 17's incorporation by reference. *See, e.g.*, *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at *3, *5 (N.D. Cal. Dec. 18, 2017) (finding defendants Form 10-K filed after the class period was "incorporated by reference into the SAC as it [was]

quoted at SAC ¶ 197."), *aff'd*, 765 F. App'x 239 (9th Cir. 2019).  Moreover, Plaintiffs rely on these quotations to allege that "Defendants were aware of Nutanix's declining sales pipeline throughout the Class Period."  ¶ 211; *see generally* ¶¶ 197-211.  Thus, Exhibit 17 forms the basis of Plaintiffs' claims and is incorporated by reference.

Finally, since Plaintiffs concede that Exhibits 9 and 11 form the basis of their claims, incorporation by reference is proper.  Indeed, Plaintiffs directly allege that Exhibit 9, the Company's August 30, 2018 Press Release, contained false and misleading statements[5] and that the Individual Defendants' performance goals outlined in Exhibit 11 "demonstrates their knowledge of Nutanix's declining pipeline."  ¶ 390.[6]  Thus, Exhibits 9 and 11 go to the very core of Plaintiffs' claims and are incorporated by reference.

**The Court May Take Judicial Notice of Exhibits to Show Undisputed Facts Disclosed to the Market**

Defendants request that the Court judicially notice four SEC filings which are not incorporated by reference in the SAC:  Exhibits 1-2, and 15-16.  RJN at 7-8.  Plaintiffs do not dispute that the Court may take judicial notice of these exhibits.  Rather, they argue that "[t]o the extent the Court takes judicial notice of these documents, it cannot be for the truth of the matter asserted therein" and "should only be considered for 'what was said, when it was said, and who said it[.]'"  RJN Opp. at 4-5.  This is precisely the purpose for which Defendants offer these exhibits: to show what Nutanix disclosed and when.

Exhibits 1 and 2 are cited once in the MTD and only directly quote disclosures made in Nutanix's SEC filings.[7]  Exhibits 15 and 16 are each cited three times to list Nutanix's

---

[5] *See* ¶ 295 ("The 2018 10-K contained the same materially false and misleading statements as the August 30, 2018 Press Release."); ¶ 294 ("The above statements [in ¶¶ 287, 291] in the August 2018 Press Release and the August 2018 Call confirmed prior misstatements[.]").

[6] *See also* ¶ 126 n.19 (defining "New Customer Adds"); ¶¶ 386-387 (discussing Individual Defendants' Annual Bonus Targets and alleging that "Defendants would have been aware throughout Fiscal 2018 of the Company's new customer additions and growth.").

[7] *See* MTD at 17 n.23 (quoting Nutanix's description of its marketing program); *id.* at 22 n.34 (quoting Nutanix's definition of "end-customers").

disclosures regarding its total end-customers in a given period.[8]  Judicial notice of publicly-available SEC filings is proper where, as here, Plaintiffs do not dispute their authenticity.  *City of Dearborn Heights Act 345 Police & Ret. Sys. v. Align Tech., Inc.*, 65 F. Supp. 3d 840, 848 (N.D. Cal. 2014), *aff'd*, 856 F.3d 605 (9th Cir. 2017).  *See also In re Intrexon Corp. Sec. Litig.*, 2017 WL 732952, at *3 n.2 (N.D. Cal. Feb 24, 2017) (granting judicial notice of "several SEC filings" because "[j]udicial notice of such public records is proper"); *Norfolk Cty. Ret. Sys. v. Solazyme, Inc.*, 2018 WL 3126393, at *1 n.2 (N.D. Cal. June 26, 2018) (granting request for judicial notice of SEC filings not incorporated by reference in the complaint).

Similarly, Exhibits 3, 12, and 20 are offered only to show what disclosures Nutanix made about new end-customer growth, revenue, and hiring efforts and challenges.  RJN at 6.  These exhibits are already part of the Court's records, having be relied upon by both parties in their prior filings and are therefore not controversial for the purpose of judicial notice.[9]

## CONCLUSION

For the reasons stated herein and in the RJN, Defendants respectfully request that the Court consider and notice Exhibits 1 through 22 in connection with their Motion to Dismiss Plaintiffs' Second Amended Complaint.

Dated: July 20, 2020

*/s/ Ignacio E. Salceda*
Ignacio E. Salceda

*Attorneys for Defendants*

---

[8] *See* MTD at 3, 22 n.32, 22 n.33.

[9] In their prior Consolidated Amended Complaint ("CAC"), Plaintiffs challenged Exhibits 3, 12, and 20, which the Court considered in its Order dismissing the CAC under the doctrine of incorporation by reference.  Order (ECF No. 121) at 8 n.1; CAC ¶¶ 157, 178-180, 265, 267, 269 (quoting and relying upon previously submitted exhibits 8, 9, and 17); ECF No. 109.