NINA F. LOCKER, State Bar No. 123838
IGNACIO E. SALCEDA, State Bar No. 164017
EVAN L. SEITE, State Bar No. 274641
LAURA G. AMADON, State Bar No. 321524
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100
Email: nlocker@wsgr.com
        isalceda@wsgr.com
        eseite@wsgr.com
        lamadon@wsgr.com

*Attorneys for Defendants Nutanix, Inc.,
Dheeraj Pandey, and Duston M. Williams*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NUTANIX, INC. SECURITIES LITIGATION | CASE NO. 3:19-cv-01651-WHO |
| | **DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| | Judge:  Hon. William H. Orrick |

Defendants Nutanix, Inc. ("Nutanix" or the "Company"), Chief Executive Officer Dheeraj Pandey ("Pandey"), and Chief Financial Officer Duston M. Williams ("Williams") (together, with Nutanix, "Defendants") hereby answer Plaintiffs' Second Amended Complaint for Violations of the Federal Securities Laws, ECF No. 124, dated April 17, 2020 (the "Complaint"). In this Answer, Pandey and Williams are referred to as the "Individual Defendants."

The Court's Order dated September 11, 2020 (Dkt. No. 140, the "Order") denied Defendants' motion to dismiss the Complaint, but found certain of Plaintiffs' allegedly false or misleading statements to be insufficiently pled. Defendants will accordingly note those Complaint allegations that the Court's Order dismissed and to which no response is necessary.

To the extent that the paragraphs in the Complaint are grouped under headings and subheadings (which are also listed in the Complaint's Table of Contents), Defendants respond generally that the headings and subheadings do not constitute factual averments, and thus the headings are not included herein. To the extent that a response is deemed necessary, Defendants deny each and every heading and subheading in the Complaint.

Except as explicitly admitted herein, Defendants deny each and every allegation of the Complaint, including, without limitation, any allegations in the unnumbered paragraphs on page 1 of the Complaint, headings, subheadings, footnotes, and/or the prayer for relief.

Defendants further answer the numbered paragraphs in the Complaint as follows.

1.    Defendants admit that Nutanix provides a leading enterprise cloud platform. Defendants admit that Nutanix's corporate headquarters are located in San Jose, California. Defendants admit that Nutanix pioneered hyperconverged infrastructure ("HCI"). Defendants admit that Nutanix's enterprise cloud platform converges compute, virtualization, storage, networking, desktop, governance and security services in one integrated software solution. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 1.

2.    Defendants admit that the Complaint purports to be a securities fraud class action. To the extent the allegation purports to selectively quote from unidentified SEC filings or

disclosures, the document(s) speaks for itself and Defendants refer to the document for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 2.

3. To the extent paragraph 3 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 3 and footnote 2. Defendants admit that Nutanix operates in a competitive and rapidly changing environment and the Company actively engages in lead generation activities. To the extent the allegation purports to selectively quote from unidentified SEC filings or disclosures, the document(s) speaks for itself and Defendants refer to the document for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 3.

4. To the extent paragraph 4 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 4. Defendants admit that Nutanix's fiscal year ends on July 31, and its first, second, third and fourth quarters end on October 31, January 31, April 30 and July 31, respectively. To the extent the allegation purports to selectively quote from unidentified SEC filings or disclosures, the document(s) speaks for itself and Defendants refer to the document for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 4.

5. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 5 and, on that basis, deny the allegations. Defendants admit that the Company announced the development of two new products, Nutanix Xi and Calm, part of Nutanix's hybrid approach utilizing both private and

public cloud infrastructure during Nutanix's June 2017 .NEXT conference. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 5.

6. Defendants admit that Nutanix announced the development of Xi Cloud Services during Nutanix's June 2017 .NEXT conference. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 6 as to what "analysts recognized" and, on that basis, deny the allegations. To the extent the allegation purports to selectively quote from unidentified reports issued from unidentified analysts, the report(s) speaks for itself, and Defendants refer to the report for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context and deny Plaintiffs' characterization of the report. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 6.

7. Paragraph 7 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 7.

8. To the extent paragraph 8 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 8. Defendants admit that Nutanix disclosed that its growth strategy depends in part upon increasing sales of its solutions to new and existing large enterprises, service providers, and government entities. Defendants admit that Nutanix disclosed that continued purchases and upgrades from its existing customer base were one of the drivers of the Company's success. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 8.

9. To the extent paragraph 9 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 9 and footnote 4. To the extent the allegation purports to selectively quote from unidentified SEC filings or disclosures, the document(s) speaks for itself and Defendants refer to the document for its complete contents.

Defendants deny that Plaintiffs' selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 9.

10.     Paragraph 10 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 10.

11.     Paragraph 11 purports to cite statements from unnamed former employees. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations. Defendants deny that Nutanix's annual sales kickoff meeting for FY2018 was held in early August 2018. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 11.

12.     To the extent paragraph 12 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 12. The first sentence of paragraph 12 purports to cite statements from unnamed former employees. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations. To the extent the allegation purports to selectively quote from unidentified SEC filings or disclosures, the document(s) speaks for itself and Defendants refer to the document for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 12 regarding impressions of "investors" and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 12.

13.     To the extent paragraph 13 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 13. To the extent the

allegation purports to selectively quote from unidentified SEC filings or disclosures, the document(s) speaks for itself and Defendants refer to the document for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 13.

14. To the extent paragraph 14 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 14. To the extent the allegation purports to selectively quote from unidentified SEC filings or disclosures, the document(s) speaks for itself and Defendants refer to the document for its complete contents. Defendants deny that Plaintiffs' selective quotations are accurate, complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 14.

15. Paragraph 15 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 15.

16. Paragraph 16 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 16.

17. Paragraph 17 purports to cite statements from unnamed former employees. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 17.

18. Paragraph 18 purports to cite statements from unnamed former employees. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations. Defendants admit that during the March 1, 2018 to May 30, 2019 time period,

Messrs. Pandey and Williams attended internal meetings. Defendants deny the characterization of information to which Mr. Pandey purportedly had access to as alleged in paragraph 18. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 18.

19. Paragraph 19 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 19.

20. To the extent paragraph 20 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 20. Defendants deny the allegations regarding "two partially corrective disclosures." Defendants admit that Nutanix held a conference call on February 28, 2019 during which the Company announced financial results for the second quarter of fiscal year 2019, surpassing the guidance it had given for the quarter, and provided guidance for Q3 for the first time. Defendants admit that the excerpted text in the third sentence of paragraph 20 purports to reflect portions of statements made during Nutanix's February 28, 2019 conference call. The statements on the conference call speak for themselves and Defendants refer to the transcript of the conference call for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context, deny Plaintiffs' emphasis added with bold and italics, and deny Plaintiffs' characterization of statements made during Nutanix's February 28, 2019 conference call. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 20.

21. To the extent paragraph 21 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 21. Defendants admit that the excerpted text in paragraph 21 purports to reflect portions of statements made during Nutanix's February 28, 2019 conference call. The statements on the conference call speak for themselves and Defendants refer to the transcript of the conference call for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context,

deny Plaintiffs' emphasis added with bold and italics, and deny Plaintiffs' characterization of statements made on Nutanix's February 28, 2019 conference call. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 21.

22.    Defendants admit that the excerpted text in paragraph 22 purports to reflect portions of statements made during Nutanix's February 28, 2019 conference call. The statements on the conference call speak for themselves and Defendants refer to the transcript of the conference call for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context, deny Plaintiffs' emphasis added with bold and italics, and deny Plaintiffs' characterization of statements made during Nutanix's February 28, 2019 conference call. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 22.

23.    To the extent that paragraph 23 contains allegations concerning Nutanix's stock price, Defendants refer to public records of such stock prices. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 23.

24.    Defendants admit that the allegations in paragraph 24 purport to reflect portions of the Nutanix's Form DEF 14A filed with the SEC on October 30, 2019. That Form DEF 14A speaks for itself and Defendants refer to the Form DEF 14A for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the Form DEF 14A. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 24.

25.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 25 characterizing the view of "analysts" and, on that basis, deny the allegations. Defendants admit that the excerpted text in paragraph 25 purports to reflect portions of a report issued by William Blair. The report speaks for itself and Defendants refer to the report for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context and deny Plaintiffs'

characterization of the report. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 25.

