# Exhibit 3

**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins (admitted *pro hac vice*)
Kristina M. Mentone (admitted *pro hac vice*)
Gregory M. Potrepka (admitted *pro hac vice*)
Andrew W. Rocco (admitted *pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Email: shopkins@zlk.com
Email: kmentone@zlk.com
Email: gpotrepka@zlk.com
Email: arocco@zlk.com

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Tel: (415) 291-2420
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Lead Plaintiff Shimon Hedvat,*
*Plaintiff City of Miami Fire Fighters' and*
*Police Officers' Retirement Trust, and Lead*
*Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NUTANIX, INC. SECURITIES LITIGATION | Master File No. 3:19-cv-01651-WHO |
| | Hon. William H. Orrick |
| | **CLASS ACTION** |
| | **DECLARATION OF CITY OF MIAMI FIRE FIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO WITHDRAW AS LEAD PLAINTIFF AND SUBSTITUTE LEAD PLAINTIFF** |

1

I, Ornel N. Cotera, on behalf of Plaintiff Miami Fire Fighters' and Police Officers' Retirement Trust, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am the Chair of The City of Miami Fire Fighters' and Police Officers' Retirement Trust (the "Trust"), a named Plaintiff in the above-captioned case (the "Action"), and am authorized to make this declaration on the Trust's behalf.

2. I respectfully submit this declaration in support Lead Plaintiff's Motion to Withdraw as Lead Plaintiff and Substitute Lead Plaintiff (the "Motion").

3. The Trust is a single employer defined benefit plan established by the City of Miami, Florida.

4. The Trust has considerable experience serving in a representational capacity in securities class action cases such as this, having served as lead plaintiff in at least five prior securities cases, one of which was pending in the Ninth Circuit:

- *In Re Mgp Ingredients, Inc. Securities Litigation*, Case No. 2:20-cv-2090 (D. Kan.) (currently serving as lead plaintiff);

- *Anarkat v. Cvs Health Corporation et al.*, Case No. 1:19-cv-00437 (D.R.I.) (currently serving as lead plaintiff);

- *Shoemaker v. Cardiovascular Systems, Inc. et al.*, Case No. 0:16-cv-00568 (D. Minn.) (served as lead plaintiff);

- *In Re: Penn West Petroleum Ltd. Securities Litigation*, Case No. 1:14-cv-06046 (S.D.N.Y.) (served as lead plaintiff and achieved $19,759,282 cash settlement on behalf of class);

- *In re Quality Systems, Inc. Securities Litigation*, Case No. 8:13-cv-01818 (C.D. Cal.) (served as lead plaintiff and achieved $19 million cash settlement on behalf of class).

5. The Trust has served as a named Plaintiff in this Action since the filing of the Consolidated Amended Complaint for Violations of the Federal Securities Laws on September 9, 2019, Dkt. 102 (the "First Amended Complaint"). The Trust understands that the Private Securities Litigation Reform Act of 1995 was intended to encourage institutional investors with large losses to manage and direct securities fraud class actions. In serving as a named Plaintiff in this Action, the Trust is committed

2

to its duty to serve the interests of all members of the proposed "Class" (all individuals and entities who purchased or otherwise acquired Nutanix securities during the proposed class period (March 1, 2018 through May 30, 2019, as modified by the Court's Order Regarding Motion to Dismiss dated September 11, 2020)) by supervising the management and prosecution of the Action.

6.    Since joining the Action as a named Plaintiff approximately eighteen months ago, the Trust has kept fully informed of case developments and procedural matters, including engagement with Lead Counsel concerning the litigation strategy in connection with pleadings, discovery and class certification. In its capacity as, and in accordance with its duties as, a named Plaintiff the Trust has vigorously prosecuted this case on behalf of the Class by, among other ways:

    a.  Reviewing a draft of and authorizing the filing of the First Amended Complaint (Dkt. No. 102);

    b.  Reviewing the full briefing on Defendants' motion to dismiss the First Amended Complaint (Dkt Nos. 108-09, 111-14);

    c.  Reviewing the Court's Order granting Defendants' motion to dismiss the First Amended Complaint (Dkt. No. 121)

