# EXHIBIT 1

# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

650 Page Mill Road
Palo Alto, California 94304-1050

O: 650.493.9300
F: 650.493.6811

IGNACIO E. SALCEDA
isalceda@wsgr.com
Direct:  650.320.4908

January 19, 2021

<u>Via Electronic Mail</u>

Shannon L. Hopkins
Levi & Korsinsky, LLP
1111 Summer Street, Suite 403
Stamford, CT 06905
shopkins@zlk.com

> **Re:**   ***In re Nutanix, Inc. Sec. Litig.*, Case No. 3:19-cv-01651-WHO –
> Withdrawal of Lead Plaintiff**

Dear Shannon:

I write behalf of Nutanix, Inc., Dheeraj Pandey, and Duston M. Williams (collectively, "Defendants") in the above-captioned matter in connection with our discussion regarding the Lead Plaintiff, Mr. Shimon Hedvat.

On Monday, January 4, 2021, you conveyed during a telephone call with me that Mr. Hedvat would not be able to meet the parties' agreed deadline to respond to the discovery requests Defendants served on him — a deadline that had already been extended at plaintiffs' request — and that Mr. Hedvat may no longer wish to serve as Lead Plaintiff in this action.  In response, I agreed to provide Mr. Hedvat with an additional extension for his discovery responses in the event that circumstances changed and Mr. Hedvat would proceed in his capacity as Lead Plaintiff.  Pursuant to that extension, Mr. Hedvat's responses were due on Monday, January 11.  Because we have not received Mr. Hedvat's responses to date, we understand that Mr. Hedvat will no longer serve as Lead Plaintiff in this action.

This action cannot proceed without a Lead Plaintiff.  The lead plaintiff provisions are at the heart of the changes brought about by the Private Securities Litigation Reform Act.  The Ninth Circuit has noted that in adopting the Reform Act, "Congress made some very significant changes in the way securities class actions are to be litigated," and listed *five* regarding the Lead Plaintiff among the *six* "most important" changes.  *In re Cavanagh*, 360 F.3d 726, 738-39 (9th Cir. 2002).

**WILSON
SONSINI**

Shannon L. Hopkins
January 19, 2021
Page 2


Accordingly, as the currently-appointed Lead Counsel in this action, we expect that you will promptly notify the Court of the circumstances of Mr. Hedvat's decision and his request to withdraw as the Lead Plaintiff, and request that the Court reopen the lead plaintiff process to select a new lead plaintiff to represent the class as required by the Reform Act. *E.g.*, *In re Snap Inc. Sec. Litig.*, 394 F. Supp. 3d 1156, 1158 (C.D. Cal. 2019) (granting motion to withdraw as lead plaintiff, denying motion to substitute, and reopening process for lead plaintiff appointment); *In re Neopharm, Inc. Sec. Litig.*, No. 02 C 2976, 2004 WL 742084, at *3 (N.D. Ill. Apr. 7, 2004) (same).

Please confirm that you will notify the Court of Mr. Hedvat's withdrawal at your earliest possible convenience. If Lead Counsel has not notified the Court by January 22, 2021, Defendants will do so.


Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*Ignacio E. Salceda*

IGNACIO E. SALCEDA

Case 3:19-cv-01651-WHO   Document 167-2   Filed 02/10/21   Page 4 of 15

# EXHIBIT 2

FILED
2004 Dec-01 AM 10:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| In re HEALTHSOUTH SECURITIES LITIGATION | ) ) ) | CV-03-BE-1500-S |
| This Document Relates to: All Actions | ) | |

### ORDER ON PENDING MOTIONS

Currently pending before the court is the motion to withdraw (doc. # 280) filed by lead plaintiff Oracle Partners, L.P. ("Oracle") and its motion to modify the court's June 24, 2003 order appointing it as co-lead plaintiff (doc. # 264). Oracle's withdrawal is premised on the desire to avoid the appearance of impropriety created by its retention of Ernst & Young, a defendant in the case, as its auditor. If permitted to withdraw, this consolidated securities class action would not have the requisite lead plaintiff mandated by 15 U.S.C. § 78u-4(a)(3)(B).[1]

