Benjamin Heikali SBN 307466
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885
E-mail: bheikali@faruqilaw.com

Richard W. Gonnello (*pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
E-mail: rgonnello@faruqilaw.com

*Attorneys for Lead Plaintiff Movant Frank May*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE NUTANIX, INC. SECURITIES LITIGATION | Master File 3:19-cv-01651-WHO |
| | **FRANK MAY'S OPPOSITION TO LEAD PLAINTIFF SHIMON HEDVAT'S MOTION TO WITHDRAW AND SUBSTITUTE CO-LEAD PLAINTIFFS** |

Original lead plaintiff movant Frank May ("May") respectfully submits this opposition to Shimon Hedvat's ("Hedvat") motion to withdraw as Lead Plaintiff and to substitute in his place City of Miami Fire Fighters' and Police Officers' Retirement Trust ("Miami") and Jose Flores ("Flores")—all while conveniently permitting his current counsel, Levi & Korsinsky, LLP ("L&K"), to stay on as Co-Lead Counsel in the reconstituted action.  ECF No. 161 ("Hedvat Br.").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires that the ***court*** appoint the lead plaintiff in the action.  *See* 15 U.S.C. §78u-4(a)(3)(B)(1).  Lead Plaintiff's motion is a transparent attempt to avoid the reopening of the lead plaintiff process so that Hedvat's counsel can retain control of the case.  Although the "PSLRA is entirely silent on the procedure for substituting a new lead plaintiff when the previously certified one withdraws," *In re Initial Pub. Offering ("IPO) Sec. Litig.*, 214 F.R.D. 117, 120 (S.D.N.Y 2002), courts facing this situation do not automatically substitute as lead plaintiff someone of the departing lead plaintiff's choosing, *see In re Neopharm, Inc. Sec. Litig.*, 2004 WL 742084, at *2 (N.D. Ill. Apr. 7, 2004).  Indeed, to do otherwise would be wholly inconsistent with the PSLRA's goals of ending lawyer-driven litigation. Accordingly, "courts generally require at least a modified" reopening of the PSLRA's lead plaintiff appointment process when the previously appointed lead plaintiff withdraws.  *Reese v. Malone*, 2015 WL 1526567, at *3 (W.D. Wash. Apr. 3, 2015) (adopting modified process and considering lead plaintiff motions by putative class members filed during the 60-day period following the court's order); *see also In re Snap, Inc. Sec. Litig.*, 394 F. Supp. 3d 1156, 1158-59 (C.D. Cal. 2019) (allowing putative class members 21 days to file lead plaintiff motions upon the withdrawal of the lead plaintiff); *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co.*, 862 F. Supp. 2d 322, 328 (S.D.N.Y. 2012) (allowing putative class members 30 days from the court's order to seek appointment as lead plaintiff); *In re Smith Barney Transfer Agent Litig.*, 2011 WL 6318988, at *2 (S.D.N.Y. Dec. 15, 2011) (evaluating lead plaintiff applications following the court's decision to reopen the lead plaintiff process after one of the originally appointed lead plaintiffs withdrew); *Neopharm*, 2004 WL 742084, at *3 (allowing 21 days "for any party to move for appointment as lead plaintiff" following lead plaintiff's withdrawal).

