UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NUTANIX, INC. SECURITIES LITIGATION | Case No. 19-cv-01651-WHO<br><br>**ORDER GRANTING MOTION TO WITHDRAW; DENYING REQUEST TO ORDER PLAINTIFF TO SUBMIT DOCUMENTS FOR IN CAMERA REVIEW AND APPEAR AT HEARING; AND RE-OPENING LEAD PLAINTIFF APPLICATION PROCESS**<br><br>Re: Dkt. No. 161 |

This case is a putative class action brought against defendants Nutanix, Inc., Chief Executive Officer Dheeraj Pandey, and Chief Financial Officer Duston M. William (collectively "Nutanix") alleging violations of federal securities law. Lead plaintiff Shimon Hedvat, additional named plaintiff City of Miami Fire Fighters' and Police Officers' Retirement Trust ("Trust"), and class member Jose Flores, move for an order withdrawing Shimon Hedvat as lead plaintiff, substituting Flores and the Trust as co-lead plaintiffs, and approving their selection of Levi & Korsinsky, LLP and Wolf Popper, LLP as co-lead counsel. Dkt. No. 161 at 1 ("Mot").

For the reasons set forth below, the request to withdraw Hedvat as lead plaintiff is GRANTED. Nutanix's request for an order requiring Hedvat to produce documents for *in camera* review regarding his reason for withdrawal and to personally appear at a hearing on the motion is DENIED. The request to substitute Flores and the Trust as co-lead plaintiffs is DENIED WITHOUT PREJUDICE. Any putative class member interested in serving as the new lead plaintiff in this action may file a lead plaintiff application within 21 days of this Order. The hearing noticed for March 3, 2021, is VACATED.

**DISCUSSION**

**I.   WITHDRAWAL OF LEAD PLAINTIFF**

In March 2019, eight class members filed applications to serve as lead plaintiff in this action. On July 10, 2019, I appointed Shimon Hedvat as lead plaintiff, concluding that he held the largest financial interest out of the applicants and was the most adequate lead plaintiff under the PSLRA. I also appointed his selected counsel, Levi & Korsinsky, as lead counsel. The present motion explains that Hedvat no longer wishes to serve as lead plaintiff in this case due to personal circumstances relating to the COVID-19 pandemic and seeks an order allowing him to withdraw as lead plaintiff. Mot. at 3. No party objects to Hedvat's request to withdraw. Nutanix highlights that if a plaintiff in a securities class action wishes to withdraw he is "obliged to do so 'immediately.'" Dkt. No. 167 ("Nutanix Opp.") at 15. I agree that withdrawal is appropriate. If Hedvat no longer wishes to serve as lead plaintiff, he cannot adequately represent the class's interests and should not be required to do so. *See e.g. In re Snap Inc. Securities Litig.*, 394 F. Supp. 3d 1156, 1158 (C.D. Cal. 2019) (noting that lead plaintiff's stated intent to withdraw "is an admission that he cannot adequately represent the putative class moving forward"). Accordingly, Hedvat's request to withdraw as lead plaintiff is GRANTED.

Although Nutanix does not strictly object to Hedvat's withdrawal, it argues that Hedvat and his counsel have not provided adequate explanation for the reasons and timing behind his withdrawal. Nutanix urges that I order Hedvat to produce his communications with counsel detailing the reasons for his withdrawal for *in camera* review and order Hedvat to personally appear at the noticed hearing on this motion to "personally address the circumstance and timing of his determination to withdraw as Lead Plaintiff." Dkt. No. 170 at 2. I reject this request as it would place an unnecessary burden on both Hedvat and this court given that all parties agree an unwilling plaintiff should no longer serve as lead plaintiff. Nutanix's request for an order requiring Hedvat to produce documents to the court and to appear personally at a hearing on this motion is DENIED.

**II.   SUBSTITUTION OF LEAD PLAINTIFF**

The question of substitution of lead plaintiff is not as straightforward as the question of

withdrawal. The pending motion seeks an order appointing proposed lead plaintiff Flores and the Trust as co-lead plaintiffs in this action. Mot. at 13. The motion asserts Flores had the largest financial interest of the eight original lead plaintiff applicants after Hedvat and is therefore the next most adequate plaintiff under the PSLRA. *Id.* at 7-9. The motion also asserts that the Trust should be appointed as co-lead plaintiff, not because it meets the criteria of the PSLRA, but because it is a sophisticated institutional plaintiff and has been an active participant in the litigation to date. *Id.* at 10.

Nutanix and one of the other original lead plaintiff applicants, Frank May, have filed oppositions to the motion to substitute Flores as lead plaintiff. *See* Dkt. No. 168 ("May Opp.") at 2; Nutanix Opp. at 2. Both note that it is the court's role to appoint a substitute lead plaintiff, not Hedvat's or his counsel's. May Opp. at 1; Nutanix Opp. at 6. Both request that I re-open the lead plaintiff application process and appoint whichever applicant best meets the criteria of the PSLRA. As discussed below, I agree that this is the more appropriate course of action.

The parties agree that the PSLRA is "silent on the proper procedure for substituting a new lead plaintiff when the previously certified one withdraws," *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 120 (S.D.N.Y. 2002), and that courts have discretion in how they handle such substitutions. Some courts appoint the next most adequate class member from the original group of applicants, while others re-open the application process and accept new applications. Here, I conclude that the latter process is appropriate given that the relevant class period has changed since the original lead plaintiff applications were filed, altering the "largest financial interest" calculus.

The PLSRA instructs that in securities class actions the court "shall appoint as lead plaintiff the member . . . of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of the class members (hereafter referred to as the 'most adequately plaintiff') in accordance with this subparagraph." 15 U.S.C. § 78u–4(a)(3)(B)(i). Under the PSLRA there is a rebuttable presumption that the most adequate plaintiff is the individual that:

(aa) has either filed the complaint of made a motion in response to a notice [published to

3

      potential class members] . . .'

      (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

      (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u–4(a)(3)(B)(iii).   In assessing which class member has the "largest financial interest" courts typically consider the *Lax-Olsten* factors, which include: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

      Since the original lead plaintiff applications were filed, the end of the relevant class period in this case has been extended from February 28, 2019 to May 30, 2019.  This impacts all four of the *Lax-Olsten* factors and may upend the largest financial interest calculus, as Nutanix and May point out.  For example, Flores purchased 22,340 "net shares" during the original class period and calculated financial losses of $396,176 based on his "retained shares" at the end of the original class period.  Nutanix Opp. at 9; May Opp. at 2.  However, Flores sold these remaining shares in March 2019 and therefore, using the operative extended class period, purchased zero "net shares" and would have zero financial losses using the "retained shares" methodology used in his original application.  *Id.*  In contrast, putative class members who purchased large numbers of Nutanix shares between February and May 2019, or who retained large numbers of shares through this period, may now have a larger financial interest than under the original class period.

      For these reasons, I conclude it is appropriate to briefly re-open the lead plaintiff application process and allow any interested putative class members to submit an application to serve as lead counsel.

## CONCLUSION

For the reasons set forth above, the request to withdraw Hedvat as lead plaintiff is GRANTED.  Nutanix's request for an order requiring Hedvat to produce documents for *in camera* review regarding his reason for withdrawal and to personally appear at a hearing on the motion is

DENIED.  Any putative class member interested in serving as the new lead plaintiff in this action may file a lead plaintiff application within 21 days of this Order.

**IT IS SO ORDERED.**

Dated: March 1, 2021



William H. Orrick
United States District Judge