1  **SAXENA WHITE P.A.**
   David R. Kaplan (SBN 230144)
2  dkaplan@saxenawhite.com
   12750 High Bluff Drive, Suite 475
3  San Diego, CA 92130
4  Telephone:  (858) 997-0860
   Facsimile:  (858) 369-0096
5
6  [Additional Counsel Listed On
   Signature Page]
7
   *Counsel for Proposed Lead Plaintiff City of*
8  *Birmingham Retirement and Relief System*
   *and Proposed Lead Counsel for the Class*
9
10                 **UNITED STATES DISTRICT COURT**
                   **NORTHERN DISTRICT OF CALIFORNIA**
11

| IN RE NUTANIX, INC. SECURITIES LITIGATION | No. 3:19-cv-01651-WHO <br><br> CLASS ACTION <br><br> **NOTICE OF MOTION AND MOTION OF CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> DATE: April 28, 2021 <br> TIME: 2:00 p.m. <br> COURTROOM: 2 – 17th Floor <br> JUDGE: William H. Orrick |
|---|---|

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ................................................................................................ 1

STATEMENT OF ISSUES ................................................................................................................ 2

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................................ 2

I.    INTRODUCTION ................................................................................................................ 2

II.    ARGUMENT ..................................................................................................................... 4

    A.    Birmingham Is The "Most Adequate Plaintiff" ........................................................ 4

        1.    Birmingham Has The Largest Financial Interest In Relief Sought By The Class ................................................................................................ 5

        2.    Birmingham Satisfies the Requirements of Rule 23 ................................. 7

            i.    Birmingham's Claims Are Typical ................................. 7

            ii.    Birmingham Satisfies The Adequacy Requirement ............ 8

        3.    Birmingham Is Precisely The Type Of Lead Plaintiff Congress Envisioned When It Enacted The PSLRA .................................................. 9

    B.    The Court Should Approve Birmingham's Selection of Counsel ........................ 10

III.    CONCLUSION ................................................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Bloom v. Anderson,*
  No. 2:20-CV-04534, 2020 WL 6710429 (S.D. Ohio Nov. 16, 2020)..........................................12

*Bodri v. Gopro, Inc.*,
  No. 16-cv-00232-JST, 2016 WL 1718217 (N.D. Cal. Oct. 7, 2019)...........................................6

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
  No. 12-cv-06039-LHK, 2013 WL 2368059 (N.D. Cal. May 29, 2013) ....................................8

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998)....................................................................................................8

*Hessefort v. Super Micro Computer, Inc,*
  317 F. Supp. 3d 1056 (N.D. Cal. May 25, 2018)........................................................................7

*In re Allergan PLC Sec. Litig.,*
  2020 WL 8620082 (S.D.N.Y. Dec. 7, 2020) ..............................................................................6

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002)..............................................................................................*passim*

*In re Diamond Foods, Inc.,*
  No. C 11–05386 WHA, 281 F.R.D. 405 (N.D. Cal. March 20, 2012) .......................................5

*In re Extreme Networks Inc. Sec. Litig.*,
  No. 15-cv-04883-BLF, 2016 WL 3519283 (N.D. Cal. June 28, 2016) .....................................9

*In re Gildan Activewear Inc. Sec. Litig.,* No. 1:08-cv-05048-HB,
  2010 U.S. Dist. LEXIS 140619, at *3 (S.D.N.Y. Sept. 20, 2010) ............................................11

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998).............................................................................................5

*In re Tezos Sec. Litig.*,
  No. 17-cv-06779-RS, 2019 WL 2183448 (N.D. Cal. Apr. 8, 2019)........................................3, 6

*In re Wrap Technologies Sec. Ex. Litig.,* No. 20-cv-8760-DMG,
  2021 WL 71433 (N.D. Cal. Jan. 7, 2021) ..................................................................................8

*Wong v. Arlo Techs., Inc.,*
  No. 19-cv-372-BLF, 2019 WL 2010706 (N.D. Cal. May 6, 2019) ...........................................8

**STATUTES**

15 U.S.C. §78u-4(a) ................................................................................................................*passim*

**RULES**

Fed. R. Civ. P. 23 ....................................................................................................................*passim*

**OTHER AUTHORITIES**

H.R. Conf. Rep. No. 104-369 (1995) ............................................................................................. 9

iii

BIRMINGHAM'S MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 3:19-CV-01651-WHO


**STATUTES**

15 U.S.C. §78u-4(a) ................................................................................................................*passim*

