David Bricker (Cal. State Bar No. 158896)
**THORNTON LAW FIRM LLP**
9595 Wilshire Boulevard, Suite 900
Beverly Hills, California 90212
Telephone: (310) 282-8676
Facsimile: (310) 388-5316
dbricker@tenlaw.com

*Proposed Liaison Counsel for the Class*

**LABATON SUCHAROW LLP**
Christopher J. Keller (*pro hac vice* forthcoming)
Eric J. Belfi (*pro hac vice* forthcoming)
Francis P. McConville (*pro hac vice* forthcoming)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Lead Plaintiff Movant Bristol County Retirement System*
*and Proposed Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NUTANIX, INC. SECURITIES LITIGATION | Case No. 3:19-cv-01651-WHO |
| | Judge William H. Orrick III |
| | **CLASS ACTION** |
| | **NOTICE OF MOTION AND MOTION OF BRISTOL COUNTY RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | Date: April 28, 2021<br>Time: 2:00 p.m.<br>Courtroom: 2 – 17th Floor<br>Judge: William H. Orrick |

## NOTICE OF MOTION AND MOTION

**TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that pursuant to this Court's Order dated March 1, 2021 (ECF No. 171), Bristol County Retirement System ("Bristol") by and through its counsel, hereby moves this Court in Courtroom 2 – 17th Floor of the Honorable William H. Orrick at the United States District Court, Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, on April 28, 2021 at 2:00 p.m., or as soon thereafter as the matter may be heard, for the entry of an Order: (1) appointing Bristol as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq*.; (2) approving Bristol's selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel and Thornton Law Firm LLP ("Thornton Law") as Liaison Counsel for the Class (the "Motion"); and (3) granting such other and further relief as the Court may deem just and proper.

This Motion is based upon the accompanying Memorandum of Law in support thereof, the Declaration of David Bricker, Esq. ("Bricker Decl.") filed herewith, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

**WHEREFORE**, Bristol respectfully requests that the Court grant its motion and enter an Order: (1) appointing Bristol as Lead Plaintiff; (2) approving Bristol's selection of Labaton Sucharow as Lead Counsel and Thornton Law as Liaison Counsel; and (3) granting such other and further relief as the Court may deem just and proper.

**STATEMENT OF THE ISSUES TO BE DECIDED**

1.    Whether the Court should appoint Bristol as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

2.    Whether the Court should approve of Bristol's selection of Labaton Sucharow as Lead Counsel for the Class and Thornton Law as Liaison Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.     PRELIMINARY STATEMENT**

Presently pending before this Court is a consolidated securities class action brought on behalf of all those who purchased or otherwise acquired Nutanix securities during the proposed class period of March 1, 2018 through May 30, 2019 (the "Class Period"), as modified by the Court's Order Regarding Motion to Dismiss dated September 11, 2020.  *See* ECF No. 140; *see also* ECF No. 143 (case management statement referencing the Class Period), who were damaged thereby (the "Class").  The Action charges Nutanix and certain of its officers/and or directors (collectively, "Defendants") with violations of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder.

By order dated March 1, 2021 (the "Order"), the Court denied the motion of Lead Plaintiff Shimon Hedvat ("Hedvat"), additional named plaintiff City of Miami Fire Fighters' and Police Officers' Retirement Trust (the "Trust"), and class member Jose Flores, for the entry of an order withdrawing Shimon Hedvat as Lead Plaintiff, substituting Flores and the Trust as co-Lead Plaintiffs, and approving their selection of Levi &  Korsinsky, LLP and Wolf Popper, LLP as co-Lead Counsel.  *See* ECF No. 171.  Instead, the Court reopened the Lead Plaintiff selection process to all applicants, allowing for motions to be filed within 21 days of the entry of the Order, *i.e.*, on or before March 22, 2021.

The PSLRA instructs the district courts to appoint the "most adequate plaintiff" to serve as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court must determine which member of the Class has the "largest financial interest" in the relief sought by the Class who also satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Bristol initially moved to be appointed as Lead Plaintiff on May 28, 2019.  *See* ECF No. 35.[1]  Based on the Order, Bristol files this renewed Lead Plaintiff motion to protect its interests and the interests of the Class.  Bristol respectfully submits that it should be appointed

---

[1] In its initial motion, Bristol jointly moved for appointment with Joseph S. Maroun, who has not joined in this motion.

Lead Plaintiff because it incurred substantial Class Period losses of **$118,082** on its relevant transactions in Nutanix securities,[2] and also meets the typicality and adequacy requirements of Rule 23 because its claims are typical of those of absent Class members, and because it will fairly and adequately represent the interests of the Class.  Accordingly, Bristol is the "most adequate plaintiff" and should be appointed Lead Plaintiff.

