# Exhibit 3

**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins (admitted *pro hac vice*)
Gregory Potrepka (admitted *pro hac vice*)
Andrew W. Rocco (admitted *pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Email: shopkins@zlk.com
Email: gpotrepka@zlk.com
Email: arocco@zlk.com

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Proposed Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NUTANIX, INC. SECURITIES LITIGATION | Master File No. 3:19-cv-01651-WHO<br><br>Hon. William H. Orrick<br><br>**JOINT DECLARATION IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF** |

We, Jose Flores ("Flores"), the City of Miami Fire Fighters' and Police Officers' Retirement Trust ("Miami F&P"), and John P. Norton ("Norton"), on behalf of the Norton Family Living Trust UAD 11/15/2002 (altogether the "Nutanix Investor Group"), pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We respectfully submit this Joint Declaration in support of our motion, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for appointment as lead plaintiff and approval of our selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as lead counsel in the

- 1 -
JOINT DECLARATION

above captioned securities class action, with Wolf Popper LLP ("Wolf Popper") to serve as additional counsel for Mr. Flores and the Class. We seek to represent the proposed Class alleged in the Second Amended Complaint consisting of all persons or entities that purchased or otherwise acquired Nutanix, Inc. ("Nutanix") securities between November 30, 2017 and May 30, 2019, inclusive (the "Class Period") pursuing remedies under the Securities Exchange Act of 1934 (the "Class"). We understand that the Court's Order Regarding Motion to Dismiss dated September 11, 2020, effectively dismissed claims on behalf of class members who purchased Nutanix securities prior to March 1, 2018. However, to the extent that those claims are no longer extant in this Action, those Class members still maintain appeal rights and their financial interests will be considered in further proceedings, including settlement negotiations. Each of us has personal knowledge about the information in this Joint Declaration relating to ourselves.

2. I, Jose Flores, am a resident of California. I received a Bachelor of Science Degree in Computer Science Engineering from California State University Long Beach in Long Beach, California in 2000. I am currently employed by Legalzoom.com as a Salesforce Marketing Cloud Administrator. I have been investing in the stock market for approximately fifteen years. As set forth in the motion for appointment as lead plaintiff, I suffered $326,534.71 in losses as a result of my investments in Nutanix securities during the Class Period in my brokerage account and my Individual Retirement Account ("IRA"). I am familiar with the facts and circumstances that are the subject of this litigation. I understand the responsibilities and obligations with which a lead plaintiff is charged under the PSLRA, which includes acting as a fiduciary for all proposed Class members, staying informed about the litigation, and overseeing lead counsel. I accept these responsibilities and am willing to oversee the vigorous prosecution of this litigation in order to maximize the proposed Class's recovery. I, through my counsel, Wolf Popper LLP, filed a motion for appointment as lead plaintiff in May 2019. ECF 32. Although I was not appointed lead plaintiff, I have monitored the progress of the litigation. To date, even though I am not the Court-appointed lead plaintiff, I have received periodic updates from my counsel on the status of the litigation. I have reviewed, among other Court filings, the Consolidated Amended Complaint for Violations of the Federal Securities Laws, the

JOINT DECLARATION

Second Amended Complaint for Violations of the Federal Securities Laws ("SAC"), and the Court's decisions concerning Defendants' motions to dismiss those complaints.

3. I, Dania L. Orta, am the Administrator of Miami F&P. I, on behalf of Miami F&P, state the following: Miami F&P is a single employer defined benefit plan established in the City of Miami, Florida with over $1.7 billion assets under management. Miami F&P has considerable experience serving in a representative capacity and monitoring lead counsel in securities class actions and has served as lead plaintiff in at least five securities cases in the past. Miami's zealous representation in previous securities class actions has achieved substantial recoveries for similarly situated investors. Miami F&P highly trusts and values Levi & Korsinsky's skill and expertise, who it has retained to monitor its investment portfolio for damages due to breaches of fiduciary duty, fraud, misrepresentation, or other violations of applicable state and federal laws. As set forth in the motion for appointment as lead plaintiff, Miami F&P has a significant financial interest in this litigation as it suffered $192,447.19 in losses as a result of its investments in Nutanix securities during the Class Period, including considerable losses resulting from the second alleged corrective disclosure occurring on May 30, 2019. For all of these reasons, including Miami F&P's wealth of experience representing classes of investors, Miami F&P has served as a named Plaintiff in *this* Action since the filing of the Consolidated Amended Complaint for Violations of the Federal Securities Laws on September 9, 2019. *See* ECF 102. Since then, Miami F&P has vigorously prosecuted this case on behalf of the proposed Class, including: overseeing the drafting of the two amended complaints which involved identifying all publicly available sources of information concerning Defendants and tireless efforts to locate, interview, and build a rapport with confidential witnesses who were integral to advancing this Action past the pleadings; briefing in opposition to, and defeating Defendants' motion to dismiss; responding to Defendants' discovery requests; and overseeing lead counsel's discovery efforts to date and the preparation of filings for class certification. Miami F&P is familiar with the facts and circumstances that are the subject of this litigation. Miami F&P understands the responsibilities and obligations with which a lead plaintiff is charged under the PSLRA, which includes acting as a fiduciary for all proposed Class members, staying informed about the litigation, and overseeing lead counsel. Miami F&P accepts these responsibilities and is willing to continue

JOINT DECLARATION

overseeing the vigorous prosecution of this litigation in order to maximize the proposed Class's recovery.

