Benjamin Heikali SBN 307466
Email: bheikali@faruqilaw.com
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885

Richard W. Gonnello (*pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
E-mail: rgonnello@faruqilaw.com

*Attorneys for Proposed Lead Plaintiff Frank H. May*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NUTANIX, INC. SECURITIES LITIGATION | Case No. 3:19-cv-01651-WHO<br><br>**NOTICE OF MOTION AND MOTION OF FRANK H. MAY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**CLASS ACTION**<br>Judge:  Hon. William H. Orrick<br>Date: April 28, 2021<br>Time: 2:00 p.m.<br>Courtroom: 2 – 17th Floor |

**TABLE OF CONTENTS**

I.      INTRODUCTION .......................................................................................................... 1

II.     RELEVANT PROCEDURAL BACKGROUND .......................................................... 2

III.    FACTUAL BACKGROUND ....................................................................................... 3

IV.     ARGUMENT ............................................................................................................... 4

      A.      May Should Be Appointed Lead Plaintiff For The Class ...................................... 4

            1.      The PSLRA's Provisions Concerning the Appointment of a Lead
                Plaintiff ...................................................................................................... 4

            2.      Under the PSLRA, May Should Be Appointed Lead Plaintiff ................... 5

      B.      The Court Should Approve May's Selection Of The Faruqi Firm As Lead
          Counsel ................................................................................................................. 7

V.      CONCLUSION ............................................................................................................ 9

**MOTION OF FRANK H. MAY FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF LEAD COUNSEL    NO. 3:19-cv-01651-WHO**

**NOTICE OF MOTION AND MOTION**

TO:     ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on April 28, 2021, at 2:00 p.m., or as soon thereafter as the matter may be heard before the Honorable William H. Orrick, in Courtroom 2, 17th Floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Frank H. May ("May") will move this Court for an order appointing him as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), approving his selection of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel, and granting such other relief as the Court may deem just and proper.  In support of his motion, May respectfully submits the Memorandum of Points and Authorities set forth below and the Declaration of Richard W. Gonnello filed herewith.

**STATEMENT OF ISSUES TO BE DECIDED**

1.     Whether May should be appointed as Lead Plaintiff?

2.     Whether May's selection of the Faruqi Firm as Lead Counsel should be approved?

**MEMORANDUM OF POINTS AND AUTHORITIES**

May, on behalf of himself and the putative Class defined herein, respectfully submits this memorandum of law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), in support of his motion for the entry of an order appointing May as Lead Plaintiff for the above-captioned securities class action ("Action"), and approving May's selection of the Faruqi Firm as Lead Counsel.[1]

**I.     INTRODUCTION**

The Action presently pending before this Court is brought on behalf of a putative class (the "Class") of persons other than Defendants who purchased or otherwise acquired securities of Nutanix, Inc. ("Nutanix" or the "Company") during the Class Period,[2] seeking to pursue remedies under Sections 10(b) and 20(a) the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Securities

---

[1]     All internal citations and quotations are omitted, and all emphases are added unless otherwise noted.

[2]     The Class Period referred to herein is that modified by the Court's September 11, 2020 order on the motion to dismiss: March 1, 2018 through May 30, 2019.  *See* ECF No. 143 at 1.

1

and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

The Court previously appointed Shimon Hedvat ("Hedvat") as Lead Plaintiff, but recently reopened the lead plaintiff process after Hedvat withdrew with the Court's permission. *See* ECF No. 171 at 4-5.

With respect to the appointment of a lead plaintiff to oversee the Action, Congress established a presumption in the PSLRA that requires the Court to appoint the movant who demonstrates the "largest financial interest" in the litigation and who also satisfies Rule 23's typicality and adequacy requirements for class representatives.  15 U.S.C. § 78u-4(a)(3)(B)(iii); *see generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).

