ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
DANIELLE S. MYERS (259916)
TRICIA L. McCORMICK (199239)
MICHAEL ALBERT (301120)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
tmccormick@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re NUTANIX, INC. SECURITIES LITIGATION | ) ) ) ) ) This Document Relates To: ) ) ALL ACTIONS. ) ) ) | Case No. 3:19-cv-01651-WHO<br><br>CLASS ACTION<br><br>NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF<br><br>DATE:    Wednesday, April 28, 2021<br>TIME:    2:00 p.m.<br>CTRM:    2, 17th Floor<br>JUDGE:   Hon. William H. Orrick |

4841-3881-6482.v2

TO:     ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on Wednesday, April 28, 2021, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 2 on the 17th Floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102 before the Honorable William H. Orrick, class member California Ironworkers Field Pension Trust (the "Pension Trust") will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), and this Court's March 1, 2021 order re-opening the lead plaintiff application process ("Reopening Order," *see* ECF No. 171), for an order appointing the Pension Trust as Lead Plaintiff and approving the Pension Trust's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel. This Motion is made on the grounds that the Pension Trust is the most adequate plaintiff to serve as lead plaintiff in the action. In support of this Motion, the Pension Trust submits herewith a Memorandum of Law and the Declaration of Michael Albert ("Albert Decl.").

**MEMORANDUM OF LAW**

**I.     INTRODUCTION**

This case is a putative securities class action lawsuit brought against defendants Nutanix Inc., Chief Executive Officer Dheeraj Pandey, and Chief Financial Officer Duston M. Williams pursuant to §10(b) and §20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder.

On March 1, 2021, this Court granted former lead plaintiff Shimon Hedvat's motion to withdraw and ordered the re-opening of the lead plaintiff application process. *See* Reopening Order.

The PSLRA states that, the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The Pension Trust should be appointed as lead plaintiff because it has a substantial financial interest in the outcome of this litigation and will typically and adequately represent the class's interests, and will ensure a seamless transition of leadership and the vigorous unimpeded prosecution of this case. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

And to that end, the Pension Trust requests that its selection of Robbins Geller to serve as lead counsel be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should appoint the Pension Trust as lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

2.    Whether the Court should approve the Pension Trust's selection of Robbins Geller as lead counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## III.    ARGUMENT

### A.    The Pension Trust Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The Court reopened the lead plaintiff application process on March 1, 2021. *See* Reopening Order.  Pursuant to the PSLRA,  the Court shall adopt a presumption that the most adequate plaintiff is the person or the group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  The Pension Trust meets each of these requirements and should be appointed Lead Plaintiff.

### 1.    The Pension Trust Has Complied with the PSLRA's and This Court's Procedural Requirements

Pursuant to the Court's March 1, 2021 Reopening Order setting the deadline for filing motions for appointment as lead plaintiff for 21 days after the date of the Order, the Pension Trust timely moves this Court to be appointed as Lead Plaintiff.  A representative from the Pension Trust has signed and filed a Certification stating that the Pension Trust is willing to serve as the representative party on behalf of the class.  *See* Albert Decl., Ex. A.  In addition, the Pension Trust has selected and retained competent counsel to represent them and the class and to ensure that this

important litigation proceeds forthwith.  Accordingly, the Pension Trust is eligible to have its motion considered by the Court.

### 2.    The Pension Trust Has a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by its PSLRA Certification, the Pension Trust purchased 41,800 shares of Nutanix stock during the period between March 1, 2018 and May 30, 2019 and suffered over $705,690 in losses – all of which are compensable under *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005)  – under both the first-in, first-out and last-in, first-out accounting methodologies as a result of defendants' alleged misconduct.  *See* Albert Decl., Exs. A, B.[1]  Therefore, the Pension Trust has a substantial financial interest in the relief sought by the class.

