UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RYAN SCHELLER, et al.,

            Plaintiffs,

     v.

NUTANIX, INC., et al.,

            Defendants.

Case No. 19-cv-01651-WHO

**ORDER REQUESTING SUPPLEMENTAL BRIEFING REGARDING MOTIONS TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL**

Re: Dkt. Nos. 174, 176, 177, 182, 184

United States District Court
Northern District of California

This order concerns the applicants' motions to appoint lead plaintiff and lead counsel. *See* Dkt. Nos. 174, 176, 177, 182, 184. During the April 28, 2021 hearing, California Ironworkers Field Pension Trust ("Pension Trust") brought up an issue that had not been briefed: it asserted that another applicant, John P. Norton, on behalf of the Norton Family Living Trust ("Norton"), could not argue that he is a typical and adequate plaintiff based on his sale of put options because the case is pleaded on behalf of "purchasers or acquirers of Nutanix securities" and not sellers of Nutanix securities. Dkt. 212 ("April 28 Hearing") at 27:11– 28:11; *see* Dkt. No. 124 ("SAC") ¶ 435. It also argued that Norton's counsel had asserted earlier in this case that sellers of Nutanix securities should not be included in the class and the case that Norton heavily relies on is distinguishable because the class definition there explicitly included put option sellers. *Id.*; *see In re Sci.-Atlanta, Inc. Secs. Litig.*, 571 F. Supp. 2d 1315 (N.D. Ga. 2007). It asserted that, "Either Mr. Norton's losses stem from his sales of puts, in which case he was purposely excluded from the putative class by the operative complaint, or Mr. Norton's losses stem from him getting assigned 100,000 shares pursuant to a private non-open market transaction at prices that were entirely divorced from where the stock was trading those days." April 28 Hearing at 28:5–11.

Norton's response did not address Pension Trust's argument about the class definition

aside from asserting that it had not been brought up during briefing.  While that is true, the issue is important and I need to resolve it.

I have reviewed the cases that Norton relies on in his memoranda.  Notably, the class definition in nearly all of the cases explicitly included put options sellers.  *See* Dkt. No. 201 at 10–11; *see e.g.*, *In re Tesla, Inc. Sec. Litig.*, No. 18-CV-04865-EMC, 2018 WL 6609569, at *3 (N.D. Cal. Dec. 17, 2018) (investors trading in options were part of the class); *McIntire v. China MediaExpress Holdings, Inc.*, 38 F. Supp. 3d 415 (S.D.N.Y. 2014) (class definition explicitly included put options sellers); *In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*, 2013 WL 396117 (D.N.J. Jan. 30, 2013) (same); *In re HealthSouth Corp. Sec. Litig.*, 257 F.R.D. 260 (N.D. Ala. 2009) (class definition included those who had purchased or otherwise acquired options); *Tolan v. Computervision Corp.,* 696 F. Supp. 771 (D .Mass. 1988) (class consisted of those who transacted in stock and put and call options); *Moskowitz v. Lopp,* 128 F.R.D. 624 (E.D. Pa. 1989) (same); *In re Oxford Health Plans, Inc. Sec. Litig.*, 199 F.R.D. 119, 124 (S.D.N.Y. 2001) (class later amended to include put options sellers).  Only one of Norton's cases suggested that a similar class definition as the one in this case included put options sellers.  *See In re Priceline.com Inc.*, 236 F.R.D. 89, 100 (D. Conn. 2006) (finding a put options seller was adequate as a class representative even though the class definition was those who had "purchased or acquired securities" of the company).  And in that case, there was no challenge to the adequacy of the put options seller based on the class definition.

To date, I am unaware of a case where the court found that a similar class definition included put options sellers.  In fact, a few courts found that the put options seller should be excluded from the class.  *See e.g.*, *Di Scala v. ProShares Ultra Bloomberg Crude Oil*, 2020 WL 7698321, at *4 (S.D.N.Y. Dec. 28, 2020) (declining to appoint put options seller as lead plaintiff because there are questions about his typicality and adequacy to represent a class of "investors who purchased or otherwise acquired UCO securities"); *In re Critical Path, Inc.*, No. 01-CV-00551-WHA, 2002 WL 32627559, at *5 (N.D. Cal. June 18, 2002) (noting that the sale and purchase of options was not in the complaint so there was nothing unfair about excluding a put options seller from the class).

Because this issue was not raised until the hearing, Norton has not had an opportunity to address it. By May 20, 2021, Norton shall file a supplemental brief, not to exceed five pages, addressing why Norton is a typical and adequate plaintiff given the class definition. Then by May 27, 2021, all other applicants may file responses to Norton's supplemental brief, not to exceed five pages each.

**IT IS SO ORDERED.**

Dated: May 13, 2021

William H. Orrick
United States District Judge

United States District Court
Northern District of California

3