# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

SANDRA LIFSCHITZ, individually and on behalf of all others similarly situated,

                     Plaintiffs,

              - against -

HEXION SPECIALTY CHEMICALS, INC.,
CRAIG O. MORRISON, and
JOSHUA J. HARRIS,

                     Defendants.
-------------------------------------------------------------x



08 Civ. 6394 (RMB)

**ORDER**

## I.    Background

On July 17, 2008, Sandra Lifschitz ("Lifschitz") filed a complaint ("Complaint") pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Hexion Specialty Chemicals, Inc. ("Hexion"), Craig O. Morrison, Hexion's Chief Executive Officer and President, and Joshua J. Harris, a member of Hexion's Board of Directors (collectively, "Defendants"). (Compl., dated July 15, 2008, ¶¶ 2, 6–9.) Lifschitz brings this action individually and on behalf of a putative class of plaintiffs ("Plaintiffs" or "Class") "who purchased the common stock of Huntsman ['Huntsman'] between May 14, 2008 and June 18, 2008, inclusive ['Class Period']," alleging, among other things, that Defendants made materially false and misleading statements and omitted to disclose material facts "regarding Hexion's efforts and intentions [to merge] . . . with Huntsman" which "caused Plaintiff and members of the Class to purchase Huntsman common stock at artificially inflated prices." (Compl. ¶¶ 11, 12.)



On September 15, 2008, Lifschitz, who allegedly purchased 1,500 shares of Huntsman common stock, together with Robert Burch ("Burch"), who allegedly engaged in put option transactions for Huntsman common stock (collectively, "Hexion Movants"), moved pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4, for: (1) "appointment as lead plaintiffs"; and (2) "approval of their selection of [the] Law Offices [of] Bernard M. Gross, P.C. as lead counsel . . . and Roy Jacobs & Associates as liaison counsel for the [C]lass." (Mot. of Hexion Movants for Appointment as Lead Pls. and for Approval of Lead Pls.' Selection of Lead Counsel and Liaison Counsel, dated Sept. 15, 2008 ("Hexion Movants Mot."), at 1.)

On September 15, 2008, Steve Stilliard ("Stilliard"), who allegedly purchased 4,131 shares of Huntsman common stock, filed a competing motion pursuant to the PSLRA for: (1) appointment as lead plaintiff; and (2) "approval of Johnson Bottini, LLP ('Johnson Bottini') and Murray, Frank & Sailer LLP ('Murray Frank') as . . . Lead Counsel and Liaison Counsel, respectively." (Stilliard's Mot. for Appointment as Lead Pl. and Approval of Selection of Counsel, dated Sept. 15, 2008 ("Stilliard Mot."), at 1.)

On October 2, 2008, the Hexion Movants and Stilliard filed oppositions to each others' applications. (See Hexion Movants' Opp'n to Stilliard's Mot. for Appointment as Lead Pl., dated Oct. 2, 2008 ("Hexion Movants Opp'n"); Stilliard's Opp'n to Hexion Movants' Mot. for Appointment of Lead Pls. and Lead Counsel, dated Oct. 2, 2008 ("Stilliard Opp'n").) On October 8, 2008, the Hexion Movants filed a reply. (See Hexion Movants' Reply in Supp. of Mot. for Appointment as Lead Pls., dated Oct. 8, 2008 ("Hexion Movants Reply").) On October 14, 2008, Stilliard filed a reply. (See Stilliard Reply in Supp. of Mot. for Appointment as Lead Pl. and Approval of Lead Counsel, dated Oct. 14, 2008 ("Stilliard Reply").)

2

The Hexion Movants and Stilliard waived oral argument.

