**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins (admitted *pro hac vice*)
Kristina Mentone (admitted *pro hac vice*)
Gregory Potrepka (admitted *pro hac vice*)
Andrew Rocco (admitted *pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Email: shopkins@zlk.com
Email: kmentone@zlk.com
Email: gpotrepka@zlk.com
Email: arocco@zlk.com

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Counsel for John P. Norton, on behalf of the*
 *Norton Family Living Trust UAD 11/15/2002*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NUTANIX, INC. SECURITIES LITIGATION | Master File No. 3:19-cv-01651-WHO<br><br>Hon. William H. Orrick<br><br>**ADMINISTRATIVE MOTION OF JOHN P. NORTON, ON BEHALF OF THE NORTON FAMILY LIVING TRUST UAD 11/15/2002, PURSUANT TO CIVIL L.R. 3-12 AND 7-11 TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

ADMINISTRATIVE MOTION OF JOHN P. NORTON, ON BEHALF OF THE NORTON FAMILY LIVING TRUST UAD 11/15/2002, PURSUANT TO CIVIL L.R. 3-12 AND 7-11 TO CONSIDER WHETHER CASES SHOULD BE RELATED
No. 3:19-cv-01651-WHO

Pursuant to Civil Local Rules 3-12 and 7-11, Plaintiff John P. Norton, on behalf of the Norton Family Living Trust UAD 11/15/2002 ("Norton") respectfully moves the Court to consider whether the case captioned *Norton v. Nutanix, Inc., et al.*, No. 3:21-cv-04080-VC (N.D. Cal.) (the "*Norton* Action") is related to the above-captioned action *In re Nutanix, Inc. Securities Class Action*, No. 3:19-cv-01651-WHO (consolidated July 10, 2019) (the "*Nutanix* Action").[1] Civil L.R. 3-12(a) provides that "[a]n action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." That standard is easily satisfied here.

The *Norton* Action and the *Nutanix* Action are both federal securities class actions each brought on behalf of a putative class of Nutanix, Inc. ("Nutanix" or the "Company") investors, alleging violations of §§ 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b5, 17 C.F.R. § 240.10b-5 promulgated thereunder. *Compare* ECF No. 124 at ¶¶ 440-458 *with Norton* Action, Dkt. No. 1 at ¶¶ 439-457. Both actions bring claims against the same Defendants, during the same class period, and stemming from the same events—including, *inter alia*, Nutanix's alleged material misrepresentations overstating the Company's sales productivity, customer growth, and sales pipeline. *Compare* ECF No. 124 at ¶¶ 220-351 *with Norton* Action, Dkt. No. 1 at ¶ 219-350.

The *Norton* Action alleges a class definition that explicitly includes investors who transacted in publicly traded call and/or put options of Nutanix during the class period. Norton filed the *Norton* Action to preserve his rights and those of similarly situated class members, in light of the impending statute of limitations deadline and arguments directed toward Norton (and similarly situated investors) by certain lead plaintiff movants in the *Nutanix* Action.[2] However,

---

[1] On July 10, 2019, the court issued an order, *inter alia*, consolidating: (1) *Scheller v. Nutanix, Inc.*, Case No. 3:19-cv-01651-WHO; (2) *Mauter v. Nutanix, Inc.*, Case No. 3:19-cv-02442-RS; (3) *Maroun v. Nutanix, Inc.*, Case No. 3:19-cv-02744-RS; and (4) *Zapf v. Nutanix, Inc.*, Case No. 3:19-cv-02781-SI.

[2] On April 28, 2021, at the lead plaintiff hearing in the *Nutanix* Action, counsel for lead plaintiff

ADMINISTRATIVE MOTION OF JOHN P. NORTON, ON BEHALF OF THE NORTON FAMILY LIVING TRUST UAD 11/15/2002, PURSUANT TO CIVIL L.R. 3-12 AND 7-11 TO CONSIDER WHETHER CASES SHOULD BE RELATED
No. 3:19-cv-01651-WHO
1

even with the difference in class definition, the two actions still share "substantially the same parties" and "transaction[s] or event[s]" because all putative class members in both the *Norton* and *Nutanix* Actions: (i) are investors in Nutanix securities; (ii) are alleged to have relied at all times during the class period on the integrity of the market prices for Nutanix securities; and (iii) were allegedly harmed by the same false and/or misleading statements that were allegedly made by the same defendants. Both the *Norton* and *Nutanix* Actions allege the same class periods and the same corrective disclosures.

Given that the *Norton* and *Nutanix* Actions involve similar putative classes of investors, the same Defendants, and claims stemming from the same events, there would be an "unduly burdensome duplication of labor and expense" and a risk of "conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a)(2). Accordingly, Civil L.R. 3-12's requirements are satisfied here. For the foregoing reasons, Mr. Norton respectfully requests that the Court relate the *Norton* Action to the *Nutanix* Action and reassign the *Norton* Action to this Court.

Dated: June 1, 2021                                     Respectfully submitted,

                                                        **LEVI & KORSINSKY, LLP**

                                                        */s/ Shannon L. Hopkins*
                                                        Shannon L. Hopkins (admitted *pro hac vice*)
                                                        Kristina Mentone (admitted *pro hac vice*)
                                                        Gregory Potrepka (admitted *pro hac vice*)
                                                        Andrew Rocco (admitted *pro hac vice*)
                                                        1111 Summer Street, Suite 403

---

movant California Ironworkers Field Pension Trust attacked investors such as Norton, arguing for the first time that they may not be included within the class definition in the *Nutanix* Action (despite Norton having purchased and acquired stock during the class period). This is notable given that May 30, 2021 was the two-year anniversary of the date that plaintiffs in the *Norton* and *Nutanix* Actions allege the truth of Defendants' fraud was fully disclosed. *See* 28 U.S.C. § 1658(b)(1) (setting statute of limitations for Exchange Act claims involving fraud at "2 years after the discovery of the facts constituting the violation"). Thus, filing the Norton Action ensured a protective complaint for Norton and similar investors was filed prior to May 30, 2021.

Stamford, CT 06905
Tel: (203) 992-4523
Email: shopkins@zlk.com
Email: kmentone@zlk.com
Email: gpotrepka@zlk.com
Email: arocco@zlk.com

Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Counsel for John P. Norton, on behalf of the
Norton Family Living Trust UAD 11/15/2002*