ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
KENNETH J. BLACK (291871)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
kblack@rgrdlaw.com
         – and –
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re NUTANIX, INC. SECURITIES LITIGATION | Case No. 3:19-cv-01651-WHO |
| | CLASS ACTION |
| This Document Relates To: | REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS |
| ALL ACTIONS. | |

DATE:       Wednesday, August 18, 2021
TIME:        2:00 p.m.
CTRM:      2, 17th Floor
JUDGE:     Hon. William H. Orrick

4827-8459-0836.v1

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................................1

II.     BACKGROUND ...................................................................................................3

III.    ARGUMENT.........................................................................................................4

      A.      Legal Standards Under Rule 15(d) ...........................................................4

      B.      The Motion Complies with Rule 15(d) and Should Be Granted ............5

      C.      Defendants' Arguments Regarding Lead Counsel's Duties Are Without Merit..........................................................................................................5

            1.      Civil Local Rule 10-1 Does Not Require Filing an Amended Complaint.......................................................................................5

            2.      The Proposed Supplement Provides Notice of the Claims .........7

            3.      Rule 11 Does Not Require Lead Counsel to Interview the CWs................8

                  a.      The Pleadings Are Signed in Compliance with Rule 11..................8

                  b.      Defendants Already Know the Identity of the CWs ........................8

                  c.      Lead Counsel Can Prosecute the Claims Without Interviewing the CWs at This Time................................................9

                  d.      Defendants' Attempts to Further Prevent This Case from Discovery Should Be Denied..........................................................11

IV.     CONCLUSION....................................................................................................12

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ally Bank v. Castle*,
2012 WL 3627637 (N.D. Cal. Aug. 20, 2012) ...................................................................7

*Arizona Yage Assembly v. Barr*,
2020 WL 5629833 (N.D. Cal. Sept. 21, 2020) ..................................................................4

*Caudle v. AAC Holdings Inc., et al.*,
3:19-CV-00407 (M.D. Tenn.) ..........................................................................................6

*Cunningham v. Medtronic Inc.*,
2015 U.S. Dist. LEXIS 164530 (N.D. Cal. Dec. 8, 2015) .............................................6, 7

*Doe v. United States*,
419 F.3d 1058 (9th Cir. 2005) .........................................................................................3

*Eminence Cap., LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) .........................................................................................4

*Food & Water Watch, Inc. v. U.S. Env't Prot. Agency*,
2021 WL 1893063 (N.D. Cal. May 11, 2021) ...............................................................4, 5

*Hatamian v. Advanced Micro Devices, Inc.*,
2015 WL 511175 (N.D. Cal. Feb. 6, 2015) .....................................................................12

*Hunt v. Bloom Energy Corp.*,
2021 WL 1110260 (N.D. Cal. Mar. 23, 2021)...................................................................7

*In re Applied Micro Cirs. Corp. Sec. Litig.*,
2002 WL 34716875 (S.D. Cal. Oct. 4, 2002) .................................................................11

*In re BofI Holding, Inc. Sec. Litig.*,
318 F.R.D. 129 (S.D. Cal. 2016) ....................................................................................12

*Johns v. Bayer Corp.*,
2010 WL 2573493 (S.D. Cal. June 24, 2010)..................................................................10

*Lyon v. U.S. Immigr. & Customs Enf't.*,
308 F.R.D. 203 (N.D. Cal. 2015).....................................................................................5

*Martin v. Naval Crim. Investigative Serv.*
2012 WL 1570840 (S.D. Cal. May 3, 2012).....................................................................6

**Page**

*Montoya v. City of San Francisco*,
    2021 WL 197659 (N.D. Cal. Jan. 20, 2021) ...........................................................................7

*Moshell v. Sasol Ltd. et al*,
    2021 WL 3174414 (S.D.N.Y. July 24, 2021) .......................................................................10

*Patkins v. Lisk*
    2020 WL 5760477 (N.D. Cal. Sept. 28, 2020) ..................................................................6, 7

*Ret. Sys. v. Boeing Co.*,
    306 F.R.D. 175 (N.D. Ill. 2014)............................................................................................10

*Tai Jan Bao v. Solarcity Corp.*
    2017 WL 878226 (N.D. Cal. Mar. 6, 2017)...........................................................................10

*The Dep't of the Treasury of the State of New Jersey & its*
    *Div. of Inv. v. Cliffs Nat. Res., Inc.*,
    2015 WL 6870110 (N.D. Ohio Nov. 6, 2015) ......................................................................10

*Union Asset Mgmt. Holding AG v. Sandisk LLC*,
    227 F. Supp. 3d 1098 (N.D. Cal. 2017) ..........................................................................11, 12

*United States v. Romm*,
    455 F.3d 990 (9th Cir. 2006) .................................................................................................5

**STATUTES, RULES AND REGULATIONS**

Civil Local Rules
    Rule 10-1..............................................................................................................................5, 6

