# EXHIBIT B

ACLU FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
DAVID BLAIR-LOY (229235)
SEAN RIORDAN (255752)
P.O. Box 87131
San Diego, CA 92138-7131
Telephone: (619) 398-4485
Facsimile: (619) 232-0036
davidloy@aclusandiego.org
sriordan@aclusandiego.org

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>NAVAL CRIMINAL INVESTIGATIVE SERVICE ("NCIS"); MARK D. CLOOKIE, NCIS DIRECTOR; WADE JACOBSON, NCIS ACTING SPECIAL AGENT IN CHARGE, MARINE CORPS WEST FIELD OFFICE; SEAN SULLIVAN, STAFF JUDGE ADVOCATE, MARINE CORPS RECRUIT DEPOT SAN DIEGO; GERALD "JERRY" MARTIN, NCIS SPECIAL AGENT; RAY MABUS, SECRETARY OF THE NAVY; JOHN DOES 1-7; and UNITED STATES OF AMERICA,<br><br>Defendants. | **Case No. 10-cv-1879 WQH MDD**<br><br>**FIRST SUPPLEMENTAL COMPLAINT FOR:**<br><br>1. Intentional Infliction of Emotional Distress<br>2. Battery<br>3. Malicious Trespass<br>4. Abuse of Process<br>5. False Imprisonment |

Pursuant to Federal Rule of Civil Procedure 15(d), Plaintiff Carolyn Martin ("Ms. Martin" or "Plaintiff") files this First Supplemental Complaint, which alleges the occurrence of jurisdictional facts occurring after the original complaint was filed and pleads claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.*, against the United States of America that could not have been pleaded before those jurisdictional facts occurred. Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over Plaintiff's FTCA claims under 28 U.S.C. § 1331 and § 1346(b).

2. The Court has personal jurisdiction over the United States of America.

3. Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(e) and § 1402(b) because the events which give rise to this action occurred within this district and Plaintiff resides within this district.

## PARTIES

4. Plaintiff Carolyn Martin is, and at all times relevant was, a citizen of California working and residing in San Diego County.

5. Defendant United States of America is sued for Plaintiff's personal injuries caused by the negligent or wrongful acts or omissions of its employees. Those employees were acting within the scope of their office or employment under circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of the State of California. *See* 28 U.S.C. § 1346(b).

## FACTUAL ALLEGATIONS

6. On June 21, 2011, Ms. Martin mailed an administrative claim under the Federal Tort Claims Act, comprised of a completed Standard Form 95 and supporting materials, to the appropriate federal agencies, including the Department of the Navy ("DON") Tort Claims Unit. *See* Ex. A (Tort Claim). Ms. Martin claimed $50,035 in damages. The DON's Tort Claims Unit

2.                                                                              CASE NO. 10-CV-1879

received the claim on June 23, 2011.  Because the earliest tortious action described in Ms. Martin's administrative claim occurred on June 29, 2009, her claim was timely filed.  *See* 28 U.S.C.A. § 2401(b) (two year statute of limitations for filing of administrative tort claims).

7.  In a letter dated October 20, 2011, over one year after the original complaint in this case was filed, the DON's Tort Claims Unit denied Ms. Martin's administrative tort claim.  *See* Ex. B (Denial Letter).  This action under the FTCA is timely.  *See* 28 U.S.C.A. § 2401(b) (six month statute of limitations for filing of action after denial of administrative tort claim).

### FIFTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Against the United States of America for damages)**

8.  Plaintiff incorporates by reference the allegations of the original Complaint as though set forth herein.

9.  Defendants Agent Martin and Doe 1 engaged in, instigated, and directed a course of extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, emotional distress to Plaintiff.

10.  As a proximate result of the acts alleged herein Plaintiff suffered severe or extreme emotional distress, entitling her to damages in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION
### BATTERY
**(Against the United States of America for damages)**

11.  Plaintiff incorporates by reference the allegations of the original Complaint as though set forth herein.

12.  Defendant Agent Martin caused Plaintiff to be touched with the Violation Notice on May 3, 2010 with the intent to harm her.

13.  Plaintiff did not consent to the touching.

14.  As a proximate result of the acts alleged herein Plaintiff suffered harm, entitling her to damages in an amount to be proven at trial.

3.                                        CASE NO. 10-CV-1879

## SEVENTH CAUSE OF ACTION
### MALICIOUS TRESPASS
**(Against the United States of America for damages)**

15. Plaintiff incorporates by reference the allegations of the original Complaint as though set forth herein.

16. Defendants Agent Martin and Doe 1 entered Plaintiffs' property on May 3, 2010 without authorization and with the malicious intent to give her a fraudulent Violation Notice.

17. As a proximate result of the acts alleged herein Plaintiff is entitled to damages in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION
### ABUSE OF PROCESS
**(Against the United States of America for damages)**

18. Plaintiff incorporates by reference the allegations of the original Complaint as though set forth herein.

19. Defendants Agent Martin and Doe 1 willfully and wrongfully created the purported Violation Notice and willfully and wrongfully purported to serve the Violation Notice on Plaintiff with the motive of using the Violation Notice to retaliate against Plaintiff for her activities as a defense investigator and otherwise to harass and harm her.

20. As a proximate result of the acts alleged herein, Plaintiff is entitled to damages in an amount to be proven at trial.

## NINTH CAUSE OF ACTION
### FALSE IMPRISONMENT
**(Against the United States of America for damages)**

21. Plaintiff incorporates by reference the allegations of the original Complaint as though set forth herein.

22. Through actions described herein on July 23, 2009, Does 1-7 intentionally confined Plaintiff without lawful justification.

23. Plaintiff did not consent to such confinement.

24. As a proximate result of the acts alleged herein Plaintiff is entitled to damages in an amount to be proven at trial.

4.                                                    CASE NO. 10-CV-1879

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

Awarding general and compensatory damages under the FTCA against the United States in an amount to be proven at trial.

Respectfully submitted,

Dated: May 7, 2012            ACLU FOUNDATION OF SAN DIEGO &
                             IMPERIAL COUNTIES
                             DAVID BLAIR-LOY (229235)
                             SEAN RIORDAN (255752)


                             **/s/ Sean Riordan**
                             SEAN RIORDAN (255752)
                             Attorney for Plaintiff

5.                                    CASE NO. 10-CV-1879