United States District Court
Northern District of California

1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    RYAN SCHELLER, et al.,                    Case No. 19-cv-01651-WHO

                 Plaintiffs,
8
                                               **ORDER GRANTING MOTION FOR**
9        v.                                    **LEAVE TO SUPPLEMENT SECOND**
                                               **AMENDED COMPLAINT**
10   NUTANIX, INC., et al.,
                                               Re: Dkt. No. 229
                 Defendants.
11

12

13          Lead plaintiff California Ironworkers Field Pension Trust (the "Pension Trust") moves for

14   leave to supplement the Second Amended Complaint ("SAC").  Defendants Nutanix, Inc., Chief

15   Executive Officer Dheeraj Pandey, and Chief Financial Officer Duston M. William (collectively

16   "Nutanix") oppose and assert that the motion does not satisfy pleading requirements and violates

17   Federal Rule of Civil Procedure 11.  Pursuant to Civil Local Rule 7-1(b), this matter is appropriate

18   for resolution without oral argument.  I VACATE the hearing scheduled for August 18, 2021.  For

19   the reasons explained below, the Pension Trust's motion satisfies pleading standards and does not

20   violate Rule 11.  I GRANT the Pension Trust's motion.

21                                    **BACKGROUND**

22          This case is a putative class action brought against Nutanix alleging violations of federal

23   securities law from March 1, 2018 through May 30, 2019.  On July 10, 2019, I appointed Shimon

24   Hedvat as lead plaintiff and appointed his selected counsel, Levi & Korsinsky, LLP ("Levi &

25   Korsinsky") as lead counsel.  Dkt. No. 87.  On September 9, 2019, Hedvat, along with the City of

26   Miami Fire Fighters' and Police Officers' Retirement Trust ("Miami F&P") filed a Consolidated

27   Amended Complaint ("Complaint").  Dkt. No. 102 ("Compl.").  The allegations in the Complaint

28   were based on statements purportedly made by seven former Nutanix employees who were

United States District Court
Northern District of California

1    identified as confidential witnesses ("CWs"). *Id.* ¶¶ 50–56. On April 17, 2020, plaintiffs filed the

2    SAC. Dkt. No. 124 ("SAC"). The SAC added new allegations based on statements purportedly

3    made by five new CWs. SAC ¶¶ 50–61.

4         On March 1, 2021, I granted the withdrawal of Hedvat as lead plaintiff, Dkt. No. 171, and

5    a few days later, I ordered the parties to submit a proposed case management schedule within ten

6    days of my order appointing a new lead plaintiff, Dkt. No. 173. On June 10, 2021, I appointed the

7    Pension Trust and its counsel, Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), as lead

8    plaintiff and lead counsel. Dkt. No. 224. After the appointment, Robbins Geller and Nutanix's

9    counsel disputed whether the Pension Trust needed to submit its own complaint before the

10   negotiations about the proposed schedule began. Dkt. No. 231-1 ("Seite Decl.") ¶¶ 2–3; Dkt. No.

11   234 ("Black Decl.") ¶¶ 4–5. As a compromise, Robbins Geller agreed to file a Rule 15(d) motion

12   and supplement the SAC to add the Pension Trust as a party. Seite Decl. ¶ 3; Black Decl. ¶ 6. On

13   July 8, 2021, the Pension Trust filed a motion for leave to supplement the SAC ("Motion to

14   Supplement"). Dkt. No. 229 ("Mot.").

15                                    **LEGAL STANDARD**

16        Federal Rule of Civil Procedure 15(d) states that "[o]n motion and reasonable notice, the

17   court may, on just terms, permit a party to serve a supplemental pleading setting out any

18   transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

19   FED. R. CIV. P. 15(d). "The legal standard for granting or denying a motion to supplement under

20   Rule 15(d) is the same as for amending one under Rule 15(a)." *Paralyzed Veterans of America v.*

21   *McPherson*, 2008 WL 4183981, at *25 (N.D. Cal. Sept. 9, 2008). When assessing whether leave

22   is appropriate, courts generally consider five factors: "(1) undue delay, (2) bad faith or dilatory

23   motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue

24   prejudice to the opposing party, and (5) futility of the amendment." *Lyon v. United States*

25   *Immigration & Customs Enforcement*, 308 F.R.D. 203, 214 (N.D. Cal. 2015). "The court should

26   freely give leave when justice so requires." FED. R. CIV. P. 15(a). But futility may, on its own,

27   justify denying a motion to supplement and "futile amendments should not be permitted." *See*

28   *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

**DISCUSSION**

The Pension Trust seeks to supplement the SAC and make the following three revisions:

1. The words "Shimon Hedvat" on page 1 of the SAC are replaced with "California Ironworkers Field Pension Trust."

2. The words "undersigned Lead Counsel" on page 1 of the SAC are replaced with "counsel."

3. Paragraph 40 of the SAC is replaced in its entirety with the following: "Lead Plaintiff California Ironworkers Field Pension Trust purchased Nutanix common stock during the Class Period, as set forth in the certification filed with its lead plaintiff application (ECF No. 185-1), incorporated by reference herein, and was damaged thereby."

