NINA F. LOCKER, State Bar No. 123838
IGNACIO E. SALCEDA, State Bar No. 164017
EVAN L. SEITE, State Bar No. 274641
BETTY CHANG ROWE, State Bar No. 214068
LAURA G. AMADON, State Bar No. 321524
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:   (650) 493-9300
Facsimile:   (650) 565-5100
Email:       nlocker@wsgr.com
             isalceda@wsgr.com
             eseite@wsgr.com
             browe@wsgr.com
             lamadon@wsgr.com

*Attorneys for Defendants Nutanix, Inc.,*
*Dheeraj Pandey, and Duston M. Williams*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NUTANIX, INC. SECURITIES LITIGATION | CASE NO.:  3:19-cv-01651-WHO |
| | **DEFENDANTS' NOTICE OF INCORPORATION BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |
| | Hearing Date: September 14, 2022 |
| | Time: 2:00 p.m. |
| | Courtroom: 2 |
| | Hon. William H. Orrick |

DEFS.' NOT. OF INCORPORATION BY REF. & REQ. FOR
JUDICIAL NOT.:  CASE NO. 3:19-CV-01651-WHO

Defendants Nutanix, Inc. ("Nutanix"), Dheeraj Pandey, and Duston M. Williams hereby request that the Court consider transcripts of Nutanix's earnings and conference calls, Nutanix's public filings with the Securities and Exchange Commission, and investor analyst reports, all of which are publicly available documents whose accuracy cannot reasonably be questioned and all but one are incorporated by reference into Plaintiffs' Second Amended Complaint for Violations of the Federal Securities Laws ("SAC" or "¶"), in support of Defendants' Motion for Partial Judgment on the Pleadings Under Fed. R. Civ. P. 12(c).  True and correct copies of the documents described herein are attached as exhibits ("Exhibit") to the accompanying Declaration of Betty Chang Rowe.

## ARGUMENT

The Supreme Court has directed that a court, in ruling on a Rule 12 motion in a securities fraud case, "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  This includes Rule 12(c) motions for judgment on the pleadings.  *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999).  Consistent with this directive, Defendants submit for the Court's consideration earnings conference call transcripts, Nutanix's public filings with the Securities and Exchange Commission ("SEC"), and investor analyst reports.

## I.   THE COURT SHOULD CONSIDER THE FULL TEXT OF DOCUMENTS INCORPORATED BY REFERENCE INTO THE SAC

In considering Rule 12 motions, including motions for judgment on the pleadings, the Court may consider a document incorporated into the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citation omitted); *Heliotrope*, 189 F.3d at 981 n.18.  The term "extensively" means "more than once." *Khoja*, 899 F.3d at 1002-03, 1006 (incorporating document referred to in complaint twice); *see also Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 779 F.3d 1036, 1042-43 (9th Cir. 2015).  However, even if cited only once, a document is still incorporated by reference when the document "forms the basis of the plaintiff's

claim." *See Khoja*, 899 F.3d at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)); *see also id.* at 1004 (document mentioned once was incorporated by reference because it formed the basis of plaintiff's securities claim by showing analyst reaction to disclosure).

Documents incorporated by reference are treated "as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002; *McGovney v. Aerohive Networks, Inc.*, 367 F. Supp. 3d 1038, 1051 (N.D. Cal. 2019) (same). For this reason, courts may consider the full text of documents incorporated into the complaint, even "including portions which were not mentioned in the complaint[]." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (documents relied on in complaint are considered in their entirety). This prevents artful pleading by plaintiffs, in which they might "select[] only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002; *see also In re Leapfrog Enter. Sec. Litig.*, 200 F. Supp. 3d 987, 993 (N.D. Cal. 2016) (considering full text of documents that "Plaintiffs expressly referred to . . . in the FAC").

"Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *NVIDIA*, 768 F.3d at 1058 n.10; *Khoja*, 899 F.3d at 1002 (same). This means that, to the extent an incorporated document contradicts a plaintiff's conclusory allegations, the Court need not accept those allegations as true. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

Courts often consider a variety of documents as incorporated by reference into the complaint, including earnings call transcripts, publicly-available filings with the SEC, and investor analyst reports. *See, e.g.*, *Khoja*, 899 F.3d at 1003-07 (considering analyst report and SEC filing as incorporated by reference); *Leapfrog*, 200 F. Supp. 3d at 992-93 (considering earnings conference calls and SEC filings); *Golub v. Gigamon Inc.*, 2019 WL 4168948, at *5-6 (N.D. Cal. Sept. 3, 2019) (considering SEC filings, press releases, and earnings conference calls), *aff'd*, 847 F. App'x 368 (9th Cir. 2021); *In re Copper Mt. Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) (analyst report "relied upon" in the complaint is incorporated by reference).

Accordingly, based on the doctrine of incorporation by reference, Defendants request that the Court consider the following documents, which are quoted or relied on throughout the SAC and which form the basis of Plaintiffs' claims:

**Exhibit 1**   S&P Global's Transcript of Nutanix's Q2 2019 Earnings Conference Call on February 28, 2019, cited, quoted and/or purportedly summarized at ¶¶ 20-22, 26, 88 n.15, 93 n.16, 114, 162, 164, 216, 226, 228, 250, 252, 262, 267, 273, 278, 280, 289, 298, 300, 310, 312, 323-329, 338-340, 352-353, 356-358, 361-362, 422.

**Exhibit 2**   S&P Global's transcript of Nutanix's Analyst Investor Day Conference Call on March 20, 2019, cited, quoted and/or purportedly summarized at ¶¶ 88 n.13, 102.

**Exhibit 3**   S&P Global's Transcript of Nutanix's Q3 2019 Earnings Conference Call on May 30, 2019, cited, quoted and/or purportedly summarized at ¶¶ 28, 84 n.12, 345-347, 424.

**Exhibit 4**   Nutanix's Form 8-K, attaching press release titled "Nutanix Reports Second Quarter Fiscal 2019 Results," filed with the SEC on February 28, 2019, cited, quoted and/or purportedly summarized at ¶¶ 20, 320-330, 424.

**Exhibit 5**   Nutanix's Form 8-K, attaching press release titled "Nutanix Reports Third Quarter Fiscal 2019 Financial Results," filed with the SEC on May 30, 2019, cited, quoted and/or purportedly summarized at ¶¶ 343-348.

**Exhibit 6**   Analyst report by Wells Fargo Securities, titled "NTNX: Transition From Momentum to Prove-It Story – Downgrade to MP," dated February 28, 2019, cited, quoted and/or purportedly summarized at ¶ 331.

**Exhibit 7**   Analyst report by Jefferies Group, titled "Nutanix (NTNX) F2Q19: Mismanaged Lead Generation but Swift Transition to Recurring Revenue," dated March 1, 2019, cited, quoted and/or purportedly summarized at ¶ 335.

**Exhibit 8**   Analyst report by William Blair & Co., titled "When It Rains It Pours; Recovery Taking Longer Than Expected but All Is Not Lost," dated May 31, 2019, cited, quoted and/or purportedly summarized at ¶ 30.

**Exhibit 9**   Analyst report by Raymond James & Associates, titled "F3Q19 Report; Miss and Guide Down, Patience Required," dated May 30, 2019, cited, quoted and/or purportedly summarized at ¶ 30.

**Exhibit 10**   Analyst Report by Piper Jaffray & Co., titled "Downgrading to Neutral on Continued Execution Issues and Competition," dated May 31, 2019, cited, quoted and/or purportedly summarized at ¶¶ 30, 350, 418.

In addition to being incorporated into the SAC, each of these exhibits is properly subject to judicial notice as shown below.

## II.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF CONFERENCE CALL TRANSCRIPTS, NUTANIX'S SEC FILINGS, AND ANALYST REPORTS

Pursuant to Federal Rule of Evidence 201, the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2). Courts take judicial notice of information "not subject to reasonable dispute."  *Ritchie*, 342 F.3d at 908-09 (quoting Fed. R. Evid. 201(b)).  Facts are not subject to reasonable dispute if they are either "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *Ritchie*, 342 F.3d at 909.  The Court may consider such facts "at any stage of the proceeding" (Fed. R. Evid. 201(d)), "even if they are not referenced in the pleading, so long as they meet the requirements for judicial notice set forth in Federal Rule of Evidence 201."  *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*, 2012 WL 685344, at *8 n.5 (N.D. Cal. Mar. 2, 2012).

