# EXHIBIT A

| | |
|---|---|
| **From:** | Greg Potrepka <gpotrepka@zlk.com> |
| **Sent:** | Wednesday, September 7, 2022 11:52 AM |
| **To:** | Stephen Astley; Seite, Evan; Amadon, Laura |
| **Cc:** | Locker, Nicki; Jim Barz; Frank Richter; Carol Reynolds; Kohan, Eric; Shannon Hopkins |
| **Subject:** | Re: [External]RE: Nutanix |

EXT - gpotrepka@zlk.com

Evan, your edits to the *Norton* stip are fine with us as well.

Thanks,
-Greg

**From:** Stephen Astley <sastley@rgrdlaw.com>
**Sent:** Wednesday, September 7, 2022 2:41 PM
**To:** 'Seite, Evan' <eseite@wsgr.com>; Amadon, Laura <lamadon@wsgr.com>
**Cc:** Nina Locker <nlocker@wsgr.com>; Jim Barz <JBarz@rgrdlaw.com>; Frank Richter <FRichter@rgrdlaw.com>; Greg Potrepka <gpotrepka@zlk.com>; Carol Reynolds <creynolds@rgrdlaw.com>; Kohan, Eric <ekohan@wsgr.com>; Shannon Hopkins <shopkins@zlk.com>
**Subject:** [External]RE: Nutanix

Looks fine

**From:** Seite, Evan <eseite@wsgr.com>
**Sent:** Wednesday, September 7, 2022 2:20 PM
**To:** Stephen Astley <sastley@rgrdlaw.com>; Amadon, Laura <lamadon@wsgr.com>
**Cc:** Nina Locker <nlocker@wsgr.com>; Jim Barz <JBarz@rgrdlaw.com>; Frank Richter <FRichter@rgrdlaw.com>; 'Greg Potrepka' <gpotrepka@zlk.com>; Carol Reynolds <creynolds@rgrdlaw.com>; Kohan, Eric <ekohan@wsgr.com>; Shannon Hopkins <shopkins@zlk.com>
**Subject:** RE: Nutanix

EXTERNAL SENDER
Stephen and Greg,

Let me first attempt to address the confusion regarding our proposed stipulation.  Today's deadline contemplates a submission of a case schedule "for the remainder of the case" in the context of Defendants' partial motion for judgment on the pleadings.  *See* ECF No. 269.  In other words, it contemplated that the pleadings would be closed and the case would proceed to discovery, class certification, etc. given that the case would proceed after the motion for judgment on the pleadings irrespective of which party prevailed.  In light of Plaintiffs' decision to amend, Defendants' view is that that deadline for a case schedule "for the remainder of the case" has been mooted by the TAC and should be vacated.  Instead, our view was that a new schedule should be entered for motion to dismiss practice.   That said, in the spirit of compromise, we're fine with Greg's proposed change.

The parties have yet to meaningfully confer regarding a motion to dismiss schedule.  The TAC was filed on Thursday (ahead of the Labor Day holiday), and we are continuing to work with our clients regarding an appropriate schedule to respond to Plaintiffs' voluminous TAC submissions.  In light of Stephen's email below, which raises a number of positions

1

that plaintiffs have not previously articulated, we believe that it would be constructive to have more time to further meet and confer regarding that topic.  As discussed below, we will make ourselves available this week and early next week to do so.  Again, in the spirit of compromise, we think Greg's proposed deadline of next Wednesday (9/14) for the submission of motion to dismiss briefing schedules makes sense.

Because today's scheduling deadlines and next week's hearing for the motion for judgment on the pleadings hearing both remain on calendar and have been mooted by the filing of an amended complaint, we think it is important to update the Court regarding those items today.  We have attached our revised stipulation in clean and redline in that regard.  We have also attached our updated proposal for the *Norton* action (again in clean and redline), which reflects our responses to Greg's comments.   We ask that counsel for both actions please let us know as soon as possible if we have your consent to file the respective stipulations.  We would like to proceed with getting these on file by no later than 2:00 PM PT.

We are available for a meet and confer call tomorrow from 9-12 and 2:30 to 6:00 PT and on Monday from 9-12 and 1 to 4 (PT).  Please let us know if there's a window in those periods that works for you.  If not, propose some alternatives and we'll endeavor to work around your availability.

Best,
Evan

---

**From:** Stephen Astley <sastley@rgrdlaw.com>
**Sent:** Wednesday, September 7, 2022 9:33 AM
**To:** Amadon, Laura <lamadon@wsgr.com>
**Cc:** Seite, Evan <eseite@wsgr.com>; Locker, Nicki <NLocker@wsgr.com>; Jim Barz <JBarz@rgrdlaw.com>; Frank Richter <FRichter@rgrdlaw.com>; 'Greg Potrepka' <gpotrepka@zlk.com>; Carol Reynolds <creynolds@rgrdlaw.com>
**Subject:** RE: Nutanix

EXT - sastley@rgrdlaw.com

---

Laura,

Given that MTD and 12c have already been briefed, we propose the MTD be due 30 days  from TAC filing, opposition in 30 following MTD, and reply in 15.  Let us know if that works or the proposed alternative.  Either way, it shouldn't take 10 days to confer, especially where the stip envisions the parties submitting competing proposals.

We also agree with Greg  that it's confusing to vacate the case schedule deadline to only then request a new deadline versus just extending the current deadline.  So let's just reach an agreement (or not) and get it in.

Separate, Plaintiffs may seek to lift the stay so let us know a good time to confer so we can understand Defendants' rationale better.

-Steve

---

**From:** Amadon, Laura <lamadon@wsgr.com>
**Sent:** Wednesday, September 7, 2022 11:53 AM
**To:** Stephen Astley <sastley@rgrdlaw.com>

**Cc:** Seite, Evan <eseite@wsgr.com>; Nina Locker <nlocker@wsgr.com>
**Subject:** RE: Nutanix

EXTERNAL SENDER
Stephen,

Please let us know if you have any edits or comments, or otherwise are signed off for us to sign on your behalf.

Best,

Laura

**From:** Amadon, Laura <lamadon@wsgr.com>
**Sent:** Tuesday, September 6, 2022 2:24 PM
**To:** Stephen Astley <sastley@rgrdlaw.com>
**Cc:** Seite, Evan <eseite@wsgr.com>
**Subject:** RE: Nutanix

Stephen,

Defendants intend to move to dismiss the TAC.  Accordingly, we think that the proposed schedule deadline for tomorrow should come off calendar while the parties meet and confer regarding an MTD schedule.  To that end, we have prepared the attached stipulation that vacates the September 7 scheduling deadline and, for purposes of housekeeping, the pleadings motion hearing, which the parties have agreed is mooted but hasn't come off calendar (as of this afternoon).  As you will see, we built a little time into today's stipulation to give us a chance to further meet and confer over the MTD briefing schedule.

We will get you a proposed motion to dismiss schedule in the near term for your consideration.

Best,

Laura

**From:** Stephen Astley <sastley@rgrdlaw.com>
**Sent:** Tuesday, September 6, 2022 10:29 AM
**To:** Seite, Evan <eseite@wsgr.com>; Amadon, Laura <lamadon@wsgr.com>
**Subject:** Nutanix

EXT - sastley@rgrdlaw.com

What's your view on the submission of a proposed schedule as per the Judge's prior order?

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole

3

use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**