NINA F. LOCKER, State Bar No. 123838
IGNACIO E. SALCEDA, State Bar No. 164017
EVAN L. SEITE, State Bar No. 274641
BETTY CHANG ROWE, State Bar No. 214068
LAURA G. AMADON, State Bar No. 321524
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100
Email:      nlocker@wsgr.com
            isalceda@wsgr.com
            eseite@wsgr.com
            browe@wsgr.com
            lamadon@wsgr.com

*Attorneys for Defendants Nutanix, Inc.,
Dheeraj Pandey, and Duston M. Williams*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE NUTANIX, INC. SECURITIES LITIGATION | CASE NO.:  3:19-cv-01651-WHO |
| | **DECLARATION OF LAURA G. AMADON IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

I, Laura G. Amadon, hereby declare:

1.    I am an attorney duly licensed to practice law in the State of California and before this Court.  I am an attorney at the law firm of Wilson Sonsini Goodrich & Rosati, Professional Corporation, counsel for Defendants Nutanix, Inc. ("Nutanix"), Dheeraj Pandey, and Duston M. Williams in this action.  I have personal knowledge of the matters set forth in this declaration and, if called upon to do so, could and would testify competently as to the matters set forth herein.  I submit this declaration under Civil Local Rule 79-5(f) and in accordance with Judge Orrick's Standing Order on Administrative Motions to File Under Seal.

2.    I have reviewed and complied with Judge Orrick's Standing Order on Administrative Motions to File Under Seal.

3.    I have reviewed and complied with Civil Local Rule 79-5.

4.    On September 1, 2022, Lead Plaintiff California Ironworkers Field Pension Trust and named plaintiff City of Miami Fire Fighters' and Police Officers' Retirement Trust ("Plaintiffs") filed their Third Amended Complaint for Violations of the Federal Securities Laws ("TAC").  ECF No. 281-3.  Attached to the TAC were 75 exhibits (ECF Nos. 281-4, 281-5, 281-6) containing documents and materials that Defendants produced in discovery and designated "CONFIDENTIAL" under the Protective Order.  ECF Nos. 151, 246.  Plaintiffs filed an Administrative Motion to Consider Whether Another Party's Material Should be Sealed in connection with the TAC and its exhibits that same day ("Motion to Seal").  ECF No. 281.[1]

5.    I have reviewed the TAC and the exhibits.  Defendants seek to apply limited redactions to 74 pages out of 860 total pages between the TAC and the exhibits attached thereto.  Defendants believe that this limited number of redactions shows that their request to redact this information is narrowly tailored to only the specific commercially sensitive and personal and/or private information at issue in these documents.  A complete list of the documents that Defendants propose to redact is set forth in the table below:

---

[1] This Court previously granted Defendants' Motion to extend the deadline to respond to Plaintiffs' Motion to Seal to September 29, 2022.  ECF No. 280.

| Document | Portions to be Redacted | Basis for Redactions |
|---|---|---|
| Exhibit 4 to the TAC | Red-outlined text on page 3[2] | Confidential business information |
| Exhibit 9 | Red-outlined text on pages 5-18 | Privacy |
| Exhibit 15 | Red-outlined text on page 2 | Confidential business information |
| Exhibit 16 | Red-outlined text on pages 2-3 | Confidential business information; Privacy |
| Exhibit 20 | Red-outlined text on page 2 | Confidential business information |
| Exhibit 22 | Red-outlined text on pages 2-3 | Confidential business information; Privacy |
| Exhibit 32 | Red-outlined text on pages 3-7 | Privacy |
| Exhibit 33 | Red-outlined text on pages 3-4 | Confidential business information; Privacy |
| Exhibit 36 | Red-outlined text on page 4 | Confidential business information |
| Exhibit 37 | Red-outlined text on pages 9-10, 12, 14, 16, 62, 64, 74-75, 87, 93-94, 116 | Confidential business information |
| Exhibit 42 | Red-outlined text on pages 2, 5 | Privacy |
| Exhibit 58 | Red-outlined text on pages 6, 20-21, 35-41 | Confidential business information; Privacy |
| Exhibit 59 | Red-outlined text on pages 21-22, 37-43 | Confidential business information; Privacy |
| Exhibit 62 | Red-outlined text on pages 2-7 | Privacy |
| Exhibit 68 | Red-outlined text on pages 2-3 | Confidential business information |
| Exhibit 69 | Red-outlined text on pages 2-3 | Confidential business information |
| Exhibit 70 | Red-outlined text on page 2 | Privacy |

[2] Page numbers include the exhibit slip sheet.

