ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
KENNETH J. BLACK (291871)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
kennyb@rgrdlaw.com
        – and –
JAMES E. BARZ
FRANK A. RICHTER
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re NUTANIX, INC. SECURITIES LITIGATION | )<br>)<br>) | Case No. 3:19-cv-01651-WHO<br>Case No. 3:21-cv-04080-WHO |
| | ) | |
| JOHN P. NORTON, ON BEHALF OF THE NORTON FAMILY LIVING TRUST UAD 11/15/2002, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CLASS ACTION<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |

4889-0120-0967

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ..................................................................................................1

II.   PROCEDURAL HISTORY.....................................................................................2

III.  ARGUMENT ..........................................................................................................4

      A.    Legal Standards...........................................................................................4

      B.    Defendants' Overuse of Judicial Notice and Incorporation by Reference Is Grounds for Denial of Their Motion..........................................................5

      C.    The Court Should Not Incorporate Exhibit 3 by Reference ........................6

      D.    Defendants' Additional Requests for Judicial Notice and Incorporation by Reference Are Improper ...............................................................................13

            1.    The Court Should Not Consider the Truth of the Matter Asserted in Exhibits Not Referenced in the Complaints.................................................13

IV.   CONCLUSION......................................................................................................18

**TABLE OF AUTHORITIES**

**Cases**                                                                             **Page**

*Advanced Risk Managers, LLC v. Equinox Mgmt. Grp., Inc.*,
  No. 19-cv-03532-DMR, 2019 WL 6716292 (N.D. Cal. Dec. 10, 2019) .................................7

*Aledlah v. S-L Distrib. Co.*,
  No. 20-cv-00234-JSC, 2020 WL 2927980 (N.D. Cal. June 3, 2020)....................................16

*Almaznai v. S-L Distrib. Co., LLC*,
  No. 20-cv-08487-JST, 2021 WL 4457025 (N.D. Cal. June 21, 2021) ..................................10

*Anschutz Corp. v. Merrill Lynch & Co. Inc.*,
  785 F. Supp. 2d 799 (N.D. Cal. 2011) ................................................................................13

*Baird v. BlackRock Institutional Tr. Co., N.A.*,
  403 F. Supp. 3d 765 (N.D. Cal. 2019) ..............................................................................7, 8

*Baird v. Samsung Elecs. Am., Inc.*,
  522 F. Supp. 3d 679 (N.D. Cal. 2021) .............................................................................10, 11

*Bruister v. Asuncion*,
  No. CV 17-05106 PSG (RAO), 2018 WL 6016966 (C.D. Cal. July 16, 2018 .........................7

*Costanzo v. DXC Tech. Co.*,
  No. 19-cv-05794-BLF, 2021 WL 5908385 (N.D. Cal. Dec. 14, 2021)..................................12

*Coto Settlement v. Eisenberg*,
  593 F.3d 1031 (9th Cir. 2010) ..............................................................................................5

*Cottle v. Plaid Inc.*,
  536 F. Supp. 3d 461 (N.D. Cal. 2021) ................................................................................10

*DalPoggetto v. Wirecard AG*,
  No. CV 19-0986 FMO, 2020 WL 2374948 (C.D. Cal. Apr. 15, 2020)...................................5

*Ecological Rights Found. v. Pac. Gas & Elec. Co.*,
  713 F.3d 502 (9th Cir. 2013) ................................................................................................8

*Erickson v. Corinthian Colls., Inc.*,
  No. CV 13-7466-GHK, 2015 WL 12732435 (C.D. Cal. Apr. 22, 2015)..................................7

*Fabbri v. Wilkinson*,
  No. CV 19-1643 FMO, 2019 WL 5781914 (C.D. Cal. Nov. 5, 2019) ....................................6

*Fasugbe v. Willms*,
  No. CIV. 2:10-2320 WBS KJN, 2011 WL 2119128 (E.D. Cal. May 26, 2011) ....................12

**Page**

*Forsyth v. Humana, Inc.*,
114 F.3d 1467 (9th Cir. 1997) ...............................................................................................6

*Golub v. Gigamon Inc.*,
No. 17-cv-06653-WHO, 2019 WL 4168948 (N.D. Cal. Sep. 3, 2019) ........................16, 17, 18

*Gregoire v. United Healthcare Servs. Inc.*,
No. C 18-04764 WHA, 2018 WL 4635630 (N.D. Cal. Sept. 27, 2018)...................................8

*In re Acadia Pharms. Inc. Sec. Litig.*,
No. 18-CV-01647-AJB-BGS, 2020 WL 2838686 (S.D. Cal. June 1, 2020)............................5

*In re ECOtality, Inc., Sec. Litig.*,
No. 13-03791-SC, 2014 WL 4634280 (N.D. Cal. Sept. 16, 2014).........................................15

*In re Eventbrite, Inc. Sec. Litig.*,
No. 5:18-cv-02019-EJD, 2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) .........................17, 18

*In re Immune Response Sec. Litig.*,
375 F. Supp. 2d 983 (S.D. Cal. 2005)......................................................................................8

*In re Impinj, Inc., Sec. Litig.*,
414 F. Supp. 3d 1327 (W.D. Wash. 2019)...............................................................................13

*In re Nektar Therapeutics*,
No. 18-cv-06607-HSG, 2020 WL 3962004 (N.D. Cal. July 13, 2020) ..................................17

*In re Netflix, Inc. Sec. Litig.*,
No. C04-2978 FMS, 2005 WL 1562858 (N.D. Cal. June 23, 2005) ......................................17

*In re Nutanix, Inc. Securities Litigation*,
No. 3:19-cv-01651-WHO (N.D. Cal.) .....................................................................................1

*In re NVIDIA Corp. Sec. Litig.*,
768 F.3d 1046 (9th Cir. 2014) ...............................................................................................11

*In re Silver Wheaton Corp. Sec. Litig.*,
No. 2:15-cv-5146-CAS, 2019 WL 1512269 (C.D. Cal. Mar. 25, 2019) ...........................10, 11

*In re SolarCity Corp. Sec. Litig.*,
274 F. Supp. 3d 972 (N.D. Cal. 2017) ...................................................................................14

*In re Splunk Inc. Sec. Litig.*,
592 F. Supp. 3d 919 (N.D. Cal. 2022) .................................................................................1, 16

*In re Zynga Inc. Sec. Litig.*,
No. C 12-04007 JSW, 2015 WL 1382217 (N.D. Cal. Mar. 25, 2015) ..................................15

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:19-cv-1651-WHO; Case No. 3:21-cv-04080-WHO
4889-0120-0967

- iii -

**Page**

*J. Edwards Jewelry Distrib., LLC v. Wells Fargo & Co.*,
No. 18-cv-03886-YGR, 2019 WL 2329248 (N.D. Cal. May 31, 2019) ................................12

*Jones v. Micron Tech. Inc.*,
400 F. Supp. 3d 897 (N.D. Cal. 2019) ................................................................................10

*Kennedy v. Wells Fargo Bank, N.A.*,
No. C 11-0675 MMC, 2011 WL 3359785 (N.D. Cal. Aug. 2, 2011)....................................12

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ....................................................................................... *passim*

