ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
KENNETH J. BLACK (291871)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
kennyb@rgrdlaw.com
        – and –
JAMES E. BARZ
FRANK A. RICHTER
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re NUTANIX, INC. SECURITIES LITIGATION | ) ) ) |
| | ) |
| | ) |
| JOHN P. NORTON, ON BEHALF OF THE NORTON FAMILY LIVING TRUST UAD 11/15/2002, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS, | ) ) |
| Defendants. | ) ) ) ) |

Case No. 3:19-cv-01651-WHO
Case No. 3:21-cv-04080-WHO

CLASS ACTION

LEAD COUNSEL'S NOTICE OF MOTION, MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO CLASS REPRESENTATIVE PURSUANT TO 15 U.S.C. §78u-4(a)(4), AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

DATE:     October 4, 2023
TIME:     2:00 p.m. (via videoconference)
JUDGE:   Honorable William H. Orrick

4866-6192-0369.v1

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ..................................................................................................................1

II.    PROCEDURAL AND FACTUAL BACKGROUND..........................................................3

III.   THE REQUESTED FEE IS FAIR AND REASONABLE...................................................3

    A.     A Reasonable Percentage of the Fund Is the Appropriate Method for
            Awarding Attorneys' Fees in Common Fund Cases...................................................3

    B.     The Requested Fee Is Reasonable and Appropriate ..................................................5

            1.     Lead Counsel Achieved an Exceptional Result for the Class......................6

            2.     The Litigation Was Uncertain and Highly Complex ...................................7

            3.     The Skill Required and Quality of Work......................................................9

            4.     The Contingent Nature of the Fee and the Financial Burden
                 Carried by Lead Counsel .............................................................................10

            5.     Awards Made in Similar Cases Support the Fee Request............................11

            6.     The Class's Reaction to Date Supports the Fee Request ............................11

            7.     A Lodestar Crosscheck Confirms that the Requested Fee Is
                 Reasonable ..................................................................................................12

IV.    LEAD COUNSEL'S EXPENSES ARE REASONABLE AND SHOULD BE
    APPROVED ......................................................................................................................15

V.     CLASS REPRESENTATIVE CALIFORNIA IRONWORKERS' REQUEST
    FOR AN AWARD PURSUANT TO 15 U.S.C. §78u-4(a)(4) IS REASONABLE ..........16

VI.    CONCLUSION.................................................................................................................18

# TABLE OF AUTHORITIES

**Page**

CASES

*Alaska Elec. Pension Fund v. Flowserve Corp.*,
   572 F.3d 221 (5th Cir. 2009) ...................................................................................................8

*Andrews v. Plains All Am. Pipeline L.P.*,
   2022 WL 4453864 (C.D. Cal. Sept. 20, 2022) ...................................................................6, 11

*Baird v. BlackRock Institutional Tr. Co., N.A.*,
   2021 WL 5113030 (N.D. Cal. Nov. 3, 2021) ...........................................................................5

*Barbosa v. Cargill Meat Sols. Corp.*,
   297 F.R.D. 431 (E.D. Cal. 2013) ............................................................................................16

*Boeing Co. v. Van Gemert*,
   444 U.S. 472 (1980)..................................................................................................................3

*Buccellato v. AT&T Operations, Inc.*,
   2011 WL 4526673 (N.D. Cal. June 30, 2011).........................................................................17

*Chen v. Chase Bank USA, N.A.*,
   2020 WL 3432644 (N.D. Cal. June 23, 2020)..........................................................................18

*Farrell v. Bank of Am. Corp., N.A.*,
   827 F. App'x 628 (9th Cir. 2020),
   *cert. denied sub nom. Threatt v. Farrell*,
   __U.S.__, 142 S. Ct. 71 (2021)...............................................................................................12

*Figueroa v. Allied Bldg. Prods. Corp.*,
   2018 WL 4860034 (C.D. Cal. Sept. 24, 2018) .........................................................................5

*Fleming v. Impax Lab'ys Inc.*,
   2022 WL 2789496 (N.D. Cal. July 15, 2022)......................................................................6, 14

*Franco v. Ruiz Food Prods., Inc.*,
   2012 WL 5941801 (E.D. Cal. Nov. 27, 2012).........................................................................15

*Hatamian v. Advanced Micro Devices, Inc.*,
   2018 WL 8950656 (N.D. Cal. Mar. 2, 2018)......................................................................12, 17

*Hefler v. Wells Fargo & Co.*,
   2018 WL 6619983 (N.D. Cal. Dec. 18, 2018),
   *aff'd sub nom. Hefler v. Pekoc*,
   802 F. App'x 285 (9th Cir. 2020) .................................................................................. *passim*

LEAD COUNSEL'S NOTICE OF MOTION, MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND
AWARD TO CLASS REPRESENTATIVE, AND MEMORANDUM OF POINTS AND AUTHORITIES - Case Nos. 3:19-cv-01651-
WHO; 3:21-CV-04080-WHO
4866-6192-0369.v1

- ii -

**Page**

*Hensley v. Eckerhart*,
461 U.S. 424 (1983)......................................................................................................................6

*In re Activision Sec. Litig.*,
723 F. Supp. 1373 (N.D. Cal. 1989) .............................................................................................5

*In re Am. Apparel, Inc. S'holder Litig.*,
2014 WL 10212865 (C.D. Cal. July 28, 2014).............................................................................4

*In re Amgen Inc. Sec. Litig.*,
2016 WL 10571773 (C.D. Cal. Oct. 25, 2016)............................................................................13

*In re Amkor Tech. Inc. Sec. Litig.*,
2009 WL 10708030 (D. Ariz. Nov. 19, 2009)...............................................................................4

*In re Apollo Grp., Inc. Sec. Litig.*,
2008 WL 3072731 (D. Ariz. Aug. 4, 2008),
*rev'd on other grounds*, 2010 WL 5927988 (9th Cir. June 23, 2010) .......................................9

*In re Aqua Metals, Inc. Sec. Litig.*,
2022 WL 612804 (N.D. Cal. Mar. 2, 2022)................................................................................14

*In re Banc of Cal. Sec. Litig.*,
2020 WL 1283486 (C.D. Cal. Mar. 16, 2020)..............................................................................6

*In re Bluetooth Headset Prods. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) ....................................................................................................4, 5

*In re Broiler Chicken Antitrust Litig.*,
2021 WL 5709250 (N.D. Ill. Dec. 1, 2021)..................................................................................6

*In re Capacitors Antitrust Litig.*,
2023 WL 2396782 (N.D. Cal. Mar. 6, 2023)......................................................................4, 6, 14

*In re CenturyLink Sales Pracs. & Sec. Litig.*,
2020 WL 7133805 (D. Minn. Dec. 4, 2020)...............................................................................17

*In re Facebook Biometric Info. Priv. Litig.*,
522 F. Supp. 3d 617 (N.D. Cal. 2021),
*aff'd*, 2022 WL 822923 (9th Cir. Mar. 17, 2022) ......................................................................14

*In re Gilat Satellite Networks, Ltd.*,
2007 WL 2743675 (E.D.N.Y. Sept. 18, 2007) ...........................................................................18

LEAD COUNSEL'S NOTICE OF MOTION, MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO CLASS REPRESENTATIVES, AND MEMORANDUM OF POINTS AND AUTHORITIES - 3:19-cv-01651-WHO
4866-6192-0369.v1

- iii -

**Page**

*In re HP Inkjet Printer Litig.*,
716 F.3d 1173 (9th Cir. 2013) ...................................................................................................4

*In re Ikon Off. Sols., Inc., Sec. Litig.*,
194 F.R.D. 166 (E.D. Pa. 2000).................................................................................................5

*In re Immune Response Sec. Litig.*,
497 F. Supp. 2d 1166 (S.D. Cal. 2007).....................................................................................9

*In re JDS Uniphase Corp. Sec. Litig.*,
2007 WL 4788556 (N.D. Cal. Nov. 27, 2007) .......................................................................11

*In re Lidoderm Antitrust Litig.*,
2018 WL 4620695 (N.D. Cal. Sept. 20, 2018) ...................................................................6, 15

*In re Lyft Inc. Sec. Litig.*,
2023 WL 5068504 (N.D. Cal. Aug. 7, 2023) ..........................................................................14

