UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE NUTANIX INC. SECURITIES LITIGATION<br><br>Norton, *et al*.<br><br>               Plaintiffs<br>   vs.<br><br>NUTANIX, INC., *et al*.<br><br>              Defendants | Case No. 19-cv-01651-WHO<br>Case No. 21-cv-04080-WHO<br><br>**FINAL APPROVAL ORDER AND ORDER AWARDING FEES AND COSTS**<br><br>Re: Dkt. Nos. 317, 318 |
|---|---|

This matter came before the Court for hearing on October 4, 2023. Due and adequate notice having been given to the Class as required in the Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated herein.

2.     This Court has jurisdiction over the subject matter of the Actions and over all parties to the Actions, including all members of the Class.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Preliminary Approval Order and finally certifies for purposes of the Settlement only a Class defined as: "all persons or entities who: (i) purchased or otherwise acquired Nutanix, Inc. ("Nutanix") securities between November 30, 2017 and May 30, 2019, inclusive (the "Class Period"), and/or (ii) transacted in publicly traded call options and/or put

1    options of Nutanix during the Class Period. Excluded from the Class are Nutanix and its
2    subsidiaries and affiliates, the Individual Defendants, any of Defendants' respective officers and
3    directors at all relevant times, and any of their immediate families, legal representatives, heirs,
4    successors, or assigns, and any entity in which any Defendant has or had a Controlling Interest."

5        4.    Also excluded from the Class is any Person who timely and validly sought
6    exclusion from the Class, as identified in Dkt. No. 320-2.

7        5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby
8    approves the Settlement set forth in the Stipulation and finds that:

    (a)    in light of the benefits to the Class and the complexity and expense of further litigation, the Stipulation and the Settlement contained therein are, in all respects, fair, reasonable, and adequate;

    (b)    there was no collusion in connection with the Stipulation;

    (c)    Plaintiffs and Lead Counsel have adequately represented the Class;

    (d)    the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel;

    (e)    the relief provided for the Class is adequate, having taken into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Member's claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3);

    (f)    the proposed Plan of Allocation treats Class Members equitably relative to each other; and

    (g)    the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to have adequately evaluated and considered their positions.

    6.    Pursuant to Federal Rule of Civil Procedure 23, this Court hereby finds and concludes that due and adequate notice was directed to Persons who are Class Members advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity

1  was accorded to such Persons and entities who are Class Members to be heard with respect to the
2  Plan of Allocation.

3        7.      The distribution of the Postcard Notice by email and mail (where no email was
4  available), posting of the Notice and Proof of Claim, and publication of the Summary Notice as
5  provided for in the Preliminary Approval Order constituted the best notice practicable under the
6  circumstances, including individual notice to Class Members who could be identified through
7  reasonable effort.  The notice provided was the best notice practicable under the circumstances of
8  those proceedings and of the matters set forth therein, including the proposed Settlement set forth
9  in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the
10 requirements of Federal Rule of Civil Procedure 23, due process and any other applicable law,
11 including the Private Securities Litigation Reform Act of 1995.  No Class Member is relieved
12 from the terms of the Settlement, including the releases provided for therein, based upon the
13 contention or proof that such Class Member failed to receive actual or adequate notice.  A full
14 opportunity has been offered to the Class Members to object to the proposed Settlement and to
15 participate in the hearing thereon.  The Court further finds that the notice provisions of the Class
16 Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period
17 has elapsed.  Dkt. No. 321.  Thus, it is hereby determined that all members of the Class are bound
18 by this Judgment, except those persons listed on Exhibit A to this Judgment.

19       8.      The Court hereby finds and concludes that the formula for the calculation of the
20 claims of Authorized Claimants, which is set forth in the Notice of Pendency and Proposed
21 Settlement of Class Actions (the "Notice") provided to Class Members, provides a fair and
22 reasonable basis upon which to allocate the proceeds of the Net Settlement Fund provided by the
23 Settlement among eligible Class Members, with due consideration having been given to
24 administrative convenience and necessity.