26. To the extent paragraph 26 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 26. Defendants admit that the excerpted text in paragraph 26 purports to reflect portions of a statement made during Nutanix's February 28, 2019 conference call. The statement speaks for itself and Defendants refer to the transcript of the conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the transcript. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 26.

27. To the extent paragraph 27 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 27. Defendants admit that Louis Attanasio served as Nutanix's Chief Revenue Officer from November 2017 to March 8, 2019. Defendants admit Nutanix filed a Form 8-K with the SEC on March 6, 2019 disclosing that Mr. Attanasio notified the Company that he was leaving to pursue other opportunities. Defendants admit that Ms. Lautenbach reported to Mr. Attanasio from November 2017 to March 2019. To the extent the allegation purports to selectively quote from unidentified SEC filings or disclosures, the document(s) speaks for itself and Defendants refer to the document for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 27.

28. To the extent paragraph 28 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 28. Defendants admit that Nutanix held a conference call on May 30, 2019 during which the Company's financial results

for the third quarter of fiscal year 2019 were announced and discussed.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 28.

29.   To the extent that paragraph 29 contains allegations concerning Nutanix's stock price, Defendants refer to public records of such stock prices.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 29.

30.   Defendants admit that the excerpted text in paragraph 30 attributed to William Blair analyst Jason Ader purports to reflect portions of a report issued by William Blair, the excerpted text in paragraph 30 attributed to Piper Jaffray analyst Andrew Nowinski purports to reflect portions of a report issued by Piper Jaffray, and the excerpted text in paragraph 30 attributed to Raymond James analyst Simon Leopold purports to reflect portions of a report issued by Raymond James.  The reports speak for themselves and Defendants refer to the reports for their complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context and deny Plaintiffs' characterization of the reports.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 30.

31.   To the extent paragraph 31 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 31.  Defendants admit Nutanix filed a Form 8-K with the SEC on May 28, 2019 disclosing that Sunil Pott, Nutanix's Chief Product Development Officer, notified the Company that he was resigning to pursue other opportunities.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 31.

32.   Paragraph 32 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 32.

33.   Paragraph 33 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 33.

34.   Paragraph 34 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 34.

35.   The allegations in paragraph 35 contain legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 35.

36.   Defendants admit that the Complaint purports to bring claims under Sections 10(b), 20(a), and SEC Rule 10b-5 promulgated there under.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 36.

37.   Defendants admit that this Court has jurisdiction over this action.

38.   Defendants admit that venue is proper in this District.  Defendants deny that the alleged events or omissions described in the Complaint give rise to any claims.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 38.

39.   The allegations in paragraph 39 contain legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 39.

40.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 40 and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 40.

41.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 41 and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 41.

42.   Defendants admit the allegations in the first sentence of paragraph 42.  The second sentence of paragraph 42 contains legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Defendants admit that Nutanix's common stock was listed and traded on the NASDAQ.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 42.

43. Defendants admit that Mr. Pandey co-founded the Company and has served as the Company's Chief Executive Officer and as the Chairman of Nutanix's Board of Directors from September 2009 to the present. Defendants admit that Mr. Pandey served as the Company's President from September 2009 until February 2016. Defendants admit that the last sentence of paragraph 43 purports to reflect portions of Nutanix's Form 10K for fiscal year 2018 filed with the SEC on September 24, 2018 and Form 10K for fiscal year 2019 filed with the SEC on September 24, 2019. The Form 10-Ks speaks for themselves and Defendants refer to the Form 10-Ks for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 43.

44. Defendants admit that Mr. Williams has served as Nutanix's Chief Executive Officer since June 2014. Defendants admit that the last sentence of paragraph 43 purports to reflect portions of Nutanix's Form 10K for fiscal year 2018 filed with the SEC on September 24, 2018 and Form 10K for fiscal year 2019 filed with the SEC on September 24, 2019. The Form 10-Ks speaks for themselves and Defendants refer to the Form 10-Ks for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 44.

45. Defendants admit that the Complaint purports to refer to Messrs. Pandey and Williams as the "Individual Defendants." Defendants admit that Messrs. Pandey and Williams had responsibilities commonly associated with their respective positions. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 45.

46. Defendants admit that Messrs. Pandey and Williams had responsibilities commonly associated with their respective positions. Defendants admit that, during the March 1, 2018 to May 30, 2019 period, Messrs. Pandey and Williams were privy to confidential, proprietary information about Nutanix's business and attended internal meetings. Defendants deny the allegations in the third sentence of paragraph 46. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 46.

47. The allegations in paragraph 47 contain legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 47.

48. Defendants admit that Messrs. Pandey and Williams had responsibilities commonly associated with their respective positions. Defendants admit that, during the March 1, 2018 to May 30, 2019 period, Messrs. Pandey and Williams signed certain of the Company's SEC filings. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 48.

49. The allegations in paragraph 49 contain legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 49. Defendants deny the characterization of information to which Messrs. Pandey and Williams purportedly had access as alleged in paragraph 49. Defendants admit that Messrs. Pandey and Williams had responsibilities commonly associated with their respective positions. Defendants admit that, during the March 1, 2018 to May 30, 2019 period, Messrs. Pandey and Williams were privy to confidential, proprietary information about Nutanix's business and attended internal meetings. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 49.

50. Paragraph 50 and footnote 5 purport to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 50.

51. Paragraph 51 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 51.

52.    Paragraph 52 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 52.

53.    Paragraph 53 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 53.

54.    Paragraph 54 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 54.

55.    Paragraph 55 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 55.

56.    Paragraph 56 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 56.

57.    Paragraph 57 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the

statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 57.

58. Paragraph 58 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 58.

59. Paragraph 59 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 59.

60. Paragraph 60 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 60.

61. Paragraph 61 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 61.

62. Defendants admit the allegations in paragraph 62.

63. Defendants admit that Nutanix's solutions are primarily sold through channel partners, including distributors, resellers and OEMs, and delivered directly to Nutanix's end customers. Defendants admit that in 2017, Nutanix announced it would shift from reselling

hardware with its software licenses to a software-only model, the first of its two business model transitions.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported views and practices of "third-party OEMs" and customers and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 63.

64.    Defendants admit the allegations in paragraph 64.

65.    Defendants admit that Nutanix competes against vendors of hyperconverged infrastructure and software-defined storage products Cisco, HPE, Dell, VMware and many smaller emerging companies.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 65.

66.    To the extent paragraph 66 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 66.  Defendants admit the allegations in the first sentence of paragraph 66.  To the extent the allegation purports to selectively quote from unidentified SEC filings or disclosures, the document(s) speaks for itself, and Defendants refer to the document for its complete contents.  Defendants deny that Plaintiffs' selective quotations are complete or presented with full context.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 66.

67.    Defendants admit the allegations in the first sentence of paragraph 67.  To the extent the allegation purports to selectively quote from unidentified SEC filings or disclosures, the document(s) speaks for itself, and Defendants refer to the document for its complete contents.  Defendants deny that Plaintiffs' selective quotations are complete or presented with full context.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 67.

68.    Defendants admit that Nutanix's "core" HCI products, composed of Acropolis, a software-defined platform that converges compute, storage, and networking services, Prism, a consumer-grade control plane providing management and analytics for the entire enterprise cloud platform and Acropolis Hypervisor, a native, enterprise-grade hypervisor designed to run

all virtualized applications, form the foundation of the Nutanix Cloud Platform. Defendants admit that Acropolis converges virtualization, storage and networking into a turnkey solution. Defendants admit that HCI combines common datacenter hardware using locally attached storage resources with intelligent software to create flexible building blocks that replace legacy infrastructure consisting of separate servers, storage networks, and storage arrays. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 68.

69.    Defendants admit that the Nutanix Cloud Platform can be deployed on-premises running on a variety of qualified hardware platforms, in public cloud environments such as Amazon Web Services through Nutanix Clusters, or, in the case of Nutanix's SaaS offerings, via hosted service. Defendants admit that configured-to-order appliances, including Nutanix-branded NX hardware line, can be purchased from one of Nutanix's channel partners, OEMs or directly from Nutanix. Defendants admit Super Micro Computer, Inc. and Flextronics Systems Limited pre-install Nutanix software on Nutanix-branded NX series appliances. Defendants admit that certain manufacturer partners pre-install Nutanix's software on their hardware. Defendants admit that non-portable software licenses for Nutanix's platform are delivered or sold alongside configured-to-order appliances, with a license term equal to the life of the associated appliance. Defendants admit that subscription term-based licenses are sold separately or can also be sold alongside configured-to-order appliances. Defendants admit Nutanix's subscription term-based licenses typically have a term of one to five years and Nutanix's cloud-based SaaS subscriptions have terms extending up to five years. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 69.