    d.  Reviewing a draft of and authorizing the filing of the Second Amended Complaint for Violations of the Federal Securities Laws (the "Second Amended Complaint"), filed on April 17, 2020, (Dkt. No. 124)

    e.  Reviewing the full briefing on Defendants' motion to dismiss the Second Amended Complaint (Dkt. Nos. 125-30);

    f.  Reviewing the Court's Order denying Defendants' motion to dismiss the Second Amended Complaint (Dkt. No. 140);

    g.  Reviewing and responding to Defendants' discovery requests; and

    h.  Collecting and preparing documents for production to Defendants.

7.    The Trust has also been kept informed of, and overseen, Lead Counsel's discovery efforts to date, including: (i) the service on Defendants of Plaintiffs' First Set of Requests for Production, First Set of Interrogatories, and First Set of Requests for Admission; (ii) numerous meet and confer discussions with Defendants via telephone, videoconference, and e-mail; (iii) the service of thirty third-

3

party subpoenas, and subsequent meet and confer discussions; (iv) the review of over 10,000 pages of documents produced by over fifteen third parties; and (v) the negotiation and retention of a market efficiency and damages expert for Plaintiffs' forthcoming class certification motion.

8. The Trust believes that this Action is meritorious and that Defendants committed a fraud against investors.

9. The Trust understands that the Court-appointed Lead Plaintiff, Mr. Shimon Hedvat, is no longer able to serve as Lead Plaintiff in this Action and that another individual investor who suffered substantial losses as a result of the alleged fraud, Mr. Jose Flores, is ready, willing and able to serve as lead plaintiff in Mr. Hedvat's place or as co-lead plaintiff with the Trust. The Trust is informed that Mr. Flores sought appointment as lead plaintiff in connection with the initial lead plaintiff proceedings (Dkt. Nos. 32-33), possesses the second largest financial interest after Mr. Hedvat in connection with his transactions in Nutanix securities during the Class Period and has been actively monitoring the progress of this Action since its inception through his counsel. The Trust understands that Mr. Flores is represented by the law firm of Wolf Popper LLP ("Wolf Popper"), a law firm with which the Trust is highly familiar and which has been retained by the Trust to monitor the Trust's investment portfolio for damages due to breaches of fiduciary duty, fraud, misrepresentation, or other violations of applicable state and federal laws.

10. In light of the Trust's significant financial interest and involvement in this Action to date, its appreciation of Mr. Flores's sizable financial interest, its confidence in Levi & Korsinsky's and Wolf Popper's abilities to successfully prosecute this complex litigation, and its continued commitment to represent the Class, the Trust fully supports the Motion which respectfully requests the Court appoint, in its sound discretion, Mr. Flores as lead plaintiff, or both Mr. Flores and the Trust as co-lead plaintiffs in this Action and the appointment of Mr. Flores's counsel, Wolf Popper, as co-lead counsel with Levi & Korsinsky LLP.

11. The Trust and Mr. Flores share a common interest in ensuring that the Class's claims will be efficiently and zealously prosecuted through their oversight of proposed co-lead counsel, Levi & Korsinsky and Wolf Popper.

12. The Trust is strongly motivated to recover the significant losses that it and the putative

4

DECLARATION OF CITY OF MIAMI FIRE FIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO WITHDRAW AS LEAD PLAINTIFF AND SUBSTITUTE

Class have suffered as a result of Defendants' alleged violations of the federal securities laws. Its principal goals in seeking to represent the Class in this case are to: (i) achieve the best possible result for the Class from all culpable parties; (ii) minimize any delay to the certification of the Class; (iii) ensure the prompt and vigorous prosecution of this matter in conformity with the Court's case management deadlines; and (iv) ensure the case is prosecuted efficiently and with no duplication of work or waste.