Although compelled to withdraw to avoid the appearance of impropriety, Oracle asks the court to modify its June 24, 2003 order and appoint Central States, Southeast and Southwest Areas Pension Fund, International Union of Operating Engineers, Local 132 Pension Plan, and Employers-Teamsters Local No. 175 & 505 Pension Trust Fund as co-lead plaintiffs. Defendants object to the appointment of the above-referenced substitute lead counsel, contending that the Private Securities Litigation Reform Act ("PSLRA"), mandates the resumption of the procedure for selecting lead plaintiff as mandated by 15 U.S.C. § 78u-4(a)(3)(B)(i).

Under the PSLRA, the "most adequate," or lead, plaintiff is presumptively the plaintiff

---

[1]On January 28, 2004, the court removed Orbitex Management, Inc. as co-lead plaintiff. *See* doc. # 11.

1

who: (1) filed an initial complaint or timely moved for appointment as lead plaintiff; (2) has the largest financial interest in the case; and (3) otherwise satisfies the requirements of Rule 23, describing the requirements for class actions generally. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc). However, the PSLRA is entirely silent on the proper procedure for substituting a new lead plaintiff when the previously certified one withdraws. Several courts have grappled with the issue of appointing lead plaintiff after the withdrawal of previously certified lead counsel. *See e.g., In re Neopharm, Inc. Securities Litig.*, No. 02 C 2976, 2004 WL 742084 *2-3 (N.D. Ill. April 7, 2004) (upon the withdrawal of the lead plaintiff, the court rejected the proposed substitute lead plaintiffs and, instead, re-opened the process for the appointment of lead plaintiff mandated by the PSLRA); *In re Initial Public Offering Securities Litig.*, 214 F.R.D. 117, 120 (S.D.N.Y 2002) (same). In those cases, the courts have avoided the situation advanced by Oracle and instead allowed class members wishing to serve as lead plaintiffs to move for appointment, thus, permitting the court to make a reasoned analysis in accordance with the factors outlined by the PSLRA.

The court agrees with the above-referenced persuasive authority and concludes that Oracle's motion to withdraw necessitates the re-opening of the process for the appointment of lead plaintiff as mandated by the PSLRA. Accordingly, it is ORDERED as follows:

(1) The motion for withdrawal of lead plaintiff (doc. # 280) Oracle Partners, L.P. is GRANTED. Oracle shall not be required to submit to formal or informal discovery following withdrawal as if it had remained lead plaintiff.

(2) The motion to modify the court's June 24, 2003 order (doc. # 264) to unilaterally appoint Central States, Southeast and Southwest Areas Pension Fund, the International Union of

Operating Engineers, Local 132 Pension Plan, and the Employee-Teamsters Local Numbers 175 & 505 Pension Trust Fund is DENIED.

(3) Any party wishing to serve as lead plaintiff in the stockholder litigation may make a motion to this court on or before **January 7, 2005.**

(4) All principal trial counsel for all plaintiffs seeking appointment as lead plaintiffs in the above-captioned cases shall appear for a hearing on the appointment of lead plaintiff on **January 14, 2005,** at **10:30 a.m.** in Courtroom 5A of the Hugo L. Black United States Courthouse in Birmingham, Alabama.  Counsel for plaintiffs not seeking appointment as lead plaintiffs need not attend the hearing.  Counsel for defendants <u>may</u> attend, but are not required to be present.

DONE and ORDERED this the day of November 30, 2004.


_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

3

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS O. MORGAN, ET AL., | No. C04-04362 MJJ |
| Plaintiff, | **ORDER GRANTING UNOPPOSED MOTION TO WITHDRAW LEAD PLAINTIFF, GRANTING UNOPPOSED MOTION TO SUBSTITUTE LEAD PLAINTIFF, AND RESETTING CASE MANAGEMENT CONFERENCE** |
| v. | |
| AXT, INC ET AL, | |
| Defendant. | |

Before this Court are two motions filed by Lead Counsel For Plaintiff: (1) a Motion To Withdraw Thomas O. Morgan As Lead Plaintiff (Docket No. 85) and (2) Motion To Substitute Lei Wei As Lead Plaintiff (Docket No. 89). Defendants have filed a statement of non-opposition to both motions. On March 8, 2007, the parties also filed a Joint Status Report that requested that the Court reschedule the Case Management Conference currently set for March 20, 2007 to permit the parties further time to pursue ongoing settlement negotiations after Plaintiff's motions are resolved.