1

**FRANK MAY'S OPPOSITION TO LEAD PLAINTIFF SHIMON HEDVAT'S
MOTION TO WITHDRAW AND SUBSTITUTE CO-LEAD PLAINTIFFS**

Indeed, a fully vetted lead plaintiff appointment process will allow the Court to examine and address important class representation issues and avoid any further disruptions.  For example, Flores argues that he possesses the second largest financial interest in the case among those putative class members who initially filed lead plaintiff motions based on the quantity of *net shares* he purchased during the *original class period* and the quantity of *retained shares* he held at the end of the *original class period*, which ran from March 2, 2018 through February 28, 2019.  *See* Hedvat Br. at 8-10.  Based on the *operative class period*[1] of March 1, 2018 through *May 30, 2019*, *see* ECF No. 143 at 1, however, Flores purchased zero net shares during that time and retained zero shares on May 30, 2019 because *he sold the last of the shares he purchased on March 4, 2019*.  *See* ECF No. 33-3 at 2 (confirming that, under the original class period ending on February 28, 2019, Flores retained 22,340 in his two accounts all of which were sold by March 4, 2019).  Thus, based on the retained share methodology that Flores touts here and touted during the original lead plaintiff motions, *Flores has zero losses and lacks any financial interest in the litigation*.  *See Richardson v. TVIA, Inc.*, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) ("Of the Olsten-Lax factors, courts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss."); *In re Wrap Techs., Inc. Sec. Exchange Act Litig.*, 2021 WL 71433, at *2 (C.D. Cal. Jan. 7, 2021) (recognizing that courts in the Ninth Circuit have tended to give the final factor—approximate losses suffered—the most emphasis.). Defendants will undoubtedly point this out at class certification as it renders Flores inadequate and subject to a unique defense given his lack of standing.  *See In re Netflix, Inc. Sec. Litig.*, 2012 WL 1496171, at *5 (N.D. Cal. Apr. 27, 2012) (declining to appoint the Fish Group as lead plaintiff where there was a "substantial likelihood" that one of its members could be subject to a unique defense based on standing).

Similarly, the retained share methodology is improper based on the claims the Court sustained, which include two corrective disclosures on February 28, 2019 and May 30, 2019.  *See*

[1] By operative class period, May means the class period as modified by the Court's order, dated September 11, 2020, on Defendants' motion to dismiss.  *See* ECF No. 143 at 1.

2

**FRANK MAY'S OPPOSITION TO LEAD PLAINTIFF SHIMON HEDVAT'S MOTION TO WITHDRAW AND SUBSTITUTE CO-LEAD PLAINTIFFS**

ECF No. 124 (Second Amended Complaint) at ¶¶20, 28, 421-24; *Markette v. XOMA Corp.*, 2016 WL 2902286, at *5 (N.D. Cal. May 13, 2016) (explaining that the retained share method "will most accurately calculate net loss where there are not multiple partial disclosures that reveal the purported fraud during the class period[]"); *Nicolow v. Hewlett Packard Co.*, 2013 WL 792642, at *4 & n.5 (N.D. Cal. Mar. 4, 2013) (finding the retained share method inappropriate where the allegations in the case involved multiple partial corrective disclosures during the class period, and explaining that many district courts have noted that the "retained shares" method is a "less useful analytical tool[] where gradual disclosures are involved, because [it] assume[s] a constant 'fraud premium' throughout the class period[]").

To be clear, these issues threaten the final resolution of this action as the appointment of Flores under the circumstances presents a material impediment to any settlement. *See Levitt v. Rogers*, 257 Fed. App'x 450 (2d Cir. Dec. 18, 2007) (vacating final judgment approving a settlement where the district court denied a lead plaintiff motion by a class member who did not originally have the largest financial interest in the litigation but did so after a dismissal motion).

Likewise, permitting Miami's appointment—when Miami did not even file an original lead plaintiff motion—also jeopardizes any settlement because absent class members have not been afforded the same notice and due process rights that were afforded Miami by the counsel Miami and Hedvat share, namely L&K.

Accordingly, May respectfully requests that the Court deny Hedvat's substitution motion and instead reopen the lead plaintiff process to allow putative class members a reasonable time period during which they may file lead plaintiff motions.

Dated:  February 10, 2021                                  Respectfully submitted,

                                                          By: /s/ *Richard W. Gonnello*
                                                              Richard W. Gonnello


                                                          **FARUQI & FARUQI, LLP**
                                                          Benjamin Heikali SBN 307466
                                                          10866 Wilshire Boulevard, Suite 1470
                                                          Los Angeles, CA 90024
                                                          Telephone: 424-256-2884

**FRANK MAY'S OPPOSITION TO LEAD PLAINTIFF SHIMON HEDVAT'S
MOTION TO WITHDRAW AND SUBSTITUTE CO-LEAD PLAINTIFFS**

Facsimile: 424-256-2885
E-mail: bheikali@faruqilaw.com


Richard W. Gonnello (*pro hac vice*)
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
E-mail: rgonnello@faruqilaw.com




*Attorneys for Lead Plaintiff Movant Frank May*

4

**FRANK MAY'S OPPOSITION TO LEAD PLAINTIFF SHIMON HEDVAT'S
MOTION TO WITHDRAW AND SUBSTITUTE CO-LEAD PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

By:    */s/ Richard W. Gonnello*
Richard W. Gonnello