**RULES**

Fed. R. Civ. P. 23 ....................................................................................................................*passim*

**OTHER AUTHORITIES**

H.R. Conf. Rep. No. 104-369 (1995) ............................................................................................. 9

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on April 28, 2021, at 2:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Judge William H. Orrick, Courtroom 2, 450 Golden Gate Avenue, 17th Floor, San Francisco, California 94102, Proposed Lead Plaintiff City of Birmingham Retirement and Relief System ("Birmingham" or "Movant") will respectfully move this Court, pursuant to the Court's "Order" dated March 1, 2021 re-opening the lead plaintiff process (ECF No. 171), and in accordance with Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. § 78u-4(a)(3)(B)) for entry of an Order: (i) appointing Birmingham as Lead Plaintiff; (ii) approving Birmingham's selection of Saxena White P.A. ("Saxena White") as Lead Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.

This Motion is made on the grounds that Birmingham believes it is the "most adequate plaintiff" under the PSLRA and is therefore entitled to be appointed Lead Plaintiff. Specifically, Birmingham believes that it has the "largest financial interest" of any other competing movant, and the largest financial interest of any Class member that originally sought lead plaintiff status. In addition, Birmingham's claims are typical of other Class members' claims, and it will fairly and adequately represent the interests of the Class. Further, as a sophisticated institutional investor with a substantial financial stake in the claims, Birmingham is the prototypical lead plaintiff Congress envisioned when it enacted the PSLRA, and its appointment as Lead Plaintiff will benefit and provide continuity of leadership for the Class.

In support of this Motion, Birmingham submits: (i) a Memorandum of Points and Authorities; (ii) the Declaration of David R. Kaplan in Support of this Motion, and accompanying exhibits; (iii) a Proposed Order; and (iv) such other written or oral argument as may be permitted by the Court.

WHEREFORE, Birmingham respectfully requests that the Court: (1) appoint it as Lead Plaintiff; (2) approve its selection of Saxena White to serve as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

## STATEMENT OF ISSUES

1. Whether Birmingham should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B)?

2. Whether the Court should approve Birmingham's selection of Saxena White as Lead Counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v)?

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This is a securities class action against Nutanix Inc. ("Nutanix" or the "Company") and certain of its officers and/or directors (collectively, "Defendants").[1] On March 1, 2021, the Court granted the original Lead Plaintiff's motion to withdraw due to personal circumstances relating to the COVID-19 pandemic and "briefly re-open[ed] the lead plaintiff application process" to allow other Class members to submit an application to serve as the new Lead Plaintiff. *See* ECF No. 171 at 2, 4 (the "March 1 Order").

Birmingham seeks appointment as the Lead Plaintiff pursuant to the March 1 Order. Birmingham respectfully submits that it is the "most adequate plaintiff" under the PSLRA, readily satisfies Rule 23 of the Federal Rules of Civil Procedure's adequacy and typicality requirements, and is precisely the type of institutional investor envisioned by Congress when enacting the lead plaintiff provisions of the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). Additionally, Birmingham originally sought lead plaintiff appointment at the outset of this case, has the largest financial stake of any institutional investor that originally

---

[1] On September 11, 2020, this Court dismissed all allegedly false statements made prior to March 1, 2018, but otherwise denied Defendants' motion to dismiss. ECF No. 140. As a result, the operative class period is now March 2, 2018 through May 30, 2019, inclusive (the "Class Period").

moved for lead plaintiff appointment, and its appointment as Lead Plaintiff will benefit and provide continuity for the Class at this time. *See In re Tezos Sec. Litig.*, No. 17-cv-06779-RS, 2019 WL 2183448, at *3 (N.D. Cal. Apr. 8, 2019) (Seeborg, J.) (when re-opening the lead plaintiff process the court should give priority to those that originally sought appointment).

Birmingham has suffered an approximate loss of $420,538 on its Class Period purchases of Nutanix common stock and has the largest financial interest in the litigation of any movant, to the best of Birmingham's knowledge.[2] Birmingham's claims are typical of the Class's claims because it suffered losses on its Nutanix investment as a result of the Defendants' allegedly false and misleading statements. Further, Birmingham has no conflict with the Class and will adequately protect the Class's interests given its significant financial stake in the claims, its significant experience prosecuting other securities class actions as lead or co-lead plaintiff in the Ninth Circuit and throughout the nation, and its conduct thus far in this litigation. Here, Birmingham timely filed a motion for appointment as Lead Plaintiff at the outset of this action, continued to closely monitor the progress of the litigation, and after careful deliberation, determined to seek appointment as the new Lead Plaintiff now that the process has been re-opened.