## II.      FACTUAL BACKGROUND

Nutanix purports to be a cloud computing software company headquartered in San Jose, California known for pioneering its "core" hyper-converged infrastructure software technology, which combines the components of data center computing (server, storage, and virtualization) into a single scalable machine through software.  As the Company operates in a highly competitive environment, its sales pipeline, hiring, and productivity are core to its financial health and growth prospects.

During the Class Period, Defendants touted Nutanix's robust sales pipeline and record sales productivity.  These statements were materially false and misleading.  In reality, according to the Action, Nutanix was facing a significantly declining sales pipeline and strong attrition in its sales personnel throughout the Class Period.

On February 28, 2019 after market close, Nutanix announced the Company was providing lower than expected fiscal third quarter 2019 forecasts due to an admitted underspending on lead generation and sales hiring since 2017, as well as an admittedly disorganized sales force.  On this news, the price of Nutanix common stock declined from a closing price of $50.09 per share on February 28, 2019 to a close of $33.70 per share on March 1, 2019.

On May 30, 2019, Defendants issued a second corrective disclosure.  The second corrective disclosure stated that Nutanix missed revenue and billing targets to a nature and extent greater than let onto after the end of its fiscal second quarter 2019, due to the Company's

---

[2] A copy of Bristol's PSLRA Certification is attached as Exhibit A to the accompanying Bricker Decl., which sets forth all transactions for Bristol in Nutanix securities during the Class Period.  In addition, a chart reflecting the calculation of Bristol's losses as a result of its Class Period transactions in Nutanix securities is attached as Exhibit B to the Bricker Decl.

continued insufficient sales pipeline issues.  On this news, Nutanix's stock dropped from a closing price of $32.67 per share on May 30, 2019 to $28.07 per share on May 31, 2019.

As a result of Defendants' wrongful acts and omissions, Bristol and other Class members who purchased securities of Nutanix have suffered significant losses and damages.

## III.   ARGUMENT

### A.   Bristol Should Be Appointed Lead Plaintiff

Bristol respectfully submits that it is the presumptively "most adequate plaintiff" because it has timely filed this motion, has claimed a substantial financial interest, and is both typical and adequate under Rule 23.  As the "most adequate plaintiff," Bristol should be appointed as Lead Plaintiff and its choice of counsel approved.

### 1.   The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B).  Under the PSLRA, a court is to consider any motion made by class members and appoint the movant that the court determines to be the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).  In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person who: (1) filed a complaint or made a timely motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (discussing three-step competitive process for selecting a lead plaintiff).  This presumption "'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff [ ] will not fairly and adequately protect the interests of the class'" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

**B.**   **Bristol Is the "Most Adequate Plaintiff"**

**1.**   **Bristol Satisfies the PSLRA's Procedural Requirements**

Bristol filed this motion to serve as Lead Plaintiff in a timely manner.  Pursuant to the Order, dated March 1, 2021, applicants were given 21 days to file motions for appointment as Lead Plaintiff, *i.e.*, on or before March 22, 2021.  *See* ECF No. 171.  Bristol filed its motion within the required period.  Moreover, Bristol previously complied with the originally noticed PSLRA deadline when it first filed a motion for Lead Plaintiff appointment on May 28, 2019.  *See* ECF No. 35.

**2.**   **Bristol Has a Substantial Financial Interest**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the movant with "the largest financial interest in the relief sought by the class," so long as the movant "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see Pace v. Quintanilla*, No. SACV 14 -2067-DOC-(RNBx), 2014 WL 4180766 (C.D. Cal. Aug. 19, 2014) (discussing the PSLRA's lead plaintiff appointment process).  During the Class Period, Bristol suffered substantial losses of **$118,082** because of its transactions in Nutanix securities.  *See* Loss Analysis, Bricker Decl. Ex. B.  Based on this substantial financial interest, and because Bristol satisfies Rule 23's typicality and adequacy requirements, Bristol is entitled to the legal presumption that it is the "most adequate plaintiff."

**3.**   **Bristol Satisfies Rule 23's Typicality and Adequacy Requirements**

In addition to claiming a substantial financial interest in the outcome of the litigation, Bristol satisfies the applicable requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  With respect to class certification, Rule 23(a) requires that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) such claims are typical of those of the class; and (4) the representative will fairly and adequately protect the interests of the class.  *See* Fed. R. Civ. P. 23(a).  However, at the lead-plaintiff-selection stage, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate.  *See, e.g., In re MGM Mirage Sec. Litig.*, No. 2:09-cv-

01558-GMN-LRI, 2010 WL 4316754, at *2 (D. Nev. Oct. 25, 2010) (At the lead plaintiff stage, only typicality and adequacy are "relevant to selecting the lead plaintiff."); *see also Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).  Here, Bristol unquestionably satisfies both requirements.