4.    I, John P. Norton, am a resident of the state of Washington. I received a Bachelor of Science Degree in Agricultural Economics from the University of California, Davis. I am a sophisticated investor, having invested in securities for over thirty years. I previously owned my own agricultural business from 1990 through the early 2000's before I began privately investing for myself. I also have experience overseeing and hiring counsel for general litigation matters as a prior business owner. As set forth in the motion for appointment as lead plaintiff, I suffered losses of $2,386,681.87 as a result of my investments in Nutanix securities during the Class Period. I am familiar with the facts and circumstances that are the subject of this litigation. I understand the responsibilities and obligations with which a lead plaintiff is charged under the PSLRA, which includes acting as a fiduciary for all proposed Class members, staying informed about the litigation, and overseeing lead counsel. I accept these responsibilities and am willing to oversee the vigorous prosecution of this litigation in order to maximize the proposed Class's recovery. In making my investment decisions concerning Nutanix securities, I relied upon the then-current market prices of Nutanix's securities.  As reflected by my transactions, I held a bullish view on the value of Nutanix's common stock and believed that the price would appreciate over time. I am seeking appointment as lead plaintiff with Mr. Flores and Miami F&P, in part, because Miami F&P is a sophisticated institutional investor with significant experience successfully prosecuting securities class actions such as this and has substantial institutional knowledge of the facts and proceedings in this case having served as a named Plaintiff since September 2019. I also understand Mr. Flores was an initial movant and has kept informed of this litigation through his counsel since seeking appointment in May 2019. I understand that Mr. Flores has considerable experience in the internet service and software industry that will likely be able to assist Lead Counsel in its investigation of Nutanix. I, therefore, believe it would benefit the Class to have Miami F&P and Mr. Flores serve as lead plaintiff with me.

5.    We are each highly motivated to recover the substantial losses that we incurred as a result of Defendants' violations of the federal securities laws. To this end, we have each expended considerable time and efforts prosecuting this case and monitoring counsel by, among other things,

JOINT DECLARATION

reviewing the amended complaint filed in this Action, the Court's order on the motion to dismiss, communicating with counsel to receive updates on this litigation, and moving for appointment as lead plaintiff. Moreover, Miami F&P, as a party and class representative, authorized the filing of the amended complaints, reviewed all briefing in connection with Defendants' motions to dismiss, served discovery responses, and monitored lead counsel's litigation efforts. In order to ensure the best possible recovery for the proposed Class, we believe that this case should be prosecuted by engaged investors with a financial interest substantial enough to ensure vigorous and efficient representation. Significantly, given the facts of this case, we strongly believe that the lead plaintiff must be committed to actively overseeing qualified counsel who is capable of aggressively litigating this case without unnecessary expense, delay, or duplication of work. Our primary goal in litigating this Action is to maximize the proposed Class's recovery from all potentially culpable parties. We believe our appointment and the Court's approval of our proposed lead counsel, Levi & Korsinsky, will meet this goal.

6.      We understand that we are under no obligation to seek appointment as lead plaintiff (individually or as a group) or to propose the appointment of Levi & Korsinsky as lead counsel. Each of us understands that we were free to select and propose any qualified counsel to serve as lead counsel. We are also aware that multiple law firms have issued press releases alerting investors to the lead plaintiff deadline in this litigation. We understand that Levi & Korsinsky, on behalf of Miami F&P and the Class has already spent nearly 3,500 hours: (i) researching all relevant and applicable law; (ii) interviewing and developing a rapport with confidential witnesses whose statements the Court relied upon in its decision on the motion to dismiss; (iii) developing a case theory based on non-public information relayed through discussions with confidential witnesses; (iv) propounding discovery requests; (v) meeting and conferring with Defendants on their discovery; (vi) responding to Defendants' discovery requests; (vii) issuing thirty Rule 45 third-party subpoenas; (viii) meeting and conferring with third parties; (ix) reviewing over 18,000 documents produced in discovery; (x) reviewing and analyzing the evidence in advance of document searches of Defendants' electronically-stored information; and (xi) retaining and working with an expert for Plaintiffs' anticipated motion

for class certification. We believe that the contributions of Levi & Korsinsky in this Action already have, and will continue to, benefit the Class.