May is one of the original lead plaintiff movants in this Action, and has been diligent in these proceedings.  With total losses of $743,104.83, May, to the best of counsel's knowledge, has the largest financial interest in the litigation of any movant.  May also satisfies Rule 23's typicality and adequacy requirements.  May's claims are typical of the Class's claims because he suffered losses in his Nutanix investments as a result of the defendants' false and misleading statements. Further, May has no conflict with the Class and will adequately protect the Class's interests given his significant financial stake in the litigation and his conduct to date in prosecuting the litigation, including his submission of the requisite certification and his selection of experienced class counsel. Accordingly, May is the presumptive Lead Plaintiff.

If appointed Lead Plaintiff, May is entitled to select, subject to the Court's approval, Lead Counsel to represent the putative Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  May has engaged the Faruqi Firm for this purpose.  The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it has substantial securities class action experience.

For the reasons summarized above and those explained more fully below, May's motion should be granted in its entirety.

## II.    RELEVANT PROCEDURAL BACKGROUND

On May 28, 2019, several movants, including May, sought consolidation of the putative securities class actions against Nutanix on file, and appointment as Lead Plaintiff and approval of their respective selection of Lead Counsel.  ECF Nos. 19, 22, 26, 35, 37.  After a hearing, the

Court consolidated the actions, appointed Hedvat as Lead Plaintiff, and approved Hedvat's selection of Levi & Korsinsky, LLP as Lead Counsel in an order dated July 10, 2019. ECF No. 87.

Hedvat filed a Consolidated Amended Complaint on September 9, 2019 naming the City of Miami Fire Fighters and Police Officers Retirement Trust ("City of Miami") as a plaintiff. ECF No. 102 at 1. Thereafter, the parties fully briefed a motion to dismiss, which the Court granted with leave to amend on March 9, 2020. ECF No. 121. Hedvat and City of Miami then filed a Second Amended Complaint ("SAC"). ECF No. 124. Defendants moved to dismiss the SAC, which motion was granted in part and denied in part on September 11, 2020. ECF No. 140.

On January 27, 2021, Hedvat moved to withdraw as Lead Plaintiff and to substitute in his place City of Miami and original movant Jose Flores. ECF No. 161. On February 10, 2021, May opposed the proposed substitution and requested that the Court reopen the lead plaintiff process. ECF No. 168. Defendants did as well. ECF No. 167. The Court agreed with May and Defendants, granting Hedvat's request to withdraw but reopening the lead plaintiff appointment process to allow 21 days for any putative class member to move for appointment as Lead Plaintiff. *See* ECF No. 171. Pursuant to the Court's order, May now seeks to be appointed Lead Plaintiff and to have his selection of the Faruqi Firm approved as Lead Counsel.

## III.    FACTUAL BACKGROUND

Nutanix is an enterprise cloud platform provider incorporated in Delaware and headquartered in San Jose, California. SAC ¶43. According to the Joint Case Management Statement, the claims surviving the Court's motion to dismiss order assert that during the Class Period, defendants made false and/or misleading statements about Nutanix's new customers and resulting sales pipeline and sales productivity, in violation of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5. *See* ECF No. 143 at 1. This caused the price of Nutanix stock to become artificially inflated, or to maintain inflation, throughout the Class Period, injuring purchasers of such securities when the true facts emerged. *See id.*

Through this Action, May seeks to recover for himself and absent Class members the

3

substantial losses that were suffered as a result of the alleged fraud.

## IV.    ARGUMENT

### A.    May Should Be Appointed Lead Plaintiff For The Class

#### 1.    The PSLRA's Provisions Concerning the Appointment of a Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1), 78u-4(a)(3)(B)(i).  It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as the lead plaintiff. *Cavanaugh*, 306 F.3d at 729 (citing 15 U.S.C. § 78u-4(a)(3)(A)).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is then to consider any motion made by class members and is to appoint as the lead plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members."  Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 729-30 (describing the PSLRA's three-step process for determining the "most adequate plaintiff").

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 730.

**MOTION OF FRANK H. MAY FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF LEAD COUNSEL    NO. 3:19-cv-01651-WHO**

## 2.    Under the PSLRA, May Should Be Appointed Lead Plaintiff

As discussed below, May should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, May holds the largest financial interest of any movant, and May otherwise satisfies Rule 23's typicality and adequacy requirements.