### 3.    The Pension Trust Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

The test of typicality is "'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'"  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted).  The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified,

---

[1]    Withdrawn lead plaintiff Mr. Hedvat appears to have agreed with defendants that the proposed class period, as modified by the Court's Order Regarding Motion to Dismiss (ECF No. 140), is between March 1, 2018 through May 30, 2019.  *See* ECF No. 143 at 1; *see also* Reopening Order at 4 (the Court indicating that, at present, "the end of the relevant class period in this case has been extended . . . to May 30, 2019").  The Pension Trust notes that the March 1, 2018 statements upheld by the Court's motion to dismiss order are alleged to have been made "*after market close*," which weighs in favor of excluding March 1, 2018 purchases from the lead plaintiff "largest financial interest" calculus unless proof is provided that any such purchases were made after defendants' statements after market close on March 1, 2018.  *See* ECF No. 124 at ¶236 (emphasis added).

experienced, and able to vigorously prosecute the action on behalf of the class. *See* Fed. R. Civ. P. 23(a)(4). Here, the Pension Trust purchased Nutanix common stock and suffered harm when defendants' alleged misconduct was revealed. *See* Albert Decl., Exs. A-B. In addition, the Pension Trust's substantial stake in the outcome of the case indicates it has the requisite incentive to vigorously represent the class's claims. Moreover, the Pension Trust is not aware of any conflicts between its claims and those asserted on behalf of the putative class and is not subject to any unique defenses.

The Pension Trust is a Pasadena, California-based multiemployer defined pension benefit plan established by labor and employers through collective bargaining. The Pension Trust has over 20,000 participants, over 500 employers, and assets of over $2 billion. It is administered by a Board of Trustees. Not only is the Pension Trust an experienced fiduciary, it is also has experience serving as a lead plaintiff in securities litigation, including in *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio), where the Pension Trust recovered $600 million for investors in what remains the largest securities class action recovery in the Sixth Circuit. Chief Judge Marbley found that the lead plaintiffs in *Cardinal Health* "vigorously litigated this case and conducted extensive discovery, including reviewing approximately 7.2 million pages of documents, interviewing ninety-eight potential witnesses, and consulting numerous experts." 528 F. Supp. 2d 752, 756 (S.D. Ohio 2007). The court went on to conclude that "[t]he quality of the representation is demonstrated by the substantial benefit achieved for the Class and the efficient, effective prosecution and resolution of this action." *Id.* at 768.

Moreover, the Pension Trust is precisely the type of institutional investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001).

Finally, as discussed below, the Pension Trust has selected qualified counsel experienced in securities litigation. The Pension Trust's common interests shared with the class, substantial

NOT OF MOT & MOT FOR CONSOLIDATION, APPT AS LEAD PLTF & APPROVAL OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT - 3:19-cv-01651-WHO                      - 4 -
4841-3881-6482.v2

financial interest in the litigation, and selection of qualified counsel demonstrate that it satisfies the Rule 23 inquiry.

**B.      The Court Should Approve the Pension Trust's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class.  *In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35.  The Pension Trust has selected Robbins Geller as lead counsel in this case.

Robbins Geller, a 200-attorney nationwide law firm with offices in San Francisco, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[2]  Courts throughout the country have noted Robbins Geller's track record of success and reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action cases. *See, e.g.*, *In re Am. Realty Capital Props., Inc. Litig*., No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *Owens v. FirstEnergy Corp*., 2020 WL 6873421, at *12 (S.D. Ohio Nov. 23, 2020) ("[Robbins Geller] possesses the requisite expertise and experience necessary to handle a case of this magnitude and complexity."); *In re LendingClub Sec. Litig.*, No. 3:16-cv-02627-WHA, ECF No. 383 (N.D. Cal. July 20, 2018) (finalizing $125 million settlement obtained by Robbins Geller and its client, a recovery that ranks among the top ten largest securities recoveries ever in the Northern District of California).

---

[2]      For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com.  A paper copy of the Firm's resume is available upon the Court's request, if preferred.