**For the reasons stated below, the Hexion Movants are appointed Lead Plaintiffs and the Law Offices of Bernard M. Gross, P.C. is appointed Lead Counsel.**

## II.    Analysis

### (1)    Lead Plaintiff

"Under the PSLRA, the selection of lead plaintiff proceeds in a two-stage inquiry." The Constance Sczensy Trust v. KPMG LLP, 223 F.R.D. 319, 322–23 (S.D.N.Y. 2004).  First, "this Court must determine which member of the putative class of plaintiffs is entitled to the statutory presumption of being the 'most adequate' lead plaintiff." Id. at 323.  Second, "other members of the purported class may try to rebut the presumption . . . ." Corwin v. Seizinger, No. 07 Civ. 6728, 2008 WL 123846, at *2 (S.D.N.Y. Jan. 8, 2008).

"Preliminarily, the Court is unconcerned with the size of the [Hexion Movants] . . . and finds that [two] members is not too unwieldy a number to effectively manage the litigation." Barnet v. Elan Corp., PLC., 236 F.R.D. 158, 162 (S.D.N.Y. Aug. 8, 2005); see also Freudenberg v. E*Trade Fin. Corp., No. 07 Civ. 8538, 2008 WL 2876373, at *4 (S.D.N.Y. July 16, 2008) ("A group consisting of persons that have no pre-litigation relationship may be acceptable as a lead plaintiff candidate so long as the group is relatively small and therefore presumptively cohesive."); In re eSpeed, Inc. Sec. Litig., 232 F.R.D. 95, 100 (S.D.N.Y. 2005) ("where aggregation would not displace an institutional investor as presumptive lead plaintiff . . . a small group of unrelated investors may serve as lead plaintiff").

The Hexion Movants are "the presumptive lead plaintiff[s] under the PSLRA," Fishbury, Ltd. v. Connetics Corp., No. 06 Civ. 11496, 2006 WL 3711566, at *3 (S.D.N.Y. Dec. 14, 2006), because they appear to "[i] [have] either filed the complaint or made a motion in response to the

3

publication of notice; [ii] [have] the largest financial interest in the relief sought by the class; and [iii] otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure ['Fed. R. Civ. P.']," Kaplan v. Gelfond, 240 F.R.D. 88, 92 (S.D.N.Y. 2007) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)).

Lifschitz filed the Complaint on July 17, 2008, as noted, and the Hexion Movants timely filed a motion for appointment as lead plaintiffs on September 15, 2008.[1] The Hexion Movants also appear to have the largest financial interest measured in terms of the approximate loss suffered, alleging a combined loss of approximately $208,795, (see Hexion Movants Mot. at 6; Jacobs Decl. Ex. D), compared to Stilliard's alleged loss of approximately $35,274, (see Stilliard Opp'n at 4 & Ex. A). See also Weiss v. Friedman, Billings, Ramsey Group, Inc., No. 05 Civ. 4617, 2006 WL 197036, at *3 (S.D.N.Y. Jan. 25, 2006) ("As the movant with the largest losses, the Operating Engineers Trust appears to have the largest financial interest in this matter.").[2]

---

[1] Counsel for Lifschitz published notice on the Business Wire on July 17, 2008, the same date as the filing of the Complaint, and published a corrected notice on July 18, 2008, stating, among other things, that "[a]ny member of the purported class may move the Court to serve as lead plaintiff" by September 15, 2008. (Decl. of Roy L. Jacobs, dated Sept. 15, 2008, ("Jacobs Decl."), Ex. A); see Weinberg v. Atlas Air Worldwide Holdings, Inc., 216 F.R.D. 248, 252 (S.D.N.Y. 2003) ("[T]he PSLRA requires that the plaintiff who filed the initial complaint must, no later than twenty days from when it was filed, publish a notice to the class informing class members of their right to make a motion for Lead Plaintiff within sixty days.") (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)); see also Lowinger v. Global Cash Access Holdings, Inc., No. 08 Civ. 3516, 2008 WL 2566558, at *2 (S.D.N.Y. June 26, 2008) ("[C]ounsel for Lowinger filed legally sufficient notice on the Business Wire on the same date as the filing of the complaint.").