Federal Rules of Civil Procedure
    Rule 7(a)..................................................................................................................................3
    Rule 10 ....................................................................................................................................3
    Rule 11 ............................................................................................................................ *passim*
    Rule 11(a)................................................................................................................................8
    Rule 11(b) ...............................................................................................................................9
    Rule 15 ....................................................................................................................................4
    Rule 15(a)........................................................................................................................5, 6, 7
    Rule 15(d) ........................................................................................................................ *passim*

**SECONDARY AUTHORITIES**

6A Charles Alan Wright *et al.,*
    *Federal Practice & Procedure* §1504 (3d ed. 2021).....................................................4, 6, 8

Lead Plaintiff California Ironworkers Field Pension Trust ("Pension Trust" or "Lead Plaintiff") submits this reply in support of its Motion for Leave to Supplement the Second Amended Complaint For Violations of the Federal Securities Laws, ECF No. 229 ("Motion").

## I.   INTRODUCTION

Defendants are trying to restart the litigation in order to get a second bite at the apple on their motion to dismiss. Lead Plaintiff was appointed to take over a case that was past the pleading stage and in discovery after the initial lead plaintiff withdrew for personal reasons. *See* ECF Nos. 140, 171 & 224. While Defendants insist a new complaint must be filed, this Court entered a stipulation and order instructing that within ten days of an order appointing a new plaintiff, the parties "shall confer and submit to the Court for approval a proposed schedule." ECF No. 173 at 2.

After Lead Plaintiff was appointed, it attempted to comply with that order by providing a proposed agreed schedule to Defendants. *See* Declaration of Kenneth Black ("Decl."), submitted herewith, ¶4. Defendants refused to negotiate a schedule, arguing that Lead Plaintiff needed to file a new complaint in order to be a party in the case. Lead Plaintiff disagreed, as the order appointing the Pension Trust made clear it was a party to the case and the Court's prior order called for the submission of a schedule, not a new complaint. *See* ECF No. 224 at 13; ECF No. 173. However, in an attempt to compromise, Lead Plaintiff proposed filing the supplement that is the subject of this Motion. *See* ECF No. 229-1 ("Supplement"). Defendants responded that they could not say whether a supplement would resolve their concerns in order to let the parties negotiate a schedule until they saw the filing. *See* Decl., ¶7; ECF No. 228, ¶2. But that appears to have been a ruse. Now that Lead Plaintiff has tried to compromise by filing the Supplement, Defendants have argued no supplement will do and an amended complaint is required. It is clear that the reason they are refusing to negotiate a schedule and insisting on a new complaint is that they are seeking to restart the entire litigation to file another motion to dismiss. *See* ECF No. 231 ("Opposition" or "Opp.") at 1. Each of the reasons Defendants advance for restarting the case is without merit.

First, Defendants' arguments rely upon clearly distinguishable cases dealing with amended complaints, not Federal Rule of Civil Procedure ("Rule") 15(d) supplements like the Motion

REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR LEAVE TO
SUPPLEMENT THE SECOND AMENDED COMPLAINT - 3:19-cv-01651-WHO          - 1 -
4827-8459-0836.v1

proposes. Not one case in the Opposition requires the filing of an amended complaint by Lead Plaintiff and Lead Counsel brought in after the pleading stage.

Second, Defendants claim that "[i]t is not clear what specific entities are serving as the plaintiffs in the action, or who represents them." Opp. at 1. More specifically, Defendants claim it is unclear if named plaintiff City of Miami Fire Fighters' and Police Officers' Retirement Trust ("Miami F&P") and their counsel, Levi & Korsinsky LLP ("L&K") are still in the case. *Id.* at 1-2, 6. But the record is clear. Only the initial lead plaintiff was withdrawn and replaced, not additional named plaintiff Miami F&P. ECF No. 224 at 1. And, while new Lead Counsel was appointed, L&K has not withdrawn. As reflected in the proposed Supplement attached to the Motion, which replaces only the prior lead plaintiff with Pension Trust, named plaintiff Miami F&P remains in the case and L&K will continue to assist in the transition of the ongoing litigation and representation of Miami F&P, and thereafter will work on the case under the direction of Lead Counsel to the extent it is efficient and makes sense to do so.

Finally, Defendants argue "it is critically important" that new Lead Counsel interview the confidential witnesses ("CW"'s) in the Second Amended Complaint (ECF No. 124, "SAC") because Defendants claim they "uncovered significant issues with the purported investigation" of the SAC. Opp. at 2. But Defendants have not cited any case where a lead plaintiff and lead counsel were appointed to lead an action in discovery and the court required the filing of a new complaint. *See id.* And while Defendants claim they have "uncovered significant issues" with the CWs, they have never suggested it warrants any relief. Apparently unable to make such a request in good faith, Defendants cannot refuse to engage in discovery until Lead Counsel investigates Defendants' vague assertions regarding the CWs. If a schedule is entered, Defendants can seek to depose any CWs in discovery, and doing so will create a clearer record with the benefit of document discovery and all parties present, rather than requiring Lead Counsel to engage in *ex parte* interviews at this stage of the case.