Dkt. No. 229-1 ("Proposed Supplement") at 3.  Nutanix opposes and asserts that the Motion to Supplement should be denied because it fails to meet pleading standards and it violates Federal Rule of Civil Procedure 11 and is therefore futile.  Nutanix is wrong.  The Motion to Supplement satisfies pleading requirements and does not violate Rule 11.

## I.   THE MOTION TO SUPPLEMENT COMPLIES WITH PLEADING REQUIREMENTS

First, Nutanix argues that the Pension Trust's motion should be denied because the Pension Trust failed to attach a copy of the entire proposed complaint in violation of Civil Local Rule 10-1.  Mot. at 1.  The rule recites, "Any party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference."  Civil L.R. 10-1.  In this case, the Pension Trust did not need to attach a copy of the entire proposed complaint because its motion is to supplement the SAC, not amend the SAC.[1]  *See Patkins v. Lisk*, No. 16-CV-04347-TSH, 2020 WL 5760477, at \*1 (N.D. Cal. Sept. 28, 2020)

---

[1] The cases Nutanix relies upon are distinguishable because they concern motions for leave to amend, not supplement, the complaint. *See, e.g.*, *Montoya v. City of San Francisco*, No. 17-CV-06534-JD, 2021 WL 197659 (N.D. Cal. Jan. 20, 2021) (rejecting plaintiffs' argument that the third amended complaint should be read as a supplemental briefing); *Cunningham v. Medtronic Inc.*, No. 14-CV-04814-HSG (PR), 2015 U.S. Dist. LEXIS 164530 at \*3 (N.D. Cal. Dec. 8, 2015) (construing the motion as a leave to amend instead of a motion to supplement).

United States District Court
Northern District of California

1    (granting the motion to supplement without an attachment of the proposed complaint); *see also*

2    Dkt. No. 234-1 (proposed supplement in *Patkins*).  The Pension Trust's motion concerns events

3    that occurred after the Complaint—the appointment of a new lead plaintiff—not before and so its

4    motion is appropriately considered as a Rule 15(d) motion to supplement the SAC.  *Compare* FED.

5    R. CIV. P. 15(d) ("the court may, on just terms, permit a party to serve a supplemental pleading

6    setting out any transaction, occurrence, or event that happened after the date of the pleading to be

7    supplemented") *with* FED. R. CIV. P. 15(a) (relating to "matters that occurred prior to the filing of

8    the original pleading, and entirely replace the earlier pleading").

9        Nutanix also argues that the proposed revisions do not meet the pleading standard because

10   the Proposed Supplement fails to provide "simple and plain notice" of the parties that Nutanix is

11   litigating against and the basis of the claims.  Dkt. No. 231 ("Opp.") at 6–8.  The first proposed

12   revision seeks to replace Hedvat with the Pension Trust so that the sentence would read, "Lead

13   Plaintiff California Ironworkers Field Pension Trust and plaintiff City of Miami Fire Fighters' and

14   Police Officers' Retirement Trust ("Plaintiffs") bring this action against Nutanix, Inc. . . . ."

15   Proposed Supplement at 1; SAC at 1.  Miami F&P is represented by Levi & Korsinsky, not

16   Robbins Geller.  Nutanix asserts that Miami F&P's role in this case is unclear because the Pension

17   Trust does not have the authority to name City of Miami as a plaintiff and the Motion to

18   Supplement was filed only on behalf of the Pension Trust.

19       Contrary to Nutanix's argument, it does have notice of the parties it is litigating against.

20   Miami F&P and Levi & Korsinsky have not withdrawn from this case and the Motion to

21   Supplement does not purport to withdraw them.  Dkt. No. 234 ("Reply") at 7.  Miami F&P can

22   remain a named plaintiff even though its counsel is no longer the lead counsel.  *See, e.g.*, *Hunt v.*

23   *Bloom Energy Corp.*, No. 19-CV-02935-HSG, 2021 WL 1110260, at *2 (N.D. Cal. Mar. 23, 2021)

24   (holding that the addition of named plaintiffs with additional counsel is "permissible and consistent

25   with the Lead Plaintiff's duties.").  The first proposed revision does not change the fact that Nutanix

26   has clear notice of the lead plaintiff and the named plaintiff against whom it is litigating against.