**Conference Call Transcripts.**  Courts may take judicial notice of transcripts of earnings and conference calls, as they are matters of public record and are capable of determination by sources whose accuracy may not reasonably be questioned.  *See, e.g.*, *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827-28 (N.D. Cal. 2019) ("Transcripts of conference earning calls are judicially noticeable because they are matters of public record.") (citation omitted), *appeal docketed*, No. 22-15077 (9th Cir. 2022); *Lopes v. Fitbit, Inc.*, 2020 WL 1465932, at *3 (N.D. Cal. Mar. 23, 2020) (taking judicial notice of earnings call transcripts), *aff'd*, 848 F. App'x 278 (9th Cir. 2021); *Bodri v. GoPro, Inc.*, 252 F. Supp. 3d 912, 921 (N.D. Cal. 2017) (taking judicial notice of earnings calls and conferences); *Lowthorp v. Mesa Air Grp. Inc.*, 2021 WL 3089118, at *3-4 (D. Ariz. July 22, 2021) (taking judicial notice of conference call transcript).  Courts may take judicial notice of conference call transcripts for the purpose of demonstrating what information was disclosed to the market.  *See Hong v. Extreme Networks, Inc.*, 2017 WL 1508991, at *10 (N.D. Cal. Apr. 27, 2017) (taking judicial notice of transcripts of conference calls "for the purposes of demonstrating what was disclosed to investors"); *Belodoff v. Netlist, Inc.*, 2008 WL 2356699, at *4 (C.D. Cal. May 30, 2008) (taking judicial notice of conference call transcript to "establish[ ] what was said in the conference call").  Accordingly, Defendants

request that the Court take judicial notice of the following transcripts of Nutanix earnings and conference calls, all of which are referenced in the SAC:

**Exhibit 1**    S&P Global's Transcript of Nutanix's Q2 2019 Earnings Conference Call on February 28, 2019, and cited, quoted and/or purportedly summarized at ¶¶ 20-22, 26, 88 n.15, 93 n.16, 114, 162, 164, 216, 226, 228, 250, 252, 262, 267, 273, 278, 280, 289, 298, 300, 310, 312, 323-329, 338-340, 352-353, 356-358, 361-362, 422.

**Exhibit 2**    S&P Global's transcript of Nutanix's Analyst Investor Day Conference Call on March 20, 2019, and cited, quoted and/or purportedly summarized at ¶¶ 88 n.13, 102.

**Exhibit 3**    S&P Global's Transcript of Nutanix's Q3 2019 Earnings Conference Call on May 30, 2019, and cited, quoted and/or purportedly summarized at ¶¶ 28, 84 n.12, 345-347, 424.

**SEC Filings.**    Courts routinely take judicial notice of filings with the SEC. *See, e.g.*, *Metzler Inv, GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (holding that district court's judicial notice of "a number of [defendant's] SEC filings . . .  was proper"); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (court "may consider . . . any matter subject to judicial notice, such as SEC filings"); *Rieckborn v. Jefferies LLC*, 81 F. Supp. 3d 902, 912-13 (N.D. Cal. 2015) (Orrick, J.) (taking judicial notice of SEC filings for "the existence of their contents"); *Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1014 n.13 (N.D. Cal. 2015) (taking judicial notice of Form 8-K).  Judicial notice of SEC filings is proper because they are "matters of public record" and "capable of determination by sources whose accuracy may not reasonably be questioned[.]"  *Lopes*, 2020 WL 1465932, at *3; *In re Network Assocs., Inc. II Sec. Litig.*, 2003 WL 24051280, at *1 n.3 (N.D. Cal. Mar. 25, 2003) (similar).