6.    Courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents," and "start with a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citation omitted).  When a party seeks to seal or redact information that is "more than tangentially related to the underlying cause of action," it must meet the "compelling reasons" standard to justify removing that information from the public domain.  *Id.* at 1098-99.  To satisfy this standard, a court must find "a compelling reason and articulate[] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1096-97 (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006)).

7.    While the trial court has ultimate discretion to determine what information can be sealed, courts have recognized certain categories of documents that generally meet the compelling reasons standard.  For example, the Supreme Court has stated that "sources of business information that might harm a litigant's competitive standing" can justify redacting information from public viewing.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  This Court has previously sealed confidential business information for meeting the "compelling reasons" standard when the information would be "of great value to competitors," putting a party at "unfair disadvantages" when it comes to "business negotiations and competing in the marketplace." *Contour IP Holding, LLC v. GoPro, Inc.*, No. 3:17-cv-04738-WHO, 2020 WL 10147135, at *2 (N.D. Cal. Oct. 26, 2020).  For this reason, courts routinely allow parties to seal or redact contract terms and other competitive information under the compelling reasons standard.  *See Finjan, Inc. v. Sophos, Inc.*, No. 14-cv-01197-WHO, ECF No. 391, at 2 (N.D. Cal. Sept. 20, 2016) (Orrick, J.) (allowing redaction of information that "could be used by competitors to gain an unfair advantage"); *Primus Grp., Inc. v. Inst. for Env't Health, Inc.*, 395 F. Supp. 3d 1243, 1267-69 (N.D. Cal. 2019) (Orrick, J.) (sealing portions of internal emails discussing Primus's costs and pricing practices that are not generally known to Primus's customers and competitors and emails reviewing the identify of and information about specific customers); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("pricing terms, royalty rates, and guaranteed minimum payment terms" of a licensing agreement plainly fall within the

definition of "trade secrets" for purposes of sealing motions).

8.      Exhibits 4, 15, 16, 20, 22, 33, 36, 37, 58, 59, 68, and 69 all contain information that could cause competitive harm to Nutanix if publicly revealed.  These exhibits contain sensitive information about Nutanix's customers and specific contract details between Nutanix and its customers and Nutanix and its channel partners.  As explained in the Declaration of Paul Levy, filed herewith, this information could be used by Nutanix's competitors to place Nutanix at a competitive disadvantage.  *See Finjan*, No. 14-cv-01197-WHO, ECF No. 391, at 2; *see also Contour IP*, 2020 WL 10147135, at *2 (sealing competitively sensitive information that would put company at an "unfair disadvantage[]").  Defendants' proposed redactions to these documents are narrowly tailored because the redactions are limited only to the specific information that courts have previously ruled can be sealed or redacted under the compelling reasons standard.  Nothing short of these partial redactions is sufficient to protect Nutanix's confidential competitive information because the only information sought to be sealed is information that could be used to harm Nutanix's competitive standing.

9.      Courts often find that the protection of personal information also satisfies the compelling reasons standard.  *See M.A. Mobile, Ltd. v. Indian Inst. of Tech. Kharagpur*, 400 F. Supp. 3d 867, 896 (N.D. Cal. 2019) (Orrick, J.) ("Third-party names and email addresses are sealable.").  "The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft."  *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003)); *see also AAA of N. Cal. Nev. & Utah v. General Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (parties may redact "personally identifiable information of third-party individuals, including names, addresses, phone numbers, and email addresses").

10.     Exhibits 9, 16, 22, 32, 33, 42, 58, 59, 62, and 70 all contain personal information of third-party individuals who have little, if anything, to do with this case.  Defendants seek to redact these individuals' names, salaries, descriptions of their performance as employees of

Nutanix, and personal family information. Defendants' proposed redactions to these documents are narrowly tailored as the redactions are limited to the specific personal information that courts have previously ruled can remain confidential under the compelling reasons standard. Nothing short of these partial redactions is sufficient to protect the privacy interests of the individuals named in these documents because the entirety of the information sought to be sealed is personally identifiable information.

11.    Filed concurrently with this declaration are Defendants' proposed redactions to the exhibits listed in the above table. The portions of the exhibits Defendants propose to redact are outlined with red boxes. If this Court approves, Defendants will promptly file the exhibits with the proposed redactions implemented.

I declare under penalty of perjury under the laws of the United States that, to the best of my knowledge, the foregoing is true and correct. Executed this 29th day of September, 2022, in Portola Valley, California.

                                                            */s/ Laura G. Amadon*
                                                            Laura G. Amadon

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Nina F. Locker, am the ECF User whose identification and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated: September 29, 2022                          */s/ Nina F. Locker*
                                                            Nina F. Locker

AMADON DEC. IN SUPPORT OF ADMIN MOT. TO SEAL          -5-
CASE NO. 3:19-CV-01651-WHO