*Kipling v. Flex Ltd.*,
No. 18-CV-02706-LHK, 2020 WL 2793463 (N.D. Cal. May 29, 2020) ..........................16, 17

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) .............................................................................................9

*Lee v. City of L.A.*,
250 F.3d 668 (9th Cir. 2001) ..............................................................................................4, 5

*Levenstein v. Salafsky*,
164 F.3d 345 (7th Cir. 1998) ...............................................................................................8

*Longo v. OSI Sys., Inc.*,
No. CV 17-8841 FMO, 2020 WL 3124221 (C.D. Cal. Mar. 11, 2020) ..............................5, 6

*Lopes v. Fitbit, Inc.*,
No. 18-cv-06665-JST, 2020 WL 1465932 (N.D. Cal. Mar. 23, 2020)..............................11, 12

*Marshall v. Local Union No. 701 IBEW*,
No. 03 C 1302, 2005 WL 8177539 (N.D. Ill. Mar. 18, 2005) ....................................................7

*McKenna v. WhisperText*,
No. 5:14-cv-00424-PSG, 2015 WL 5264750 (N.D. Cal. Sept. 9, 2015) ................................12

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
540 F.3d 1049 (9th Cir. 2008) ..............................................................................................16

*Mikkelsen v. Wuh*,
No. 19-00533 JMS-WRP, 2020 WL 1919234 (D. Haw. Apr. 20, 2020) ...............................10

*Molica v. Synchrony Bank*,
No. 21-cv-01549-JST, 2021 WL 9315272 (N.D. Cal. Sept. 14, 2021) .................................12

*Norton Family Living Trust v. Nutanix, Inc.*,
No. 3:21-cv-04080-WHO (N.D. Cal.) ....................................................................................1

**Page**

*Pom Wonderful LLC v. Coca-Cola Co.*,
No. CV 08-6237 SJO, 2009 WL 10655335 (C.D. Cal. Nov. 30, 2009) ................................16

*Ramirez v. Cnty. of San Bernardino*,
806 F.3d 1002 (9th Cir. 2015) ................................................................................................2, 6

*Reina-Rodriguez v. United States*,
655 F.3d 1182 (9th Cir. 2011) ....................................................................................................4

*Rodrigues v. Alliant Credit Union*,
No. 21-cv-01111-DMR, 2022 WL 2390999 (N.D. Cal. July 1, 2022)................................9, 10

*Rollins v. Dignity Health*,
338 F. Supp. 3d 1025 (N.D. Cal. 2018) ......................................................................................6

*Rowell v. Zamora*,
No. 2:14-cv-1888-KJM-EFB P, 2018 WL 1354033 (E.D. Cal. Mar. 15, 2018) .......................7

*SEB Inv. Mgmt. AB v. Symantec Corp.*,
No. C 18-02902 WHA, 2019 WL 2491935 (N.D. Cal. June 14, 2019)....................................15

*Sinatro v. Barilla Am., Inc.*,
No. 22-cv-03460-DMR, 2022 WL 10128276 (N.D. Cal. Oct. 17, 2022).................................5

*Smith v. NetApp, Inc.*,
No. 19-cv-04801-JST, 2021 WL 1233354 (N.D. Cal. Feb. 1, 2021) ......................................11

*Sviridyuk v. BAC Home Loan Servicing, L.P.*,
No. 3:11-cv-01107-SI, 2012 WL 174791 (D. Or. Jan. 20, 2012).............................................8

*Synopsys, Inc. v. InnoGrit, Corp.*,
No. 19-CV-02082-LHK, 2019 WL 4848387 (N.D. Cal. Oct. 1, 2019)....................................7

*Talavera Hair Prods. v. Taizhou Yunsung Elec. Appliance Co.*,
No. 18-CV-823 JLS (JLB), 2020 WL 998535 (S.D. Cal. Mar. 2, 2020)................................15

*Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*,
No. C-13-1803 EMC, 2014 WL 2916472 (N.D. Cal. June 26, 2014) ......................................7

*Tate v. Quad/Graphics Inc.*,
No. 3:10CV00296 BSM, 2011 WL 4352301 (E.D. Ark. Sept. 19, 2011)................................7

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007).............................................................................................................6, 12

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) .....................................................................................................8

**Page**

*Veal v. LendingClub Corp.*,
No. 18-cv-02599-BLF, 2020 WL 3128909 (N.D. Cal. June 12, 2020) ...........................17, 18

*Williams v. Cnty. of Alameda*,
26 F. Supp. 3d 925 (N.D. Cal. 2014) ...................................................................................7

*Wochos v. Tesla, Inc.*,
No. 17-cv-05828-CRB, 2019 WL 1332395 (N.D. Cal. Mar. 25, 2019) .................................13

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Evidence
§201(b)........................................................................................................................4
§201(b)(1)-(2) .............................................................................................................4

United States District Court for the Northern District of California
Civil Local Rule 10-1.................................................................................................6, 7

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:19-cv-1651-WHO; Case No. 3:21-cv-04080-WHO
4889-0120-0967

- vi -

Plaintiffs California Ironworkers Field Pension Trust ("California Ironworkers"), City of Miami Fire Fighters' and Police Officers' Retirement Trust, and John P. Norton ("Norton"), on Behalf of the Norton Family Living Trust UAD, 11/15/2002 (collectively, "Plaintiffs") hereby oppose Defendants' Request for Judicial Notice in Support of Omnibus Motion to Dismiss Complaints for Violations of the Federal Securities Laws ("RJN") accompanying Defendants' Omnibus Motion to Dismiss ("Mot." or "Motion") the Third Amended Complaint ("TAC") in *In re Nutanix, Inc. Securities Litigation*, No. 3:19-cv-01651-WHO ("*Nutanix* Action"; ECF 281-3) and the Revised First Amended Complaint ("RFAC" and together with the "TAC," "Complaints") in the related case *Norton Family Living Trust v. Nutanix, Inc.*, No. 3:21-cv-04080-WHO ("*Norton* Action"; ECF 94-3).  *See Nutanix* Action ECF 292-293; *Norton* Action ECF 105-106.[1]

## I.    INTRODUCTION

Defendants' request to consider 26 extrinsic documents (a mix of public records and non-public documents produced in discovery) in their Motion is an improper attempt to dispute the factual allegations in the Complaints and "short-circuit the resolution" of Plaintiffs' "otherwise cognizable claims."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018). The law is clear that only public records may be subject to judicial notice on a motion to dismiss and even for those a "'court cannot take judicial notice of disputed facts contained in such public records.'"  *In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 929 (N.D. Cal. 2022) (quoting *Khoja*, 899 F.3d at 999).  Thus, none of the documents can be considered for their truth to dispute the allegations of the Complaints, and the non-public documents should not be considered at all.