*In re Marsh & McLennan Cos., Inc. Sec. Litig.*,
2009 WL 5178546 (S.D.N.Y. Dec. 23, 2009) ........................................................................18

*In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*,
2017 WL 6040065 (N.D. Cal. Dec. 6, 2017),
*aff'd*, 768 F. App'x 651 (9th Cir. 2019)..................................................................................14

*In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*,
768 F. App'x. 651 (9th Cir. 2019) .............................................................................................3

*In re Omnivision Techs., Inc.*,
559 F. Supp. 2d 1036 (N.D. Cal. 2008) ...........................................................................4, 5, 8

*In re Oracle Corp. Sec. Litig.*,
2009 WL 1709050 (N.D. Cal. June 19, 2009),
*aff'd*, 627 F.3d 376 (9th Cir. 2010).........................................................................................10

*In re Pac. Enter. Sec. Litig.*,
47 F.3d 373 (9th Cir. 1995) ..................................................................................................6, 7

*In re Rite Aid Corp. Sec. Litig.*,
396 F.3d 294 (3d Cir. 2005), *amended* (Feb. 25, 2005) ..........................................................4

*In re Tesla, Inc. Sec. Litig.*,
2022 WL 1497559 (N.D. Cal. Apr. 1, 2022) ..........................................................................11

LEAD COUNSEL'S NOTICE OF MOTION, MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO CLASS REPRESENTATIVES, AND MEMORANDUM OF POINTS AND AUTHORITIES - 3:19-cv-01651-WHO
4866-6192-0369.v1

- iv -

**Page**

*In re Tezos Sec. Litig.*,
   2020 WL 13699946 (N.D. Cal. Aug. 28, 2020) ........................................................................6

*In re Twitter Inc. Sec. Litig.*,
   2022 WL 17248115 (N.D. Cal. Nov. 21, 2022) ......................................................................14

*In re Tyco Int'l, Ltd. Multidistrict Litig.*,
   535 F. Supp. 2d 249 (D.N.H. 2007)........................................................................................13

*In re Verifone Holdings, Inc. Sec. Litig.*,
   2014 WL 12646027 (N.D. Cal. Feb. 18, 2014) ......................................................................15

*In re Volkswagen "Clean Diesel" Mgmt., Sales Pracs., & Prod. Liab. Litig.*,
   2017 WL 1047834 (N.D. Cal. Mar. 17, 2017)................................................................ *passim*

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*,
   2019 WL 2077847 (N.D. Cal. May 10, 2019)...........................................................................7

*In re Washington Mut., Inc. Sec. Litig*,
   2011 WL 8190466 (W.D. Wash. Nov. 4, 2011) ......................................................................12

*In re Washington Pub. Power Supply Sys. Sec. Litig.*,
   19 F.3d 1291 (9th Cir. 1994) ..................................................................................................10

*In re Xcel Energy, Inc., Sec., Derivative, & "ERISA" Litig.*,
   364 F. Supp. 2d 980 (D. Minn. 2005)......................................................................................18

*Jacobs v. California State Auto. Ass'n Inter-Ins. Bureau*,
   2009 WL 3562871 (N.D. Cal. Oct. 27, 2009)..........................................................................18

*Jiangchen v. Rentech, Inc.*,
   2019 WL 5173771 (C.D. Cal. Oct. 10, 2019)......................................................................8, 13

*Jimenez v. O'Reilly Auto. Inc.*,
   2018 WL 6137591 (C.D. Cal. June 18, 2018) ...........................................................................5

*Larsen v. Trader Joe's Co.*,
   2014 WL 3404531 (N.D. Cal. July 11, 2014).................................................................5, 6, 10

*Lopez v. Youngblood*,
   2011 WL 10483569 (E.D. Cal. Sept. 2, 2011)...........................................................................5

*Lowery v. Rhapsody Int'l, Inc.*,
   69 F.4th 994 (9th Cir. 2023) .....................................................................................................4

LEAD COUNSEL'S NOTICE OF MOTION, MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO CLASS REPRESENTATIVES, AND MEMORANDUM OF POINTS AND AUTHORITIES - 3:19-cv-01651-WHO
4866-6192-0369.v1

- v -

**Page**

*McDermid v. Inovio Pharms., Inc.,*
2023 WL 227355 (E.D. Pa. Jan. 18, 2023) .......................................................................................18

*McPhail v. First Command Fin. Plan., Inc.,*
2009 WL 839841 (S.D. Cal. Mar. 30, 2009) ....................................................................................18

*Morgan v. Childtime Childcare, Inc.,*
2020 WL 218515 (C.D. Cal. Jan. 6, 2020) .........................................................................................5

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.,*
221 F.R.D. 523 (C.D. Cal. 2004).....................................................................................................12

*Ontiveros v. Zamora,*
303 F.R.D. 356 (E.D. Cal. 2014) .....................................................................................................15

*Paul, Johnson, Alston & Hunt v. Graulty,*
886 F.2d 268 (9th Cir. 1989) ...........................................................................................................13

*Redwen v. Sino Clean Energy, Inc.,*
2013 WL 12303367 (C.D. Cal. July 9, 2013) ..................................................................................16

*Savani v. URS Pro. Sols. LLC,*
2014 WL 172503 (D.S.C. Jan. 15, 2014) .........................................................................................10

*Stanger v. China Elec. Motor, Inc.,*
812 F.3d 734 (9th Cir. 2016) ...........................................................................................................10

*Staton v. Boeing Co.,*
327 F.3d 938 (9th Cir. 2003) ...........................................................................................................16

*Vataj v. Johnson,*
2021 WL 5161927 (N.D. Cal. Nov. 5, 2021) .....................................................................................7

*Vincent v. Hughes Air W., Inc.,*
557 F.2d 759 (9th Cir. 1977) .............................................................................................................3

*Vincent v. Reser,*
2013 WL 621865 (N.D. Cal. Feb. 19, 2013) ..............................................................................15, 16

*Vinh Nguyen v. Radient Pharms. Corp.,*
2014 WL 1802293 (C.D. Cal. May 6, 2014) ......................................................................................9

*Vizcaino v. Microsoft Corp.,*
290 F.3d 1043 (9th Cir. 2002) ............................................................................................... *passim*

LEAD COUNSEL'S NOTICE OF MOTION, MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO CLASS REPRESENTATIVES, AND MEMORANDUM OF POINTS AND AUTHORITIES - 3:19-cv-01651-WHO
4866-6192-0369.v1

- vi -

**Page**

*Wehlage v. Evergreen at Arvin LLC*,
    2012 WL 4755371 (N.D. Cal. Oct. 4, 2012) ........................................................................17

*Wing v. Asarco Inc.*,
    114 F.3d 986 (9th Cir. 1997) ...............................................................................................10

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §78u-4(a)(4) .................................................................................................................2, 16, 17
    §78u-4(a)(6) .........................................................................................................................4

**SECONDARY AUTHORITIES**

Janeen McIntosh, Svetlana Starykh, and Edward Flores,
    *Recent Trends in Securities Class Action Litigation: 2022 Full-Year Review*
    (NERA Jan. 24, 2023).............................................................................................................7

LEAD COUNSEL'S NOTICE OF MOTION, MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND
AWARD TO CLASS REPRESENTATIVES, AND MEMORANDUM OF POINTS AND AUTHORITIES - 3:19-cv-01651-WHO
4866-6192-0369.v1

- vii -

**NOTICE OF MOTION AND MOTION**

TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that at 2:00 p.m. on October 4, 2023, via videoconference, in the courtroom of the Honorable William H. Orrick, at the United States District Court, Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Lead Counsel Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Levi & Korsinsky, LLP will and hereby do respectfully move the Court for an Order awarding attorneys' fees and providing for payment of litigation expenses and an award to Lead Plaintiff California Ironworkers Field Pension Trust ("California Ironworkers") pursuant to 15 U.S.C. §78u-4(a)(4).