25       8.      The Court hereby finds and concludes that the Plan of Allocation, as set forth in the
26 Notice, is, in all respects, fair and reasonable, and the Court hereby approves the Plan of
27 Allocation.

28       9.      Accordingly, the Court authorizes and directs implementation and performance of

all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to the one individual who has validly and timely requested exclusion from the Class (identified at Dkt. 320-2), the Actions and all claims contained therein are dismissed with prejudice as to the Plaintiffs, and the other Class Members and as against each and all of the Released Defendant Parties. The Settling Parties are to bear their own costs except as otherwise provided in the Stipulation.

10. No Person shall have any claim against the Plaintiffs, Lead Counsel, or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

11. Upon the Effective Date, Plaintiffs, and each of the Class Members (whether or not such Class Members execute and deliver a Proof of Claim, but excluding Class Members who have validly opted out of the Class), on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other Person or entity legally entitled to bring Released Claims on behalf of a Class Member, in that capacity, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, resolved, waived, released, discharged, and dismissed each and every one of the Released Claims (including, without limitation, Unknown Claims) against each and every one of the Released Defendant Parties with prejudice on the merits, whether or not Plaintiffs, or such Class Member executes and delivers the Proof of Claim and whether or not Plaintiffs, or each of the Class Members ever seeks or obtains any distribution from the Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

12. Upon the Effective Date, Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, discharged, and dismissed the Released Plaintiff Parties from all Released Defendants' Claims (including, without limitation, Unknown Claims). Claims to enforce the terms of the Stipulation are not released. For the avoidance of doubt, the releases, relinquishments and discharges provided by the Released

Defendant Parties in the Stipulation do not include the release, relinquishment or discharge of any claim or cause of action that any of the Released Defendant Parties may have against an insurer or reinsurer for, arising out of or related to insurance coverage for, arising out of or related to the Actions or any related matter or proceeding, including any derivative or ERISA actions based on similar allegations. Claims to enforce the terms of the Stipulation are not released.

13. Upon the Effective Date, Plaintiffs, all Class Members and anyone claiming through or on behalf of any of them are forever permanently barred and enjoined from commencing, instituting, maintaining, enforcing, asserting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administration forum or other forum of any kind any of the Released Claims (including, without limitation, Unknown Claims) against any of the Released Defendant Parties.

14. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendant Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties; or (iii) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. For the avoidance of doubt, the Stipulation, this Settlement, the Exhibits, the Supplemental Agreement, and any other act performed or document executed pursuant to or in furtherance of the Stipulation of Settlement, as well as the negotiations leading to the execution of the Stipulation, and any proceedings, communications, drafts, documents or agreements taken pursuant to, or in connection with the Stipulation, (i) shall not be offered or received against the Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Released Defendant Parties of the truth of any allegations by Plaintiffs, any member of the Class, or their Related Persons or the validity of any claim that has been or could have been asserted in

1  the Actions, or the deficiency of any defense that has been or could have been asserted in the
2  Actions or in any other litigation, including, but not limited to, litigation of the Released Claims,
3  or of any liability, negligence, fault, or wrongdoing of any kind of the Released Defendant Parties
4  or in any way referred to for any other reason as against the Released Defendant Parties, in any
5  civil, criminal, or administrative action or proceeding, other than such proceedings as may be
6  necessary to effectuate the provisions of the Stipulation; (ii) shall not be offered or received
7  against or to the prejudice of Released Defendant Parties as evidence of a presumption,
8  concession, or admission of liability for any fault, misrepresentation, or omission with respect to
9  any statement or written document approved or made by Released Defendant Parties, or against
10 Lead Counsel or any member of the Class or their Related Persons as evidence of any infirmity in
11 the claims of Plaintiffs and the Class; and (iii) shall not be offered or received against Released
12 Defendant Parties as evidence of a presumption, concession, or admission of any liability,
13 negligence, fault, or wrongdoing or in any way referred to for any other reason as against any of
14 the parties to the Stipulation, in any other civil, criminal, or administrative action or proceeding;
15 provided, however, that if the Stipulation is approved by the Court, the Released Defendant Parties
16 may refer to it to effectuate the releases granted them hereunder.  The Released Defendant Parties
17 may file the Stipulation and/or the Judgment in any action that may be brought against them in
18 order to support a defense or counterclaim based on principles of res judicata, collateral estoppel,
19 release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion,
20 issue preclusion, or similar defense or counterclaim.