70.    To the extent paragraph 70 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 70. Defendants admit that Nutanix competes against vendors of HCI products, such as Cisco, HPE, Dell, VMware and many smaller emerging companies. Paragraph 70 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to

whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 70.

71.     Defendants admit that Nutanix operates in a competitive and rapidly changing environment. Defendants admit that in 2017, Nutanix announced it would shift from reselling hardware with its software licenses to a software-only model. Defendants admit that following Nutanix's software business model shift, Nutanix also began transitioning from a hardware-life bounded license sales structure to a subscription-based model. Nutanix admits the allegations in the third sentence of paragraph 71. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 71.

72.     Defendants admit the allegations in the first sentence of paragraph 72. The second sentence of paragraph 72 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 72 characterizing the purported views of "analysts" and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 72.

73.     Defendants admit that Nutanix announced Xi Cloud Services for disaster recovery were planned to be offered for early access by calendar Q1 2018 during Nutanix's June 2017 .NEXT conference. Defendants admit that Xi Cloud services were part of Nutanix's multicloud strategy. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 73.

74.     Defendants admit that the excerpted text in paragraph 74 purports to reflect portions of statements made during Nutanix's November 20, 2017 conference call. The statements on the conference call speak for themselves and Defendants refer to the transcript of the conference call for its complete contents. Defendants deny that Plaintiffs' selective

quotations are complete or presented with full context, deny Plaintiffs' emphasis added with bold and italics, and deny Plaintiffs' characterization of statements made during Nutanix's November 20, 2017 conference call.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 74.

75.    Defendants admit that Bloomberg published an article dated April 27, 2018.  The article speaks for itself and Defendants refer to the article for its complete contents.  Defendants deny that Plaintiffs' selective quotations are complete or presented with full context and deny Plaintiffs' characterization of the article.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 75.

76.    Defendants admit that Bloomberg published an article dated April 27, 2018.  The article speaks for itself and Defendants refer to the article for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the article.  The second sentence of paragraph 76 purports to cite statements from an unnamed former employee.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 76.

77.    Defendants admit that Nutanix announced on August 30, 2018 that it hired Ben Ravani as SVP of Xi Reliability Engineering.  Defendants admit that Nutanix announced the general availability of Xi cloud Services on November 28, 2018.  The third sentence of paragraph 77 purports to cite statements from an unnamed former employee.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 77.

78.    Defendants admit that Nutanix completed the acquisition of Minjar, Inc. on March 16, 2018, for an aggregate purchase price of approximately $19.3 million.  Defendants admit that Nutanix announced Beam, a multi-cloud optimization service based on Nutanix's

recently-acquired Minjar Botmetric service, on May 9, 2018. Defendants admit that Beam is Nutanix's multi-cloud optimization service that gives organizations visibility into, and analytics on, their cloud consumption patterns, along with one-click cost optimization across cloud environments. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 78.

79. Defendants admit the allegations in paragraph 79.

80. To the extent paragraph 80 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 80. Defendants admit that Plaintiffs purports to reflect portions of statements made during Nutanix's May 2018 .NEXT conference in the second sentence of paragraph 80. The statements speak for themselves and Defendants refer to the transcript of the conference for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the conference. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 80.

81. To the extent paragraph 81 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 81. Paragraph 81 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 81.

82. Defendants admit that identifying sales leads is part of Nutanix's strategy to obtain new customers and sell new products to existing customers. Defendants deny that Plaintiffs' purported third-party definition of "sales lead" accurately describes Nutanix's sales practices. Defendants lack knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations in paragraph 82 and footnote 8 and, on that basis, deny the

allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 82.

83. Paragraph 83 purports to cite statements from unnamed former employees. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations. Defendants deny that Plaintiffs' purported third-party definitions of "sales qualified lead" and "pipeline" accurately describe Nutanix's sales practices. Defendants lack knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations in paragraph 83 and footnotes 9-10 and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 83.

84. To the extent paragraph 84 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 84. Defendants deny that Plaintiffs' purported third-party definition of "sales productivity" accurately describes Nutanix's sales practices. Defendants lack knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations in the first sentence of paragraph 83 and footnote 11 and, on that basis, deny the allegations. Defendants admit that the excerpted text in the second sentence of paragraph 84 and footnote 12 purport to reflect portions of statements made during Nutanix's February 28, 2019 and May 30, 2019 conference calls. The statements on the conference calls speak for themselves and Defendants refer to the transcripts of the conference calls for their complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context and deny Plaintiffs' characterization of statements made during Nutanix's February 28, 2019 and May 30, 2018 conference calls. Defendants lack knowledge and information sufficient to form a belief as to the allegations concerning "Plaintiffs['] "interpret[ation] and on that basis, deny such allegations in paragraph 84. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 84.

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT
CASE NO. 5:19-CV-01651-WHO

20

85.     To the extent paragraph 85 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 85.  To the extent the allegation purports to selectively quote from unidentified SEC filings or disclosures, the document(s) speaks for itself, and Defendants refer to the document for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 85.

86.     Defendants admit that Nutanix operates in a competitive and rapidly changing environment. To the extent the allegation purports to selectively quote from unidentified SEC filings or disclosures, the document(s) speaks for itself, and Defendants refer to the document for its complete contents.  Defendants deny that Plaintiffs' selective quotations are complete or presented with full context and deny Plaintiffs' characterization.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 86.

87.     To the extent paragraph 87 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 87.  Paragraph 87 purports to cite statements from an unnamed former employee.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 87.

88.     To the extent paragraph 88 and footnotes 13-15 refer to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 88.  Defendants deny Plaintiffs' purported definition of Nutanix's "lead generation activities" in the second sentence of paragraph 88.  Defendants admit that paragraph 88 and footnotes 13 and 15 purport to cite portions of statements made during Nutanix's 2019 Investor Day and February 28, 2019 conference call.  The statements on the calls speak for themselves and Defendants refer to the

transcripts of the 2019 Investor Day and February 28, 2019 conference call for their complete contents. Defendants admit that paragraph 88 and footnote 14 purport to cite portions of Nutanix's Form 10-Qs filed with the SEC on March 15, 2018 and June 12, 2018. The Form 10-Qs speak for themselves and Defendants refer to the Form 10-Qs for their complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 88.

89.    To the extent paragraph 89 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 89. Paragraph 89 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 89.

90.    To the extent paragraph 90 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 90. Paragraph 90 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 90.

91.    To the extent paragraph 91 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 91. Paragraph 91 purports to cite statements from unnamed former employees. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 91.

92.    To the extent paragraph 92 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 92.  Paragraph 92 purports to cite statements from an unnamed former employee.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 92.

93.    To the extent paragraph 93 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 93.  Defendants admit that the excerpted text in paragraph 93 purports to reflect portions of statements made during Nutanix's February 28, 2019 conference call.  The statements on the conference call speak for themselves and Defendants refer to the transcript of the conference call for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context and deny Plaintiffs' characterization of statements made during Nutanix's February 28, 2019 conference call.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 93.

94.    To the extent paragraph 94 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 94.  Defendants lack knowledge and information sufficient to form a belief as to what "[a]nalysts . . . understood" and, on that basis, deny the allegations.  Defendants admit that the excerpted text in paragraph 94 purports to reflect portions of a report issued by JPM Securities.  The report speaks for itself and Defendants refer to the report for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context and deny Plaintiffs' characterization of the report.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 94.

95.    To the extent paragraph 95 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 95.  Paragraph 95 purports to cite statements from an unnamed former employee.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 95.

96.    Defendants admit that Nutanix had various processes and procedures in place to track the sales process.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 96.

97.    To the extent paragraph 97 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 97.  Paragraph 97 purports to cite statements from unnamed former employees.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 97.

98.    To the extent paragraph 98 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 98.  Paragraph 98 purports to cite statements from unnamed former employees.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 98.

99.    To the extent paragraph 99 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 99.  Paragraph 99 purports to

cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 99.

100.    To the extent paragraph 100 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 100. Paragraph 100 purports to cite statements from unnamed former employees. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 100.