13. As part of its efforts to promote the efficient litigation of this Action while serving in a representative role together with Mr. Flores, the Trust, through counsel, has communicated with Mr. Flores to discuss: (i) the progression of the Action thus far and the claims against Defendants; (ii) the upcoming motion for class certification; (iii) discovery and litigation efforts to date; (iv) the desire to maximize the recovery for the Class and minimize delay; (v) the desire to ensure efficient and continued litigation without delay and duplication of costs; (vi) the benefits the Class would receive from the leadership of a committed institutional investor and an individual investor, including diversity of representation and the sharing of experience and resources; and (vii) the shared interests in prosecuting the case in a collaborative and efficient fashion.

14. The Trust and Mr. Flores also, through counsel, discussed the importance of selecting qualified counsel to represent the interests of the Class and ensure continued representation of the Class in a diligent and efficient manner. The Trust selected Levi & Korsinsky as its counsel, as the Trust believes that the Class has already significantly benefited from Levi & Korsinsky's experience and expertise in prosecuting securities class actions like this, as evidenced by Levi & Korsinsky's efforts to date, including defeating Defendants' motion to dismiss.

15. Further, the Trust believes that Levi & Korsinsky's continued involvement is necessary to achieve the above goals, including avoiding delay of the litigation, duplication of attorney time and costs and the efficiencies to be gained from Levi & Korsinsky's institutional knowledge of the facts of the Action.

16. The Trust also knows Wolf Popper to be highly qualified and experienced in securities class action litigation.

17. The Trust understands that the PSLRA and courts in this District permit groups to serve

5

as lead plaintiff when the group can function cohesively and proves that it will actively monitor the litigation to represent the interests of the Class. The Trust has demonstrated that it has and intends to continue to prosecute the Action against Nutanix and the other Defendants in such a manner. The Trust believes that its collective resources, and ability to deliberate and engage in joint decision-making will materially benefit and advance the interests of the Class in this case.

18. The Trust and Mr. Flores, through counsel, also discussed and agreed if appointed co-lead plaintiffs that they will exercise joint decision-making and will jointly communicate with proposed co-lead counsel (Levi & Korsinsky and Wolf Popper) regarding the progress and prosecution of this Action on a regular basis as well as when important decisions need to be made related to the Action. To that end, the Trust and Mr. Flores have agreed that proposed co-lead counsel will provide them with periodic status reports and hold regular joint calls to discuss: (i) new developments in the Action; (ii) all significant decisions concerning the prosecution of the Action; (iii) litigation and settlement strategies; (iv) significant pleadings and briefs; (v) important discovery issues; (vi) attorney and expert work being performed; and (vii) any other issues bearing on the effective and efficient prosecution of this matter. Further, the Trust and Mr. Flores agreed that they will make themselves available for any appearances, depositions, and other necessary meetings to facilitate the prosecution of this Action.

19. Given the Trust's and Mr. Flores's obligations to the Class and our shared common interest in maximizing the recovery for all investors, the Trust fully expects to reach a consensus with Mr. Flores regarding litigation decisions. However, in the unlikely event that a disagreement arises that cannot be mutually resolved, we agree to present our respective views to a qualified independent arbitrator who has previously served as a state or federal judge and to be bound by any decisions made by the arbitrator.

20. The Trust has exchanged contact information with Mr. Flores so we can communicate with each other without counsel.

21. If the Court prefers that there be only one lead plaintiff, the Trust is also willing to serve as the lead plaintiff, or to continue serving as a named additional Plaintiff and working cooperatively with Mr. Flores as sole lead plaintiff. The Trust further understands that if it continues to serve in a representative capacity as a named Plaintiff, if there is a disagreement, Mr. Flores would have the final

6

DECLARATION OF CITY OF MIAMI FIRE FIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO WITHDRAW AS LEAD PLAINTIFF AND SUBSTITUTE

say given his role as the Court-appointed lead plaintiff. Nonetheless, the Trust also understands its duties and responsibilities to the Class and absent Class Members such that, if any disagreement is of such import, the Trust can raise the issue with the Court.

22.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing statements relating to The City of Miami Fire Fighters' and Police Officers' Retirement Trust are true to the best of my knowledge.

Executed this 21st day of January, 2021.

Ornel N. Cotera

*Chair of The City of Miami Fire Fighters'*
*and Police Officers' Retirement Trust*

7