Good cause appearing therefor, the March 20 hearing on both unopposed motions is **VACATED**. The Motion To Withdraw Thomas O. Morgan is **GRANTED**. The Motion To Substitute Lei Wei As Lead Plaintiff is also **GRANTED**. Mr. Lei Wei is hereby substituted as lead plaintiff in this action. The Case Management Conference schedule for March 20, 2007 is **CONTINUED** until June 5, 2007.

**IT IS SO ORDERED.**

Dated: March 14, 2007

_____
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

# EXHIBIT 4

MEREDITH N. LANDY (S.B. #136489)
PETER T. SNOW (S.B. #222117)
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California  94025-7019
Telephone:      (650) 473-2600
Facsimile:       (650) 473-2601
Email:           mlandy@omm.com
                 psnow@omm.com

Attorneys for Defendants Rackable Systems, Inc.,
Thomas K. Barton and Madhu Ranganathan

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE RACKABLE SYSTEMS, INC. SECURITIES LITIGATION | Case No.  C-09-0222-CW |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | **DEFENDANTS' STATEMENT OF NONOPPOSITION TO MOTION TO SUBSTITUTE LEAD PLAINTIFFS** |

Defendants Rackable Systems, Inc., Thomas K. Barton and Madhu Ranganathan ("Defendants") do not have a view on which individual or entity the Court should appoint as Lead Plaintiff and therefore do not oppose the Notice of Motion and Motion of Elroy Whittaker to Withdraw and Substitute New Lead Plaintiffs filed by plaintiff Elroy Whittaker on February 4, 2010.

Defendants expressly reserve the right to challenge and oppose class certification on any grounds, including on the grounds that any putative class representative cannot serve as class representative due to his or her lack of suitability or the atypicality of his or her claims.

O'MELVENY & MYERS LLP

Dated:  February 18, 2010

By:_____/s/_____
Meredith N. Landy

Attorneys for Defendants Rackable Systems, Inc., Thomas K. Barton and Madhu Ranganathan

MP1:1175372.2

- 1 -

# EXHIBIT 5

GLANCY BINKOW & GOLDBERG LLP
LIONEL Z. GLANCY (S.B.#134180)
MICHAEL GOLDBERG (S.B.#196382)
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:   (310) 201-9160
E-mail: info@glancylaw.com

*Lead Counsel for Lead Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE RACKABLE SYSTEMS, INC. SECURITIES LITIGATION | Case No.  C-09-0222-CW |
| | <u>CLASS ACTION</u> |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Date: March 11, 2010 Time; 2:00 p.m. Courtroom: 2, 4th Floor |

**ORDER GRANTING MOTION OF LEAD PLAINTIFF ELROY WHITTAKER TO WITHDRAW AND SUBSTITUTE NEW LEAD PLAINTIFFS**

**ORDER**

Having considered the motion of lead plaintiff Elroy Whittaker to withdraw as lead plaintiff and substitute new lead plaintiffs, the memorandum of law in support thereof, the declarations of Elroy Whittaker, Gerald Dull and Vincent Fusco in support of that motion, and good cause appearing therefor,

IT IS HEREBY ORDERED:

1)      The Motion is granted.

2)      Elroy Whittaker is allowed to withdraw as lead plaintiff pursuant to Federal Rule of Civil Procedure 21.

5)      Lead plaintiff's request to substitute new lead plaintiffs is granted.

1

4)  Gerald Dull and Vincent Fusco are appointed to serve as lead plaintiffs in the above-captioned action, pursuant to 15 U.S.C. §78u-4(a)(3)(B).

5)  Glancy Binkow & Goldberg LLP shall remain as lead counsel for lead plaintiffs and the Class.

Dated: March 22, 2010

_____

The Honorable Claudia Wilken
United States District Judge