Birmingham is a public pension system organized for the benefit of approximately 7,300 members that include current and retired employees of civil service employees, elected officials, and appointed employees in the City of Birmingham, Alabama. Birmingham is a sophisticated institutional investor with significant experience and success serving as lead or co-lead plaintiff in securities class actions. Birmingham is similarly committed to vigorous prosecution of the claims

---

[2] Birmingham's transactions in Nutanix common stock during the Class Period are set forth in its Certification. *See* Declaration of David R. Kaplan in Support of the Motion of City of Birmingham Retirement and Relief System for Appointment as Lead Plaintiff and Approval of Its Selection of Counsel ("Kaplan Decl."), Ex. A, filed concurrently herewith. *See also* Kaplan Decl., Ex. B. (chart setting forth Birmingham's losses). Birmingham's loss is the same under the Class Period asserted in the Second Amended Complaint ("SAC") and the operative Class Period under the Court's recent decision denying in part, and granting in part, Defendants' motion to dismiss. *See* ECF Nos. 124 (SAC) and No. 140 (motion to dismiss decision).

in this action, is familiar with the claims in this action, as well as the obligations and responsibilities of a lead plaintiff, and has the incentive, ability, and experience to effectively oversee counsel and supervise the prosecution of the action in the best interests of the Class.

Birmingham has further demonstrated its adequacy by selecting Saxena White to serve as Lead Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Saxena White is a leading national law firm specializing in representing investors in securities and shareholder litigation, with substantial experience and success prosecuting securities class actions and other forms of shareholder litigation in this District and throughout the nation. Further, Saxena White is the only federally certified woman- and minority-owned firm specializing in representing institutional investors in securities litigation, and its appointment as Lead Counsel will ensure that the attorneys prosecuting the case reflect the diversity of the national investor Class on whose behalf the litigation is brought.

Accordingly, for the reasons summarized herein and discussed more fully below, Birmingham respectfully requests that the Court appoint it as Lead Plaintiff, approve of its selection of Saxena White as Lead Counsel, and otherwise grant its motion.

## II.     ARGUMENT

### A.     Birmingham Is The "Most Adequate Plaintiff"

Birmingham respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws, and provides a presumption in favor of the movant which has the "largest financial interest" in the relief sought by the Class, while also satisfying the relevant requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Once the court has identified the most adequate plaintiff, the presumption may only be

rebutted by proof from a class member that the "most adequate plaintiff" (aa) will not fairly and adequately protect the interests of the class or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). *See Cavanaugh,* 306 F.3d at 732 ("Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements.")

As discussed below, Birmingham believes that it has the largest financial interest in the litigation that otherwise meets the relevant requirements of Rule 23. Birmingham believes it is the "most adequate plaintiff" and thus, should be appointed Lead Plaintiff.

### 1. Birmingham Has The Largest Financial Interest In Relief Sought By The Class

The PSLRA requires the court to adopt the presumption that "the most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). As this Court stated in the March 1 Order re-opening the lead plaintiff process, in making this determination, "courts typically consider the *Lax-Olsten* factors, which include: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *See* ECF No. 171 at 4, citing *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *see also In re Diamond Foods, Inc.,* No. C 11–05386 WHA, 281 F.R.D. 405, 408 (N.D. Cal. March 20, 2012) (Alsup, J.). Courts have placed the most emphasis on the last of the four factors: the approximate losses suffered by the movant. *Diamond Foods,* 281 F.R.D. at 408.

Here, during the Class Period, Birmingham (1) purchased 22,285 shares of Nutanix common stock; (2) purchased 18,346 net shares of Nutanix common stock; (3) expended $867,120 in net funds; and (4) suffered losses of approximately $420,538 under a last-in, first-out ("LIFO")

accounting basis in connection with its purchases of Nutanix shares. *See* Kaplan Decl., Ex. B.[3] To the best of Birmingham's knowledge, no other movant has a larger financial interest in the action and satisfies the typicality and adequacy requirements of the PSLRA. Accordingly, Birmingham has the largest financial interest of any qualified movants seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 729-32.