The typicality requirement of Rule 23(a)(3) is satisfied when a movant demonstrates that it "has suffered the same or similar injury as the absent class members as a result of the same course of conduct by the defendant."  *Stocke v. Shuffle Master, Inc.*, No. 2:07-CV-00715-KJD-RJJ, 2007 WL 4262723, at *2 (D. Nev. Nov. 30, 2007) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).  Here, the claims that Bristol asserts are typical of the claims of the other members of the putative Class because, like all other Class members, Bristol: (1) purchased Nutanix securities during the Class Period; (2) in reliance on Defendants' allegedly false and misleading statements; and (3) suffered damages as a result thereof.  Because Bristol's claims are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members," typicality is satisfied. *See Newberg, et al.*, Newberg On Class Actions, §3:13 (4th ed. 2002).

Bristol will fairly and adequately represent the interests of the proposed Class.  Under Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of the Class."  Fed. R. Civ. P. 23(a)(4).  The adequacy requirement is met when, as here, (1) "the interests of the class representative coincide with those of the class," and (2) "the class representative has the ability to prosecute the action vigorously."  *Shuffle Master*, 2007 WL 4262723, at *3 (citing *Armour v. Network Assocs., Inc.*, 171 F. Supp. 2d 1044, 1052 (N.D. Cal. 2001) ("adequacy requires the absence of antagonistic interests between class representatives and absent members" and the "willingness and ability to assume the duties of lead plaintiff, including the crucial duties of choosing adequate counsel . . . and monitoring that counsel's conduct throughout the litigation.")).  No antagonism exists between Bristol's interests and those of the absent Class members; rather, the interests of Bristol and the Class are squarely aligned. Moreover, because of its substantial financial stake in the litigation, Bristol has the incentive to vigorously represent the Class' interests.

In addition, Bristol has demonstrated its adequacy through the selection of Labaton Sucharow as Lead Counsel to represent the Class in this action. As discussed more fully below, Labaton Sucharow is highly experienced in prosecuting securities class actions vigorously and efficiently, and timely submitted its choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v). Accordingly, Bristol satisfies the adequacy requirement.

### C.   The Court Should Approve Bristol's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cohen v. United States*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *see also Cavanaugh*, 306 F.3d at 734 ("Selecting a lawyer in whom a litigant has confidence is an important client prerogative and we will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs. And, indeed, it did not. While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

Here, Bristol has selected Labaton Sucharow, highly-qualified counsel, to serve as Lead Counsel for the proposed Class. Labaton Sucharow has significant experience in prosecuting securities class actions and has excelled as lead counsel in numerous landmark securities class actions throughout the United States on behalf of defrauded investors. Labaton Sucharow served as a lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which it served as co-lead counsel, and secured a $117.5 million settlement in *In re Mercury Interactive Corp. Securities Litigation*, No. 05-cv-3395 (N.D. Cal.). In addition, Labaton Sucharow was a lead counsel in *In*

*re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which achieved a settlement of $624 million—one of the largest securities fraud settlements arising from the financial crisis of 2007 and 2008, and also secured a $160.5 million settlement as lead counsel in *In re Broadcom Corp. Class Action Litigation*, No. 06-cv-05036 (C.D. Cal.). Labaton Sucharow presently serves as lead and co-lead counsel in several significant investor class actions. *See* Bricker Decl., Ex. C.

Likewise, Thornton Law is well qualified to represent the Class as Liaison Counsel. Thornton Law maintains an office in this Circuit and is thus well qualified to represent the Class as Liaison Counsel. *See* Manual for Complex Litigation (Fourth) § 10.221 (2004) (discussing role of liaison counsel and noting that "[l]iaison counsel will usually have offices in the same locality as the court.").

Thus, the Court may be assured that by granting this motion and approving Bristol's selection of Labaton Sucharow as Lead Counsel and Thornton Law as Liaison Counsel, the Class will receive the highest caliber of legal representation.

<b><u>CONCLUSION</u></b>

For the foregoing reasons, Bristol respectfully requests that the Court: (1) appoint Bristol as Lead Plaintiff; (2) approve Bristol's selection of Labaton Sucharow as Lead Counsel and Thornton Law as Liaison Counsel for the Class; and (2) grant such other and further relief as the Court may deem just and proper.

DATED:  March 22, 2021                    Respectfully submitted,

                                          */s/ David Bricker*

                                          **THORNTON LAW FIRM LLP**
                                          David Bricker
                                          9595 Wilshire Boulevard, Suite 900
                                          Beverly Hills, California 90212
                                          Telephone: (310) 282-8676
                                          Facsimile: (310) 388-5316
                                          dbricker@tenlaw.com

                                          *Proposed Liaison Counsel for the Class*

                                          **LABATON SUCHAROW LLP**
                                          Christopher J. Keller (*pro hac vice* forthcoming)
                                          Eric J. Belfi (*pro hac vice* forthcoming)

Francis P. McConville (*pro hac vice* forthcoming)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Bristol County Retirement System and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 22, 2021, I was authorized to electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ David Bricker
David Bricker