7. After substantial consideration and deliberation regarding the strength of the claims against Defendants, the circumstances leading the Court to reopen the lead plaintiff process, and our respective losses arising from Defendants' misconduct, we each independently determined that we could maximize the potential recovery for the proposed Class by jointly seeking appointment as lead plaintiff and by seeking the appointment of Levi & Korsinsky as lead counsel. In making this determination, we considered, among other things, the factual basis of the claims pending against Defendants, the stage of the case when the Court allowed for new lead plaintiff motions to be filed, the work Levi & Korsinsky has done to develop the claims in this case, the demonstrated history of Levi & Korsinsky and additional counsel Wolf Popper working efficiently together to successfully resolve similar class actions in the past, and the benefits of joint decision-making our appointment would bring to the proposed Class. We will oversee counsel to ensure counsel acts efficiently to prosecute the claims asserted on behalf of the Class and will ensure no duplication of work.

8. We understand that, while acting as lead counsel in this litigation, Levi & Korsinsky has, among other things: (i) investigated and drafted the Second Amended Complaint for Violations of the Federal Securities Laws, dated April 17, 2020; (ii) successfully opposed Defendants' motion to dismiss; (iii) developed confidential witness testimony supporting the Complaint; (iv) served document requests and interrogatories on the Defendants; (v) reviewed more than 18,000 documents produced during discovery from third parties; (vi) prepared a draft motion for class certification, which, prior to the Court's March 1, 2021 Order, was scheduled to be filed on or before March 10, 2021; and (vii) retained a damages and loss causation expert and prepared for expert disclosures in connection with the expected motion for class certification.

9. Given the work already undertaken by Levi & Korsinsky, we are requesting the Court appoint Levi & Korsinsky as lead counsel because we strongly believe that Levi & Korsinsky's knowledge will provide a significant benefit to the proposed Class by ensuring efficient prosecution of the litigation going forward, minimizing delays due to the appointment of a new lead plaintiff, and limiting duplicative efforts of new counsel's acclimation to the claims and defenses in this litigation.

JOINT DECLARATION

10.     We are also familiar with Wolf Popper and are aware that it is highly qualified and experienced in securities class action litigation. Mr. Flores has been represented by Wolf Popper since the initial lead plaintiff process in May 2019. *See* ECF 32. Wolf Popper has also been retained by Miami F&P to monitor its investment portfolio for damages due to breaches of fiduciary duty, fraud, misrepresentation, or other violations of applicable state and federal laws. Through video conferencing communications, Mr. Norton was introduced to and is familiar with the attorneys at Wolf Popper and appreciates Wolf Popper's extensive experience in litigating similar actions.

11.     Given the importance of maintaining consistent representation of the proposed Class in this litigation and the efficient working relationship between Levi & Korsinsky and Wolf Popper in the past, we believe that the Class would benefit from Wolf Popper's assistance to proposed lead counsel, Levi & Korsinsky.

12.     We individually understand the need to remain actively involved in this litigation with each other and lead counsel. Prior to seeking appointment as lead plaintiff, we convened a joint conference call with counsel, and also communicated through counsel, to discuss: (i) the progression of the litigation thus far and the claims against Defendants; (ii) the upcoming motion for class certification; (iii) discovery and litigation efforts to date; (iv) the desire to maximize the recovery for the proposed Class and minimize delay; (v) the desire to ensure efficient and continued litigation without duplication of costs; (vi) the benefits the proposed Class would receive from the leadership of committed investors, including diversity of representation and the sharing of experience and resources; (vii) the shared interests in prosecuting the case in a collaborative and efficient fashion; and (viii) the importance of selecting qualified counsel to represent the interests of the proposed Class and ensure continued representation of the Class in a diligence and efficient manner.

13.     We are fully aware of, among other things: the facts and the merits of the claims against Defendants as alleged in the Second Amended Complaint for Violations of the Federal Securities Laws (ECF. No. 124); the circumstances leading the Court to reopen the lead plaintiff appointment process; the work Levi & Korsinsky has undertaken to date to develop claims and prepare the case for trial; and Levi & Korsinsky's strategy for resuming the prosecution of the litigation.

JOINT DECLARATION

14.     We understand that based on the prior schedule in this case, the litigation may unfold quickly after the Court selects a new lead plaintiff. Each of us is fully committed to producing relevant documents and sitting for a deposition in a timely manner. In fact, Miami F&P has already received, reviewed, and responded to Defendants' discovery requests in this Action.

15.     We understand that the PSLRA and courts in this District permit groups to serve as lead plaintiff when the group can function cohesively and proves that it will actively monitor the litigation to represent the interests of the proposed Class. We intend to prosecute the litigation against Nutanix and the other Defendants in such a manner.