### a.    May Filed a Timely Motion

On March 1, 2021, the Court issued an order allowing 21 days for any putative class member to move for appointment as Lead Plaintiff. *See* ECF No. 171 at 5. May's motion is thus timely filed. Additionally, pursuant to the PSLRA, 15 U.S.C. §78u-4(a)(2), May timely signed and submitted the requisite certification, identifying all of the relevant transactions in Nutanix securities during the Class Period, and detailing his suitability to serve as Lead Plaintiff in this case. *See* Ex. A.[3] Therefore, the PSLRA's procedural requirements have been met.

### b.    May Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to the methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit often look to four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See Query v. Maxim Integrated Prods.*, 558 F. Supp. 2d 969, 973 (N.D. Cal. 2008). Courts have placed the most emphasis on the last of the four factors: the approximate losses suffered by the movant. *In re Diamond Foods, Inc.*, 281 F.R.D. 405, 408 (N.D. Cal. 2012) ("The fourth factor, approximate loss, is generally considered the most important factor."); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9, 2012) (same).

---

[3]    All exhibits referred to herein are annexed to the Declaration of Richard W. Gonnello, filed herewith.

**MOTION OF FRANK H. MAY FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF LEAD COUNSEL    NO. 3:19-cv-01651-WHO**

Overall, during the Class Period, May suffered losses of $743,104.83 when calculated using a last in, first out ("LIFO") methodology. *See* Ex. B. May is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

> **c.    May Meets Rule 23's Typicality and Adequacy Requirements**

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA also requires that the lead plaintiff satisfy Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B). When assessing a potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g.*, *Cavanaugh*, 306 F.3d at 730; *see Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 532 (N.D. Cal. 2009) ("At this stage, the focus is primarily on the typicality and adequacy of representation requirements and only a preliminary showing is necessary.").

When assessing a movant's typicality, courts in this Circuit consider whether the other class members "have the same or similar injury, whether the action is based on conduct which is not unique to the [movant], and whether other class members have been injured by the same course of conduct." *Hodges*, 263 F.R.D. at 532. However, a movant's "claims are typical if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Herrera v. LCS Fin. Servs. Corp.*, 274 F.R.D. 666, 678 (N.D. Cal. 2011); *In re Heritage Bond Litig.*, No. MDL 02-ML-1475 DT, 2004 WL 1638201, at *7 (C.D. Cal. July 12, 2004) ("Courts have held that if the claims of the named plaintiffs and putative class members involve the same conduct by the defendant, typicality is established regardless of the factual differences.").

May's claims are clearly typical of the Class's claims. May purchased Nutanix common stock during the Class Period, suffered damages as a result of the Company's false and misleading statements, and, as a result, possesses claims against Nutanix and its officers under the federal securities laws. Because the factual and legal bases of his claims are similar, if not identical, to those of the Class's claims, May necessarily satisfies the typicality requirement. *Weisz v. Calpine Corp.*, No. 4:02-CV-1200, 2002 WL 32818827, at *9 (N.D. Cal. Aug. 19, 2002) (finding movant typical when he "acquired securities during the Class Period, at prices allegedly inflated by the defendants' misconduct, and sustained damages as a result.").

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the Class."  Adequate representation will be found if able and experienced counsel represent the movant, the movant has no fundamental conflicts of interest with the class as a whole, and the action is not likely collusive.  *See Miller v. Ventro Corp.*, No. 01-CV-1287, 2001 WL 34497752, at \*12 (N.D. Cal. Nov. 28, 2001) ("The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.").

Based on the representations in May's certification, his interests are perfectly aligned with—and by no means antagonistic to—the interests of the Class.  *See In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2009 WL 2905962, at \*4 (N.D. Cal. Sept. 8, 2009) (movant's certification evidenced adequacy to serve as the lead plaintiff).  Moreover, May has also selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class.  As explained in Section IV.B below, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation.  *See* Ex. C.  Consequently, May is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, May respectfully submits that he is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the consolidated Actions.