In the last year alone, Robbins Geller recovered more than $2.5 billion on behalf of investors as sole lead counsel in securities class action cases, including $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), $1.02 billion in *Am. Realty*, and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.).  Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865- AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]  Accordingly, the Pension Trust's selection of counsel is reasonable and should be approved.

## IV.    CONCLUSION

The Pension Trust has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, the Pension Trust respectfully requests that the Court consolidate the Related Actions, appoint the Pension Trust as Lead Plaintiff, and approve its selection of counsel.

DATED:  March 22, 2021

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
TRICIA L. McCORMICK
MICHAEL ALBERT

s/ Michael Albert
MICHAEL ALBERT

---

[3]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) (*see* §III.A.3, *supra*); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

NOT OF MOT & MOT FOR CONSOLIDATION, APPT AS LEAD PLTF & APPROVAL OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT - 3:19-cv-01651-WHO              - 6 -
4841-3881-6482.v2

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
tmccormick@rgrdlaw.com
malbert@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 22, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Michael Albert
MICHAEL ALBERT

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  malbert@rgrdlaw.com

4841-3881-6482.v2

## Mailing Information for a Case 3:19-cv-01651-WHO Scheller v. Nutanix, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Laura G. Amadon**
  lamadon@wsgr.com,vshreve@wsgr.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Stephanie A. Bartone**
  sbartone@zlk.com,files@zlk.com,shalliday@zlk.com

- **David Bricker**
  dbricker@tenlaw.com

- **Robert C. Finkel**
  RFinkel@wolfpopper.com,cdunleavy@wolfpopper.com

- **Richard W. Gonnello**
  rgonnello@faruqilaw.com,ecf@faruqilaw.com,dbehnke@faruqilaw.com

- **Benjamin Heikali**
  Bheikali@faruqilaw.com,ealdo@faruqilaw.com,rglezakos@faruqilaw.com,ecf@faruqilaw.com,tpeter@faruqilaw.com

- **Shannon L Hopkins**
  shopkins@zlk.com,mkeating@zlk.com,files@zlk.com,shalliday@zlk.com

- **John T. Jasnoch**
  jjasnoch@scott-scott.com,efile@scott-scott.com

- **David Reuven Lev Kaplan**
  dkaplan@saxenawhite.com,e-file@saxenawhite.com,lmix@saxenawhite.com

- **Nancy A. Kulesa**
  nkulesa@bfalaw.com

- **Nicole Catherine Lavallee**
  nlavallee@bermantabacco.com,sfservice@bermantabacco.com

- **Nina F. Locker**
  nlocker@wsgr.com,lkoontz@wsgr.com,calendar@wsgr.com

- **Adam Christopher McCall**
  amccall@zlk.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Kristina M Mentone**
  kmentone@zlk.com,files@zlk.com,shalliday@zlk.com

- **Gregory Mark Nespole**
  gnespole@zlk.com,ecf@zlk.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,tcrockett@pomla

- **Aidan Chowning Poppler**
  cpoppler@bermantabacco.com,sfservice@bermantabacco.com

- **Lesley F. Portnoy**
  LPortnoy@glancylaw.com,info@glancylaw.com,clinehan@glancylaw.com,lesley-portnoy-3007@ecf.pacerpro.com,charles-linehan-8383@ecf.pacerpro.com

- **Gregory M Potrepka**
  gpotrepka@zlk.com,files@zlk.com,shalliday@zlk.com

- **Andrew W. Rocco**
  arocco@zlk.com,files@zlk.com,shalliday@zlk.com

- **Joshua Wolf Ruthizer**
  jruthizer@wolfpopper.com,cdunleavy@wolfpopper.com

- **Ignacio Evaristo Salceda**
  isalceda@wsgr.com,rlustan@wsgr.com

- **Shane Palmesano Sanders**
  ssanders@robbinsllp.com,notice@robbinsllp.com

- **Evan L Seite**
  eseite@wsgr.com,vhernandez@wsgr.com

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,johnson@wvbrlaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)