[2] The Hexion Movants calculated their total loss figure using "the 84 day mean trading price [i.e., $8.85]" of Huntsman common stock. (Hexion Movants Mot. at 6 n.3; see also Jacobs Decl. Ex. D.) Stilliard calculated his total loss figure using "the average daily closing price of Huntsman common stock during the 90 calendar days after the end of the class period ($12.71)." (Stilliard Opp'n Ex. A; see also id. at 1 n.2.) "[T]he Court need not resolve the proper formula for calculating the approximate losses suffered in this case, as [the Hexion Movants have] suffered greater losses under both proposed valuations." Varghese v. China Shenghuo Pharm. Holdings, Inc., 589 F. Supp. 2d 388, 396 (S.D.N.Y. 2008).

4

And, the Hexion Movants (preliminarily) satisfy the typicality and adequacy requirements of Fed. R. Civ. P. 23. (See Hexion Movants Mot. at 8–12); see also Freudenberg, 2008 WL 2876373, at *5 ("At this stage of the litigation, [movants] must only make a preliminary showing that the adequacy and typicality requirements have been met."). "Like other class members, [the Hexion Movants'] injuries stem from the alleged overvaluation of [Huntsman] stock resulting from Defendants' [alleged] materially false and misleading statements [and/or] omissions." Lintz v. Agria Corp., No. 08 Civ. 3536, 2008 WL 5191087, at *2 (S.D.N.Y. Dec. 3, 2008); (see also Hexion Movants Mot. at 11.) The Hexion Movants have also "retained competent and experienced counsel" in the Law Offices of Bernard M. Gross, P.C., Lintz, 2008 WL 5191087, at *2, and "nothing has been presented to this Court to suggest that [the Hexion Movants] seek[] anything but a full and fair recovery for the [C]lass," In re Crayfish Co. Sec. Litig., No. 00 Civ. 6766, 2002 WL 1268013, at *5 (S.D.N.Y. June 6, 2002). (See also Hexion Movants Mot. at 11–12; Aff. of Sandra Lifschitz, dated July 16, 2008; Certification of Robert Burch, dated Sept. 11, 2008.)

Stilliard argues, among other things, that Burch, a put options trader, "is not a proper lead plaintiff because he is not a member of the Class" and/or "will be subject to unique defenses that the Class of common stock purchasers will not face." (Stilliard Reply at 7.) But, courts "often appoint purchasers of one type of securities to represent purchasers of other types of securities of the same issuer where the interests of those purchasers are aligned." Freudenberg, 2008 WL 2876373, at *6. Burch's interests, "although unique in certain respects because he traded in put options, are sufficiently aligned with those of [the purported Class]." In re Priceline.com Inc. Sec. Litig., 236 F.R.D. 89, 99 (D. Conn. 2006); see also Freudenberg, 2008 WL 2876373, at *6–7; In re Scientific-Atlanta, Inc. Sec. Litig., 571 F. Supp. 2d 1315, 1330 (N.D. Ga. 2007) ("Once

5

the option buyer predictably exercises the option, the seller is effectively forced to purchase the stock at the fraudulently inflated strike price – retroactively placing the put options seller in the shoes of a defrauded stock purchaser."); Hoexter v. Simmons, 140 F.R.D. 416, 421 (D. Ariz. 1991) ("The court will not exclude option traders from the Class [i.e., purchasers of Valley National Corporation common stock] at this time even though they may require separate treatment as a subclass at some point in the litigation.").

Even assuming, arguendo, that Burch were disqualified from lead plaintiff consideration, Stilliard's position "as Vice President of [Huntsman's] Asia Pacific Performance Products Division," (Hexion Movants Reply at 3; see also id. Ex. C), creates the appearance of a conflict of interest that would render him unable potentially to fairly and adequately protect the interests of the Class. See Reimer v. Ambac Fin. Group, Inc., No. 08 Civ. 411, 2008 WL 2073931, at *4 (S.D.N.Y. May 9, 2008). The Hexion Movants argue persuasively, among other things, that "Stilliard [may] become an employee of Hexion, the entity he is suing," particularly in light of the Delaware Chancery Court's September 29, 2008 order requiring "Hexion to specifically perform its obligations under the merger agreement with Huntsman." (Ltr. from Roy L. Jacobs & Deborah R. Gross to Hon. Richard M. Berman, dated Oct. 15, 2008, at 2); see also Hexion Specialty Chemicals, Inc. v. Huntsman Corp., C.A. No. 3841-VCL, 2008 WL 4457544, at *32 (Del. Ch. Sept. 29, 2008) (unpublished).[3] Stilliard's position at Huntsman and the continued