Thus, the Motion should be granted and a schedule for discovery should be set.

REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE SECOND AMENDED COMPLAINT - 3:19-cv-01651-WHO     - 2 -
4827-8459-0836.v1

## II.   BACKGROUND

On July 10, 2019, the Court appointed Shimon Hedvat as lead plaintiff and L&K as lead counsel. ECF No. 87. On September 9, 2019, Mr. Hedvat and named plaintiff Miami F&P filed the Consolidated Amended Complaint. ECF No. 102 ("CAC"). Following briefing, the Court granted Defendants' motion to dismiss. ECF No. 121. On April 17, 2020, Mr. Hedvat and Miami F&P filed the SAC. On September 11, 2020, after another round of briefing, the Court denied in part Defendants' motion to dismiss. ECF No. 140. Defendants filed their Answer (ECF No. 145) and the pleadings closed. *See Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005) (noting "the pleadings are closed" under Rule 7(a) "once a complaint and answer have been filed"). On October 27, 2020, the Court set a schedule for the action and discovery began. *See* ECF No. 152.

On January 27, 2021, Mr. Hedvat moved to withdraw as lead plaintiff. ECF No. 161. The Court granted Mr. Hedvat's request and reopened the lead plaintiff application process. ECF No. 171. On March 4, 2021, the Court ordered that, "[w]ithin ten (10) days of the Court's order appointing a new lead plaintiff, the lead plaintiff(s) and Defendants shall confer and submit to the Court for approval a proposed schedule, including, if appropriate, a schedule for the filing of a Motion for Class Certification and a briefing schedule for that motion." ECF No. 173 at 2 ("March 4 Order"). Nothing in the March 4 Order reopened or required the reopening of the pleadings.

On June 10, 2021, the Court appointed Pension Trust as lead plaintiff, and its counsel, Robbins Geller Rudman & Dowd LLP, as Lead Counsel. ECF No. 224. On June 17, 2021, Lead Counsel sent counsel for Defendants a proposed schedule for discussion. Decl., ¶4. On June 18, 2021, the parties met and conferred, but contrary to the March 4 Order, Defendants refused to discuss a schedule until Pension Trust filed an amended complaint. Decl., ¶5. On June 21, 2021, the parties filed, and the Court entered, a joint stipulation and proposed order providing 10 additional days to comply with the March 4 Order. ECF No. 226. The parties thereafter exchanged calls and emails, and met and conferred a final time on June 29, 2021. *See* Decl., ¶¶5-6. During that discussion, Lead Counsel asked Defendants' counsel to provide authority requiring Pension Trust to file an amended complaint. *Id.*, ¶7. The only authority counsel provided was Rule 10 and Rule 11. *Id.* Lead Counsel maintained that no rule or order required the case to start over but described a

REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE SECOND AMENDED COMPLAINT - 3:19-cv-01651-WHO     - 3 -
4827-8459-0836.v1

proposed Rule 15(d) supplement to replace Mr. Hedvat with Pension Trust to satisfy any purported concern that Pension Trust was a party. *Id.* Defense counsel did not state that the described Rule 15(d) supplement could not address their concerns, but stated they would need to see the filed supplement to make that determination. *Id.* Consistent with that, the parties agreed to a schedule for the Motion, which included briefing only if Defendants were going to oppose. ECF No. 228. The Motion and Opposition followed.

## III.   ARGUMENT

### A.   Legal Standards Under Rule 15(d)

Rule 15(d) provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The purpose of Rule 15(d) "is to promote as complete an adjudication of the dispute between the parties as is possible." 6A Charles Alan Wright *et al., Federal Practice & Procedure* §1504 (3d ed. 2021). As Judge Chen has explained, Rule 15(d) is designed to avoid forcing parties to start from "scratch." *Food & Water Watch, Inc. v. U.S. Env't Prot. Agency*, No. 17-cv-02162-EMC, 2021 WL 1893063, at \*8 (N.D. Cal. May 11, 2021) (holding that defendant's proposal that the court "dismiss this action and instruct the Plaintiff to file a new petition contravenes judicial efficiency because it would likely result in re-litigating this case from scratch" and "[t]his needless duplication of efforts and waste of judicial resources is precisely what Rule 15(d) was designed to prevent").

"Rule 15 advises the court that leave shall be freely given when justice so requires," and this policy is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)[1]; *see* also Motion at 1. Because motions to supplement are "favored," they "ought to be allowed as of course," and should only be denied if "some particular reason for disallowing them appears." *Arizona Yage Assembly v. Barr*, No. 20-cv-03098-WHO, 2020 WL 5629833, at \*9 (N.D. Cal. Sept. 21, 2020). As with requests to amend, courts consider five "*Foman* factors*"* to determine if there is a particular reason to disallow a supplement: (1) undue delay, (2) bad

---

[1]   Internal quotations are omitted throughout unless otherwise noted.

REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE SECOND AMENDED COMPLAINT - 3:19-cv-01651-WHO          - 4 -
4827-8459-0836.v1

faith or dilatory motive, (3) repeated failure of amendments, (4) undue prejudice, and (5) futility of the amendment. *Lyon v. U.S. Immigr. & Customs Enf't.*, 308 F.R.D. 203, 214 (N.D. Cal. 2015). In the Ninth Circuit, "it is the consideration of prejudice to the opposing party that carries the greatest weight," and, "[a]bsent prejudice or a 'strong showing' of any other *Foman* factor, there is a presumption in favor of granting leave to supplement." *Id.*

## B. The Motion Complies with Rule 15(d) and Should Be Granted

The Motion complies with both Rule 15(d)'s express language and relevant authority concerning its application. This Court's appointment of Pension Trust as lead plaintiff is a "transaction, occurrence, or event that happened after the date of the pleading to be supplemented," here the SAC. Fed. R. Civ. P. 15(d). And, the Supplement merely makes clear that the Pension Trust has been appointed and that the prior lead plaintiff has withdrawn from the case. *See* ECF No. 229-1. Thus, the Motion complies with Rule 15(d). *See Food & Water Watch*, 2021 WL 1893063, at *3 (noting that "new parties, and allegations regarding events that occurred after the original complaint was filed are all properly permitted under Rule 15(d)").

## C. Defendants' Arguments Regarding Lead Counsel's Duties Are Without Merit

Defendants do not dispute, and therefore concede, that the Motion complies with the first four *Foman* factors. *See* Opp. at 4; *United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006) (holding that "'arguments not raised by a party in its opening brief are deemed waived'"). Instead, Defendants argue the Supplement is futile by raising three arguments that go far beyond opposing the Supplement and seek additional affirmative relief, such as requiring Lead Plaintiff to file an amended complaint or to compel Lead Counsel to interview CWs. Each argument is without merit.

### 1. Civil Local Rule 10-1 Does Not Require Filing an Amended Complaint

Defendants argue that the Supplement violates Civil Local Rule 10-1 ("Civil L.R. 10-1"), which they say requires Lead Plaintiff to file "a single operative complaint." *See* Opp. at 4-5. This argument conflates Rule 15(a), which deals with amendments and Rule 15(d), which deals with supplements. They serve different functions. Amendments under Rule 15(a) "relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading,"

whereas supplemental pleadings under Rule 15(d) "deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings." 6A Wright & Miller §1504. Consistent with this distinction, Civil L.R. 10-1 does not mention supplemental pleadings or Rule 15(d), stating only that "[a]ny party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference." Civil L.R. 10-1.

Here, the operative pleading remains the SAC and the Motion proposes a narrow supplement under Rule 15(d), simply to acknowledge the fact to which all parties are aware: a new Lead Plaintiff has been appointed. The Supplement does not "entirely replace the earlier pleading" and instead "represent[s] additions to or continuations" to the SAC. 6A Wright & Miller §1504. Thus, no amended complaint under Civil L.R. 10-1 is required. For example, in *Patkins v. Lisk*, Judge Hixson granted a Rule 15(d) motion to supplement the operative complaint to add an additional defendant. No. 16-cv-04347-TSH, 2020 WL 5760477, at *1 (N.D. Cal. Sept. 28, 2020). The supplement did not – as Defendants claim is required – re-allege everything in the operative complaint, but instead filed a one-page standalone supplement to the operative complaint "adding a necessary defendant." Decl., Ex. A.[2]

Defendants do not cite any case requiring a plaintiff to file an amended complaint when supplementing under Rule 15(d) and to do so would render Rule 15(d) meaningless. *See* Opp. at 5-6. Defendants argue that in *Cunningham v. Medtronic Inc.*, No. 14-cv-04814-HSG (PR), 2015 U.S. Dist. LEXIS 164530 (N.D. Cal. Dec. 8, 2015), Judge Gilliam "den[ied] [a] motion to supplement under Rule 15(d) for failure to comply with Local Rule 10-1." Opp. at 5. But that is inaccurate, as Judge Gilliam held that the motion would "be construed as a motion for leave to amend pursuant to Rule 15(a)" because the plaintiff sought to add facts that "occurred prior to the filing of the original

---

[2]    Likewise, in *Martin v. Naval Crim. Investigative Serv.*, the court granted a Rule 15(d) motion to file a supplemental complaint, No. 10CV-01879WQH (MDD), 2012 WL 1570840, at *4 (S.D. Cal. May 3, 2012), and that supplement added claims and allegations to the operative complaint without restating every allegation, *see* Decl., Ex. B. And, in *Caudle v. AAC Holdings Inc., et al.*, 3:19-CV-00407 (M.D. Tenn.), the court granted an unopposed motion to supplement the complaint, *id.*, Ex. C, and the supplement only replaced a paragraph in the operative complaint, *id.*, Ex. D; *see also id.*, Exs. E-F (in the same litigation, order granting motion for leave to supplement, and supplement making line additions to three paragraphs of the complaint).

REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR LEAVE TO
SUPPLEMENT THE SECOND AMENDED COMPLAINT - 3:19-cv-01651-WHO        - 6 -
4827-8459-0836.v1

complaint." *Cunningham*, 2015 U.S. Dist. LEXIS 164530, at \*2-\*3. The distinction – which Defendants ignore – proved dispositive. *See id.* at \*3 (holding that a single amended complaint was required "because an amended complaint completely replaces the original complaint").

Defendants similarly claim that in *Montoya v. City of San Francisco*, No. 17-cv-06534-JD, 2021 WL 197659 (N.D. Cal. Jan. 20, 2021), Judge Donato rejected an attempt by the plaintiff to offer a "supplemental" complaint under Civil L.R. 10-1. Opp. at 4. But, again, Defendants omit that *Montoya* dealt with an "amended complaint" that "supersede[d] the original, the latter being treated thereafter as non-existent." *Montoya*, 2021 WL 197659, at \*1-\*2. Defendants' citation to Rule 15(a) cases fails to support their argument that the Supplement violates Civil L.R. 10-1 or their claim that Lead Plaintiff must file an amended complaint to replace the prior upheld SAC.

### 2. The Proposed Supplement Provides Notice of the Claims

Defendants feign confusion about who the parties and counsel are in the case by claiming that the supplement fails to provide "notice of the parties that they are litigating against" or the "grounds" on which the claims rest. Opp. at 6-8. This argument is meritless.

Defendants are well aware that only Mr. Hedvat was replaced by Pension Trust as lead plaintiff, with new Lead Counsel appointed. Named plaintiff Miami F&P has not withdrawn nor has its counsel, L&K. The Supplement does not confuse this record because it does not purport to withdraw either Miami F&P or L&K.[3] The one change it makes, replacing the lead plaintiff, merely conforms the pleadings to the Court's order. *See, e.g.*, *Patkins*, 2020 WL 5760477, at \*2 (granting Rule 15(d) motion to supplement complaint to add a defendant and holding defendants would not be prejudiced, as the plaintiff "does not intend to add any new claims, amend existing claims, assert new facts . . . or seek new discovery"); *Ally Bank v. Castle*, No. 11-CV-896-YGR, 2012 WL 3627637, at \*2 (N.D. Cal. Aug. 20, 2012) (granting Rule 15(d) motion to supplement the complaint to add defendants and holding that "[t]he addition of new parties . . . would not interfere with

---

[3] Addition of named plaintiffs is commonplace, which is why Defendants posed no opposition to the addition of Miami F&P in this case. *See* CAC at 1, 10; *see also Hunt v. Bloom Energy Corp.*, No. 19-cv-02935-HSG, 2021 WL 1110260, at \*2 (N.D. Cal. Mar. 23, 2021) (denying defendants' motion to strike allegations adding named plaintiffs with additional counsel and holding "the additions are permissible and consistent with the Lead Plaintiff's duties").

Defendants' ability to mount a defense" and "the argument that additional counsel might need to be involved is not basis for finding prejudice to defendants *per se*"). Thus, Defendants have clear notice of the Lead Plaintiff and named plaintiff against whom they are litigating as well as the claims, which remain undisturbed and in one filing, the SAC, which has been upheld by the Court. ECF No. 140.

### 3. Rule 11 Does Not Require Lead Counsel to Interview the CWs

Defendants state the obvious in pointing out that "Robbins Geller did not perform the pre-filing investigation that provided the basis for the allegations in the SAC, which occurred long before Robbins Geller's appointment as Lead Counsel," including the CW interviews. Opp. at 7. But from that fact, they make the unsupported leap that Lead Counsel needs to interview the CWs before it can prosecute the claims and seek discovery. *Id.* at 10-15. The arguments have no merit.

### a. The Pleadings Are Signed in Compliance with Rule 11

Defendants claim that the Motion should be denied because the SAC would be left "unsigned" in violation of Rule 11. Opp. at 10. That is not true, and Defendants again misconstrue Rule 15(d) supplements. As discussed, a Rule 15(d) supplement does not "replace the earlier pleading" and instead "represent[s] additions to or continuations of the earlier pleadings." 6A Wright & Miller §1504. Thus, the SAC would remain the operative complaint. *Supra* §III.C.1. The SAC was signed by L&K, thereby undertaking Rule 11 obligations for the allegations therein, including the CW allegations. *See* Fed. R. Civ. P. 11(a). In addition, Defendants' hypothetical discussion of unserved interrogatories (Opp. at 8) ignores that Miami F&P and L&K remain in the case to answer to any concerns regarding the factual basis for the SAC, including the CW allegations. *See* SAC at 1, 10. In addition, Lead Counsel has signed the Supplement, thereby undertaking Rule 11 obligations for the facts asserted therein – *i.e.*, regarding the appointment of Pension Trust and that allegations in the SAC are based, in part, on an investigation of counsel that includes L&K. Thus, no pleading is without an attorney signature.