27       Nutanix also asserts that the second proposed revision makes the basis of the claims

28   "impermissibly ambiguous and confusing."  Opp. at 6–8.  The Pension Trust contends that it does not

United States District Court
Northern District of California

United States District Court
Northern District of California

1    seek to add any new claims, amend existing claims, or assert new facts and that the basis of its

2    current claims are clear. *See Patkins*, 2020 WL 5760477, at \*2 (granting motion to supplement where

3    the only amendment was to add a defendant). The second proposed revision seeks to replace

4    "undersigned Lead Counsel" with "counsel" so that the sentences would read as follows:

5

6

7

8

9

10

> "Plaintiffs allege the following based upon personal knowledge as to
> themselves and their own acts, and upon information and belief as to
> all other matters. Plaintiffs' information and belief is based on the
> investigation of their ***counsel***, which included among other things,
> review and analysis of: (i) Nutanix's public filings with the U.S.
> Securities and Exchange Commission ("SEC"); (ii) Nutanix's other
> public statements, including press releases and investor conference
> calls; (iii) interviews with former employees of Nutanix; (iv) reports
> of securities and financial analysts, news articles, and other
> commentary and analysis concerning Nutanix and the industry in
> which it operates; and (v) court filings."

11    *See* Proposed Supplement at 1; SAC at 1 (emphasis added). Nutanix argues that the proposed

12    revision reflects two untenable interpretations: (1) that "counsel" refers to Levi & Korsinsky and

13    the plaintiffs, including the Pension Trust and Miami F&P; and (2) that "counsel" refers to both

14    Robbins Geller and L&K. Opp. at 7. According to Nutanix, the first interpretation is

15    impermissible because the Pension Trust's "information and belief" "could not have been based

16    on L&K's investigation." *Id.* The second interpretation is allegedly impermissible because

17    Robbins Geller did not perform the pre-filing investigation. *Id.* There is no dispute that the

18    second interpretation is impermissible, however the first interpretation is permissible for the

19    reasons below. Nutanix has sufficient notice for the basis of the claims. Nutanix's Motion to

20    Supplement is sufficiently pleaded.

21    **II.**      **THE MOTION TO SUPPLEMENT IS NOT FUTILE**

22        Nutanix asserts that the motion to supplement is futile because it violates Rule 11 and

23    would therefore be subject to a motion to strike.[2] Opp. at 9. Nutanix argues that the Motion to

24    Supplement violates the signature requirement of Rule 11, which provides that "[e]very pleading

25    . . . must be signed by at least one attorney of record in the attorney's name." FED. R. CIV. P.

26    11(a). Because Robbins Geller does not propose to supplement the SAC with its signature and

27

28

---

[2] Because Nutanix only addresses futility, I will not address the other Rule 15(d) factors.

1    Levi & Korsinsky no longer represents the class, Nutanix argues that the supplemented SAC

2    would be unsigned.  *Id.*  But again, the Proposed Supplement does not replace the earlier pleading

3    and the SAC remains the operative complaint.  *See* CHARLES ALAN WRIGHT & ARTHUR RAPHAEL

4    MILLER, FEDERAL PRAC. & PROC. §1504 (3d ed. 2021).  Levi & Korsinsky remains counsel in this

5    case for the named plaintiff Miami F&P and it undertakes Rule 11 obligations for the allegations

6    in the operative SAC because it signed the operative SAC.  Reply at 8.  Robbins Geller undertakes

7    Rule 11 obligations for the facts in the Proposed Supplement that it signed, i.e., the appointment of

8    the Pension Trust and "that the allegations in the SAC are based, in part, on an investigation of

9    counsel that includes L&K."  *Id.*  The Motion to Supplement does not violate the signature

10   requirement of Rule 11.

11         Nutanix also asserts that the Pension Trust cannot adopt all of the substantive allegations

12   of the SAC "without fulfilling its nondelegable investigatory obligations" under Rule 11(b).  Opp.

13   at 11.  Rule 11(b) recites "by presenting to the court a pleading, written motion, or other paper" an

14   attorney "certifies that to the best of the person's knowledge, information, and belief, formed after

15   an inquiry reasonable under circumstances" that, among other things, "the factual contentions have

16   evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for

17   further investigation or discovery."  FED. R. CIV. P. 11(b)(3).  The Pension Trust does not dispute

18   that the Private Securities Litigation Reform Act requires a "more diligent pre-filing investigation"

19   for securities cases.  *See* Opp. at 11 (citing *City of Livonia Emps.' Ret. Sys. v. Boeing Co.*, 306