Here, Nutanix's Forms 8-K attaching certain of Nutanix's press releases are public records filed with the SEC.  The Forms 8-K show Nutanix's specific disclosures made to the market relating to the Company, including disclosures relating to its financial performance and its marketing spending for pipeline generation and sales hiring.  That Nutanix made these disclosures is not subject to reasonable dispute, and they can be accurately and readily determined from a source whose accuracy cannot reasonably by questioned (*i.e.*, filings with the SEC).  *See, e.g.*, *In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *5 (N.D. Cal, July 21, 2020) (taking judicial notice of Forms 8-K that were not cited in the complaint because "the SEC filings are publicly-filed

documents whose accuracy cannot reasonably be questioned"); *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at \*7 (N.D. Cal. Mar. 29, 2019) (taking judicial notice of Form 10-K that was not mentioned in the complaint "since SEC filings are routinely subject to judicial notice"). Accordingly, Defendants request that the Court take judicial notice of the following Nutanix SEC filings, two of which are referenced in the SAC:

**Exhibit 4**  Nutanix's Form 8-K, attaching press release titled "Nutanix Reports Second Quarter Fiscal 2019 Results," filed with the SEC on February 28, 2019, and cited, quoted and/or purportedly summarized at ¶¶ 20, 320-330, 424.

**Exhibit 5**  Nutanix's Form 8-K, attaching press release titled "Nutanix Reports Third Quarter Fiscal 2019 Financial Results," filed with the SEC on May 30, 2019, and cited, quoted and/or purportedly summarized at ¶¶ 343-348.

**Exhibit 11**  Nutanix's Form 8-K, attaching press release titled "Nutanix Reports First Quarter Fiscal 2019 Financial Results," filed with the SEC on November 27, 2018.

**Investor Analyst Reports.**  "[C]ourts routinely take judicial notice of analyst reports, not in order to take notice of the truth of the matters asserted therein, but in order to determine what may or may not have been disclosed to the public." *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at \*8-9 (N.D. Cal. Mar. 3, 2011), *aff'd*, 729 F.3d 1104 (9th Cir. 2013); *see In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at \*6 (N.D. Cal. June 2, 2020) (same); *Patel v. Parnes*, 253 F.R.D. 531, 546-49 (C.D. Cal. 2008) (same).  Thus, the Court may properly notice analyst reports to demonstrate "that the market was aware of the information" contained therein.  *Curry v. Yelp Inc.*, 2015 WL 1849037, at \*5 (N.D. Cal. Apr. 21, 2015) (quoting *Heliotrope*, 189 F.3d at 981). Analyst reports also may show "analyst reactions" to company's statements.  *Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at \*3-4 (N.D. Cal. June 19, 2020) (taking judicial notice of analyst report that showed "analyst reactions" to defendant's disclosures).

Accordingly, Defendants request that the Court take judicial notice of the following investor analyst reports, all of which are referenced in the SAC:

**Exhibit 6**  Analyst report by Wells Fargo Securities, titled "NTNX: Transition From Momentum to Prove-It Story – Downgrade to MP," dated February 28, 2019, and cited, quoted and/or purportedly summarized at ¶ 331.

**Exhibit 7**  Analyst report by Jefferies Group, titled "Nutanix (NTNX) F2Q19: Mismanaged Lead Generation but Swift Transition to Recurring Revenue," dated March 1, 2019, and cited, quoted and/or purportedly summarized at ¶ 335.

**Exhibit 8**   Analyst report by William Blair & Co., titled "When It Rains It Pours; Recovery Taking Longer Than Expected but All Is Not Lost," dated May 31, 2019, and cited, quoted and/or purportedly summarized at ¶ 30.

**Exhibit 9**   Analyst report by Raymond James & Associates, titled "F3Q19 Report; Miss and Guide Down, Patience Required," dated May 30, 2019, and cited, quoted and/or purportedly summarized at ¶ 30.

**Exhibit 10**  Analyst Report by Piper Jaffray & Co., titled "Downgrading to Neutral on Continued Execution Issues and Competition," dated May 31, 2019, and cited, quoted and/or purportedly summarized at ¶¶ 30, 350, 418.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of the above-referenced documents in connection with their Motion for Partial Judgment on the Pleadings.

Dated:  May 27, 2022                           Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:  /s/ Nina F. Locker
        Nina F. Locker

*Attorneys for Defendants Nutanix, Inc., Dheeraj Pandey, and Duston M. Williams*