For example, citing the incorporation by reference doctrine, Defendants ask this Court to consider their Exhibit 3 containing data from a "Metric Sheet" that is neither attached to the operative Complaints nor cited extensively in those Complaints. Recognizing this, Defendants first argue that because the document was attached to an older complaint, the document is ripe for consideration on a motion to dismiss the operative Complaints. As an initial matter, this argument

---

[1]    "Defendants" refers to Nutanix, Inc. ("Nutanix" or "Company"), Dheeraj Pandey ("Pandey"), and Duston M. Williams ("Williams").  "Parties" refers collectively to Plaintiffs and Defendants. "Class Period" refers to the time period November 30, 2017 through May 30, 2019, inclusive.  All paragraph references ("¶__") are to the Complaints.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:19-cv-1651-WHO; Case No. 3:21-cv-04080-WHO                                                    - 1 -
4889-0120-0967

is inapplicable to the *Nutanix* Action because the document was never attached to any complaint in the *Nutanix* Action. While the document was attached to an older complaint in the *Norton* Action, this is irrelevant because the allegations in a prior complaint, and attachments thereto, are rendered without legal effect upon the filing of an amended complaint. *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); L.C.R. 10-1. In the alternative, Defendants argue that Exhibit 3 "forms the basis of Plaintiffs' Complaints" and is therefore incorporated by reference. RJN at 13. However, the words "Metric Sheets" appear ***one time*** in the Complaints, listing those among many other sources of information to support a strong inference of scienter - hardly enough to form the "basis" of the Complaints. Nevertheless, even if Defendants could show that Exhibit 3 was incorporated by reference into the Complaints (and they could not), considering Exhibit 3 at this stage would still be inappropriate. That is because Defendants rely on disputed data in Exhibit 3 to defend against Plaintiffs' claims on the merits, without giving Plaintiffs the opportunity to respond - a practice condemned by the Ninth Circuit. *Khoja*, 899 F.3d at 1003.

## II.    PROCEDURAL HISTORY

On September 11, 2020, the Court issued its Order Regarding Motion to Dismiss in the *Nutanix* Action, denying Defendants' second motion to dismiss. *Nutanix* Action ECF 140. In ruling on Defendants' concurrent request for judicial notice of 22 extraneous exhibits, the Court denied judicial notice and held that documents incorporated by reference would not be relied upon for the truth of the matters asserted therein. *Id.* at 8 n.1; *see also Nutanix* Action ECF 121 (denying Defendants' request for judicial notice filed in connection with their motion to dismiss the first amended complaint).

As a result of the Court's denial of the second motion to dismiss in the *Nutanix* Action, the *Nutanix* Action proceeded to the early stages of discovery. Thereafter, California Ironworkers was appointed lead plaintiff in the *Nutanix* Action, and Norton was appointed lead plaintiff in the *Norton* Action. *Nutanix* Action ECF 224; *Norton* Action ECF 30. After the two actions were related, the Parties attempted to resolve these actions through a private mediation session on April 26, 2022. *Nutanix* Action ECF 265 at 9. To prepare for mediation, "the parties mutually agreed to place all party and third-party discovery in abeyance pending the outcome of mediation." *Id.*

However, Defendants produced an admittedly "limited production" of approximately 22,000 documents to facilitate negotiations. *Id.* Following the Parties' unsuccessful April 2022 mediation, the Parties continued to meet and confer regarding Defendants' responses to Plaintiffs' discovery requests. *Id.* at 9-10. To date, Defendants' compliance with Plaintiffs' discovery requests is essentially limited to their initial "limited production." Furthermore, no depositions have been taken in this matter and no expert discovery has occurred.

Defendants filed a motion for judgment on the pleadings. *Nutanix* Action ECF 270. Prior to that motion, on May 24, 2022, the Court had ordered that Plaintiffs' deadline to amend their complaints without leave was September 1, 2022. *Nutanix* Action ECF 269; *Norton* Action ECF 60.

On September 1, 2022, Plaintiffs in the *Nutanix* Action filed the TAC which both addressed the issues in Defendants motion for judgment on the pleadings and added evidence of falsity and Defendants' scienter. *Nutanix* Action ECF 281. On October 4, 2022, Norton filed the RFAC, which is substantively identical to the TAC with the exception of differences relating to class definitions. *Norton* Action ECF 98. While the amendments presumably addressed Defendants' loss causation arguments from their prior motion, as Defendants have not moved on those grounds, on November 14, 2022, Defendants filed the pending Motion and RJN. *Norton* Action ECF 105-106; *Nutanix* Action ECF 292-293. In doing so, Defendants not only seek to rehash prior arguments, but, through the RJN, they are seeking to incorporate by reference or obtain judicial notice regarding 26 documents, including four not cited or referenced in the Complaints (Exhibits 1, 3, and 14).[2]

Specifically, Defendants request: ten U.S. Securities and Exchange Commission ("SEC") documents (Exhibits 1-2, 7-9, 11, 21-22, and 25-26) to be incorporated and/or judicially noticed; six conference call transcripts to be incorporated and/or judicially noticed (Exhibits 4-6, 10, 12, and 24); nine documents attached as exhibits to the Complaints to be incorporated by reference (Exhibits 13-20 and 23); one reformatted Excel spreadsheet to be incorporated by reference

---

[2] "Exhibits" refer to exhibits to the Declaration of Laura G. Amadon in Support of Defendants' Motion. *Nutanix* Action ECF 292-1; *Norton* Action ECF 105-1.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:19-cv-1651-WHO; Case No. 3:21-cv-04080-WHO                                                    - 3 -
4889-0120-0967

(Exhibit 3); and four more documents never referenced in the Complaints to be incorporated/judicially noticed (Exhibits 1, 3, 14, and 26).

## III.    ARGUMENT

### A.    Legal Standards

Generally, courts "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) requires that if "matters outside the pleading are presented to and not excluded by the court," the motion is converted into a summary judgment motion and disposed of under Rule 56 of the Federal Rules of Civil Procedure.  However, the Ninth Circuit has admonished against "the unscrupulous use of extrinsic documents to resolve competing theories" in securities cases with heightened pleading requirements.  *Khoja*, 899 F.3d at 998.  The "overuse and improper application of judicial notice and the incorporation-by-reference doctrine" has led to "undermining of the usual pleading burdens," which is "not the purpose of judicial notice or the incorporation-by-reference doctrine." *Id.* at 998-99.

**Judicial Notice**: A court may only take judicial notice of a fact if it is "not subject to reasonable dispute." *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011) (citing Fed. R. Evid. 201(b)).  A fact is "not subject to reasonable dispute" if it is "generally known[,]" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(1)-(2).  However, even where "the document itself is susceptible to judicial notice" that "does not mean that every assertion of fact within that document is judicially noticeable for its truth."  *Khoja*, 899 F.3d at 999.  Often, there are additional facts within judicially noticeable documents which are disputed between the parties.  "A court cannot take judicial notice of disputed facts contained in such public records."  *Id.* (citing *Lee*, 250 F.3d at 688-89.).  If a court takes judicial notice of a document, it must identify the specific fact or facts it is noticing from the document.  *Khoja*, 899 F.3d at 999.

**Incorporation by Reference**: The incorporation by reference doctrine "treats certain documents as though they are part of the complaint itself." *Sinatro v. Barilla Am., Inc.*, No. 22-cv-03460-DMR, 2022 WL 10128276, at *5 (N.D. Cal. Oct. 17, 2022).  It is only appropriate for a

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:19-cv-1651-WHO; Case No. 3:21-cv-04080-WHO
4889-0120-0967

- 4 -

document to be considered incorporated by reference if the "plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id*. at 5 (citing *Khoja*, 899 F.3d at 1002). "[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Likewise, "if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Khoja*, 899 F.3d at 1002. The Ninth Circuit has made clear that the incorporation by reference "doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Id.* at 1003. Thus, "[i]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id*.