This Motion is based on the following Memorandum of Points and Authorities, as well as the accompanying Declaration of Stephen R. Astley in Support of: (1) Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation; and (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses, and Award to Class Representative Pursuant to 15 U.S.C. §78u-4(a)(4) ("Astley Declaration" or "Astley Decl.") and its exhibits, the Declaration of Stephen R. Astley Filed on Behalf of Robbins Geller Rudman & Dowd LLP in Support of Application for Award of Attorneys' Fees and Expenses ("RGRD Decl."), the Declaration of Shannon L. Hopkins Filed on Behalf of Levi & Korsinsky, LLP in Support of Application for Award of Attorneys' Fees and Expenses ("L&K Decl."), the Declaration of Robert D. Klausner Filed on Behalf of Klausner, Kaufman, Jensen & Levinson in Support of Application for Award of Attorneys' Fees and Expenses ("Klausner Decl."), all prior pleadings and papers in these Actions, the arguments of counsel, and such additional information or argument as may be required by the Court.

A proposed Order will be submitted with Lead Counsel's reply submission on September 27, 2023, after the September 13, 2023 deadline for Class Members to object to the motion for fees and expenses has passed.

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether the Court should approve as fair and reasonable Lead Counsel's application in the Actions for an award of attorneys' fees in the amount of 30% of the Settlement Amount, plus all interest accrued thereon.

2.      Whether the Court should approve Lead Counsel's request for payment of $638,213.52 in litigation expenses and charges incurred by Lead Counsel in the Actions, plus all interest accrued thereon.

3.      Whether the Court should award Lead Plaintiff California Ironworkers $2,000 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class.

LEAD COUNSEL'S NOTICE OF MOTION, MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO CLASS REPRESENTATIVE, AND MEMORANDUM OF POINTS AND AUTHORITIES - Case Nos. 3:19-cv-01651-WHO; 3:21-CV-04080-WHO
4866-6192-0369.v1

- 1 -

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

After years of hard-fought litigation, Lead Counsel secured a $71 million settlement for the Class.[1]  In awarding fees, courts consider several factors, the most important of which is the result achieved for the Class.  The all-cash Settlement represents a significant percentage of estimated aggregate damages (15%), and is many times greater (on a percentage recovery basis) than the median recovery percentage (1.6%) obtained in securities class action cases with similar damages.

As compensation for their efforts in both the *Nutanix* and *Norton* Actions, Lead Counsel request that the Court award attorneys' fees of 30% of the Settlement Amount, plus expenses/charges ("expenses") incurred in the prosecution of the Actions in the amount of $638,213.52, plus the interest earned thereon.  This request is being made in connection with resolving both the *Nutanix* Action led by Robbins Geller Rudman & Dowd LLP as Lead Counsel and the *Norton* Action filed by Levi & Korsinsky, LLP.  The fee request is supported by Plaintiffs, which include two sophisticated institutions, a fact that is afforded significant weight in the analysis, *see* §III.B.6, *infra*, and it is consistent with fees awarded in comparable class action settlements in this District.  Lead Counsel's fee request is further supported by the extent of their efforts and the *ex-ante* risks of the Actions.  *See generally* Astley Decl.  Lead Counsel, among other things, conducted a thorough investigation, drafted several complaints, conducted the review and analysis of 570,862 pages of documents produced by Defendants and third parties, incorporated facts from those documents and other facts into detailed amended complaints, opposed Defendants' motions to dismiss and motion for judgment on the pleadings, prepared detailed mediation statements, and participated in a mediation session with the Honorable Layn R. Phillips of Phillips ADR Enterprises, a mediator with extensive experience in resolving securities cases, as well as months of settlement discussions with Judge Phillips' assistance after the mediation was unsuccessful.

---

[1]    All capitalized terms not defined herein shall have the same meaning set forth in the Stipulation of Settlement dated April 7, 2023 (*Nutanix* Action ECF 307-2; *Norton* Action ECF 117-2) and in Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation ("Final Approval Memorandum"), filed herewith.

A lodestar cross-check also confirms the reasonableness of the requested fee.  In litigating this case, Plaintiffs' Counsel expended substantial resources – over 16,000 hours in professional time – for a lodestar multiplier of approximately 2.01 of Plaintiffs' Counsel's time which falls well within the range of multipliers awarded in the Ninth Circuit.

An estimated 154,004 Postcard Notices were provided to potential Class Members in accordance with the Preliminary Approval Order.  *See* Declaration of Ross D. Murray Regarding Notice Dissemination, Publication, and Requests for Exclusion Received to Date ("Murray Decl."), ¶11, attached as Exhibit D to the Astley Declaration.  The Postcard Notice advised potential Class Members that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Amount and payment of litigation expenses in an amount not to exceed $750,000.  *See* Murray Decl., Ex. A.  The deadline set by the Court to object to the requested attorneys' fees and expenses has not yet passed, but, to date, no objections have been received.  Astley Decl., ¶125.[2]  Lead Counsel respectfully submit that the requested fee is fair and reasonable and that it should therefore be granted.

Finally, after carefully considering the Court's admonition during the preliminary approval hearing, Lead Plaintiff California Ironworkers respectfully requests an award of $2,000 (significantly less than the $10,000 amount set forth in the long form Notice[3]) pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") in connection with its representation of the Class and its significant contribution to the result.  15 U.S.C. §78u-4(a)(4).  California Ironworkers believes this is a modest request in light of its significant contribution, which is set forth in the Declaration of John Stonehouse on Behalf of California Ironworkers Field Pension Trust ("California Ironworkers Decl."), attached as Exhibit A to the Astley Declaration.

[2]    The deadline for the filing of objections is September 13, 2023.  Should any objections be received, Lead Counsel will address them in their reply papers, due on September 27, 2023.

[3]    Notice of Pendency and Proposed Settlement of Class Actions ("Notice"), at ¶5.

LEAD COUNSEL'S NOTICE OF MOTION, MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO CLASS REPRESENTATIVE, AND MEMORANDUM OF POINTS AND AUTHORITIES - Case Nos. 3:19-cv-01651-WHO; 3:21-CV-04080-WHO
4866-6192-0369.v1

- 2 -

## II.    PROCEDURAL AND FACTUAL BACKGROUND

Lead Counsel have invested substantial time and resources in the prosecution of the Actions, including investigating background facts, interviewing witnesses, drafting the complaints, briefing motions to dismiss, conducting discovery, reviewing documents, and working with experts, all in furtherance of, and resulting in, the Settlement now before this Court.  Consistent with this District's Procedural Guidance for Class Action Settlements ("Northern District Guidelines"), relevant history and facts are set out in Plaintiffs' Final Approval Memorandum and the Astley Declaration and are not repeated here.  *See* Northern District Guidelines, Final Approval, §2 ("If the plaintiffs choose to file two separate motions, they should not repeat the case history and background facts in both motions.  The motion for attorneys' fees should refer to the history and facts set out in the motion for final approval.").[4]

## III.    THE REQUESTED FEE IS FAIR AND REASONABLE

### A.    A Reasonable Percentage of the Fund Is the Appropriate Method for Awarding Attorneys' Fees in Common Fund Cases

The Supreme Court has long recognized that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole."  *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).[5]  Under the common fund doctrine, "a private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees."  *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977); *accord In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, 768 F. App'x. 651, 653 (9th Cir. 2019).  "'The use of the percentage-of-the-fund method in common-fund cases is the prevailing practice in the Ninth Circuit for awarding attorneys' fees and permits the Court to focus on a showing that a fund conferring benefits on a class was created through the efforts

---

[4]    Northern District of California Procedural Guidelines for Class Action Settlements (last modified Aug. 4, 2022), https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/.

[5]    Citations are omitted and emphasis is added throughout unless otherwise indicated.

LEAD COUNSEL'S NOTICE OF MOTION, MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO CLASS REPRESENTATIVE, AND MEMORANDUM OF POINTS AND AUTHORITIES - Case Nos. 3:19-cv-01651-WHO; 3:21-CV-04080-WHO
4866-6192-0369.v1

- 3 -

of plaintiffs' counsel.'" *Capacitors Antitrust*, 2017 WL 9613950, at *2 (N.D. Cal. June 27, 2017) (Donato, J.).

Although courts have discretion to employ either the percentage of recovery or lodestar method (*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011)), the Ninth Circuit has expressly and consistently approved the use of the percentage method in common fund cases. *See, e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047-48 (9th Cir. 2002); *see also In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) (Conti, J.) ("use of the percentage method in common fund cases appears to be dominant"); *Capacitors Antitrust*, 2017 WL 9613950, at *2 ("The percentage-of-the-fund method is preferred when counsel's efforts have created a common fund for the benefit of the class."); *see also In re Amkor Tech. Inc. Sec. Litig.*, 2009 WL 10708030, at *1 (D. Ariz. Nov. 19, 2009) (stating percentage-of-recovery method most appropriate to award attorneys' fees in securities class action).