21        15.    Notice of Lead Counsel's motion for attorneys' fees and payment of expenses was
22 given to all Class Members who could be identified with reasonable effort.  The form and method
23 of notifying the Class of the motion for attorneys' fees and expenses met the requirements of
24 Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities
25 Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation
26 Reform Act of 1995, due process, and any other applicable law, constituted the best notice
27 practicable under the circumstances, and constituted due and sufficient notice to all persons and
28 entities entitled thereto.

16. The Court hereby awards Lead Counsel attorneys' fees of 25% of the Settlement Amount (the benchmark in the Ninth Circuit), plus expenses in the amount of $638,213.52, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is appropriate, fair, and reasonable given the substantial risks of non-recovery, the contingent nature of the representation, awards in similar cases, the time and effort involved, and the result obtained for the Class.

17. In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

    (a) the Settlement has created a fund of $71,000,000 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim forms will benefit from the Settlement created by Lead Counsel;

    (b) over 154,700 copies of the Postcard Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees not to exceed 30% of the Settlement Amount and for expenses in an amount not to exceed $750,000, plus interest thereon, and no objections to the fees or expenses were filed by Class Members;

    (c) Lead Counsel have pursued the Actions and achieved the Settlement with perseverance and diligent advocacy;

    (d) Lead Counsel have expended substantial time and effort pursuing the Actions on behalf of the Class;

    (e) Lead Counsel pursued the Actions on a contingent basis, having received no compensation during the Actions, and any fee amount has been contingent on the result achieved;

    (f) the Actions involve complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

    (g) had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

   (h) Plaintiffs' Counsel have devoted over 16,000 hours, with a lodestar value of $10,581,445.25 to achieve the Settlement, and after considering and excluding from the lodestar cross-check the hours spent on disputes over the appointment of lead counsel, and award of 25% of the Settlement Amount is appropriate;

   (i) Class Representative approved an amount in excess of the attorneys' fees awarded as fair and reasonable; and

   (j) the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Ninth Circuit.

  18. Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards Class Representative California Ironworkers Field Pension Trust $2,000.00 for its time and expenses representing the Class.

  19. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (ii) disposition of the Settlement Fund; (iii) hearing and determining applications for attorneys' fees and expenses in the Actions; and (iv) all parties hereto for the purpose of construing, enforcing, and administering the Settlement.

  20. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

  21. The Settling Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

  22. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

  23. The Court's orders entered during these Actions relating to the confidentiality of

1  information shall survive this Settlement.

2      24.    Class counsel shall file a post-distribution accounting within 21 days after the settlement checks become stale (or, if no checks are issued, all funds have been paid to class members, cy pres beneficiaries, and others pursuant to the settlement agreement).  In addition to the information contained in the Northern District of California's Procedural Guidance for Class Action Settlements, available at https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/, the post-distribution accounting shall discuss any significant or recurring concerns communicated by class members to the settlement administrator or counsel since final approval, any other issues in settlement administration since final approval, and how any concerns or issues were resolved.  Class Counsel shall also include a final accounting for the costs of the Settlement Administrator, reflecting the costs savings from the reduction in the mailing of claims packets and breaking down the other costs incurred in Settlement Administration.

    25.    The Court orders the Settlement Administrator to withhold 20% of the attorney's fees granted in this order until the post-distribution accounting has been filed.  Class counsel shall file a proposed order releasing the remainder of the fees when they file their post-distribution accounting.

    26.    This matter is set for a further case management conference on April 9, 2024, with a case management statement due on April 2, 2024.  The parties may request that the case management conference be continued if additional time is needed to complete the distribution.  The conference will be vacated if the post-distribution accounting has been filed and the Court has released the remaining attorney's fees.

**IT IS SO ORDERED.**

Dated: October 6, 2023



William H. Orrick
United States District Judge