101.    To the extent paragraph 101 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 101. Paragraph 101 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 101.

102.    To the extent paragraph 102 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 102. Paragraph 102 purports to cite statements from unnamed former employees. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 102.

103.    To the extent paragraph 103 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis,

Defendants deny each and every dismissed allegation in paragraph 103. To the extent the allegation purports to selectively quote from unidentified SEC filings or disclosures, the document(s) speaks for itself, and Defendants refer to the document for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 103.

104.   Defendants deny the allegations in paragraph 104.

105.   Paragraph 105 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 105.

106.   Paragraph 106 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 106.

107.   Paragraph 107 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 107.

108.   Paragraph 108 purports to cite statements from unnamed former employees. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 108.

109.   Paragraph 109 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the

statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 109.

110. To the extent paragraph 110 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 110. Paragraph 110 purports to cite statements from unnamed former employees. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 110.

111. Paragraph 111 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 111.

112. To the extent paragraph 112 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 112. Defendants admit that sales cycles and efforts for existing customers were typically less compared to new customer deployments. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 112.

113. Paragraph 113 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 113.

114. To the extent paragraph 114 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 114. Defendants admit sales

cycles and efforts for existing customers were typically less compared to new customer deployments.  Defendants admit that the excerpted text in paragraph 114 purports to reflect statements made during Nutanix's February 28, 2019 conference call. The statements on the conference call speak for themselves and Defendants refer to the transcript of the conference call for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context and deny Plaintiffs' characterization of the transcript.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 114.

115.    To the extent paragraph 115 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 115.  To the extent the allegations in paragraph 115 concern claims that were not dismissed by the Order, Defendants deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 115.

116.    Paragraph 116 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 116.

117.    Paragraph 117 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 117.

118.    Paragraph 118 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 118.

119.    Paragraph 119 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 119.

120.    Paragraph 120 refers to allegations regarding claims that were dismissed by the Order.  Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 120.

121.    To the extent paragraph 121 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 121.  Paragraph 121 purports to cite statements from an unnamed former employee.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 121.

122.    Paragraph 122 purports to cite statements from an unnamed former employee.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 122.

123.    Defendants deny the allegations in paragraph 123.

124.    To the extent paragraph 124 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 124.  Paragraph 124 purports to cite statements from unnamed former employees.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 124.

125.    To the extent paragraph 125 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 125.  Defendants admit that the allegations in paragraph 125 purport to reflect portions of Nutanix's Form DEF 14A filed

with the SEC on October 30, 2019.  The Form DEF 14A speaks for itself and Defendants refer to the Form DEF 14A for its complete contents.  Defendants deny that Plaintiffs' selective quotations are complete or presented with full context and deny Plaintiffs' characterization of Nutanix's Form DEF 14A.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 125.

126.    Defendants admit the allegations in the first sentence of paragraph 126. Defendants that admit the allegations in paragraph 126 purport to reflect portions of Nutanix's Form DEF 14As filed with the SEC on November 5, 2018 and October 30, 2019.  These Form DEF 14As speaks for themselves and Defendants refer to the Form DEF 14As for their complete contents.  Defendants deny that Plaintiffs' selective quotations are complete or presented with full context and deny Plaintiffs' characterization of Nutanix's Form DEF 14As.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 126.

127.    To the extent paragraph 127 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 127.  Paragraph 127 purports to cite statements from unnamed former employees.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 127.

128.    To the extent paragraph 128 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 128.  Paragraph 128 purports to cite statements from an unnamed former employee.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 128.

129.    To the extent paragraph 129 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 129.  Paragraph 129 purports to cite statements from an unnamed former employee.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 129.

130.    To the extent paragraph 130 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 130.  Paragraph 130 purports to cite statements from an unnamed former employee.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 130.

131.    To the extent paragraph 131 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 131.  Paragraph 131 purports to cite statements from an unnamed former employee.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 131.

132.    To the extent paragraph 132 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 132.  Paragraph 132 purports to cite statements from an unnamed former employee.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the

unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 132.

133. To the extent paragraph 133 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 133. Paragraph 133 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Defendants deny that Plaintiffs' purported third-party definition of "SME" accurately describes Nutanix's sales team. Defendants lack knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations in footnote 20 and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 133.

134. To the extent paragraph 134 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 134. Paragraph 134 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 134.

135. To the extent paragraph 135 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 135. Paragraph 135 purports to cite statements from unnamed former employees. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 135.

136.   To the extent paragraph 136 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 136.  Paragraph 136 purports to cite statements from unnamed former employees.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 136.

137.   To the extent paragraph 137 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 137.  Paragraph 137 purports to cite statements from unnamed former employees.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 137.

138.   To the extent paragraph 138 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 138.  Paragraph 138 purports to cite statements from unnamed former employees.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 138.

139.   To the extent paragraph 139 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 139.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 139 regarding competitors' "sales resources" and, on that basis, deny the allegations.

Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 139.

140.    To the extent paragraph 140 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 140.  Paragraph 140 purports to cite statements from an unnamed former employee.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 140.

141.    To the extent paragraph 141 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 141.  Paragraph 141 purports to cite statements from an unnamed former employee.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 141.

142.    To the extent paragraph 142 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 142.  Paragraph 142 purports to cite statements from unnamed former employees.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 142.

143.    To the extent paragraph 143 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 143.  Defendants admit that the excerpted text in paragraph 143 purports to reflect portions of an article published by

Business Insider and a third-party website. The article and third-party website speak for themselves and Defendants refer to them for their complete contents. Defendants deny that Plaintiffs' selective quotations are completed or presented with full context and deny Plaintiffs' characterization of the article and third-party website. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 143.

144. To the extent paragraph 144 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 144. Paragraph 144 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 144.

145. To the extent paragraph 145 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 145. Paragraph 145 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 145.

146. To the extent paragraph 146 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 146. Paragraph 146 purports to cite statements from unnamed former employees. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 146.

147.    To the extent paragraph 147 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 147. Paragraph 147 purports to cite statements from unnamed former employees. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 147.

148.    To the extent paragraph 148 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 148. Paragraph 148 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 148.

149.    To the extent paragraph 149 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 149. Paragraph 149 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 149.

150.    To the extent paragraph 150 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 150. Paragraph 150 purports to cite statements from unnamed former employees. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the

unnamed former employees and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 150.

151.   To the extent paragraph 151 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 151.  Paragraph 151 purports to cite statements from an unnamed former employee.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 151.

152.   To the extent paragraph 152 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 152.  Paragraph 152 purports to cite statements from an unnamed former employee.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 152.

153.   To the extent paragraph 153 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 153.  Paragraph 153 purports to cite statements from unnamed former employees.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 153.

154.   To the extent paragraph 154 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 154.  Paragraph 154 purports to cite statements from an unnamed former employee.  Defendants lack knowledge and

information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 154.

155. To the extent paragraph 155 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 155. Paragraph 155 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 155.

156. To the extent paragraph 156 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 156. Paragraph 156 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 156.

157. To the extent paragraph 157 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 157. Paragraph 157 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 157.

158. To the extent paragraph 158 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 158. Paragraph 158 purports

to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 158.

159.    To the extent paragraph 159 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 159. Paragraph 159 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 159.

160.    To the extent paragraph 160 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 160. Paragraph 160 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 160.

161.    Paragraph 161 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 161.

162.    To the extent paragraph 162 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 162. Defendants admit the excerpted text in paragraph 162 purports to reflect portions of statements from a Nutanix Earnings Call on February 28, 2019. The statements on the conference call speaks for themselves and Defendants refer to the transcript for its complete contents. Defendants deny that

Plaintiffs' selective quotations are complete or presented with full context, deny Plaintiffs' emphasis added in underline and bold, and deny Plaintiffs' characterization of statements made on Nutanix's February 28, 2019 conference call. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 162.

163. To the extent paragraph 163 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 163. Paragraph 163 purports to cite statements from unnamed former employees. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 163.

164. To the extent paragraph 164 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 164. Defendants admit the excerpted text in the first sentence of paragraph 164 purports to reflect portions of statements made during Nutanix's February 28, 2019 conference call. The statements on the conference call speak for themselves and Defendants refer to the transcript of the conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the transcript. Defendants admit that the excerpted test in the second sentence of paragraph 164 purports to reflect portions of an article published by CRN on May 30, 2019. The article speaks for itself and Defendants refer to the article for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context and deny Plaintiffs' characterization of the article. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 164.