Birmingham has already evidenced its intention to diligently prosecute this action by timely moving for appointment as Lead Plaintiff by the original Lead Plaintiff deadline. *See* ECF No. 19. Even though it was not appointed then, Birmingham continued to follow the progress of the case and when the Court re-opened the Lead Plaintiff process, Birmingham determined to apply for appointment as the new Lead Plaintiff and directed Saxena White to file this motion on its behalf. Significantly, courts considering the appointment of a replacement lead plaintiff have expressed a strong preference to limit consideration to Class members that timely filed a motion for lead plaintiff appointment within the PSLRA's statutory timeframe. *See Tezos.*, 2019 WL 2183448, at *3 (rejecting proposed substitute lead plaintiff who did not timely file a motion for appointment at the outset of the case); *In re Allergan PLC Sec. Litig.*, 2020 WL 8620082, at *2 (S.D.N.Y. Dec. 7, 2020) (collecting cases finding "a preference for allowing only those who had originally applied to be considered").[4]

As discussed below, Birmingham's appointment as the new Lead Plaintiff will also benefit

---

[3] LIFO is the prevailing share accounting methodology utilized by courts in the Ninth Circuit when determining a lead plaintiff movant's estimated loss. *See Bodri v. Gopro, Inc.*, No. 16-cv-00232-JST, 2016 WL 1718217, at *3 (N.D. Cal. Oct. 7, 2019) (Tigar, J.).

[4] Originally, eight Class members moved for Lead Plaintiff appointment. ECF Nos. 17, 19, 22, 26, 32, 35, 37, 47. One movant withdrew its motion prior to the Court's decision [ECF No. 58], and three others filed notices of non-oppositions to other motions. ECF Nos. 56, 67, 84. Birmingham, which had the largest loss of the two institutional movants, filed a notice stating that while other movants had larger losses, it was ready and willing to serve as Lead Plaintiff if the other movants were found inadequate or incapable of representing the Class. ECF No. 66. The remaining three movants were individual investors, one of whom the Court selected as Lead Plaintiff. ECF No. 87.

and provide continuity for the Class.  Birmingham and its proposed Lead Counsel, Saxena White, are highly experienced in leading securities class actions, and are familiar with the claims, allegations, and the Court's dispositive rulings in the case.  Birmingham is aware of the progress made by the original Lead Plaintiff, and the significant work that remains to be done in bringing the case to a successful resolution for the Class.  Birmingham is an experienced lead plaintiff with a track record of success serving in such capacity, and is ready, willing, and able to serve as the new Lead Plaintiff, act in a representative capacity, and provide continuity of leadership for the Class.

### 2. Birmingham Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the litigation, Birmingham also satisfies the applicable requirements of Rule 23.   15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc); see Cavanaugh, 306 F.3d at 732.  Rule 23(a) provides that a party may serve as a class representative if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  When assessing a potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. See Hessefort v. Super Micro Computer, Inc, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. May 25, 2018) (Tigar, J.). Once a movant has demonstrated that it has the largest financial interest, it need only make a *prima facie* showing of its typicality and adequacy. Cavanaugh, 306 F.3d at 730-32.

#### i. Birmingham's Claims are Typical

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. "In determining whether typicality is satisfied, a Court inquires 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same

course of conduct.'" *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-cv-06039-LHK, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (Koh, J.). Typicality does not require that there be no factual differences between the class representatives and the class members; rather, it is the generalized nature of the claims asserted that determines whether the class representatives are typical. *See In re Wrap Technologies Sec. Ex. Litig.,* No. 20-cv-8760-DMG, 2021 WL 71433, at *3 (N.D. Cal. Jan. 7, 2021) (Gee, J.) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (finding that "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical").

Here, Birmingham satisfies the typicality requirement.  Like all other Class members, Birmingham: (1) purchased Nutanix Common Stock during the Class Period; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when corrective disclosures removed the inflation caused by Defendants' conduct, causing the price of Nutanix shares to fall.   These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirements of Rule 23(a)(3).  *See Wrap Technologies,* 2021 WL 71433, at *3.  As such, Birmingham's claims are typical of the Class's claims.

### ii.   **Birmingham Satisfies the Adequacy Requirement**

Birmingham likewise satisfies the adequacy requirement of Rule 23.  Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The test for adequacy is whether the class representative and [its] counsel 'have any conflicts of interest with other class members' and whether the class representative and [its] counsel will 'prosecute the action vigorously on behalf of the class.'"  *Align Tech.*, 2013 WL 2368059, at *4; *Wong v. Arlo Techs., Inc.,* No. 19-cv-372-BLF, 2019 WL 2010706, at *8 (N.D. Cal. May 6, 2019) (Freeman, J.).