16.     We agree that our collective experience, resources, and ability to deliberate and engage in joint decision-making will materially benefit and advance the interests of the proposed Class in this case. We each have a substantial financial stake in this litigation and share a commitment to maximizing the recovery for all proposed Class members. Our discussions with each other lead us to conclude that a small, cohesive group of fiduciaries has a positive effect on the quality of representation provided to absent class members, especially in complex actions such as the Nutanix securities class action litigation here.

17.     We intend to prosecute this litigation against Defendants in a vigorous manner. Moreover, each of us is highly motivated to recover our substantial losses and intend to share our collective experience. To this end, we understand the importance of joint decision-making and maintaining regular communication that will enable each of us to confer, with or without counsel, via telephone, videoconferencing, and/or e-mail on short notice to ensure that we are able to make timely decisions. Specifically, we have exchanged the necessary contact information to hold joint conference calls or communicate with one another, with or without counsel, as necessary and appropriate. We do not foresee any difficulty in continuing to communicate with each other and lead counsel.

18.     We have also discussed and agreed that if we are appointed lead plaintiff, we will exercise joint decision-making and will jointly communicate with proposed lead counsel (Levi & Korsinsky) regarding the progress and prosecution of this litigation on a regular basis as well as when important decisions need to be made related to the litigation. To that end, we have agreed that proposed lead counsel will provide us with periodic status reports and hold regular joint calls to

JOINT DECLARATION

discuss: (i) new developments in the litigation; (ii) all significant decisions concerning the prosecution of the litigation; (iii) litigation and settlement strategies; (iv) significant pleadings and briefs; (v) important discovery issues; (vi) attorney and expert work being performed; and (vii) any other issues bearing on the effective and efficient prosecution of this matter.

19. Given our obligations to the proposed Class and our shared common interest in maximizing the recovery for all investors, we fully expect to reach unanimous decisions regarding litigation decisions. However, in the event that we are unable to reach a unanimous decision, we have agreed that we will present our respective positions to a qualified independent arbitrator who has previously served as a state or federal judge and to be bound by any decisions made by the arbitrator.

20. In addition to discussing our goals for the litigation, we individually understand the importance of selecting qualified lead counsel to prosecute the proposed Class's interests and to do so efficiently. As indicated above, we are aware of both Levi & Korsinsky and Wolf Popper's reputation as accomplished law firms with substantial histories of achieving impressive settlements and their experience litigating complex class action lawsuits. Levi & Korsinsky has already demonstrated its ability to obtain positive results for investors in this Action by drafting a complaint sufficient to withstand Defendants' motion to dismiss.

21. We agree to monitor and ensure that Levi & Korsinsky and Wolf Popper prosecute this litigation in a zealous and efficient manner as lead counsel under our supervision and believe that their extensive experience litigating securities class actions and complex actions, combined with their existing knowledge of the facts in this litigation, will benefit the proposed Class.

22. We are committed to serving jointly as lead plaintiff and to seeing this Action through to its conclusion as the Nutanix Investor Group. However, we recognize that each member of the Nutanix Investor Group has a significant financial interest at stake, will act adequately serve as lead plaintiff, is motivated to maximize the recovery against Defendants, and has retained qualified counsel to prosecute this Action. Therefore, in the event the Court prefers to select one investor to serve as sole lead plaintiff, we request the Court consider us individually and support each other's motion for appointment as lead plaintiff in an individual capacity. To ensure full and adequate

JOINT DECLARATION

representation of the Class, we each intend to seek appointment as a class representative at the class certification stage in the event the Court appoints one of us to serve as sole lead plaintiff.

23.    We hereby reaffirm our commitment to satisfying the fiduciary obligations that we will assume if appointed lead plaintiff, including by conferring with lead counsel regarding litigation strategy and other matters, attending court proceedings, depositions, settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, we will ensure that the Nutanix securities litigation will be vigorously prosecuted consistently with the lead plaintiff's obligations under the PSLRA and in the best interests of the proposed Class, and will seek to obtain the greatest possible recovery for the proposed Class.

JOINT DECLARATION

Pursuant to 28 U.S.C. § 1746, I, Jose Flores, declare under penalty of perjury that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed this date: <u>March 19, 2021</u>

_____

Jose Flores

- 11 -

JOINT DECLARATION

Pursuant to 28 U.S.C. § 1746, I, Dania L. Orta, on behalf of Miami F&P, declare under penalty of perjury that the foregoing statements relating to Miami F&P are true and correct to the best of my knowledge.

Executed this date: <u>March 19, 2021</u>

Dania L. Orta

JOINT DECLARATION

Pursuant to 28 U.S.C. § 1746, I, John P. Norton ("Norton"), on behalf of the Norton Family Living Trust UAD 11/15/2002, declare under penalty of perjury that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed this date: <u>March 19, 2021</u>

John P. Norton

JOINT DECLARATION