**B.      The Court Should Approve May's Selection Of The Faruqi Firm As Lead Counsel**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff is entitled to select and retain lead counsel for the Class, subject to the Court's approval.  May has selected the Faruqi Firm to be Lead Counsel for the Class.  The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions.  *See* Ex. C; *see also In re China Mobile Games & Entertainment Group, Ltd. Sec. Litig.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi

7

& Faruqi has extensive experience in the area of securities litigation and class actions.  The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995.  Faruqi & Faruqi achieved successful outcomes in many of these cases."). For example, the Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g.*, *Larkin v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal. 2019) (where, as sole lead counsel, the firm obtained final approval of a $6.75 million settlement); *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2017) (appointed as sole lead counsel in the federal action, and together with lead counsel in a parallel state action, obtained final approval of a $13 million global settlement); *Rihn v. Acadia Pharms., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $2.925 million settlement); *In re Geron Corp.*, *Sec. Litig.*, No. 3:14-CV-01424 (CRB) (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 12-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 12-CV-213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd*., 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.,* No. 13-CV-06704 (RA) (S.D.N.Y. 2015) (where the Faruqi Firm as co-lead counsel, secured a $3.5 million settlement); *In re Ebix*, *Inc*. *Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc*., No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, Case No. 27 CV 06-8065 (Minn. 4th Jud. Dt. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of more than $930 million for the benefit of the Company and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 02-CV-5878 (FLW) (D.N.J. 2006) (where the Faruqi Firm, as

**MOTION OF FRANK H. MAY FOR APPOINTMENT AS LEAD PLAINTIFF**
**AND APPROVAL OF LEAD COUNSEL    NO. 3:19-cv-01651-WHO**

co-lead counsel, recovered a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 97-CV-5056 (E.D.N.Y. 2005) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 98-CV-1068 (S.D.N.Y. 2002) (where the Faruqi Firm, as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig.*, No. CV-C-01-0483-JLQ (D. Nev. 2001) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g.*, *Lowthorp v. Mesa Air Group, Inc.*, No. 2:20-cv-00648-MTL (D. Ariz.) (appointed as sole lead counsel for the class); *Sharma v. Amarin Corp., plc*, No. 3:19-cv-06601-BRM-TJB (D.N.J.) (appointed as co-lead counsel for the class); *Attigui v. Tahoe Resources, Inc.*, No. 2:18-cv-01868-RFB-NJK (D. Nev.) (where, as sole lead counsel for the class, the firm defeated defendants' motion to dismiss and the parties are engaging in discovery); *In re Allergan plc Sec. Litig.*, No. 18-cv-12089-CM-GWG (S.D.N.Y.) (where, as sole lead counsel for the class, the firm recently filed a class certification motion and the parties are engaging in discovery); *Lee v. Synergy Pharmaceuticals, Inc.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.) (appointed as co-lead counsel for the class); *In re CV Sciences, Inc., Sec. Litig.*, No. 2:18-cv-01602-JAD-PAL (D. Nev.) (where, as sole lead counsel for the class, the firm defeated defendants' motion to dismiss).

## V.    CONCLUSION

For the foregoing reasons, May respectfully requests that the Court (1) appoint May as Lead Plaintiff; (2) approve his selection of the Faruqi Firm as Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

Dated:  March 22, 2021                          Respectfully submitted,

By: /s/ *Richard W. Gonnello*
        Richard W. Gonnello

**FARUQI & FARUQI, LLP**
Benjamin Heikali SBN 307466
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885
Email: bheikali@faruqilaw.com

**MOTION OF FRANK H. MAY FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF LEAD COUNSEL    NO. 3:19-cv-01651-WHO**

**FARUQI & FARUQI, LLP**
Richard W. Gonnello (*pro hac vice*)
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
E-mail: rgonnello@faruqilaw.com

*Attorneys for Proposed Lead Plaintiff Frank H. May and Proposed Lead Counsel for the putative Class*

MOTION OF FRANK H. MAY FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF LEAD COUNSEL    NO. 3:19-cv-01651-WHO

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

By:    */s/ Richard W. Gonnello*
Richard W. Gonnello