---

[3] On October 14, 2008, Stilliard filed an application requesting that the Court take judicial notice of the Delaware Chancery Court's September 29, 2008 opinion, see Hexion, 2008 WL 4457544, a copy of which Stilliard attached to his reply papers. (See Request for Judicial Not. in Supp. of Stilliard Reply, dated Oct. 14, 2008); 17 Vista Associates v. City of New York, No. 95 Civ. 3870, 1996 WL 197762, at *3 (S.D.N.Y. Apr. 23, 1996) ("state court opinions may properly be considered pursuant to [Federal Rules of Evidence] 201"); see also Indiana Elec. Workers Pension Trust Fund, IBEW v. Dunn, No. 06 Civ. 1711, 2007 WL 1223220, at *10 n.10 (N.D. Cal. Mar. 1, 2007) ("[I]t appears that . . . the Delaware Chancery Court Rules permit citation to unpublished opinions.") (citing Del. Ch. Ct. R. 171(h)).

6

viability of the merger agreement between Hexion and Huntsman, "at the very least, create the appearance that [Stilliard is] not able to adequately investigate and prosecute this action on behalf of the absent members of this [C]lass." In re Peregrine Sys., Inc. Sec. Litig., No. 02 Civ. 870, 2002 WL 32769239, at *8 (S.D. Cal. Oct. 11, 2002); see also In re SCOR Holding (Switzerland) AG Litig., 537 F. Supp. 2d 556, 571 (S.D.N.Y. 2008) ("The adequacy inquiry serves to uncover conflicts of interest between named parties and the class they seek to represent.") (internal quotations and citation omitted).

### (2)     Lead Counsel

As noted, the Hexion Movants have selected the Law Offices of Bernard M. Gross, P.C., a Philadelphia law firm with extensive experience in complex class actions, as lead counsel, see Caiafa v. Sea Containers Ltd., No. 06 Civ. 2565, 2006 WL 2381841, at *2 (S.D.N.Y. Aug. 14, 2006); (Jacobs Decl. Ex. E), and "there is no ground to disturb [the Hexion Movants'] choice of counsel," In re Centerline Holding Co. Sec. Litig., No. 08 Civ. 505, 2008 WL 1959799, at *4 (S.D.N.Y. May 5, 2008). See In re Adelphia Commc'ns Corp. Sec. & Derivative Litig., No. 03 MDL 1529, 2008 WL 4128702, at *2 (S.D.N.Y. Sept. 3, 2008) ("[T]he PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (internal quotations and citation omitted).

At the same time, since, among other things, Philadelphia is so near to Manhattan, the Court sees no need to incur the additional expense of liaison counsel at this time. See In re Veeco Instruments, Inc. Sec. Litig., 233 F.R.D. 330, 334 (S.D.N.Y. 2005) ("I see no need for liaison counsel in this case and I decline to appoint liaison counsel. While [lead counsel] is a Philadelphia law firm, it frequently litigates in this Court. . . . This Court is not willing to deplete

7

any recovery . . . by the value of fees incurred by two law firms when one can get the job done.").

## III.    Conclusion and Order

For the foregoing reasons, the Hexion Movants' motion [#10] is granted as to the appointment of the Hexion Movants as Lead Plaintiffs and the Law Offices of Bernard M. Gross, P.C. as Lead Counsel, and denied in all other respects.  Stilliard's motion [#13] is denied.

The parties are directed to appear for a settlement/status conference before the Court on March 4, 2009 at 9:00 a.m. in Courtroom 21D of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York.  **The Court directs the parties to engage in good faith settlement negotiations prior to the conference with the Court.**

Dated: New York, New York
February 17, 2009

**RICHARD M. BERMAN, U.S.D.J.**

8