### b. Defendants Already Know the Identity of the CWs

Because Rule 11 is satisfied, Defendants' remaining arguments are irrelevant, and they are also without merit. For example, Defendants make an erroneous and misleading claim that unless

REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE SECOND AMENDED COMPLAINT - 3:19-cv-01651-WHO      - 8 -
4827-8459-0836.v1

Lead Counsel interviews the CWs, Lead Plaintiff will be unable to confirm the identities of the CWs, which would be "facially absurd." Opp. at 8. Yet, in the same brief, Defendants admit that they have already been able to identify the CWs and have interviewed some. *Id.* at 14-15.

**c.      Lead Counsel Can Prosecute the Claims Without
Interviewing the CWs at This Time**

Lead Plaintiff and Lead Counsel were appointed to lead a case that was past the pleadings stage and in discovery. Defendants do not cite any case in which a newly appointed Lead Plaintiff or Lead Counsel at that stage was required to file an amended pleading, under Rule 11 or any other authority. Nevertheless, Defendants argue that in order to prosecute the claims, the Supplement must be read to certify under Rule 11(b) that counsel, as to the allegations in the SAC, "'to the best of [their] knowledge, information, and belief, formed after a reasonable inquiry under the circumstances . . . the factual contentions have evidentiary support or . . . will likely have evidentiary support after reasonable opportunity for further investigation or discovery.'" Opp. at 11. Even if that standard applied, it does not require Lead Counsel to interview the CWs.

Defendants misstate what constitutes an "inquiry reasonable under the circumstances." First, Defendants ignore "the circumstances" entirely and rely upon cases discussing the "pre-filing investigation" required in securities cases. *See, e.g.*, Opp. at 11-14 (citing cases). But they do not cite any cases stating that subsequently-appointed counsel is obligated to re-do the pre-filing investigation or, in this case, to interview the CWs after the complaint has been upheld. At this stage, the best course is to proceed with discovery and Defendants can depose the CWs, with all counsel present. Rather than have a clear transcript, Defendants appear to strategically be seeking a second chance to dismiss the SAC, or at a minimum to induce further party communications with the CWs to build a record to later scour for inconsistencies or impeachment material. Defendants cite no case holding Rule 11 requires this of substituted Lead Counsel.

Second, pertinent to the circumstances here, the Rule 11 committee notes contemplate that a "reasonable inquiry" might "depend[] on forwarding counsel or another member of the bar." Rule 11, advisory committee note on 1983 amendment. Defendants' cases do not hold otherwise and instead provide that a pre-filing investigation does not satisfy Rule 11 merely "by relying on

complaints filed by different counsel," such as copying CW allegations from a different case. Opp. at 12. But here, the Supplement does not copy or make any CW allegations, it replaces the Lead Plaintiff. ECF No. 229-1. Moreover, unlike in Defendants' cases, L&K remains counsel in this case and Defendants have given no reason why Lead Counsel cannot reasonably rely upon L&K's representation that the allegations have support. *See, e.g.*, *Johns v. Bayer Corp.*, No. 09CV1935 DMS (JMA), 2010 WL 2573493, at *2 (S.D. Cal. June 24, 2010) (rejecting argument that complaint improperly repeated allegations in another complaint where, unlike in other cases that merely copy and pasted allegations, counsel "contacted the attorney in [the other case] to discuss the basis for his claims, and indeed, that attorney has made an appearance in this case").

Third, even in pre-filing investigations, there is no requirement that an attorney personally interview witnesses. *See Moshell v. Sasol Ltd. et al*, No. 20-Civ.-01008 (JPC), 2021 WL 3174414, at *33 (S.D.N.Y. July 24, 2021) (rejecting Rule 11 sanctions where counsel did not speak with certain CWs). In *Tai Jan Bao v. Solarcity Corp.*, Judge Freemen denied Defendants' counsel's request for Rule 11 sanctions, finding plaintiffs' counsel "undertook a reasonable investigation" that included "retaining a licensed investigation firm" to "conduct interviews of former [company] employees." No. 14-cv-01435-BLF, 2017 WL 878226, at *3 (N.D. Cal. Mar. 6, 2017).