20   F.R.D. 175, 180–81 (N.D. Ill. 2014)).  But the Pension Trust contends that Levi & Korsinsky

21   fulfilled the investigatory obligation that formed the basis of the SAC and therefore the Pension

22   Trust is not required to re-investigate and re-interview the confidential witnesses.  Reply at 9.

23         I agree.  Nutanix does not cite any case that concludes that a replacement lead plaintiff and

24   lead counsel who were appointed after the pleading stage are required to conduct a new

25   investigation and cannot rely on the investigation by the prior lead plaintiff's counsel, who

26   remains a part of the case.  In fact, the Advisory Committee Notes on Rule 11 explain that "what

27   constitutes a reasonable inquiry may depend on such factors" as "whether [the attorney] depended

28   on forwarding counsel or another member of the bar."  Nutanix's cases do not hold otherwise.  Its

United States District Court
Northern District of California

1    cases are also factually distinguishable as they concern a counsel's improper reliance on

2    complaints filed by different counsel in different cases for its pre-filing investigation.  *See, e.g.*, *In*

3    *re Connetics Corp. Sec. Litig.*, No. 07-CV-02940-SI, 542 F. Supp. 2d 996, 1004–06 (N.D. Cal.

4    2008) (granting motion to strike paragraphs in plaintiffs' securities action complaint that were

5    taken from a complaint filed by the SEC in a separate case).[3]

6          Nutanix contends that *VNB Realty, Inc. v. Bank of Am. Corp.*, 2013 WL 5179197

7    (S.D.N.Y. Sept. 16, 2013) is "particularly instructive"; again, the case is distinguishable from the

8    facts here.  It concerns a plaintiff who had reproduced significant passages from complaints filed

9    in a separate action in which Bank of America was also a defendant.  Opp. at 13 (citing *VNB*, 2013

10   WL 5179197, at *4, *7).  The *VNB* court held that reliance on these separate complaints was

11   impermissible in part because the plaintiff "did not even know who" the witnesses that had made

12   the statements on which the plaintiff based its complaint.  *VNB*, 2013 WL 5179197, at *7.

13   Nutanix argues that the Pension Trust, like VNB, is attempting to rely on the substance of the

14   CWs' allegations "without being held responsible for certifying that those statements" are accurate

15   and are "doing so despite the fact that they presumably do not even know who the witnesses are."

16   Opp. at 13.  Unlike *VNB*, however, the counsel who had conducted the investigation, Levi &

17   Korsinsky, remains in the case and can answer any concerns regarding the factual basis for the

18   SAC, including the CW allegations.  Reply at 8.  The proper remedy is not to order the Pension

19   Trust to re-interview the CWs but, for example, to set a discovery schedule with all counsel

20   present for the CWs' depositions.  The Motion to Supplement does not violate Rule 11.[4]

21

22   [3] The other cases Nutanix relies upon are similarly distinguishable.  *See, e.g.*, *Del Giudice v.*
     *S.A.C. Cap. Mgmt., LLC*, 2009 WL 424368, at *8 (D.N.J. Feb. 19, 2009) (finding that counsel
23   violated Rule 11 by relying on a complaint filed by another law firm in a different action without
     conducting an independent investigation); *Garr v. U.S. Healthcare, Inc.*, 22 F.3d 1274, 1280–81
24   (3d Cir. 1994) (finding that plaintiffs violated Rule 11 because they copied allegations from a
     separate complaint prepared by another attorney); *In re Crude Oil Commodity Litig.*, 2007 WL
25   1946553, at *8 (S.D.N.Y. June 28, 2007) (finding that "plaintiffs cannot be permitted to free ride
26   off . . . complaints of other parties filing similar lawsuits").

27   [4] What appears to be driving Nutanix's opposition to the Pension Trust's straightforward motion
     are its concerns about the integrity of Levi & Korsinsky's investigation.  *See* Seite Decl. ¶¶ 4–7;
28   Opp. at 11–15.  Nutanix asserts that three of the CWs "confirmed that they had no understanding

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the reasons explained above, the Pension Trust's Motion to Supplement is GRANTED. By August 23, 2021, the Pension Trust may file a supplemental complaint based on its proposed revisions.

**IT IS SO ORDERED.**

Dated:  August 16, 2021



William H. Orrick
United States District Judge

---

that they would be CWs cited in a complaint." Opp. at 14.  Two of the CWs also claimed that they did not recall making certain statements or even speaking with Levi & Korsinsky.  *Id.* at 15. The Pension Trust contends that there are no requirements under Rule 11 that an attorney personally interview witnesses or inform CWs that they will be relied upon in complaints.  Reply at 10.  Because the Pension Trust's Rule 11 obligations are satisfied, the dispute about the integrity of the investigation is irrelevant to this motion and I will not address these arguments.

8