**B.     Defendants' Overuse of Judicial Notice and Incorporation by Reference Is Grounds for Denial of Their Motion**

Following *Khoja*, courts in this Circuit recognize that "overuse and improper application of judicial notice" and the incorporation-by-reference doctrine is grounds for rejecting judicial notice, especially in securities class actions. *In re Acadia Pharms. Inc. Sec. Litig.*, No. 18-CV-01647-AJB-BGS, 2020 WL 2838686, at *3 (S.D. Cal. June 1, 2020) ("[G]iven the number of documents Defendants seek to have considered, the Court finds that such documents would more be appropriate in connection with a motion for summary judgment."); *DalPoggetto v. Wirecard AG*, No. CV 19-0986 FMO (SKx), 2020 WL 2374948, at *1-2 (C.D. Cal. Apr. 15, 2020) (denying request for judicial notice and incorporation by reference of "six exhibits," and even denying the accompanying motion to dismiss, because "the documents and the arguments raised in the pending Motion that rely upon those documents would more appropriately be considered at summary judgment"); *Longo v. OSI Sys., Inc.*, No. CV 17-8841 FMO (SKx), 2020 WL 3124221, at *3 (C.D. Cal. Mar. 11, 2020) (same); *Fabbri v. Wilkinson*, No. CV 19-1643 FMO (AGRx), 2019 WL 5781914, at *1-2 (C.D. Cal. Nov. 5, 2019) (same where defendants submitted "approximately 20 exhibits").

Defendants' attempt to add 26 exhibits to a motion to dismiss is alone grounds to reject their motion in its entirety. *See Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal.

2018) ("[Defendant] is not explaining or arguing the allegations in Plaintiffs' [Complaint] – it is trying to factually rebut them."). As *Khoja* makes clear, to grant the request for judicial notice would improperly convert this "[Rule] 12(b)(6) motion . . . into a motion for summary judgment under Rule 56." 899 F.3d at 998.[3] Accordingly, the Court should deny the Defendants' RJN.

### C.     The Court Should Not Incorporate Exhibit 3 by Reference

Defendants' Motion primarily hinges on a disputed interpretation of Exhibit 3, which is why they devote half their RJN to asking the Court to consider their manufactured chart derived from proffered Exhibit 3, a reformatted version of a "Metric Sheet" created by Nutanix personnel during the Class Period. However, neither their chart nor Exhibit 3 can be considered under the incorporation by reference doctrine, because it is offered for the truth of the matter asserted – that pipeline was purportedly growing and robust. Specifically, Defendants seek to dispute the factual allegations in the Complaints using Exhibit 3, which is not cited anywhere in the Complaints. The Court should deny this request for several reasons.

***First***, it is improper for Defendants to rely on Exhibit 3 because it is not contained within the operative Complaints in either action. Recognizing this, Defendants latch onto the superseded FAC in – only – the *Norton* Action. However, "[i]t is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)); *see also* Civil L.R. 10-1 ("an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference"); *Williams v. Cnty. of Alameda*, 26 F. Supp. 3d 925, 936 (N.D. Cal. 2014) (refusing to consider "any facts" in an earlier complaint on a motion to dismiss that were not pled in the operative complaint); *Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, No. C-13-1803 EMC, 2014 WL 2916472 (N.D. Cal. June 26, 2014) (same); *Rowell v. Zamora*, No. 2:14-cv-1888-

---

[3] Defendants misread *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007) to allow consideration of the extrinsic information they propose. In truth, *Tellabs* stands for unremarkable proposition that the court may consider those documents that are "ordinarily" considered, which implicates judicial notice and incorporation by reference, including all of their respective limitations specified by the 9th Circuit in *Khoja*, as discussed above. *See Tellabs*, 551 U.S. at 322.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:19-cv-1651-WHO; Case No. 3:21-cv-04080-WHO                                    - 6 -
4889-0120-0967

KJM-EFB P, 2018 WL 1354033 (E.D. Cal. Mar. 15, 2018) (same, and holding "the remedy for defendants is provided under Rule 56 if – as they argue – the attachments to the earlier complaint disprove the allegations of the instant complaint"); *Erickson v. Corinthian Colls., Inc.*, No. CV 13-7466-GHK (PJWx), 2015 WL 12732435, at *16-17 (C.D. Cal. Apr. 22, 2015) (rejecting defendants' argument that plaintiff in securities class action pled himself out of court by alleging certain information in a superseded complaint).[4]   Thus, the Court should only consider the Complaints in deciding Defendants' Motion.

***Second***, although the Complaints each make a single, passing mention to "Metric Sheets" (¶23), "the mere mention of the existence of a document is insufficient to incorporate the contents of a document[,]" and Exhibit 3 is not specifically referenced and does not form "the basis of" Plaintiffs' claims.  *Khoja*, 899 F.3d at 1002; *see also Advanced Risk Managers, LLC v. Equinox Mgmt. Grp., Inc.*, No. 19-cv-03532-DMR, 2019 WL 6716292, at *4 (N.D. Cal. Dec. 10, 2019) ("brief references" to the documents do not make them the "basis of plaintiff's claim") (citing *Khoja*, 899 F.3d at 1002); *Synopsys, Inc. v. InnoGrit, Corp.*, No. 19-CV-02082-LHK, 2019 WL 4848387, at *5 (N.D. Cal. Oct. 1, 2019) (rejecting request to incorporate document that was only referred to "a handful of times" in the complaint); *Baird v. BlackRock Institutional Tr. Co., N.A.*, 403 F. Supp. 3d 765, 776 (N.D. Cal. 2019) (declining to incorporate documents despite "brief references" in the operative complaint); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (declining to incorporate the petition because it was not referenced extensively).  "[A] document is the basis of plaintiff's claim" only "when the claim necessarily depends on the document." *Gregoire v. United Healthcare Servs. Inc.*, No. C 18-04764 WHA, 2018 WL 4635630, at *2 (N.D.

---

[4]   *See also Bruister v. Asuncion*, No. CV 17-05106 PSG (RAO), 2018 WL 6016966, at *3 n.2 (C.D. Cal. July 16, 2018) (rejecting request to consider on a motion to dismiss exhibits attached to earlier complaint that had been "superseded"); *Marshall v. Local Union No. 701 IBEW*, No. 03 C 1302, 2005 WL 8177539, at *1 (N.D. Ill. Mar. 18, 2005) (holding attachments to superseded complaint that were excluded from amended complaint not "binding on the plaintiff" and declining to incorporate by reference); *Tate v. Quad/Graphics Inc.*, No. 3:10CV00296 BSM, 2011 WL 4352301, at *2 (E.D. Ark. Sept. 19, 2011) (declining to consider documents attached to original complaint but omitted from amended complaint because original complaint was "supersede[d]" and "render[ed] . . . without legal effect").