The PSLRA also contemplates that fees be awarded on a percentage basis, authorizing attorneys' fees and expenses to counsel that do not exceed "a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class." 15 U.S.C. §78u-4(a)(6); *see also In re Am. Apparel, Inc. S'holder Litig.*, 2014 WL 10212865, at *20 (C.D. Cal. July 28, 2014) ("'Congress plainly contemplated that percentage-of-recovery would be the primary measure of attorneys' fees awards in federal securities class actions.'"); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005) ("[T]he percentage-of-recovery method was incorporated in the [PSLRA]."), *amended* (Feb. 25, 2005).

The rationale for compensating counsel on a percentage basis in common fund cases is sound. "[C]ourts try to . . . [tie] together the interests of class members and class counsel" by "tether[ing] the value of an attorneys' fees award to the value of the class recovery . . . [t]he more valuable the class recovery, the greater the fees award . . . [a]nd vice versa." *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1178-79 (9th Cir. 2013); *see Lowery v. Rhapsody Int'l, Inc.*, 69 F.4th 994, 997 (9th Cir. 2023) ("The touchstone for determining the reasonableness of attorneys' fees in a class action is the benefit to the class.").

LEAD COUNSEL'S NOTICE OF MOTION, MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO CLASS REPRESENTATIVE, AND MEMORANDUM OF POINTS AND AUTHORITIES - Case Nos. 3:19-cv-01651-WHO; 3:21-CV-04080-WHO
4866-6192-0369.v1

- 4 -

Use of the percentage-of-recovery method is particularly appropriate in common fund cases like this because "the benefit to the class is easily quantified." *Bluetooth*, 654 F.3d at 942; *Baird v. BlackRock Institutional Tr. Co., N.A.*, 2021 WL 5113030, at *6-*7 (N.D. Cal. Nov. 3, 2021) (Gilliam, J.) (applying percentage of the fund method and lodestar crosscheck). Conversely, the Ninth Circuit has recognized that the lodestar method creates the perverse incentive for counsel to "expend more hours than may be necessary on litigating a case." *Vizcaino*, 290 F.3d at 1050 n.5; *see also Bluetooth*, 654 F.3d at 942; *Lopez v. Youngblood*, 2011 WL 10483569, at *4 (E.D. Cal. Sept. 2, 2011) ("'[I]n practice, the lodestar method is difficult to apply [and] time consuming to administer.'") (quoting *Manual for Complex Litigation (Fourth)* §14.121 (2004)).

**B.    The Requested Fee Is Reasonable and Appropriate**

The requested fee is within the range of similar common fund class action settlements where courts have adjusted the fee above the 25% benchmark based on appropriate factors. *See, e.g.*, *Morgan v. Childtime Childcare, Inc.*, 2020 WL 218515, at *4 (C.D. Cal. Jan. 6, 2020) (adjusting fee award to "just under 33.3% of the total settlement amount"); *Jimenez v. O'Reilly Auto. Inc*., 2018 WL 6137591, at *3 (C.D. Cal. June 18, 2018) (upward departure from the 25% benchmark to a 33.33% award was justified because of "complicated nature" of the case); *Figueroa v. Allied Bldg. Prods. Corp.*, 2018 WL 4860034, at *3 (C.D. Cal. Sept. 24, 2018) (awarding 33% fee award in complex class action wage and hour case). In fact, "in most common fund cases, the award exceeds that benchmark." *Omnivision*, 559 F. Supp. 2d at 1047-48 (citing *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377-78 (N.D. Cal. 1989) (Palel, J.) (surveying securities cases nationwide and noting, "This court's review of recent reported cases discloses that nearly all common fund awards range around 30% . . . .")); *see In re Ikon Off. Sols., Inc., Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000) ("The median in class actions is approximately twenty-five percent, but awards of thirty percent are not uncommon in securities class actions."). Adjustments to the Ninth Circuit benchmark may be made upon consideration of the following factors: "(1) the result achieved; (2) the risk involved in the litigation; (3) the skill required and quality of work by counsel; (4) the contingent nature of the fee; and (5) awards made in similar cases." *Larsen v. Trader Joe's Co.*, 2014 WL 3404531, at *9

LEAD COUNSEL'S NOTICE OF MOTION, MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO CLASS REPRESENTATIVE, AND MEMORANDUM OF POINTS AND AUTHORITIES - Case Nos. 3:19-cv-01651-WHO; 3:21-CV-04080-WHO

4866-6192-0369.v1

- 5 -

(N.D. Cal. July 11, 2014) (Orrick, J.) (citing *Vizcaino*, 290 F.3d at 1048-50); *see also In re Volkswagen "Clean Diesel" Mgmt., Sales Pracs., & Prod. Liab. Litig.*, 2017 WL 1047834, at *1 (N.D. Cal. Mar. 17, 2017) (Breyer, J.).

Lead Counsel's 30% fee request is consistent with percentage fees that courts in this Circuit have awarded in other complex class actions. *See, e.g.*, *In re Pac. Enter. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (affirming award of 33%); *In re Capacitors Antitrust Litig.*, 2023 WL 2396782, at *1-*2 (N.D. Cal. Mar. 6, 2023) (Donato, J.) (awarding 40% of $165,000,000 partial settlement, resulting in cumulative 31% award of total $604,550,000 settlement); *Andrews v. Plains All Am. Pipeline L.P.*, 2022 WL 4453864, at *4 (C.D. Cal. Sept. 20, 2022) (awarding 32% of $230 million settlement); *Fleming v. Impax Lab'ys Inc.*, 2022 WL 2789496, at *8 (N.D. Cal. July 15, 2022) (Gilliam, J.) (awarding 30% of $33 million settlement); *In re Tezos Sec. Litig.*, 2020 WL 13699946, at *1 (N.D. Cal. Aug. 28, 2020) (Seeborg, J.) (awarding one-third of $25 million recovery); *In re Banc of Cal. Sec. Litig.*, 2020 WL 1283486, at *1 (C.D. Cal. Mar. 16, 2020) (awarding 33% of $19.75 million recovery); *In re Lidoderm Antitrust Litig.*, 2018 WL 4620695, at *1-*3 (N.D. Cal. Sept. 20, 2018) (Orrick, J.) (awarding 33% of $104.75 million settlement); *Larsen*, 2014 WL 3404531, at *9 (citing several cases awarding fees of 32% or greater). As discussed below, application of each of the enumerated factors confirms that the requested 30% fee is fair and reasonable.

### 1.    Lead Counsel Achieved an Exceptional Result for the Class

"The first and 'most critical factor [in determining an attorneys' fee] is the degree of success obtained.'" *Impax*, 2022 WL 2789496, at *8 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)); *see Hefler v. Wells Fargo & Co.*, 2018 WL 6619983, at *13 (N.D. Cal. Dec. 18, 2018), *aff'd sub nom. Hefler v. Pekoc*, 802 F. App'x 285 (9th Cir. 2020) (Tigar, J.). In fact, clients care most about results and would willingly pay, and are financially better off paying, a larger fee for a great result than a lower fee for a poor outcome. *See In re Broiler Chicken Antitrust Litig.*, 2021 WL 5709250, at *3 (N.D. Ill. Dec. 1, 2021) ("Clients generally want to incentivize their counsel to pursue every last settlement dollar.").