165.    Paragraph 165 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 165.

166.    Paragraph 166 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 166.

167.    Paragraph 167 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 167.

168.    Paragraph 168 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 168.

169.    Paragraph 169 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 169.

170.    Paragraph 170 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 170.

171.    Paragraph 171 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 171.

172.    Paragraph 172 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 172.

173.    Paragraph 173 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 173.

174.    Paragraph 174 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 174.

175.    Paragraph 175 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 175.

176.    Paragraph 176 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 176.

177.    Paragraph 177 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 177.

178.    Paragraph 178 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 178.

179.    Paragraph 179 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 179.

180.    Paragraph 180 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 180.

181.    Paragraph 181 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 181.

182.    Paragraph 182 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 182.

183. Paragraph 183 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 183.

184. Paragraph 184 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 184.

185. Paragraph 185 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 185.

186. Paragraph 186 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 186.

187. Paragraph 187 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 187.

188. Paragraph 188 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 188.

189. Paragraph 189 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 189.

190. Defendants admit that, during the March 1, 2018 to May 30, 2019 period, Messrs. Pandey and Williams were privy to confidential, proprietary information about Nutanix's business and attended internal meetings. Defendants deny the characterization of information to which Messrs. Pandey and Williams purportedly were privy to as alleged in paragraph 190. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 190.

191.    To the extent paragraph 191 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 191. Paragraph 191 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 191.

192.    To the extent paragraph 192 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 192. Paragraph 192 purports to cite statements from unnamed former employees. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 192.

193.    To the extent paragraph 193 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 193. Paragraph 193 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 193.

194.    To the extent paragraph 194 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 194. Paragraph 194 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the

unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 194.

195. To the extent paragraph 195 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 195. Paragraph 195 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 195.

196. To the extent paragraph 196 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 196. Paragraph 196 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 196.

197. To the extent paragraph 197 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 197. Defendants admit that during the March 1, 2018 to May 30, 2019 time period, Messrs. Pandey and Williams attended internal meetings. Defendants deny the characterization of information to which Messrs. Pandey and Williams purportedly had access to as alleged in paragraph 197. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 197.

198. To the extent the allegations in the first sentence of paragraph 198 purport to selectively quote from unidentified SEC filings or disclosures, the document(s) speaks for itself, and Defendants refer to the document for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context. Paragraph 198 purports to cite

statements from unnamed former employees.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 198.

199.    To the extent paragraph 199 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 199.  Paragraph 199 purports to cite statements from an unnamed former employee.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 199.

200.    Paragraph 200 purports to cite statements from unnamed former employees.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 200.

201.    Paragraph 201 purports to cite statements from an unnamed former employee.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 201.

202.    Paragraph 202 purports to cite statements from an unnamed former employee.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 202.

203.    Paragraph 203 purports to cite statements from an unnamed former employee.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 203.

204.    Paragraph 204 purports to cite statements from unnamed former employees.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 204.

205.    Paragraph 205 purports to cite statements from unnamed former employees.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 205.

206.    To the extent paragraph 206 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 206.  Paragraph 206 purports to cite statements from an unnamed former employee.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 206.

207.    Paragraph 207 purports to cite statements from an unnamed former employee.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 207.

208. Paragraph 208 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 208.

209. To the extent paragraph 209 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 209. Paragraph 209 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 209.

210. To the extent paragraph 210 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 210. Paragraph 210 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 210.

211. Defendants deny the allegations in paragraph 211.

212. Paragraph 212 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 212.

213. Paragraph 213 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 213.

214. Paragraph 214 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 214.

215.    Paragraph 215 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 215.

216.    Paragraph 216 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 216.

217.    Paragraph 217 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 217.

218.    To the extent paragraph 218 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 218.  Defendants deny that Defendants made any material misstatements or omissions.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 218.

219.    Paragraph 219 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 219.

220.    Paragraph 220 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 220.

221.    Paragraph 221 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 221.

222.    Paragraph 222 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 222.

223. Paragraph 223 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 223.

224. Paragraph 224 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 224.

225. Paragraph 225 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 225.

226. Paragraph 226 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 226.

227. Paragraph 227 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 227.

228. Paragraph 228 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 228.

229. Paragraph 229 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 229.

230. Paragraph 230 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 230.

231. Paragraph 231 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 231.

232. Paragraph 232 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 232.

233. Paragraph 233 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 233.

234. Paragraph 234 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 234.

235. Paragraph 235 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 235.

236. Defendants admit that the excerpted text in paragraph 236 purports to reflect portions of statements made during Nutanix's March 1, 2018 conference call. The statements on the conference call speak for themselves and Defendants refer to the transcript of the conference call for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context, deny Plaintiffs' emphasis added in underline and bold, and deny Plaintiffs' characterization of statements made during Nutanix's March 1, 2018 conference call. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 236.

237. To the extent paragraph 237 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 237. Defendants admit that the excerpted text in paragraph 237 purports to reflect portions of statements made during Nutanix's March 1, 2018 conference call. The statements on the conference call speak for themselves and Defendants refer to the transcript of the conference call for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context,

deny Plaintiffs' emphasis added in underline and bold, and deny Plaintiffs' characterization of statements made during Nutanix's March 1, 2018 conference call.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 237.

238.    Defendants admit that the excerpted text in paragraph 238 purports to reflect portions of statements made during Nutanix's March 1, 2018 conference call.  The statements on the conference call speak for themselves and Defendants refer to the transcript of the conference call for its complete contents.  Defendants deny that Plaintiffs' selective quotations are complete or presented with full context, deny Plaintiffs' emphasis added in underline and bold, and deny Plaintiffs' characterization of statements made during Nutanix's March 1, 2018 conference call. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 238.

239.    To the extent the allegations in paragraph 239 refer to claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 239.  Defendants deny that any false or misleading statement was made during the March 1, 2018 conference call.  Paragraph 239 purports to cite statements from unnamed former employees.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 239.

240.    To the extent paragraph 240 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 240.  Defendants admit that sales cycles and efforts for existing customers were typically less compared to new customer deployments.  Defendants admit that the excerpted text in paragraph 240 purports to reflect portions of statements made during Nutanix's February 28, 2019 conference call. The statements on the conference call speaks for themselves and Defendants refer to the transcript of the conference call for its complete contents. Defendants deny that Plaintiffs' selective quotations

are complete or presented with full context and deny Plaintiffs' characterization of the transcript. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 240.

241.    To the extent that paragraph 241 contains allegations concerning Nutanix's stock price, Defendants refer to public records of such stock prices.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 241.

242.    Paragraph 242 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 242.

243.    Paragraph 243 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 243.

244.    Paragraph 244 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 244.

245.    Paragraph 245 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 245.

246.    Paragraph 246 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 246.

247.    Paragraph 247 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 247.

248.    Paragraph 248 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 248.

249.    Paragraph 249 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 249.

250.    Paragraph 250 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 250.

251.    Paragraph 251 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 251.

252.    Paragraph 252 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 252.

253.    Paragraph 253 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 253.

254.    Paragraph 254 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 254.

255.    Paragraph 255 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 255.

256.    Paragraph 256 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 256.

257.    Paragraph 257 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 257.

258. Paragraph 258 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 258.

259. Paragraph 259 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 259.

260. Paragraph 260 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 260.

261. Paragraph 261 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 261.

262. Paragraph 262 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 262.

263. Paragraph 263 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 263.

264. Paragraph 264 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 264.

265. Defendants admit the allegations in paragraph 265.

266. Paragraph 266 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 266.

267.   Paragraph 267 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 267.

268.   To the extent paragraph 268 contains allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 268.  Paragraph 268 purports to cite statements from unnamed former employees.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 268.

269.   To the extent paragraph 269 contains allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 269.  Defendants admit that the excerpted text in paragraph 269 purports to reflect portions of statements made during Nutanix's May 24, 2018 conference call.  The statements on the conference call speak for themselves and Defendants refer to the transcript of the conference call for its complete contents.  Defendants deny that Plaintiffs' selective quotations are complete or presented with full context, deny Plaintiffs' emphasis added with underline and bold, and deny Plaintiffs' characterization of statements made during Nutanix's May 24, 2018 conference call.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 269.