Here, Birmingham's interests are aligned with those of the other Class members and are not

antagonistic in any way. Nor are there any facts to suggest an actual or potential conflict of interest between Birmingham and the other Class members. In fact, Birmingham is precisely the type of representative plaintiff that Congress envisioned when it enacted the lead plaintiff provisions of the PSLRA.

### 3. Birmingham is Precisely The Type of Lead Plaintiff Congress Envisioned When It Enacted the PSLRA

In addition to satisfying the PSLRA's lead plaintiff provisions and the requirements of Rule 23, Birmingham is the paradigmatic Lead Plaintiff envisioned by Congress in its enactment of the PSLRA – a sophisticated institutional investor with a substantial financial interest in the litigation and the resources, experience, and incentive to vigorously represent the Class and oversee Lead Counsel's prosecution of the case against Defendants. *See* S. Rep. No. 104-98, at 11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 ("The committee intends to increase the likelihood that institutional investors will serve as lead plaintiffs …."); H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class action will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *see In re Extreme Networks Inc. Sec. Litig.*, No. 15-cv-04883-BLF, 2016 WL 3519283, at *6 (N.D. Cal. June 28, 2016) (Freeman, J.) (noting that "Congress sought to increase the participation of institutional investors in prosecuting securities cases" through the PSLRA).

Birmingham is a public pension system organized for the benefit of approximately 7,300 members that include current and retired employees of civil service employees, elected officials, and appointed employees in the City of Birmingham, Alabama. Birmingham manages over $1 billion in assets for its members and has significant prior experience serving as lead or co-lead plaintiff in securities and shareholder litigation, including with Saxena White serving as its counsel.

For instance, Birmingham and Saxena White recently achieved a historic shareholder

derivative recovery in this District in a high-profile case involving Wells Fargo, which included a $240 million cash payment—the largest insurer-funded monetary recovery in a derivative settlement in history—as well as meaningful corporate governance reforms. *See In re Wells Fargo & Co. S'holder Derivative Litig.,* No. 4:16-cv-05541-JST (N.D. Cal.). Birmingham, as lead or co-lead plaintiff, and Saxena White, as lead or co-lead counsel, have also successfully prosecuted a number of securities class actions together in courts throughout the country. *See Keippel v. Health Insurance Innovations, Inc.,* No. 8:19-cv-00421-WFJ (M.D. Fla.) ($11 million settlement, pending final approval); *Westchester Putnam Ctys. Heavy & Highway Laborers Local 60 Benefit Funds v. Brixmor Prop. Grp., Inc.,* No. 1:16-cv-02400 (AT)(SN) (S.D.N.Y.) ($28 million settlement). Birmingham has also successfully overseen the prosecution of securities class actions by other law firms. *See In re BHP Billiton Ltd. Sec. Litig.,* No. 1:16-cv-01445-NRB (S.D.N.Y.) ($50 million recovery); *In re BRF S.A. Sec. Litig.*, No. 1:18-cv-02213-PKC (S.D.N.Y.) ($40 million recovery); *City of Birmingham Ret. & Relief Sys. v. S.A.C. Capital Advisors, L.P.*, et al., No. 13 Civ. 2459 (VM)(KNF) ($10 million recovery).

Thus, Birmingham, in addition to having the largest financial interest, and satisfying the typicality and adequacy requirements of Rule 23 of, is the paradigmatic Lead Plaintiff contemplated by the PSLRA.

### B.     The Court Should Approve Birmingham's Selection Of Counsel

The Court should approve Birmingham's selection of Saxena White to serve as Lead Counsel for the Class. Pursuant to the PSLRA, a movant must, subject to Court approval, select and retain counsel to represent the class it seeks to represent, and the Court should not disturb the Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see Cavanaugh*, 306 F.3d at 734.