And fourth, while Defendants try to make much of a so-called "basic decency" to "inform CWs that they will be relied upon in complaints," this dicta is not a Rule 11 requirement. *See, e.g.*, *Moshell*, 2021 WL 3174414, at *17, *33 (rejecting Rule 11 sanctions where counsel did not "speak with" certain CWs and "read them the allegations attributed to them in the Amended Complaint before filing," and holding that "[w]hile it may be good practice for counsel to secure a witness's consent before including that person's allegations in a complaint, Rule 11 also does not impose such a requirement").[4] To the extent those practices applied at all, they applied to L&K in the past, as Defendants' case does not suggest that a subsequently-appointed lead counsel must go back to CWs

---

[4]    *See also The Dep't of the Treasury of the State of New Jersey & its Div. of Inv. v. Cliffs Nat. Res., Inc.,* No. 1:14 CV 1031, 2015 WL 6870110, at *4 n.5 (N.D. Ohio Nov. 6, 2015) (denying motion to strike CW allegations and describing "pronouncements" in *Millenial Media* as "dicta" with "no precedential effect" that "relate only to the facts of that case"). Defendants' reliance on *City of Livonia Emps.' Ret. Sys. v. Boeing Co.*, 306 F.R.D. 175 (N.D. Ill. 2014) is misplaced, as that involved the highly particular circumstances of a single "critical" witness.

REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR LEAVE TO
SUPPLEMENT THE SECOND AMENDED COMPLAINT - 3:19-cv-01651-WHO        - 10 -
4827-8459-0836.v1

to confirm any disclosures were made to them, particularly when Defendants' own declaration states the CWs already received copies of the allegations.  *See* Opp. at 15.

Thus, under the circumstances here, Lead Plaintiff and Lead Counsel are not required to interview the CWs to file the Supplement.  They were appointed to prosecute claims that were already upheld, despite the exacting standards of the PSLRA, not to restart at the pleading stage.

### d.    Defendants' Attempts to Further Prevent This Case from Discovery Should Be Denied

Defendants lost a motion to dismiss, filed an Answer, and have not filed any motion alleging any issues concerning the CWs or L&K's pre-filing investigation.  Despite having the identities of the CWs and having interviewed three of them, Defendants have been unable to raise anything more than a vague claim that they have "significant reason to be concerned about the integrity of the investigation L&K undertook to support CW statements in the SAC."  Opp. at 14.  Defendants primarily say the CWs they interviewed claimed to not know or give consent to being used in the SAC or did not remember providing the information, as opposed to, for example, refuting any substantive allegations.  *See id.* at 14-15.  Defendants make a seemingly irrelevant claim that one witness "had no issues with the Company," and make a vague claim that another "stated that there were absolutely attributions to him/her in the SAC s/he did not agree with or were incorrect."  *Id.* at 15.  Yet these nondescript claims do not identify any material allegations that were refuted.

Moreover, the declaration describing the calls does not explain what information (other than identifying himself) defense counsel provided to the CWs.  *See* ECF No. 231-1; *see also generally Union Asset Mgmt. Holding AG v. Sandisk LLC*, 227 F. Supp. 3d 1098, 1099–100 (N.D. Cal. 2017) (noting that a CW "might, after being approached by [the defendant], have become concerned that he overstated his knowledge to the plaintiffs' investigator, and he might now be overcompensating by recanting more of the allegations than he should"); *In re Applied Micro Cirs. Corp. Sec. Litig.*, No. 01-CV-0649 K(AJB), 2002 WL 34716875, at *11 (S.D. Cal. Oct. 4, 2002) ("Plaintiff provides a plausible explanation as to why sources are now contradicting themselves; Plaintiff claims the change occurred after having been contacted by Defendants' attorneys.  This boils down to an issue of credibility to be determined by a trier of fact, and therefore is not appropriate for a Rule 11

REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR LEAVE TO
SUPPLEMENT THE SECOND AMENDED COMPLAINT - 3:19-cv-01651-WHO          - 11 -
4827-8459-0836.v1

motion."); *In re BofI Holding, Inc. Sec. Litig.*, 318 F.R.D. 129, 135 (S.D. Cal. 2016) (noting statements by interviewing defense counsel could "mar" CWs' view of plaintiff's counsel and "influence" them or even "pressure [CWs] to give untruthful statements").[5] Thus, discovery should resume and competing interviews should cease in favor of depositions with all counsel participating. *See, e.g.*, *Sandisk*, 227 F. Supp. 3d at 1099-100 (stating a CW's declaration recanting allegations "might be true" but "it might be false because the witness feels intimidated by the defendants" and "[b]efore the Court could credit the declaration and rely on it to deny leave to amend, it would obviously need to give the plaintiffs an opportunity to test the declaration's accuracy through discovery, an evidentiary hearing, or both").