Cal. Sept. 27, 2018); *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 511 (9th Cir. 2013) (stating that to be incorporated by reference, a document must be "central to [the] complaint" such that "the complaint **necessarily** relies on [it]"). Thus, documents that merely support or contradict a claim's elements are not candidates for incorporation by reference. *Sviridyuk v. BAC Home Loan Servicing, L.P.*, No. 3:11-cv-01107-SI, 2012 WL 174791, at *2 (D. Or. Jan. 20, 2012) (denying request to incorporate document even though it "may constitute important evidence going to the merits of [p]laintiffs claim").[5]

In arguing that the Complaints make more than "mere mention" of Exhibit 3, Defendants posit that Exhibit 3 "form[s] the basis of Plaintiffs' core scienter allegations in both actions." RJN at 13. Defendants say this is so because the words "Metric Sheets" appear in Paragraph 23 as **an example** of documents and data that Defendants reviewed during the Class Period that contained information relating to Nutanix's pipeline and sales productivity. *Id.* However, Defendants exaggerate Plaintiffs' reliance on "Metric Sheets" far beyond what is actually alleged in the Complaints. Indeed, Paragraph 23 alone alleges many other sources of information contributing to Defendants' scienter that have nothing to do with "Metric Sheets." *See* ¶23 (citing "Weekly Headcount Reports," "Pipeline War Room Updates," Salesforce.com pipeline reports, Dashboard reports containing real-time sales and pipeline data, executive meetings Defendants attended, as well as the fact it was tribal knowledge that Pandey was the single-highest user of Salesforce.com). Furthermore, "Metric Sheets" are not located anywhere within the Complaints' sections labeled "ADDITIONAL SCIENTER ALLEGATIONS" or anywhere else other than Paragraph 23. Thus, the Court should not incorporate Exhibit 3 simply because the Complaints "mere[ly] mention" certain "Metric Sheets." *See, e.g.*, *Rodrigues v. Alliant Credit Union*, No. 21-cv-01111-DMR,

---

[5]   Were Defendants' position the law, there would be no limit to what could be considered incorporated by reference. As many courts have acknowledged, the incorporation by reference doctrine is not this broad. *See, e.g.*, *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995 (S.D. Cal. 2005) (explaining that the doctrine "'is a narrow exception . . . [i]t is not intended to grant litigants license to ignore the distinction[s] between motions to dismiss and motions for summary judgment'") (quoting *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) describing incorporation by reference doctrine as "**a narrow exception** aimed at cases interpreting, for example, a contract").

2022 WL 2390999, at *5 (N.D. Cal. July 1, 2022) (declining to incorporate by reference a contract that was "only quote[d]" twice in the complaint in part because it was not used "extensively" in the complaint).[6]

**Third**, the data in Exhibit 3 does not support Defendants' necessary argument that "total" pipeline is the only important pipeline metric, rather than just one of many. As argued in their Motion, Defendants' claim that investors cared more about growth of stale pipeline than new pipeline growth not only defies common sense, the allegations in the Complaints, and the fact that the stock price declined upon the corrective disclosures, but that proposition is not even proven by Exhibit 3 in any event. Indeed, Defendants cite Exhibit 3 in their Motion more than any of the other exhibits they seek to admit. Furthermore, they rely on additional graphs created from data reflected in Exhibit 3 to directly dispute Plaintiffs' allegations by stating the data within Exhibit 3 "directly and incontrovertibly contradict the theory of fraud that this Court credited in allowing this case to proceed beyond the pleading stage." Mot. at 10. Defendants' submission of "documents not mentioned in the complaint to create a defense" risks creating the "perverse" situation *Khoja* warned against – allowing "defendants to short-circuit the resolution of a well-pleaded claim" without providing the plaintiff the "opportunity to respond to the defendant's new version of the facts." *Khoja*, 899 F.3d at 1003; *see also Rodrigues*, 2022 WL 2390999, at *6 (declining to incorporate by reference contractual language in part because it was being used "to defend against [plaintiff's] claims on the merits" and "doing so would enable [defendant] to 'insert its own version of events into the complaint' without giving [plaintiff] an 'opportunity to respond . . . .'"); *Almaznai v. S-L Distrib. Co., LLC*, No. 20-cv-08487-JST, 2021 WL 4457025, at *4 (N.D. Cal. June 21, 2021) (declining to consider an agreement of sale in part because it "'merely creates a defense' to [plaintiff's] allegations"); *Baird v. Samsung Elecs. Am., Inc.*, 522 F. Supp. 3d 679, 684-85 & n.2 (N.D. Cal. 2021) (finding it "inappropriate on a 12(b)(6) motion" to incorporate by

---

[6]   Defendants rely on *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) to support incorporation of materials that the complaint did not reference at all, but this situation is "rare." *Khoja*, 899 F.3d at 1002. Moreover, the Complaints merely reference "Metric Sheets" in a single, passing reference, and thus, are not reliant on Exhibit 3 to state a claim, unlike the plaintiff in *Knievel* whose defamation claim exclusively turned on the context of the photo within the surrounding material in the magazine and website.

reference a document defendants rely on "primarily to create a defense" in part because "Plaintiffs have not had the opportunity to test the evidence" through the use of discovery devices such as a deposition). Accordingly, the Court should reject Defendants' request to incorporate Exhibit 3.

Moreover, Defendants' RJN improperly seeks premature findings of fact at the motion to dismiss stage – a stage where they have admitted they have only made a "limited production" of documents (*Nutanix* Action ECF 265 at 9), before any depositions (including of deponents who may be knowledgeable of Exhibit 3), and prior to any expert discovery. Indeed, by requesting that the Court incorporate Exhibit 3 by reference, Defendants improperly ask the Court to assume the truth of it so that they may dispute well-pled facts stated in the Complaints. However, *Khoja* expressly cautions against this. 899 F.3d at 1003 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."). *See also Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461, 478 (N.D. Cal. 2021) (declining to incorporate by reference screenshots of a privacy policy used to "create[] a defense" to plaintiff's allegations because "[t]he sufficiency of [the] privacy policy is a key disputed issue in this case"); *Mikkelsen v. Wuh* , No. 19-00533 JMS-WRP, 2020 WL 1919234, at *1 (D. Haw. Apr. 20, 2020) (denying motion to incorporate by reference a "hold harmless" clause in a release/waiver because "[w]hether [the] claims are barred by release or waiver is a defense that would dispute alleged facts"); *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 905 (N.D. Cal. 2019) (declining to incorporate by reference documents which defendants "attempt to use . . . to create a disputed version of the facts alleged and/or to create a defense to the allegations in the Complaint"); *In re Silver Wheaton Corp. Sec. Litig.*, No. 2:15-cv-5146-CAS (JEMx), 2019 WL 1512269, at *8 (C.D. Cal. Mar. 25, 2019) (finding it "inappropriate" to incorporate by reference documents relied on by defendants "to present their own version of the facts to defeat plaintiffs' claims at the pleading stage"). *Cf. Smith v. NetApp, Inc.*, No. 19-cv-04801-JST, 2021 WL 1233354, at *3 (N.D. Cal. Feb. 1, 2021) (incorporating by reference documents which were cited extensively in the complaint but

disregarding disputed facts introduced by defendants whose "only purpose . . . is to create an alternative narrative" to plaintiffs' allegations).[7]

Here, Plaintiffs dispute that Exhibit 3 "directly disproves the central allegations of fraud" in the Complaints.  RJN at 11.  As set forth in Plaintiffs' concurrently filed opposition to the Motion, Defendants are wrong in claiming that Exhibit 3 shows that "Nutanix was experiencing *significant growth* in . . .  pipeline created each quarter" because new pipeline growth was not growing significantly, but rather was severely deficient, and stale pipeline was carrying over from low sales productivity, another concealed fact.  Mot. at 11 (emphasis in original);  Plaintiffs' Memorandum of Law in Opposition to Defendants' Omnibus Motion to Dismiss ("MTD Opp.") at §§III.A.1-2.