LEAD COUNSEL'S NOTICE OF MOTION, MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO CLASS REPRESENTATIVE, AND MEMORANDUM OF POINTS AND AUTHORITIES - Case Nos. 3:19-cv-01651-WHO; 3:21-CV-04080-WHO
4866-6192-0369.v1

- 6 -

Here, against substantial risks, Lead Counsel obtained an exceptional recovery for the Class, both in terms of overall amount ($71 million) and as a percentage of the estimated aggregate damages (15%). This, of course, assumes Plaintiffs' damage estimate prevailed at trial. At every turn Defendants took the position that damages were significantly lower than the $477 million that Plaintiffs' expert estimated, and there existed a significant risk that class-wide aggregate damages would have been far less. Indeed, aggregate damages could have been lower than the $71 million recovery, including the risk of **no** recovery at all. *Volkswagen*, 2017 WL 1047834, at \*2 ("Class Counsel 'recognize there are always uncertainties in litigation[.]' It is possible that 'a litigation Class would receive less or nothing at all, despite the compelling merit of its claims . . . .'") (alteration in original). Accordingly, the percentage recovery very well could be significantly larger. Nevertheless, the recovery of 15% of estimated aggregate damages dwarfs the 1.6% median percentage recovery for cases settled with estimated damages of between $400 and $599 million.[6] And it is many multiples of recoveries in other securities cases in this District. *See Vataj v. Johnson*, 2021 WL 5161927, at \*9 (N.D. Cal. Nov. 5, 2021) (Gilliam, J.) (recovery of 2% of estimated damages "appears consistent with the 2-3% average recovery that the parties identified in other securities class action settlements"); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2019 WL 2077847, at \*2 n.2 (N.D. Cal. May 10, 2019) (noting that "the median settlement recovery from 2009 to 2017 was only five percent of damages in securities class actions"). The outstanding result obtained for the Class strongly supports Lead Counsel's fee request and merits an appropriate fee that encourages counsel to seek excellent results.

### 2.    The Litigation Was Uncertain and Highly Complex

The "complexity of the issues and the risks" undertaken are also important factors in determining a fee award. *Pac. Enters.*, 47 F.3d at 379; *see also Vizcaino*, 290 F.3d at 1048 ("Risk is a relevant circumstance."). "'[I]n general, securities actions are highly complex and . . . securities

---

[6]    *See* Janeen McIntosh, Svetlana Starykh, and Edward Flores, *Recent Trends in Securities Class Action Litigation: 2022 Full-Year Review* at 17, Fig. 18 (NERA Jan. 24, 2023) (median ratio of settlements to investor losses was 1.6% for settlements of actions with investor losses between $400 and $599 million from December 2011 to December 2022), attached as Exhibit E to the Astley Decl.

class litigation is notably difficult and notoriously uncertain.'" *Hefler*, 2018 WL 6619983, at *13; *Jiangchen v. Rentech, Inc.*, 2019 WL 5173771, at *6 (C.D. Cal. Oct. 10, 2019) ("In general, securities fraud class actions are complex cases that are time-consuming and difficult to prove."). Indeed, "[t]o be successful, a securities class-action plaintiff must thread the eye of a needle made smaller and smaller over the years by judicial decree and congressional action." *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 235 (5th Cir. 2009). For these reasons, in securities class actions, fee awards often exceed the 25% benchmark recognized in the Ninth Circuit. *Omnivision*, 559 F. Supp. 2d at 1047.

Lead Counsel assumed significant risk at every procedural step of the litigation. *See* Astley Decl., ¶¶80-92. Defendants sought outright dismissal of the Actions several times, as their motion to dismiss the *Nutanix* FAC was granted with leave to amend, the motion to dismiss the *Nutanix* SAC was denied in part, and their later motion to dismiss the *Norton* Complaint was denied. Astley Decl., ¶¶10, 11 and 62, respectively. Defendants also filed a motion for judgment on the pleadings (which was withdrawn), *id.*, ¶67, and a motion for reconsideration of the Court's order deciding Defendants' second motion to dismiss. Finally, Defendants yet again urged the Court to dismiss the case by filing an omnibus motion to dismiss both the *Nutanix* TAC and the *Norton* RFAC. *Nutanix* Action ECF 292; *Norton* Action ECF 105. Notably, Defendants argued that the documents produced in discovery did not support the theory of the case that survived the motion to dismiss. *Id*. at 10-14. While Plaintiffs disagreed, Defendants apparently believed enough in the argument to take a second shot at complete dismissal of the case. Their latest motion to dismiss was fully briefed and pending when the Actions settled. *See* Astley Decl., ¶¶73, 74. That Plaintiffs were able to achieve a substantial settlement at the time Defendants had a dispositive motion pending, further supports both the riskiness of the litigation and the remarkable result achieved.

At trial, the Actions would have turned largely on expert testimony concerning highly technical economic issues, including loss causation and the credibility of fact witnesses – many of whom remained employed by Nutanix, retained relationships with one or more Defendants, or were represented by Defendants' counsel. Defendants needed only to defeat one element of Plaintiffs'

LEAD COUNSEL'S NOTICE OF MOTION, MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO CLASS REPRESENTATIVE, AND MEMORANDUM OF POINTS AND AUTHORITIES - Case Nos. 3:19-cv-01651-WHO; 3:21-CV-04080-WHO

4866-6192-0369.v1

- 8 -

claims to prevail, and there was a significant risk the jury would agree with Defendants' experts and find no liability, no damages, or award far less than Plaintiffs sought to recover. *See, e.g.*, *Vinh Nguyen v. Radient Pharms. Corp.*, 2014 WL 1802293, at *2 (C.D. Cal. May 6, 2014) (noting, in securities class action, that "[p]roving and calculating damages required a complex analysis, requiring the jury to parse divergent positions of expert witnesses in a complex area of the law. The outcome of that analysis is inherently difficult to predict and risky"). Throughout the duration of the litigation, Defendants vigorously disputed (and continue to dispute) the falsity of their alleged misstatements and their scienter. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1172 (S.D. Cal. 2007) ("[T]he issue[] of scienter . . . [is] complex and difficult to establish at trial."). And even if Plaintiffs survived summary judgment and obtained a favorable verdict at trial, they would ***still*** have faced the risk of partial or complete reversal in post-trial proceedings. *See, e.g.*, *In re Apollo Grp., Inc. Sec. Litig.*, 2008 WL 3072731 (D. Ariz. Aug. 4, 2008), *rev'd on other grounds*, 2010 WL 5927988 (9th Cir. June 23, 2010) (granting motion for a judgment as a matter of law, overturning $277 million verdict in favor of plaintiffs based on insufficient evidence of loss causation). And any recovery absent the Settlement "'would come years in the future and at far greater expense to the . . . Class.'" *Id.* The $71 million Settlement, achieved in the face of these significant risks, amply supports the requested 30% fee award.

### 3.    The Skill Required and Quality of Work

The quality of Lead Counsel's representation further supports the reasonableness of the requested fee. Clients retain Lead Counsel to benefit from their experience and resources in order to obtain the largest possible recovery for the class. Lead Counsel are nationally recognized leaders in securities class actions and complex litigation. *See* Astley Decl., ¶¶117-118; RGRD Decl., Ex. E; L&K Decl., Ex. H. Both firms have a track record of settling cases at a premium, and Robbins Geller has successfully tried several securities cases. Lead Counsel successfully litigated the Actions and achieved an exceptional recovery. Lead Counsel's skill and experience supports the requested fee award.

The standing of opposing counsel should also be weighed because such standing reflects the challenge faced by Lead Counsel.  *See, e.g.*, *Wing v. Asarco Inc.*, 114 F.3d 986, 989 (9th Cir. 1997).  Defendants chose well-known and highly capable representation by a team of experienced attorneys from Wilson Sonsini Goodrich & Rosati, a well-regarded law firm.  That firm spared no effort or expense on behalf of Defendants in their zealous defense.  Lead Counsel's ability to obtain a favorable result for the Class while litigating against this formidable defense firm and its well-financed clients further evidences the quality of Lead Counsel's work and weighs in favor of awarding the requested fee.

### 4.    The Contingent Nature of the Fee and the Financial Burden Carried by Lead Counsel

"It is an established practice to reward attorneys who assume representation on a contingent basis with an enhanced fee to compensate them for the risk that they might be paid nothing at all." *Volkswagen*, 2017 WL 1047834, at *3; *see In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994) (same); *Larsen*, 2014 WL 3404531, at *9 (same).  This "practice encourages the legal profession to assume such a risk and promotes competent representation for plaintiffs who could not otherwise hire an attorney." *Id.*  "This incentive is especially important in securities cases." *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 741 (9th Cir. 2016).