270.   To the extent paragraph 270 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 270.  Defendants deny that any false or misleading statement was made during the May 24, 2018 conference call.  Paragraph 270 purports to cite statements from unnamed former employees.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by

the unnamed former employees and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 270.

271.    Paragraph 271 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 271.

272.    Paragraph 272 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 272.

273.    Paragraph 273 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 273.

274.    To the extent paragraph 274 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 274.  Defendants deny that any misleading statement was made during the May 24, 2018 conference call.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 274.

275.    Paragraph 275 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 275.

276.    Paragraph 276 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 276.

277.    Paragraph 277 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 277.

278.    Paragraph 278 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 278.

279.    Paragraph 279 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 279.

280.    Paragraph 280 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 280.

281.    Paragraph 281 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 281.

282.    Paragraph 282 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 282.

283.    Paragraph 283 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 283.

284.    Paragraph 284 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 284.

285.    Paragraph 285 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 285.

286.    Paragraph 286 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 286.

287.    To the extent paragraph 287 contains allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 287.  Defendants admit that the excerpted text in paragraph 287 purports to reflect portions of statements made during Nutanix's August 30, 2018 conference call.  The statements on the conference call speak for themselves and Defendants refer to the transcript of the conference call for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context, deny Plaintiffs' emphasis added with underline and bold, and deny Plaintiffs' characterization of statements made during Nutanix's August 30, 2018 conference call.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 287.

288.    To the extent the allegations in paragraph 288 refer to claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 288.  Defendants deny that any false or misleading statement was made during the August 30, 2018 conference call.  Paragraph 288 purports to cite statements from unnamed former employees.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 288.

289.    To the extent paragraph 289 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 289.  Defendants admit that the excerpted text in paragraph 289 purports to reflect portions of statements made during Nutanix's February 28, 2019 conference call. The statements on the conference call speak for themselves and Defendants refer to the transcript for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context and deny Plaintiffs' characterization of the transcript.

290.    To the extent paragraph 290 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 290.  Defendants deny the allegations in the first sentence of paragraph 290 to the extent they concern claims that were not dismissed by the Order.  Defendants deny each and every allegation in paragraph 290.

291.    Paragraph 291 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 291.

292.    Paragraph 292 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 292.

293.    Paragraph 293 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 293.

294.    To the extent paragraph 294 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 294.  To the extent the allegations in paragraph 294 concern claims that were not dismissed by the Order, Defendants deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 294.

295.    Paragraph 295 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 295.

296.    Paragraph 296 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 296.

297.    Paragraph 297 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 297.

298.    Paragraph 298 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 298.

299.    Paragraph 299 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 299.

300.    Paragraph 300 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 300.

301.    Paragraph 301 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 301.

302.    Paragraph 302 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 302.

303.    Paragraph 303 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 303.

304.    Paragraph 304 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 304.

305.    Paragraph 305 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 305.

306.    Paragraph 306 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 306.

307.    Paragraph 307 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 307.

308.    Paragraph 308 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 308.

309.    Paragraph 309 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 309.

310.    Paragraph 310 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 310.

311.    Paragraph 311 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 311.

312.    Paragraph 312 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 312.

313.    Paragraph 313 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 313.

314.    Paragraph 314 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 314.

315.    Paragraph 315 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 315.

316.    Paragraph 316 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 316.

317.    Paragraph 317 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 317.

318.    Paragraph 318 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 318.

319.    Paragraph 319 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 319.

320.    Paragraph 320 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 320.

321.    To the extent paragraph 321 contains allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 321.  Defendants admit that Nutanix issued a press release, attached as Exhibit 99.1 to a Form 8-K filed with the SEC on February 28, 2019.  The press release speaks for itself and Defendants refer to the press release for its complete contents.  Defendants deny Plaintiffs' characterization of the press release.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 321.

322.    Paragraph 322 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 322.

323.    Paragraph 323 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 323.

324.    Paragraph 324 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 324.

325.    Paragraph 325 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 325.

326.    To the extent paragraph 326 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 326. Defendants admit that sales cycles and efforts for existing customers were typically less compared to new customer deployments. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 326.

327.    Paragraph 327 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 327.

328.    Paragraph 328 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 328.

329.    To the extent paragraph 329 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 329. Defendants admit that

the excerpted text in the third sentence of paragraph 329 purports to reflect portions of statements made during Nutanix's February 28, 2019 conference call. The statements on the conference call speak for themselves and Defendants refer to the transcript of the conference call for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context, deny Plaintiffs' emphasis added with bold and italics, and deny Plaintiffs' characterization of statements made during Nutanix's February 28, 2019 conference call. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 329.

330.   To the extent that paragraph 330 contains allegations concerning Nutanix's stock price, Defendants refer to public records of such stock prices. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 330.

331.   To the extent paragraph 331 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 331. Defendants admit the excerpted text in paragraph 331 purports to reflect portions of a report issued by Wells Fargo on February 28, 2019. The report speaks for itself and Defendants refer to the report for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 331.

332.   Paragraph 332 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 332.

333.   To the extent paragraph 333 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 333. Defendants admit that the excerpted text in paragraph 333 purports to reflect portions of a report issued by Wells Fargo. The report speaks for itself and Defendants refer to the report for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context

and deny Plaintiffs' characterization of the report. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 333.

334.   To the extent paragraph 334 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 334.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 334 characterizing the purported views of "analysts" and, on that basis, deny the allegations.  Defendants admit that the excerpted text in paragraph 334 purports to reflect portions of a report issued by William Blair. The report speaks for itself and Defendants refer to the report for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context and deny Plaintiffs' characterization of the report. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 334.

335.   Paragraph 335 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 335.

336.   Paragraph 336 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 336.

337.   To the extent the allegations in paragraph 337 refer to claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 337.  Defendants admit that the excerpted text in the second and third sentences of paragraph 337 purports to reflect portions of a report issued by RBC on March 11, 2019.  The report speaks for itself and Defendants refer to the report for its complete contents.  Defendants deny that Plaintiffs' selective quotations are complete or presented with full context.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 337.

338.    Paragraph 338 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 338.

339.    Paragraph 339 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 339.

340.    Paragraph 340 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 340.

341.    To the extent paragraph 341 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 341. Paragraph 341 purports to cite statements from unnamed former employees. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 341.

342.    Paragraph 342 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 342.

343.    To the extent paragraph 343 contains allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 343. Defendants admit that Nutanix issued a press release, attached as Exhibit 99.1 to a Form 8-K filed with the SEC on May3, 2019. The press release speaks for itself and Defendants refer to the press release for its complete contents. Defendants deny Plaintiffs' characterization of the press release. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 343.

344.    Paragraph 344 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 344.

345.    Paragraph 345 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 345.

346.    To the extent paragraph 346 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 346. Defendants admit that the excerpted text in paragraph 346 purports to reflect portions of statements made in Nutanix's May 30, 2019 conference call. The statements on the conference call speak for themselves and Defendants refer to the transcript of the conference call for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context, deny Plaintiffs' emphasis added with bold and italics, and deny Plaintiffs' characterization of statements made on Nutanix's May 30, 2019 conference call. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 346.

347.    To the extent paragraph 347 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 347. Defendants admit that the excerpted text in paragraph 347 purports to reflect portions of statements made in Nutanix's May 30, 2019 conference call. The statements on the conference call speak for themselves and Defendants refer to the transcript of the conference call for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context, deny Plaintiffs' emphasis added with bold and italics, and deny Plaintiffs' characterization of statements made on Nutanix's May 30, 2019 conference call. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 347.

348.    To the extent that paragraph 348 contains allegations concerning Nutanix's stock price, Defendants refer to public records of such stock prices. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 348.

349.    Paragraph 349 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 349.

350.    Paragraph 350 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 350.

351.    Paragraph 351 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 351.

352.    Paragraph 352 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 352.

353.    Paragraph 353 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 353.

354.    Paragraph 354 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 354.

355.    Paragraph 355 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 355.

356.    Paragraph 356 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 356.

357.    Paragraph 357 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 357.

358.    Paragraph 358 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 358.

359.    Paragraph 359 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 359.

360.    To the extent paragraph 360 contains allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 360.  Paragraph 360 purports to cite statements from an unnamed former employee.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 360.

361.    To the extent paragraph 361 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 361.  Defendants admit that the excerpted text in paragraph 361 purports to reflect portions of statements made in Nutanix's February 28, 2019 conference call.  The statements on the conference call speak for themselves and Defendants refer to the transcript of the conference call for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context, deny Plaintiffs' emphasis added with bold and italics, and deny Plaintiffs' characterization of statements made on Nutanix's February 28, 2019 conference call.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 361.