Here, Birmingham has selected Saxena White as proposed Lead Counsel to represent the Class. As set forth in its firm resume, Saxena White has extensive experience prosecuting complex

litigation on behalf of aggrieved shareholders. *See* Kaplan Decl., Ex. C. For example, Saxena White, acting as Co-Lead Counsel, recently secured a $210 million recovery for the investor class in *In re Wilmington Trust Securities Litigation,* No. 10-cv-00990-ER (D. Del.), which represented the second-largest securities class action recovery in Delaware history. Saxena White's track record serving as lead or co-lead counsel in securities litigation also includes the $73 million recovery in *In re Rayonier Inc. Sec. Litig.*, No. 3:14-cv-1395-TJCJBT (M.D. Fla.); the $53 million recovery in *Central Laborers' Pension Fund v. SIRVA, Inc.,* No. 04 C 7644 (N.D. Ill.); the $50 million recovery in *In re HD Supply Holdings, Inc. Sec. Litig.*, No. 1:17-CV-02587-ELR (N.D. Ga.); the $37.5 million recovery in *City Pension Fund for Firefighters and Officers in the City of Miami Beach v. Aracruz Celulose, S.A.*, No. 1:08-cv-23317-JAL (S.D. Fla.); the $135 million recovery in *Peace Officers Annuity and Benefit Fund of Georgia v. DaVita Inc. et al,* No. 1:17-cv-00304-WJM (D. Colo.) (pending final approval); and, most recently, the $25 million recovery in *Plymouth County Retirement System v. GTT Communications, Inc. et al.*, No. 1:19-cv-00982-CMH (E.D. Va.) (pending final approval). Further, within the Ninth Circuit, Saxena White, recently achieved a $28 million recovery for the investor class in *Milbeck v. TrueCar, Inc.,* No. 2:18-cv-02612-AGR (C.D. Cal.), and the firm is currently serving as Co-Lead Counsel in *In re Merit Medical Systems, Inc. Sec. Litig.,* No. 8:19-cv-02326-DOC (C.D. Cal.).

By approving Birmingham's choice of Lead Counsel, this Court will also advance the important goal of increasing diversity among class counsel, so that the attorneys leading the case "reflect the diversity of the proposed national class." *In re Robinhood Outage Litig.,* No. 20-cv-01626-JD, ECF No. 59, at *3 (N.D. Cal. July 14, 2020) (Donato, J.); *see also In re Gildan Activewear Inc. Sec. Litig.,* No. 1:08-cv-05048-HB, 2010 U.S. Dist. LEXIS 140619, at *3 (S.D.N.Y. Sept. 20, 2010) (because "proposed class includes thousands of participants, both male and female, arguably from diverse backgrounds, . . . it is therefore important to all concerned that

there is evidence of diversity, in terms of race and gender, in the class counsel I appoint."). Saxena White is the only federally certified woman- and minority-owned firm specializing in representing institutional investors as plaintiffs in securities litigation, and the firm is committed to diversity not only in the courtroom but also in the community. *See* Kaplan Decl., Ex. C.  Recently, Saxena White was selected by the Chief Judge of the Northern District of Ohio as Co-Lead Counsel in an important shareholder derivative action involving a corruption and bribery scheme, not only for its "impressive" and "considerable track record[] of successfully prosecuting shareholder derivative actions," but also for its "diverse team" that "best reflects the plaintiffs' diversity and is best suited to act on their behalf." *Bloom v. Anderson,* No. 2:20-CV-04534, 2020 WL 6710429, at *9 (S.D. Ohio Nov. 16, 2020).

Accordingly, this Court should appoint Birmingham as Lead Plaintiff and approve its selection of Saxena White as Lead Counsel for the Class.

### III.    CONCLUSION

For the foregoing reasons, Birmingham respectfully requests that this Court: (1) appoint Birmingham as Lead Plaintiff; (2) approve its selection of Saxena White to serve as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated:  March 22, 2021

|  | Respectfully submitted, |
|---|---|
|  | **SAXENA WHITE P.A.** |
|  | */s/ David R. Kaplan*<br>David R Kaplan (SBN 230144)<br>dkaplan@saxenawhite.com<br>12750 High Bluff Drive, Suite 475<br>San Diego, CA 92130<br>Telephone: (858) 997-0860<br>Facsimile: (858) 369-0096 |
|  | Maya Saxena<br>msaxena@saxenawhite.com<br>7777 Glades Road, Suite 300 |

1
2   Boca Raton, FL 33434
    Telephone: (561) 394-3399
    Facsimile: (561) 394-3382
3
4   Steven B. Singer
    Kyla Grant
5   ssinger@saxenawhite.com
    kgrant@saxenawhite.com
6   10 Bank Street, 8th Floor
    White Plains, New York 10606
7   Telephone: (914) 437-8551
    Facsimile: (888) 216-2220
8
9   *Counsel for Proposed Lead Plaintiff City of Birmingham Retirement and Relief System and Proposed Lead Counsel for the Class*
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28