Contrary to Defendants' unfounded claim that Lead Counsel is "strategically attempting to avoid responsibility for the SAC's substantive allegations" (Opp. at 10), Lead Counsel is attempting to begin discovery to prove the claims. Defendants' attempt to stall the case based on vague CW arguments should be rejected. *See, e.g.*, *Hatamian v. Advanced Micro Devices, Inc.*, No. 14-cv-00226-YGR, 2015 WL 511175, at *2-*3 (N.D. Cal. Feb. 6, 2015) (denying motion to strike based on CW recantations because "such questions are more appropriately raised in the context of summary judgment after the benefit of full discovery, or for consideration by a jury").

## IV.    CONCLUSION

For the foregoing reasons, the Motion should be granted and a discovery schedule set, so the case can continue without further delay.

DATED: July 29, 2021                    ROBBINS GELLER RUDMAN
                                          & DOWD LLP
                                        SHAWN A. WILLIAMS
                                        KENNETH J. BLACK


                                            s/ Kenneth J. Black
                                        KENNETH J. BLACK

---

[5]    Ironically, while claiming Lead Counsel must interview the CWs before prosecuting the case in discovery, defense counsel signing the brief is different than the one who did the interviews and thus is also relying upon a colleague for the substance of the conversations. *See* Opp. at 15; ECF No. 231-1, ¶4. In addition, while the brief claims that the CWs collectively expressed "discomfort and frustration" (Opp. at 14 n.9), the declaration does not support that assertion for two out of the three CWs interviewed (ECF No. 231-1, ¶¶5-6).

REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR LEAVE TO
SUPPORT THE SECOND AMENDED COMPLAINT - 3:19-cv-01651-WHO          - 12 -
4827-8459-0836.v1

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
kblack@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

Lead Counsel for Lead Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on July 29, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Kenneth J. Black
KENNETH J. BLACK

ROBBINS GELLER RUDMAN
    & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail:  kblack@rgrdlaw.com

4827-8459-0836.v1

## Mailing Information for a Case 3:19-cv-01651-WHO In re Nutanix, Inc. Securities Litigation

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com,MAlbert@ecf.courtdrive.com

- **Laura G. Amadon**
  lamadon@wsgr.com,vshreve@wsgr.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Stephanie A. Bartone**
  sbartone@zlk.com,shalliday@zlk.com,ecf@zlk.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com

- **David Bricker**
  dbricker@tenlaw.com

- **Robert C. Finkel**
  RFinkel@wolfpopper.com,cdunleavy@wolfpopper.com

- **Richard W. Gonnello**
  rgonnello@faruqilaw.com,ecf@faruqilaw.com,dbehnke@faruqilaw.com

- **Benjamin Heikali**
  Bheikali@faruqilaw.com,rglezakos@faruqilaw.com,ecf@faruqilaw.com,tpeter@faruqilaw.com

- **Shannon L Hopkins**
  shopkins@zlk.com,mkeating@zlk.com,shalliday@zlk.com,ecf@zlk.com

- **John T. Jasnoch**
  jjasnoch@scott-scott.com,scott-scott@ecf.courtdrive.com,efile@scott-scott.com

- **David Reuven Lev Kaplan**
  dkaplan@saxenawhite.com,e-file@saxenawhite.com,lmix@saxenawhite.com

- **Nancy A. Kulesa**
  nkulesa@bfalaw.com

- **Nicole Catherine Lavallee**
  nlavallee@bermantabacco.com,sfservice@bermantabacco.com

- **Katherine M. Lenahan**
  klenahan@faruqilaw.com,ecf@faruqilaw.com

- **Nina F. Locker**
  nlocker@wsgr.com,lkoontz@wsgr.com,calendar@wsgr.com

- **Adam Christopher McCall**
  amccall@zlk.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Tricia Lynn McCormick**
  triciam@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Kristina M Mentone**
  kmentone@zlk.com,shalliday@zlk.com,ecf@zlk.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Gregory Mark Nespole**
  gnespole@zlk.com,ecf@zlk.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,asoto@pomlaw.c

- **Aidan Chowning Poppler**
  cpoppler@bermantabacco.com,sfservice@bermantabacco.com

- **Lesley F. Portnoy**
  LPortnoy@glancylaw.com,info@glancylaw.com,clinehan@glancylaw.com,lesley-portnoy-3007@ecf.pacerpro.com,charles-linehan-8383@ecf.pacerpro.com

- **Gregory M Potrepka**
  gpotrepka@zlk.com,shalliday@zlk.com,ecf@zlk.com

- **Andrew W. Rocco**
  arocco@zlk.com,shalliday@zlk.com,ecf@zlk.com

- **Joshua Wolf Ruthizer**
  jruthizer@wolfpopper.com,cdunleavy@wolfpopper.com

- **Ignacio Evaristo Salceda**
  isalceda@wsgr.com,rlustan@wsgr.com

- **Shane Palmesano Sanders**
  ssanders@robbinsllp.com,notice@robbinsllp.com

- **Evan L Seite**
  eseite@wsgr.com,vhernandez@wsgr.com

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,johnson@wvbrlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,kennyb@rgrdlaw.com,mburch@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)