Defendants' attempt to argue that "Nutanix's key sales productivity metric, bookings per sales representative" was "strong" fails for the same reason.  Mot. at 12-13.  At this stage the Court need not weigh the Parties' competing interpretations of the data during the litigation, because most relevant to a motion to dismiss is the characterizations Defendants used during the Class Period in their internal communications, which make clear that there were serious concerns about both the declining quality of pipeline and poor sales productivity.  *See* MTD Opp. at §§III.A.1-2.  Thus, because the conclusions that can be drawn from Exhibit 3 at the pleadings stage without the benefit of full merits and expert discovery are highly disputed, the Court should not consider the document.  *See, e.g.*, *Samsung*, 522 F. Supp. 3d at 684-85.  Even if considered, Plaintiffs are entitled to the most favorable inferences that can be drawn from Exhibit 3, which further undermines Defendants' counterfactuals.  *See Tellabs*, 551 U.S. at 322-23 (courts must "accept all factual allegations . . . as true" and construe all reasonable inferences in plaintiffs' favor).

___

[7]  Defendants' cases are inapposite. *NVIDIA* incorporated the document at issue by reference because plaintiffs relied on whole *portions* of it in their complaint, but here, no portions of Exhibit 3 are cited in the operative Complaints. *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 n.10 (9th Cir. 2014).  In *Lopes*, the court granted the *unopposed* request for judicial notice for several exhibits such as SEC filings and transcripts of earnings calls that were matters of public record and documents on which the complaint necessarily relied. *Lopes v. Fitbit, Inc.*, No. 18-cv-06665-JST, 2020 WL 1465932, at *2 (N.D. Cal. Mar. 23, 2020).

***Fourth***, Defendants argue that the Court must consider Exhibit 3 when evaluating the plausibility of Plaintiffs' Complaints.  In support, Defendants rely on several inapposite cases where the plausibility of the pleadings was necessarily dependent on the removed allegations and exhibits from the prior complaint, unlike here, where the plausibility of Plaintiffs' pleadings does not depend on Exhibit 3.  RJN at 12.  For example, unlike here where Defendants proffer Exhibit 3 simply to introduce counter-evidence and conjure fact disputes, *Molica*, *J. Edwards Jewelry Distrib.*, and *McKenna* each involved situations where the plaintiffs excised certain allegations in their operative complaints that would have necessarily been fatal to their claims.  *Molica v. Synchrony Bank*, No. 21-cv-01549-JST, 2021 WL 9315272, at *3 (N.D. Cal. Sept. 14, 2021) (on motion to dismiss, court considered plaintiff's admission in previous complaint that defendant was not a debt collector as defined by the Fair Debt Collection Practices Act); *J. Edwards Jewelry Distrib., LLC v. Wells Fargo & Co.*, No. 18-cv-03886-YGR, 2019 WL 2329248, at *4 (N.D. Cal. May 31, 2019) (deleted allegations were dispositive of the statute of limitations); *McKenna v. WhisperText*, No. 5:14-cv-00424-PSG, 2015 WL 5264750, at *3 (N.D. Cal. Sept. 9, 2015) (allegation excised from previous complaint was dispositive as to whether defendant utilized an "automated telephone dialing system" for purposes of Telephone Consumer Protection Act claim).[8]

---

[8]   Defendants' additional authorities are wholly inapposite.  RJN at 12-13.  In *Costanzo* and *Lopes*, the courts were analyzing the judicial notice doctrine, not, like here, the incorporation by reference, and Defendants do not seek judicial notice of Exhibit 3.  *Costanzo v. DXC Tech. Co.*, No. 19-cv-05794-BLF, 2021 WL 5908385, at *4 n.1 (N.D. Cal. Dec. 14, 2021); *Lopes*, 2020 WL 1465932, at *2.  *Kennedy* and *Fasugbe* involved situations where the courts simply considered all pleadings for the purpose of inclusivity because under no version of the facts did the plaintiffs' complaints state claims for relief.  *Kennedy v. Wells Fargo Bank, N.A.*, No. C 11-0675 MMC, 2011 WL 3359785, at *4-5 (N.D. Cal. Aug. 2, 2011) (court dismissed with leave to amend because the purported date of an alleged letter was dispositive to plaintiff's Truth In Lending Act claim, and there discrepancies as to the date both between iterations of the complaint and within the operative amended complaint, such that the court could not discern the actual date); *Fasugbe v. Willms*, No. CIV. 2:10-2320 WBS KJN, 2011 WL 2119128, at *6 (E.D. Cal. May 26, 2011) (the court reviewed allegations both as pled in the original complaint and in the amended complaint, and "under either scenario" the plaintiff "simply fail[ed] to state any plausible claim to relief").

**D.      Defendants' Additional Requests for Judicial Notice and Incorporation by Reference Are Improper**

**1.      The Court Should Not Consider the Truth of the Matter Asserted in Exhibits Not Referenced in the Complaints**

Defendants ask the Court to judicially notice the truth of self-serving "factual" information contained within two SEC filings that are not cited *anywhere* in the Complaints.  Exhibit 1 contains excerpts of Nutanix's Form 10-K for fiscal year 2017, filed with the SEC on September 18, 2017, and Exhibit 26 contains excerpts of Nutanix's Form 10-Q for the second quarter of fiscal year 2017, filed with the SEC on March 10, 2017.  Neither is ever mentioned in the Complaints nor incorporated by reference.  *Anschutz Corp. v. Merrill Lynch & Co. Inc.*, 785 F. Supp. 2d 799, 834 (N.D. Cal. 2011) (rejecting incorporation by reference of items not mentioned in the complaint).

To the extent the Court takes judicial notice of these documents, it cannot be for the truth of the matters asserted therein.  *Wochos v. Tesla, Inc.*, No. 17-cv-05828-CRB, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019) ("The Court thus considers these documents for the sole purpose of determining what representations Tesla made to the market.  The Court does not take notice of the truth of any of the facts asserted in these documents.").  Federal Rule of Evidence 201 provides that the only "kinds of facts that may be judicially noticed" are those that are "not subject to reasonable dispute." *Khoja*, 899 F.3d at 999.  "A fact is 'not subject to reasonable dispute' if it is [1] 'generally known,' or 'can be accurately and [2] readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id*.  Exhibits 1 and 26 are not referenced anywhere within the Complaints and are simply employed by Defendants to create factual disputes regarding Nutanix's sales productivity.  Mot. at 12.  Thus, if the Court takes judicial notice of such documents, it should do so only for "what was said, when it was said, and who said it without prejudice to plaintiff's ability to contest the accuracy of those statements[,]" and not the truth of the matters asserted. *In re Impinj, Inc., Sec. Litig.*, 414 F. Supp. 3d 1327, 1333 (W.D. Wash. 2019).