"The risk of no recovery in complex cases of this sort is not merely hypothetical." *Savani v. URS Pro. Sols. LLC*, 2014 WL 172503, at *5 (D.S.C. Jan. 15, 2014).  Not only was the *Nutanix* Action initially dismissed, there have been many class actions in which counsel for the plaintiffs took on the risk of pursuing claims on a contingency basis, expended thousands of hours and dollars, yet received no remuneration whatsoever despite their diligence and expertise. *Supra*, §III.B.2.  For example, in *In re Oracle Corp. Sec. Litig.*, 2009 WL 1709050 (N.D. Cal. June 19, 2009) (Illston, J.), *aff'd*, 627 F.3d 376 (9th Cir. 2010), a case that Robbins Geller prosecuted, the court granted summary judgment to defendants after eight years of litigation, during which plaintiff's counsel incurred over $7 million in out-of-pocket expenses and worked over 100,000 hours, representing a lodestar of approximately $40 million (in 2010 dollars).  In another Ninth Circuit PSLRA case, after a lengthy trial involving securities claims against Tesla, the jury reached a verdict in defendants'

LEAD COUNSEL'S NOTICE OF MOTION, MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO CLASS REPRESENTATIVE, AND MEMORANDUM OF POINTS AND AUTHORITIES - Case Nos. 3:19-cv-01651-WHO; 3:21-CV-04080-WHO
4866-6192-0369.v1

- 10 -

favor – despite the Court previously granting summary judgment on certain elements in the **plaintiff's** favor, evincing the strength of the claims. *See In re Tesla, Inc. Sec. Litig.*, 2022 WL 1497559 (N.D. Cal. Apr. 1, 2022) (Chen, J.), and *Tesla*, No. 3:18-cv-04865-EMC, ECF 671 (N.D. Cal. Feb. 3, 2023); *see also In re JDS Uniphase Corp. Sec. Litig.*, 2007 WL 4788556 (N.D. Cal. Nov. 27, 2007) (Wilken, J.) (holding similarly).

Here, Plaintiffs' Counsel have received no compensation during the course of the Actions and invested over 16,000 hours for a total lodestar of $10,581,445.25 and Lead Counsel incurred substantial expenses in prosecuting this case to a successful resolution. Additional (uncompensated) work in connection with the Settlement and claims administration already has been undertaken and will be required going forward. Any fee award has always been contingent on the result achieved and on this Court's discretion. Indeed, the only certainty was that there would be no fee without a successful result. Lead Counsel committed significant resources of both time and money to vigorously prosecute these Actions and successfully brought them to a highly favorable conclusion for the Class's benefit. *See generally* Astley Decl. The contingent nature of Lead Counsel's representation thus further supports approval of the requested fee. *See Plains All Am.*, 2022 WL 4453864, at *3 (in awarding 33% fee on $165 million settlement, court found "the substantial risks borne by Class Counsel in pursuing this class action for seven years with no guarantee of recovering fees or litigation expenses also militates in favor of finding the requested fee award reasonable").

### 5. Awards Made in Similar Cases Support the Fee Request

Lead Counsel's fee request is also supported by awards made in similar cases. As discussed in §III.B, the 30% fee request is within the range of fee percentages awarded in comparable settlements. As further addressed in §III.B.7., the resulting multiplier of 2.01 on Plaintiffs' Counsel's lodestar is also within the range of lodestar multipliers applied in cases of this nature.

### 6. The Class's Reaction to Date Supports the Fee Request

Courts within the Ninth Circuit also consider the reaction of the class when deciding whether to award the requested fee. *See, e.g.*, *Volkswagen*, 2017 WL 1047834, at *4 (considering that "[o]nly four Class Members out of a class of approximately 475,000 objected to the proposed fee

LEAD COUNSEL'S NOTICE OF MOTION, MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO CLASS REPRESENTATIVE, AND MEMORANDUM OF POINTS AND AUTHORITIES - Case Nos. 3:19-cv-01651-WHO; 3:21-CV-04080-WHO
4866-6192-0369.v1

- 11 -

award" to be "a strong, positive response from the class, supporting Class Counsel's requested fees"); *In re Washington Mut., Inc. Sec. Litig*, 2011 WL 8190466, at *2 (W.D. Wash. Nov. 4, 2011) (noting, in approving fee request, that "no substantive objections to the amount of fees and expenses requested were filed"). While a certain number of objections are to be expected in a large class action such as this, "the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004); *Hefler*, 2018 WL 6619983, at *15 ("As with the Settlement itself, the lack of objections from institutional investors 'who presumably had the means, the motive, and the sophistication to raise objections' [to the attorneys' fee] weighs in favor of approval.").

Class Members were informed in the Postcard Notice and Notice that Lead Counsel would move the Court for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Amount and for payment of litigation expenses not to exceed $750,000. Class Members were also advised of their right to object to the fee and expense request, and that such objections are to be filed with the Court no later than September 13, 2023. While this deadline has not yet passed, to date, not a ***single*** objection has been received. Should any objections be received, Lead Counsel will address them in their reply papers. Finally, Plaintiffs have approved the percentage sought here. *See* California Ironworkers Decl., ¶¶7-8; Declaration of Ornel N. Cotera, ¶¶6-7; Declaration of John P. Norton, on Behalf of the Norton Family Living Trust UAD 11/15/2002, ¶¶6-7, attached as Exhibits A, B and C, respectively, to the Astley Declaration. Plaintiffs' approval supports granting the requested fee. *See Hatamian v. Advanced Micro Devices, Inc.*, 2018 WL 8950656, at *2 (N.D. Cal. Mar. 2, 2018) (Gonzalez Rogers, J.) (approving fee where request "reviewed and approved as fair and reasonable by Class Representatives, sophisticated institutional investors").

**7.    A Lodestar Crosscheck Confirms that the Requested Fee Is Reasonable**

To assess the reasonableness of a fee awarded under the percentage-of-the-fund method, courts may (but are not required to) cross check the proposed award against counsel's lodestar. *Farrell v. Bank of Am. Corp., N.A.*, 827 F. App'x 628, 630 (9th Cir. 2020) (refusing to mandate "a

LEAD COUNSEL'S NOTICE OF MOTION, MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO CLASS REPRESENTATIVE, AND MEMORANDUM OF POINTS AND AUTHORITIES - Case Nos. 3:19-cv-01651-WHO; 3:21-CV-04080-WHO
4866-6192-0369.v1

- 12 -

[cross-check] requirement"), *cert. denied sub nom. Threatt v. Farrell*, __U.S.__, 142 S. Ct. 71 (2021); *In re Amgen Inc. Sec. Litig.*, 2016 WL 10571773, at *9 (C.D. Cal. Oct. 25, 2016) (noting that "analysis of the lodestar is not required for an award of attorneys' fees in the Ninth Circuit"). When the lodestar is used as a cross check, "the focus is not on the 'necessity and reasonableness of every hour' of the lodestar, but on the broader question of whether the fee award appropriately reflects the degree of time and effort expended by the attorneys." *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 270 (D.N.H. 2007); *accord Volkswagen*, 2017 WL 1047834, at *5 n.5 (overruling objection that "the information provided in support of Class Counsel's lodestar amount as inadequate" because "it is well established that '[t]he lodestar cross-check calculation need entail neither mathematical precision nor bean counting . . . [courts] may rely on summaries submitted by the attorneys and need not review actual billing records'") (alterations and ellipsis in original); *Hefler*, 2018 WL 6619983, at *14 (confirming that "'trial courts need not, and indeed should not, become green-eyeshade accountants'" in context of lodestar cross check, and noting that "the Court seeks to 'do rough justice, not to achieve auditing perfection'").

"[C]ourts 'calculate[] the fee award by multiplying the number of hours reasonably spent by a reasonable hourly rate and then enhancing that figure, if necessary, to account for the risks associated with the representation.'" *Rentech*, 2019 WL 5173771, at *10 (second alteration in original) (quoting *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989)). In this case, the lodestar method demonstrates the reasonableness of the requested fee. As detailed here and in the accompanying RGRD, L&K and Klausner Declarations,[7] over 16,000 hours of attorney and paraprofessional time were expended prosecuting the Actions for the benefit of the Class. The hours spent to obtain the results are reasonable as detailed in the Astley Declaration.[8]

---

[7]   Klausner, Kaufman, Jensen & Levinson is special counsel to Plaintiff City of Miami Fire Fighters' and Police Officers' Retirement Trust. Klausner Decl., ¶2.