362.    To the extent paragraph 362 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 362.  Defendants admit that the excerpted text in paragraph 362 purports to reflect portions of statements made in Nutanix's February 28, 2019 conference call.  The statements on the conference call speak for themselves and Defendants refer to the transcript of the conference call for its complete contents.  Defendants deny that Plaintiffs' selective quotations are complete or presented with full context, deny Plaintiffs' emphasis added with bold and italics, and deny Plaintiffs' characterization of statements made on Nutanix's February 28, 2019 conference call.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 362.

363.    To the extent paragraph 363 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 363.  To the extent the allegations in paragraph 363 concern claims that were not dismissed by the Order, Defendants deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 363.

364.    Paragraph 364 contains legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 364.

365.    Paragraph 365 purports to cite statements from unnamed former employees.  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 365.

366.    To the extent paragraph 366 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 366.  Paragraph 366 purports

to cite statements from unnamed former employees. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 366.

367.    Paragraph 367 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 367.

368.    Paragraph 368 purports to cite statements from unnamed former employees. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 368.

369.    Paragraph 369 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 369.

370.    Paragraph 370 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 370.

371.    Paragraph 371 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 371.

372.    Paragraph 372 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the

statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 372.

373. Paragraph 373 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 373.

374. Paragraph 374 contains legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 374.

375. Paragraph 375 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 375.

376. Paragraph 376 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 376.

377. Paragraph 377 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 377.

378. Paragraph 378 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 378.

379. Paragraph 379 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 379.

380.    Paragraph 380 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 380.

381.    Paragraph 381 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 381.

382.    Paragraph 382 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 382.

383.    Paragraph 383 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 383.

384.    Paragraph 384 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 384.

385.    Paragraph 385 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 385.

386.    Defendants admit that the allegations in paragraph 386 purport to reflect portions of Nutanix's Form DEF 14A filed with the SEC on November 3, 2018.  The Form DEF 14A speaks for itself and Defendants refer to the Form DEF 14A for its complete contents.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 386.

387.    Paragraph 387 contains legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations regarding scienter. Defendants admit that the allegations in paragraph 387 purport to reflect portions of Nutanix's Form DEF 14A filed with the SEC on November 3, 2018.  The Form DEF 14A speaks for itself and Defendants refer to the Form DEF 14A for its complete contents.  Defendants deny that

Plaintiffs' selective quotations are complete or presented with full context and deny Plaintiffs' characterization of Nutanix's Form DEF 14A. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 387.

388. Defendants admit that the allegations in paragraph 388 purport to reflect portions of Nutanix's Form DEF 14A filed with the SEC on October 30, 2019. The Form DEF 14A speaks for itself and Defendants refer to the Form DEF 14A for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 388.

389. Defendants admit that the allegations in paragraph 389 purport to reflect portions of Nutanix's Form DEF 14A filed with the SEC on October 30, 2019. The Form DEF 14A speaks for itself and Defendants refer to the Form DEF 14A for its complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context and deny Plaintiffs' characterization of Nutanix's Form DEF 14A. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 389.

390. Paragraph 390 contains legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations regarding scienter. Defendants admit that 15% of Messrs. Pandey and Williams' performance bonuses in fiscal year 2019 was dependent upon whether they achieved certain total new logos added in the period and measured against Nutanix's annual operating plan. Defendants admit that, during the March 1, 2018 to May 30, 2019 period, Messrs. Pandey and Williams were privy to confidential, proprietary information about Nutanix's business and attended internal meetings. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 390.

391. To the extent paragraph 391 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 391. Defendants admit that Nutanix reported the new end customers added each quarter. Defendants admit that during the March 1, 2018 to May 30, 2019 time period Messrs. Pandey and Williams responded to

questions posed by analysts during Nutanix's conference calls. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 391.

392. Paragraph 392 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 392.

393. To the extent paragraph 393 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 393. To the extent the allegations in paragraph 393 concern claims that were not dismissed by the Order, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 393.

394. Paragraph 394 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 394.

395. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding Mr. Pandey's "reputation among the investment community" and, on that basis, deny the allegations. Defendants admit that the excerpted text in the second sentence of paragraph 395 purports to reflect portions of a report issued by RBC Capital Markets. The report speaks for itself and Defendants refer to the report for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 395.

396. Paragraph 396 purports to cite statements from unnamed former employees. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 396.

397.    Paragraph 397 contains legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations regarding scienter.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 397.

398.    Paragraph 398 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 398.

399.    Paragraph 399 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 399.

400.    Paragraph 400 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 400.

401.    Paragraph 401 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 401.

402.    To the extent paragraph 402 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 402.  To the extent the allegation purports to selectively quote from unidentified SEC filings or disclosures, the document(s) speak for itself, and Defendants refer to the document for its complete contents.  Defendants deny that Plaintiffs' selective quotations are complete or presented with full context.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 402.

403.    Paragraph 403 contains legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations regarding scienter.

Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 403.

404.    Paragraph 404 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 404.

405.    Paragraph 405 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 405.

406.    Paragraph 406 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 406.

407.    Paragraph 407 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 407.

408.    Paragraph 408 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 408.

409.    Paragraph 409 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 409.

410.    Paragraph 410 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 410.

411.    Paragraph 411 and footnote 30 contain allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 411 and footnote 30.

412.    Paragraph 412 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 412.

413.    Paragraph 413 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 413.

414.    Paragraph 414 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 414.

415.    Paragraph 415 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 415.

416.    Paragraph 416 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 416.

417.    Paragraph 417 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 417.

418.    Paragraph 418 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in paragraph 418.

419.    Defendants deny the allegations in paragraph 419.

420.    Defendants deny the allegations in paragraph 420.

421.    The allegations in paragraph 421 contain legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 421.

422.    Defendants admit that Nutanix issued a press release, attached as Exhibit 99.1 to its Form 8-K filed with the SEC on February 28, 2019. The press release speaks for itself and Defendants refer to the press release for its complete contents. Defendants deny Plaintiffs' characterization of the press release. To the extent that paragraph 422 contains allegations concerning Nutanix's stock price, Defendants refer to public records of such stock prices. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 422.

423.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 423 characterizing the purported views of analysts and, on that basis, deny the allegations. Defendants admit that the excerpted texts in paragraph 423 reflect portions of a report issued by Oppenheimer & Co. Inc. on March 1, 2019, a report issued by JMP Securities on March 1, 2019, and a report issued by William Blair on March 1, 2019. The reports speak for themselves and Defendants refer to the reports for their complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context and deny Plaintiffs' emphasis added with bold and italics. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 423.

424.    To the extent paragraph 424 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 424. Defendants deny the allegations regarding a "corrective disclosure." Defendants admit that Nutanix issued a press release, attached as Exhibit 99.1 to its Form 8-K filed with the SEC on May 30, 2019. The press release speaks for itself and Defendants refer to the press release for its complete contents. Defendants deny Plaintiffs' characterization of the press release. To the extent that paragraph 424 contains allegations concerning Nutanix's stock price, Defendants refer to public records of such stock prices. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 424.

425. The allegations in paragraph 425 contain legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 425, including that the market for Nutanix's stock was "artificially inflated." Defendants deny that Plaintiffs and the putative class suffered damages. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 425.

426. The allegations in paragraph 426 contain legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 426.

427. The allegations in paragraph 427 contain legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 427.

428. The allegations in paragraph 428 contain legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 428.

429. Defendants admit that Nutanix's common stock was listed and traded on the NASDAQ. Defendants admit that Nutanix files periodic public reports with the SEC. Defendants admit that Nutanix periodically disseminates press releases through the use of major newswire services and occasionally communicates with press organizations. Defendants admit that Nutanix was followed by several securities analysts employed by major brokerage firms. Defendants admit that the last sentence of paragraph 429 purports to reflect portions of Nutanix's Form 10K filed with the SEC on September 24, 2018. The Form 10-K speaks for itself and Defendants refer to the Form 10-K for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 429.

430. To the extent paragraph 430 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every dismissed allegation in paragraph 430. Defendants admit that Nutanix was followed by several securities analysts employed by major brokerage firms.

Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding the information "reviewed and analyzed by analysts and institutional investors" and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 430.

431. The allegations in paragraph 431 contain legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 431, including that the market for Nutanix's stock was "artificially inflated." Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding what Plaintiffs and putative class members relied on when purchasing Nutanix stock and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 431.

432. The allegations in paragraph 432 contain legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 432, including that the market for Nutanix's stock was "artificially inflated." Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding what Plaintiffs and putative class members relied on when purchasing Nutanix stock and, on that basis, deny the allegations. Defendants deny that Plaintiffs and the putative class suffered damages. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 432.

433. The allegations in paragraph 433 contain legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 433.

434. The allegations in paragraph 434 contain legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding what is known or unknown to Plaintiffs or what Plaintiffs believe and, on that basis, deny such

allegations in paragraph 434. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 434.

435. Defendants admit that Plaintiffs purport to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of certain persons or entities who purchased Nutanix stock. Defendants deny that the purported Class Period begins on November 30, 2017. The Order dismissed all allegedly false statements made prior to March 1, 2018. Defendants deny that class certification is appropriate. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 435.

436. The allegations in paragraph 436 contain legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning the numerosity of purported class members. Defendants admit the Nutanix's common stock was listed and traded on the NASDAQ. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 436.

437. The allegations in paragraph 437 contain legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning the purported typically of Plaintiffs' claims, and on that basis, deny the allegations. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning the purported adequacy of Plaintiffs and their counsel, and on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 437.

438. The allegations in paragraph 438 contain legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning the purported commonality of Plaintiffs' claims, and on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 438.

439.    The allegations in paragraph 439 contain legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning the purported superiority of a class action, and on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 439.

### COUNT I

**For Violation of §10(b) of the Exchange Act
and Rule 10b-5 Promulgated Thereunder
Against All Defendants**

440.    Defendants repeat each and every response contained above and further respond as follows.

441.    Defendants admit that Plaintiffs purport to bring claims under Section 10(b) of the Exchange Act and SEC Rule 10b-5 promulgated there under.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 441.

442.    The allegations in paragraph 442 contain legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 442.

443.    Defendants deny each and every allegation in paragraph 443.

444.    The allegations in paragraph 444 contain legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 444.

445.    Defendants admit that Messrs. Pandey and Williams are senior officers or directors of the Company.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 445.

446.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' or other stock holders' trades and, on that basis, deny the allegations.  Defendants further deny each and every allegation in paragraph 446.

447.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' or other stock holders' trades and, on that basis, deny the allegations.  Defendants further deny each and every allegation in paragraph 447.

448.    The allegations in paragraph 448 contain legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 448.

449.    The allegations in paragraph 449 contain legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 449.

## COUNT II

### For Violation of §20(a) of the Exchange Act
### Against All Defendants

450.    Defendants repeat each and every response contained above and further respond as follows.

451.    Defendants admit that Plaintiffs purport to bring a claim pursuant to Section 20(a) of the Exchange Act against Messrs. Pandey and Williams.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 451.

452.    Defendants admit that Messrs. Pandey and Williams are senior officers or directors of the Company and had the responsibilities commonly associated with those positions. The allegations in paragraph 452 contain legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 452.

453.    The allegations in paragraph 453 contain legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 453.

454.    The allegations in paragraph 454 contain legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 454.

455.    The allegations in paragraph 455 contain legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 455.

456.    The allegations in paragraph 456 contain legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 456.

457.    The allegations in paragraph 457 contain legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 457.

458.    The allegations in paragraph 458 contain legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 458.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Defendants deny, then every act or omission was done or omitted in good faith conformity with the rules and regulations of the Securities and Exchange Commission and, therefore, pursuant to Section 23(a) of the Securities Act of 1934, there is no liability for any act or omission alleged.

### Second Affirmative Defense

Each and every Defendant alleged to be a control person under Section 20(a) of the Exchange Act acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violation and causes of action.

### Third Affirmative Defense

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, because many of the matters now claimed by the Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain at the relevant time and, as such, were received by, or otherwise available to, Plaintiffs and members of the putative class and were at all times reflected in the price of Nutanix's securities.

### Fourth Affirmative Defense

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Defendants deny, then the claims of Plaintiffs and members of the putative class are barred, in whole or in part, because Plaintiffs and members of the putative class were aware of the misstatement or omission and/or did not rely upon those in purchasing Nutanix's securities.

### Fifth Affirmative Defense

Any recovery for damages allegedly incurred by Plaintiffs or members of the putative class based on alleged violation of the Securities Exchange Act of 1934 is barred, in whole or in part, by the damages limitations in Section 21D(e) of the Exchange Act, 15 U.S.C. § 78u-4(e).

### Sixth Affirmative Defense

Any recovery for damages allegedly incurred by Plaintiffs or members of the putative class is limited to the percentage of responsibility by a defendant in proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to such alleged damages, pursuant to Section 21D(f) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(f)(3)(A).

### Seventh Affirmative Defense

Each Plaintiff and member of the putative class would have acquired Nutanix securities even if, when those securities were acquired, each Plaintiff and member of the putative class would have known of the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other wrongful conduct upon which Defendants' purported liability rests.

**Eighth Affirmative Defense**

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Defendants deny, then the claims of Plaintiffs and members of the putative class are barred, in whole or in part, because such misrepresentations did not cause or were not a material causal factor in the decline in the price of Nutanix's securities alleged in the Complaint.

**Ninth Affirmative Defense**

All or a portion of the damages alleged by Plaintiffs and members of the putative class are attributable to causes other than any actions or omissions for which Defendants allegedly are responsible.

**Tenth Affirmative Defense**

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, because any increase or decrease in the value of Nutanix's securities was and is, wholly or partially, the result of market conditions or other factors and not the result of any alleged wrongful conduct by Defendants.

**Eleventh Affirmative Defense**

Any recovery for damages allegedly incurred by Plaintiffs or members of the putative class is subject to offset in the amount of any tax benefits or other benefits received by Plaintiffs or members of the putative class through their investments.

**Twelfth Affirmative Defense**

To the extent the claims asserted by Plaintiffs and members of the putative class are based on any predictions, expressions of opinion, or forward-looking statements, such claims are not actionable under the statutory safe harbor in the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-5(c)(1)(A), (B) and/or the bespeaks caution doctrine.

**Thirteenth Affirmative Defense**

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification and/or unclean hands.

**Fourteenth Affirmative Defense**

Plaintiffs and members of the putative class are barred from claiming injury or damage, if any, because they failed to make reasonable efforts to mitigate such injury or damage, which would have prevented their injury or damages, if any.

**Fifteenth Affirmative Defense**

Plaintiffs and members of the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

**Sixteenth Affirmative Defense**

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, by the doctrine of assumption of risk because the risks of investing in Nutanix's securities were publicly disclosed to Plaintiffs and the market at all relevant times. Plaintiffs and members of the putative class knew or should have known the risks inherent in investing in the securities at issue and thus assumed the risk of a decline in the value of their investments.

**Seventeenth Affirmative Defense**

Defendants may be entitled to a right of contribution from other individuals or entities whose acts or omissions may have contributed to the occurrence of the alleged injury, damage and/or loss, if any, should any Plaintiff receive judgment against Defendants.

**Additional Affirmative Defenses**

Defendants may have additional, as yet unidentified defenses available against Plaintiff and/or putative class members and thus reserve the right to assert such defenses in a timely fashion after the facts to support such defenses become known to it.

WHEREFORE, Defendants pray that the Court enter judgment as follows:

1.    That judgment be entered in favor of Defendants;

2.    That Plaintiffs and the putative class take nothing from Defendants by this Complaint, and that the same be dismissed with prejudice; and

3.    For such other and further relief as this Court deems just and proper.

Dated: October 23, 2020

Respectfully Submitted,

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

 /s/ Ignacio E. Salceda

NINA F. LOCKER, State Bar No. 123838
IGNACIO E. SALCEDA, State Bar No. 164017
EVAN L. SEITE, State Bar No. 274641
LAURA G. AMADON, State Bar No. 321524
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100
Email: nlocker@wsgr.com
          isalceda@wsgr.com
          eseite@wsgr.com
          lamadon@wsgr.com

*Attorneys for Defendants Nutanix, Inc.,*
*Dheeraj Pandey, and Duston M. Williams*