**a.      The Court Should Not Consider the Truth of the Matter of Exhibits Alleged to Be False or Misleading**

Ten of Defendants' proffered exhibits are excerpts of documents that Plaintiffs allege to be false and misleading (Exs. 4-10, 21-22, and 25).

- *Compare* Ex. 4 (excerpts of the S&P Global's Transcript of Nutanix's Q1 2018 Earnings Conference Call dated November 30, 2017), *with* ¶¶289-291 (alleging excerpts of the November 30, 2017 Conference Call to be false and misleading);

- *Compare* Ex. 5 (excerpts of S&P Global's Transcript of Nutanix's Q2 2018 Earnings Conference Call dated March 1, 2018) *with* ¶¶313-317 (alleging excerpts of the March 1, 2018 Conference Call to be false and misleading);

- *Compare* Ex. 6 (excerpts of S&P Global's Transcript of Nutanix's Q3 2018 Earnings Conference Call dated May 24, 2018), *with* ¶¶342-351 (alleging excerpts of the May 24, 2018 Conference Call to be false and misleading);

- *Compare* Ex. 7 (excerpts of the December 13, 2017 Form 10-Q ), *with* ¶¶292-304 (alleging excerpts of the December 13, 2017 Form 10-Q to be false and misleading);

- *Compare* Ex. 8 (excerpts of the June 12, 2018 Form 10-Q), *with* ¶¶352-363 (alleging excerpts of the June 12, 2018 Form 10-Q to be false and misleading);

- *Compare* Ex. 9 (excerpts of the September 24, 2018 Form 10-K), *with* ¶¶375-386 (alleging excerpts of the September 24, 2018 Form 10-K to be false and misleading);

- *Compare* Ex. 10 (excerpts of S&P Global's Transcript of Nutanix's Q4 2018 Earnings Conference Call dated August 30, 2018), *with* ¶¶368-374 (alleging excerpts of the August 30, 2018 Conference Call to be false and misleading);

- *Compare* Ex. 21 (excerpts of Nutanix's August 30, 2018 press release attached to Form 8-K), *with* ¶¶364-367 (alleging excerpts of the August 30, 2018 press release to be false and misleading);

- *Compare* Ex. 22 (excerpts of the March 1, 2018 press release), *with* ¶¶308-312 (alleging excerpts of the March 1, 2018 press release to be false and misleading); and

- *Compare* Ex. 25 (excerpts of the March 15, 2018 Form 10-Q), *with* ¶¶323-335 (alleging excerpts of the March 15, 2018 Form 10-Q to be false and misleading).

The Court should not indulge Defendants' request to assume their remarks in a particular document were true, where such request's purpose is to refute the falsity of misstatements from the ***very same*** document that Plaintiffs allege was false and misleading. *See In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) ("Although courts generally assume a document's contents to be true on a motion to dismiss when that document is referenced in a complaint, the Court cannot do so when Plaintiffs' complaint alleges that these documents contain false or misleading statements."). "'[A]ssuming the truth of all of Defendants' allegedly false or

misleading statements' . . . would make it 'impossible ever to successfully plead a fraud claim.'" *Khoja*, 899 F.3d at 1015 (quoting *In re ECOtality, Inc., Sec. Litig.*, No. 13-03791-SC, 2014 WL 4634280, at *3 n.2 (N.D. Cal. Sept. 16, 2014)).  Defendants' self-serving statements, especially those above contained in the same documents as alleged false statements, cannot be presumed to be true.  *In re Zynga Inc. Sec. Litig.*, No. C 12-04007 JSW, 2015 WL 1382217, at *4 n.1 (N.D. Cal. Mar. 25, 2015) ("[B]ecause Plaintiff contests the accuracy of the contents of the company's public filings, the Court does not adopt the representations made in the documents for the truth of the matters asserted, but merely accepts that the public filings were made."); *see also SEB Inv. Mgmt. AB v. Symantec Corp.*, No. C 18-02902 WHA, 2019 WL 2491935, at *11 (N.D. Cal. June 14, 2019) (declining to take judicial notice of the truth of defendants' disclosures where "plaintiffs dispute the accuracy of the statements set forth in the September 9 proxy statement").

**b.      The Court May Not Incorporate by Reference Documents that Do Not "Serve a Basis" for Plaintiffs' Claims**

Plaintiffs further object to Defendants' request that documents be incorporated by reference, where such documents are neither "referred to 'extensively'" in the Complaints, nor "serve as a 'basis'" for Plaintiffs' claims.  *Talavera Hair Prods. v. Taizhou Yunsung Elec. Appliance Co.*, No. 18-CV-823 JLS (JLB), 2020 WL 998535, at *3 (S.D. Cal. Mar. 2, 2020).  For example, Exhibit 2 is only referenced once in the Complaints (TAC ¶53, RFAC ¶52) to describe what a chief operating decision maker is and their duties.  It is hardly referred to, only merely mentioned in passing.  It certainly does not form the basis of any of Plaintiffs' claims.

Exhibit 14 is a two-page spreadsheet that is not attached to or referred to in the Complaints at all, but rather, was simply produced in discovery with documents referred to in the Complaints. The Complaints explain that by late August 2018, the pipeline problems had become so serious the Company established a "Pipeline War Room Team" to analyze and report on data regarding the Company's sales pipeline. ¶220.  In support, the Complaints attach an August 29, 2018 email (as Plaintiffs' "exhibit 51"), which describes the Pipeline War Room Team, which sent frequent updates to Pandey, Williams, and other executives showing that Nutanix's pipeline was desperately lagging.  The two-page spreadsheet Defendants seek to incorporate was produced in

discovery as an attachment to Plaintiffs' Exhibit 51 but is not attached to or referred to in the Complaints *at all*.[9]

Therefore, the Court should not incorporate Exhibits 2 and 14 by reference. *See Khoja*, 899 F.3d at 1003 (finding that the incorporation by reference doctrine did not apply to a blog post cited in a two-sentence footnote and did not "form the basis of any claim in the Complaint"); *Aledlah v. S-L Distrib. Co.*, No. 20-cv-00234-JSC, 2020 WL 2927980, at *4 (N.D. Cal. June 3, 2020) (the court in that case found that a distribution agreement would be inappropriate to be "incorporated by reference because it is quoted in one paragraph of the complaint and referenced in another").

### c. Any Exhibits Incorporated by Reference or Judicially Noticed Cannot Be Used to Dispute the Allegations

Plaintiffs further object to Defendants' use of their Exhibits throughout the Motion to the extent that they seek to incorporate, or alternatively request judicial notice of, such documents to dispute the Complaints' well-pleaded facts. Even public records that are judicially noticed cannot be considered for their truth or to resolve factual disputes. *See Splunk*, 592 F. Supp. 3d at 929.[10]

---

[9] Defendants suggest that the attachment should nonetheless be incorporated by reference under "well-established discovery practices." RJN at 4 n.2. Defendants conflate standards for resolution of discovery disputes as the standards governing the incorporation by reference doctrine, which are obviously not even relevant to one another, let alone interchangeable concepts. *Id.* (citing *Pom Wonderful LLC v. Coca-Cola Co.*, No. CV 08-6237 SJO (FMOx), 2009 WL 10655335, at *2-3 (C.D. Cal. Nov. 30, 2009) (resolving a motion to compel where the defendant refused to produce email attachments)). Here, Defendants must show that their Exhibit 14 forms the basis of Plaintiffs' claims and is referred to extensively in the Complaints, which they cannot.