[8]   Pursuant to the Northern District Guidelines, Final Approval §2, Lead Counsel have included the number of hours spent on various categories of activities related to the Actions by each biller and the hourly billing rates in the RGRD Decl. (Exs. A and B) and L&K Decl. (Exs. A and B).

Lead Counsel's hourly rates, too, are reasonable.  In fact, both Robbins Geller's and Levi & Korsinsky's rates have recent judicial approval by Judge Gilliam.  *See Fleming*, 2022 WL 2789496, at *9 (approving hourly rates of $760 to $1,325 for partners, $895 to $1,150 for counsel, and $175 to $520 for associates, and finding Robbins Geller's "billing rates in line with prevailing rates in this district for personnel of comparable experience, skill, and reputation"); *In re Aqua Metals, Inc. Sec. Litig.*, 2022 WL 612804, at *8 (N.D. Cal. Mar. 2, 2022) (Gilliam, J.) (approving Levi & Korsinsky's hourly rates) ("The Court finds that the billing rates used by Class Counsel to calculate the lodestar are in line with prevailing rates in this district for personnel of comparable experience, skill, and reputation.").  Other courts in this District have approved similar hourly rates.  *See In re Lyft Inc. Sec. Litig.*, 2023 WL 5068504, at *12 (N.D. Cal. Aug. 7, 2023) (Gilliam, J.) (approving "Lead Counsel's hourly rates rang[ing] from $900 to $1,200 for partners, $375 to $605 for associates, and $250 to $300 for paralegals . . . ."); *Hefler*, 2018 WL 6619983, at *14 (finding rates ranging from $650 to $1,250 for partners or senior counsel and from $400 to $650 for associates as reasonable); *Volkswagen*, 2017 WL 1047834, at *5 (finding rates ranging from $275 to $1,600 for partners, $150 to $790 for associates, and $80 to $490 for paralegals reasonable).  Plaintiffs' Counsel's lodestar, derived by multiplying the hours spent on the Actions by each attorney and litigation professional by their current hourly rates, is $10,581,445.25.

The requested fee of 30% represents a multiplier of 2.01 on Plaintiffs' Counsel's lodestar, which is comfortably within the range of lodestar multipliers courts in this Circuit regularly approve.  *See, e.g.*, *Capacitors Antitrust*, 2017 WL 9613950, at *6 (noting, "[i]n the Ninth Circuit, a lodestar multiplier of around 4 times has frequently been awarded in common fund cases"); *Hefler*, 2018 WL 6619983, at *14 (awarding fee representing a 3.22 multiplier); *In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d 617, 633 (N.D. Cal. 2021) (Donato, J.) (awarding fee in $650 million common fund settlement representing 4.71 multiplier), *aff'd*, 2022 WL 822923 (9th Cir. Mar. 17, 2022); *In re Twitter Inc. Sec. Litig.*, 2022 WL 17248115, at *2 (N.D. Cal. Nov. 21, 2022) (Tigar, J.) (awarding fee representing 4.14 multiplier); *In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, 2017 WL 6040065, at *7-*9 (N.D. Cal. Dec. 6, 2017) (Wilken, J.)

LEAD COUNSEL'S NOTICE OF MOTION, MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO CLASS REPRESENTATIVE, AND MEMORANDUM OF POINTS AND AUTHORITIES - Case Nos. 3:19-cv-01651-WHO; 3:21-CV-04080-WHO
4866-6192-0369.v1

- 14 -

(awarding fee representing a 3.66 multiplier), *aff'd*, 768 F. App'x 651 (9th Cir. 2019); *see generally Vizcaino*, 290 F.3d at 1050-52, 1051 n.6 (affirming 3.65 multiplier on appeal and finding that multipliers ranged as high as 19.6, with the most common range from 1.0 to 4.0); *Lidoderm*, 2018 WL 4620695, at \*3 (finding multipliers range from 1.0 to 4.0 in the vast majority of cases, citing *Vizcaino*, 290 F.3d at 1052-54); *In re Verifone Holdings, Inc. Sec. Litig.*, 2014 WL 12646027, at \*2 (N.D. Cal. Feb. 18, 2014) (Chen, J.) (noting "over 80% of multipliers fall between 1.0 and 4.0" and awarding fee where multiplier was 4.3).  As more fully explained in the Astley Declaration, given the risk undertaken by Lead Counsel and the result achieved for the Class, a multiplier of 2.01 is reasonable here.

Each of the relevant factors supports the award of attorneys' fees of 30% of the Settlement Amount.  Accordingly, this fee request is reasonable and should be approved.

## IV.    LEAD COUNSEL'S EXPENSES ARE REASONABLE AND SHOULD BE APPROVED

Lead Counsel further requests an award in the amount of $638,213.52 from the common fund for litigation expenses incurred in prosecuting and resolving the Actions on behalf of the Class.[9] *Vincent v. Reser*, 2013 WL 621865, at \*5 (N.D. Cal. Feb. 19, 2013) ("Attorneys who create a common fund are entitled to the reimbursement of expenses they advanced for the benefit of the class.").  The amount sought, as detailed in counsel's declarations, is less than the $750,000 amount published in the Postcard Notice and Notice, to which no Class Member has objected to date.  *See* RGRD Decl., Ex. C; L&K Decl., Ex. C; Murray Decl., Exs. A and B, Notice at ¶5.  The expenses sought are also of the type that are routinely charged to hourly paying clients and, therefore, are

---

[9]    These include expenses associated with, among other things, experts, service of process, online legal and factual research, travel, and mediation.  A large component of Lead Counsel's expenses is for the costs of experts who were qualified and necessary to litigate these Actions.  Courts in this Circuit regularly approve reimbursements for expert fees.  *See, e.g.*, *Franco v. Ruiz Food Prods., Inc.*, 2012 WL 5941801, at \*22 (E.D. Cal. Nov. 27, 2012) (noting expert fees are among the "types of fees . . . routinely reimbursed"); *Ontiveros v. Zamora*, 303 F.R.D. 356, 375 (E.D. Cal. 2014) (granting expense reimbursement to class counsel and noting "itemized costs relating to . . . expert fees" were "reasonable litigation expenses").

LEAD COUNSEL'S NOTICE OF MOTION, MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO CLASS REPRESENTATIVE, AND MEMORANDUM OF POINTS AND AUTHORITIES - Case Nos. 3:19-cv-01651-WHO; 3:21-CV-04080-WHO

4866-6192-0369.v1

- 15 -

properly paid out of the common fund. *Hefler*, 2018 WL 6619983, at *16 ("An attorney is entitled to 'recover as part of the award of attorney's fees those out-of-pocket expenses that would normally be charged to a fee paying client.'"); *Vincent*, 2013 WL 621865, at *5 (granting award of expenses for "'three experts and the mediator, photocopying and mailing expenses, travel expenses, and other reasonable litigation related expenses'"); *see also Redwen v. Sino Clean Energy, Inc.*, 2013 WL 12303367, at *9-*10 (C.D. Cal. July 9, 2013); *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 454 (E.D. Cal. 2013).

## V. CLASS REPRESENTATIVE CALIFORNIA IRONWORKERS' REQUEST FOR AN AWARD PURSUANT TO 15 U.S.C. §78u-4(a)(4) IS REASONABLE

Under the PSLRA, a class representative may seek an award of reasonable costs and expenses directly relating to the representation of the class. *See* 15 U.S.C. §78u-4(a)(4); *see also Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) (holding that named plaintiffs are eligible for "reasonable" payments as part of a class action settlement). Factors to consider include, "'the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation'" among others. *Id.* (ellipse in original); *see* William B. Rubenstein, *On Plaintiff "Incentive" Payments*, Class Action Attorney Fee Digest (Vol. 1, Apr. 2007), 95-97 (same), attached to the Astley Declaration as Exhibit F. As explained by Professor Rubenstein, "[t]he general theory behind incentive awards is that the monitoring, litigating, and gate-keeping functions serve important public goals. Incentive awards encourage plaintiffs to step forward and provide these public goods." *Id.* Such awards "can be justified by the fact that the representative is not similarly situated to other class members: she did something they did not and is rightly paid for stepping forward and working to safeguard the class's interests." *Id.*

At the May 17, 2023 hearing for Plaintiffs' motion for preliminary approval, the Court questioned Plaintiffs' anticipated requests for awards pursuant to 15 U.S.C. §78u-4(a)(4), stating that "[t]he Court may not be looking favorably upon that particular request." ECF 124 at 6:24-25. Lead

LEAD COUNSEL'S NOTICE OF MOTION, MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO CLASS REPRESENTATIVE, AND MEMORANDUM OF POINTS AND AUTHORITIES - Case Nos. 3:19-cv-01651-WHO; 3:21-CV-04080-WHO
4866-6192-0369.v1

- 16 -

Plaintiff California Ironworkers carefully considered the Court's statement, and appreciating the Court's discretion whether to approve such a request, respectfully seeks an award of $2,000 (much less than the $10,000 amount identified in the Notice), in connection with its representation of the Class, as detailed in the California Ironworkers Decl.