[10] Defendants' cases cited in support of judicially noticing SEC filings are inapplicable. First, Defendants rely on cases where the requests for judicial notice are unopposed. *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) ("[T]he court granted Defendants' unopposed requests for judicial notice. Metzler does not contest the propriety of the noticing of these documents on appeal."). *Golub v. Gigamon Inc.*, No. 17-cv-06653-WHO, 2019 WL 4168948 at *5-6 (N.D. Cal. Sep. 3, 2019) (finding that Golub is not actually opposing judicial notice or incorporation by reference of any of the documents here). Second, in *Kipling*, the SEC filings were considered to evaluate whether cautionary language regarding the risks and uncertainties that could cause Flex's results to differ materially from those in the forward-looking statements was meaningful. *Kipling v. Flex Ltd.*, No. 18-CV-02706-LHK, 2020 WL 2793463, at *7 (N.D. Cal. May 29, 2020). In granting the motion for judicial notice, the Court clarified that it considered the exhibits "for the sole purpose of determining what representations [Defendants] made to the market," and did not take "notice of the truth of any of the facts asserted." *Id. Netflix* used the SEC filings to consider the factors relevant to insider stock sales, such as the timing, amount and percentage of shares sold by insiders and whether the sales were consistent with the

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:19-cv-1651-WHO; Case No. 3:21-cv-04080-WHO
4889-0120-0967

- 16 -

"It is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003. "This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage." *Id.* Defendants' use of SEC filings, press releases, and earnings call transcripts is improper because it asks the court to "engage in fact-finding in the course of deciding the sufficiency of the Complaint." *Id.* at 1006. Here, Defendants cite to Exhibits 1-12 and 24-26 throughout the Motion to claim that, notwithstanding their panicked internal emails, pipeline was robust and sales productivity was superb. *See, e.g.*, Mot. at 2-3, 10-14, 27-28. But, attempting to minimize or explain away their emails is an improper use of such evidence at this stage of the case. *See Khoja*, 899 F.3d at 999 ("If defendants are permitted to present their own version of the facts at the pleading stage – and district courts accept those facts as uncontroverted and true – it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief."); *see also id.* (improper to judicially notice factual assertions from SEC filings where a defendant's purpose is to undermine the plaintiff's well-pled allegations, because even if a document like an SEC filing is generally "susceptible to judicial notice" that "does not mean that every assertion of fact within that document is judicially noticeable for its truth."); *id.* at 1000 (improper for the court to take judicial notice of earnings conference call transcripts where they are "subject to varying interpretations").[11]

---

insider's prior trading history. *In re Netflix, Inc. Sec. Litig.*, No. C04-2978 FMS, 2005 WL 1562858, at *5, *8 (N.D. Cal. June 23, 2005) (admitting SEC documents to consider "whether the sales were consistent with the insider's prior trading history").

[11]   Defendants' cases in support of judicially noticing earnings call transcripts are inapposite. Defendants improperly rely on *Nektar* as support for judicial notice of earnings call transcripts when the Court in fact considered them as incorporated by reference. *In re Nektar Therapeutics*, No. 18-cv-06607-HSG, 2020 WL 3962004, at *7 (N.D. Cal. July 13, 2020). In *Kipling*, the transcripts were used to evaluate whether the statements were accompanied by meaningful cautionary language, and in granting the motion for judicial notice, the Court clarified that it considered the exhibits "for the sole purpose of determining what representations [defendants] made to the market," and did not take "notice of the **truth** of any of the facts asserted." *Kipling*, 2020 WL 2793463, at *7. In *Veal*, *Eventbrite*, and *Golub*, the plaintiff did not object to defendants' use of transcripts. *Veal v. LendingClub Corp.*, No. 18-cv-02599-BLF, 2020 WL 3128909, at *5 (N.D. Cal. June 12, 2020) (admitting exhibits because the documents were attached to or referenced in the complaint and/or are matters of public record, plaintiffs did not object to defendants request for judicial notice, and the Court did not take notice of the truth of any of the

Accordingly, Defendants' citations to Exhibits 1-12 and 24-26 are made solely to generate fact disputes with the well-pled allegations in the Complaints, and thus, the Court should not incorporate or judicially notice these exhibits for the truth of the matters asserted therein. *Khoja*, 899 F.3d at 1002.

## IV.   CONCLUSION

Defendants' RJN improperly requests that the Court consider the truth of the matter asserted in documents neither cited in nor relied upon in the Complaints, and/or resolve factual disputes in Defendants' favor. Wherefore, Plaintiffs respectfully request that the RJN be denied.

DATED: December 29, 2022

ROBBINS GELLER RUDMAN
  & DOWD LLP


                   */s/ Stephen R. Astley*
                STEPHEN R. ASTLEY

STEPHEN R. ASTLEY (admitted *pro hac vice*)
ROBERT J. ROBBINS (admitted *pro hac vice*)
ANDREW T. REES (admitted *pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
sastley@rgrdlaw.com
rrobbins@rgrdlaw.com
arees@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
KENNETH J. BLACK (291871)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
kblack@rgrdlaw.com

---

facts asserted in these documents); *In re Eventbrite, Inc. Sec. Litig.*, No. 5:18-cv-02019-EJD, 2020 WL 2042078, at *6-7 (N.D. Cal. Apr. 28, 2020) ("Plaintiffs do not argue that the Court cannot take judicial notice of Exhibits . . . ."); *Golub*, 2019 WL 4168948, at *5-6 (finding that *Golub* is not actually opposing judicial notice or incorporation by reference of any of the documents here).

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:19-cv-1651-WHO; Case No. 3:21-cv-04080-WHO                                    - 18 -
4889-0120-0967

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (Admitted *pro hac vice*)
FRANK A. RICHTER (Admitted *pro hac vice*)
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  630/696-4107
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

*Lead Counsel for Lead Plaintiff California
Ironworkers Field Pension Trust and Plaintiff
City of Miami Fire Fighters' and Police
Officers' Retirement Trust*

LEVI & KORSINSKY, LLP
Shannon L. Hopkins (admitted *pro hac vice*)
Gregory M. Potrepka (admitted *pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT  06905
Tel: (203) 992-4523
Email: shopkins@zlk.com
Email: gpotrepka@zlk.com

Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA  94111
Telephone: 415/373-1671
415/484-1294 (fax)
aapton@zlk.com
amccall@zlk.com

*Counsel for Plaintiff John P. Norton, on behalf
of the Norton Family Living Trust UAD
11/15/2002, and Additional Counsel for Plaintiff
City of Miami Fire Fighters' and Police
Officers' Retirement Trust*

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:19-cv-1651-WHO; Case No. 3:21-cv-04080-WHO                                              - 19 -
4889-0120-0967