The Northern District Guidelines state that "[a]ll requests for service awards must be supported by evidence of the value provided by the proposed awardees, the risks they undertook in participating, the time they spent on the litigation, and any other justifications for the awards."[10] Consistent with those Guidelines, Lead Plaintiff California Ironworkers has submitted a declaration herewith setting forth the time and effort it spent monitoring the *Nutanix* Action and directing Lead Counsel, including discussing litigation strategy, collecting and reviewing materials for discovery, and discussing settlement negotiations and case filings with Lead Counsel, among other things. *See* California Ironworkers Decl., ¶¶4-5. Moreover, California Ironworkers undertook risks in pursuing these claims. *See, e.g.*, *Wehlage v. Evergreen at Arvin LLC*, 2012 WL 4755371, at *5 (N.D. Cal. Oct. 4, 2012) (finding award justified for plaintiffs "lending their names to this case, and thus subjecting themselves to public attention"); *In re CenturyLink Sales Pracs. & Sec. Litig.*, 2020 WL 7133805, at *13 (D. Minn. Dec. 4, 2020) (award justified because "[c]lass [r]epresentatives participated and willingly took on the responsibility of prosecuting the case and publicly lending their names to this lawsuit, opening themselves up to scrutiny and attention from both the public and media").

California Ironworkers requests an award of $2,000 pursuant to 15 U.S.C. §78u-4(a)(4), in connection with its representation of the Class. It was actively involved in the action after being appointed Lead Plaintiff, and under such circumstances, courts have approved as reasonable awards for class representatives that are higher than those requested here. *See Hatamian*, 2018 WL 8950656, at *4 (Gonzalez Rogers, J.) (granting PSLRA service award of $14,875.00 to KBC for approximately 106 hours devoted to the litigation); *Buccellato v. AT&T Operations, Inc.*, 2011 WL

---

[10] Northern District Guidelines, Final Approval, §3.

LEAD COUNSEL'S NOTICE OF MOTION, MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO CLASS REPRESENTATIVE, AND MEMORANDUM OF POINTS AND AUTHORITIES - Case Nos. 3:19-cv-01651-WHO; 3:21-CV-04080-WHO
4866-6192-0369.v1

- 17 -

4526673, at *4 (N.D. Cal. June 30, 2011) ($20,000 award);[11] *see also, e.g.*, *McDermid v. Inovio Pharms., Inc.*, 2023 WL 227355, at *13 (E.D. Pa. Jan. 18, 2023) (awarding plaintiffs $77,450 and $75,712.50 in light of "the time spent on [the] case and success obtaining a substantial class settlement"); *In re Marsh & McLennan Cos., Inc. Sec. Litig.*, 2009 WL 5178546, at *21 (S.D.N.Y. Dec. 23, 2009) (awarding $144,657 to the New Jersey Attorney General's Office and $70,000 to the Ohio Funds "to compensate them for their reasonable costs and expenses incurred in managing this litigation and representing the Class," and holding that their efforts were "precisely the types of activities that support awarding reimbursement of expenses to class representatives"); *In re Gilat Satellite Networks, Ltd.*, 2007 WL 2743675, at *18-*19 (E.D.N.Y. Sept. 18, 2007) (approving $10,000 award, representing 25 hours at $300 per hour, plus other time); *McPhail v. First Command Fin. Plan., Inc.*, 2009 WL 839841, at *8 (S.D. Cal. Mar. 30, 2009) (approving awards ranging up to $10,422.30 and noting that "the requested reimbursement is consistent with payments in similar securities cases"); *In re Xcel Energy, Inc., Sec., Derivative, & "ERISA" Litig.*, 364 F. Supp. 2d 980, 1000 (D. Minn. 2005) (awarding $100,000 to lead plaintiffs because of "the important policy role [lead plaintiffs] play in the enforcement of the federal securities laws on behalf of persons other than themselves").

## VI.    CONCLUSION

Lead Counsel obtained an exceptional result for the Class in the *Nutanix* and *Norton* Actions. Based on the foregoing, Plaintiffs and Lead Counsel respectfully request that the Court: (i) award Lead Counsel attorneys' fees of 30% of the Settlement Amount and payment of $638,213.52 in litigation expenses, plus interest on both amounts at the same rate as earned by the Settlement Fund, and (ii) an award to Class Representative California Ironworkers of $2,000, as permitted by the PSLRA.

---

[11]    Courts in this district have often used $5,000 as the "presumptively reasonable" figure, they have done so since 2009 (with no adjustment). *See Jacobs v. California State Auto. Ass'n Inter-Ins. Bureau*, 2009 WL 3562871, at *5 (N.D. Cal. Oct. 27, 2009) (calling $5,000 "presumptively reasonable"); *Chen v. Chase Bank USA, N.A.*, 2020 WL 3432644, at *12 (N.D. Cal. June 23, 2020) (same).

LEAD COUNSEL'S NOTICE OF MOTION, MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO CLASS REPRESENTATIVE, AND MEMORANDUM OF POINTS AND AUTHORITIES - Case Nos. 3:19-cv-01651-WHO; 3:21-CV-04080-WHO
4866-6192-0369.v1

- 18 -

DATED: August 30, 2023          Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
STEPHEN R. ASTLEY
(admitted *pro hac vice*)
ROBERT J. ROBBINS
(admitted *pro hac vice*)
ANDREW T. REES
(admitted *pro hac vice*)


              s/ Stephen R. Astley
           STEPHEN R. ASTLEY

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
sastley@rgrdlaw.com
rrobbins@rgrdlaw.com
arees@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ
(admitted *pro hac vice*)
FRANK A. RICHTER
(admitted *pro hac vice*)
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  630/696-4107
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
KENNETH J. BLACK (291871)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
kennyb@rgrdlaw.com

LEAD COUNSEL'S NOTICE OF MOTION, MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO CLASS REPRESENTATIVE, AND MEMORANDUM OF POINTS AND AUTHORITIES - Case Nos. 3:19-cv-01651-WHO; 3:21-CV-04080-WHO

4866-6192-0369.v1

- 19 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
THEODORE J. PINTAR
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
tedp@rgrdlaw.com

*Lead Counsel for Lead Plaintiff California
Ironworkers Field Pension Trust and Plaintiff
City of Miami Fire Fighters' and Police
Officers' Retirement Trust*

LEVI & KORSINSKY, LLP
ADAM M. APTON (SBN 316506)
ADAM C. MCCALL (SBN 302130)
75 Broadway, Suite 200
San Francisco, CA 94111
Telephone: 415/373-1671
415/484-1294 (fax)
aapton@zlk.com
amccall@zlk.com

LEVI & KORSINSKY, LLP
SHANNON L. HOPKINS
(admitted *pro hac vice*)
GREGORY M. POTREPKA
(admitted *pro hac vice*)


    s/ Shannon L. Hopkins (*with consent*)
        SHANNON L. HOPKINS

1111 Summer Street, Suite 403
Stamford, CT 06905
Telephone: 212/363-7500
866/367-6510 (fax)
shopkins@zlk.com
gpotrepka@zlk.com

*Counsel for Lead Plaintiff John P. Norton, on
behalf of the Norton Family Living Trust UAD
11/15/2002, and Additional Counsel for Plaintiff
City of Miami Fire Fighters' and Police
Officers' Retirement Trust*

LEAD COUNSEL'S NOTICE OF MOTION, MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO CLASS REPRESENTATIVE, AND MEMORANDUM OF POINTS AND AUTHORITIES - Case Nos. 3:19-cv-01651-WHO; 3:21-CV-04080-WHO
4866-6192-0369.v1

- 20 -